Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
SML AVVOCATI P.C.
969 Hilgard Ave. #1012
Los Angeles, CA 90024
Tel: 949.636.1391

Mark Berkowitz (*pro hac vice* to be filed)
mberkowitz@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel: 212.216.8000

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISON

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>Defendant. | Case No. 2:21-cv-04758<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**Complaint for Declaratory Judgment**

1

Plaintiff Guangzhou Yucheng Trading Co., Ltd. ("Plaintiff") hereby brings this Complaint for Declaratory Judgment against Defendant DBest Products, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a company organized and existing under the laws of China with its principal place of business at (Part: A252) Second Floor, No. 57, Huangcun Road, Tianhe District, Guangzhou Guangdong Province, P.R. China.

2. Plaintiff is an Amazon seller. Plaintiff maintains the "Winkeep" storefront with Amazon. Plaintiff sells a variety of products through its Amazon storefront, including utility carts, storage carts and shopping carts. Amazon.com is the primary sales channel through which Plaintiff sells its products.

3. On information and belief, Defendant is a California corporation with a principal place of business at 7825 Somerset Blvd., Suite D, Paramount, CA 90723.

4. On information and belief, Defendant distributes and sells utility carts and similar products, including through Amazon.com.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

6. Plaintiff seeks relief under the Federal Declaratory Judgment Act. Plaintiff has standing because Defendant filed in the past claims of patent infringement to Amazon which resulted in the removal of Plaintiff's Amazon product listings. Product delisting from Amazon has stopped Plaintiff's product sales on Amazon and caused significant financial loss. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

7. This Court has personal jurisdiction over Defendant because it is incorporated in California, has a principal place of business in California, and maintains substantial and continuous business operations in California

8.  Venue is proper in this district pursuant to at least 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred in this District. At issue in this action is whether Plaintiff commits acts of infringement in the United States and whether products made, sold, offered for sale, used and/or imported into the United Sates by Plaintiff infringe U.S. Patent No. 9,233,700. Defendant has its principal place of business in this District and the allegedly infringing activities have occurred in this District.

## NATURE OF THE CASE

9.  Plaintiff seeks a declaratory judgment that its products do not infringe U.S. Patent No. 9,233,700 ("the '700 patent"). A true and correct copy of the '700 Patent is attached as **Exhibit A**.

10. This relief is necessary because Defendant filed a lawsuit in this Court alleging infringement of the '700 Patent in a case captioned *DBest products Inc. v. Amazon.com, Inc.*, No. 2:21-cv-03147 (C.D. Cal.) (the "Amazon Lawsuit"). There, Defendant accused Amazon of infringing the '700 Patent, inter alia, by offering for sale and selling certain of Plaintiff's products, including the multi-purpose "stair climber" cart shown below ("Accused Products"):




**Complaint for Declaratory Judgment**

11. The allegations in the Amazon Lawsuit were without merit.

12. In its complaint in the Amazon Lawsuit, Defendant admitted that numerous limitations of the claims of the '700 Patent were not found in the Plaintiff's products; instead, Defendant knowing relied on tenuous "doctrine of equivalents" arguments.

13. The purpose of the Amazon Lawsuit was to interfere with Plaintiff's ability to sell its products on the Amazon Marketplace by unlawfully inducing Amazon to remove Plaintiff's listings for the Accused Products.

14. As a result of the Amazon Lawsuit, Amazon removed Plaintiff's listings for the Accused Products from Amazon, including those products listed on Amazon Standard Identification Number ("ASIN") B07T63S2WP, B07B4XSW9L, B08CX9VXPT, and assigned Amazon Complaint ID: 8223201211 to the dispute. Amazon subsequently removed those products listed on Amazon ASIN B08JYB8MB4 pursuant to Amazon Complaint ID: 8258969861.

15. Neither Plaintiff nor the Accused Products infringe the '700 Patent. Plaintiff has the right to make, use, sell, and/or offer to sell in the United States and import into the United States the Accused Products.

16. As a result of Defendant's assertions of its patent rights against the Accused Products and the belief of Plaintiff in its right to engage in business without a license to the '700 Patent, an actual controversy exists between Plaintiff and Defendant as to whether Plaintiff and the Accused Products directly or indirectly infringe the '700 Patent. Therefore, a substantial, continuing, and justiciable controversy exists between Plaintiff and Defendant.

**COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

17. Plaintiff repeats and realleges the allegations of Paragraphs 1–16 as if fully set forth herein.

18. On information and belief, Plaintiff is the alleged owner of the '700 Patent.

19. As described previously, Defendant alleges that the Accused Products and the manufacture, sale, offer for sale, use and/or importation into the United States of the Accused Products directly or indirectly infringe the '700 Patent.

20. The Accused Products do not directly or indirectly infringe any claim of the '700 Patent and Plaintiff, through its making, using, selling, offering to sell, and/or importing the Accused Products into the United States, does not infringe and has not infringed, directly or indirectly, any claim of the '700 Patent.

21. Therefore, there is an actual, substantial, continuing, and justiciable controversy between Plaintiff and Defendant regarding whether the Accused Products and Plaintiff infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '700 Patent.

22. Accordingly, Plaintiff is entitled to a declaratory judgment that the Accused Products and Plaintiff do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '700 Patent.

## COUNT II - DECLARATORY JUDGMENT OF INVALDITY

23. Plaintiff repeats and realleges the allegations of Paragraphs 1–22 as if fully set forth herein.

24. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

25. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged validity of the '700 Patent due to the assertion of the '700 Patent against the Accused Products.

26. The '700 Patent is invalid for failure to comply with 35 U.S.C. §§ 102 and 103 in view of, among other things, the sale of products the containing the claimed elements prior to October 26, 2014, the filing date of the application for the '700 Patent.

27. In view of the foregoing, Plaintiff is entitled to a judgment declaring that the '700 Patent is invalid under at least 35 U.S.C. §§ 102 and 103.

## RESERVATION OF RIGHTS

28. Plaintiff hereby reserves its rights to supplement with additional claims or defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A. Declaring that the '700 Patent is invalid and that Plaintiff has not infringed the '700 Patent;

B. Declaring this action an exceptional case under 35 U.S.C. § 285;

C. Awarding Plaintiff its attorney's fees and costs incurred in this Action; and

D. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby requests a jury trial for all issues triable by jury.

Respectfully submitted,

Dated: June 10, 2021            TARTER KRINSKY & DROGIN LLP

By: */s/ Stephen M. Lobbin*
SML AVVOCATI P.C.

Mark Berkowitz (*pro hac vice* to be filed)
mberkowitz@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel: 212.216.8000

*Attorneys for Plaintiff*

**Complaint for Declaratory Judgment**