Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, CA 92037
Tel: 949.636.1391

Mark Berkowitz (*pro hac vice*)
mberkowitz@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel: 212.216.8000

*Attorneys for Plaintiff Guangzhou Yucheng Trading Co., Ltd.*

Ehab M. Samuel (SBN 228296)
esamuel@hdmnlaw.com
David A. Randall (SBN 156722)
dave@hdmnlaw.com
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.:  (310) 887-1333
Fax:  (310) 887-1334

*Attorneys for Defendant dbest products, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>  Plaintiff,<br><br>v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>  Defendant. | Case No. 2:21-cv-04758-JVS-JDE<br><br>**JOINT RULE 26 MEETING REPORT** |

Pursuant to the Order Setting Rule 26(f) Scheduling Conference (Dkt. No. 19), Plaintiff Guangzhou Yucheng Trading Co., Ltd., ("Plaintiff") and Defendant dbest products, Inc. ("Defendant" or "DPI") file this Joint Rule 26 Meeting Report.

**a.  Synopsis**

**1. Plaintiff's Statement of the Case**

This case relates to shopping trolleys (i.e., wheeled carts with a removable shopping bag). The Parties each distribute shopping trolleys, including on the Amazon.com marketplace ("Amazon."). On June 10, 2021, Plaintiff filed the Complaint to initiate the present action for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. U.S. Patent No. 9,233,700, titled "Portable Cart with Removable Shopping Bag" ("the '700 Patent").

Plaintiff seeks this relief because, earlier this year, Defendant filed a lawsuit in this Court, captioned *dbest products Inc. v. Amazon.com, Inc.*, No. 2:21-cv-03147 (C.D. Cal.) (the "Amazon Lawsuit"), in which Defendant alleged Amazon infringed the '700 Patent, *inter alia*, by offering for sale and selling Plaintiff's shopping trolleys ("Accused Products"). The Amazon Lawsuit was voluntarily dismissed. However, as a result of the Amazon Lawsuit, Amazon removed Plaintiff's listings for the Accused Products from Amazon.

Defendant's infringement positions in the Amazon Lawsuit strained credulity as Defendant sought to re-write virtually every claim limitation under the guise of the "doctrine of equivalents."  For example, Defendant attempted to stretch the claims of the '700 Patent to cover Plaintiff's "stair climber" shopping trolley's (having three wheels arranged in a triangle pattern). (*See* Dkt. 1, Complaint ¶10), even though the '700 Patent does not disclose or claim such an arrangement.  Accordingly, Plaintiff expects to prevail on the issue of non-infringement.

With respect to invalidity, discovery will establish that Defendant simply copied prior art shopping trolleys, including trolleys that had been on sale in other markets for years, and then attempted to claim them as its own by way of the '700 Patent.  During prosecution, the Examiner simply did not have the benefit of the relevant prior art.  As such, Plaintiff believes that the '700 Patent will ultimately be found to be anticipated and/or obvious in view of the prior art.

**2. Defendant's Statement of the Case**

This action concerns patent infringement of DPI's '700 Patent by Plaintiff's shopping trolleys ("Accused Products").

DPI, located in Paramount, California, is a leading innovator and seller of portable carts in the United States.  DPI has developed, marketed and sold exclusively a highly successful product line of premium portable carts that are frequently featured on QVC, Inc.'s television infomercials and website.  Plaintiff is located in China, and sells accused shopping carts, including on amazon.com ("Amazon").

In November, 2019, DPI attempted to resolve the matter with Plaintiff.  In response, Plaintiff rebuked DPI and threatened to report DPI to Amazon for alleged violation of the seller code of conduct.  Despite being put on notice of the '700 Patent, Plaintiff continued to willfully infringe the '700 patent unabated.

Defendant filed a lawsuit against Amazon, captioned *DBest products Inc. v. Amazon.com, Inc.*, No. 2:21-cv-03147 (C.D. Cal.) (the "Amazon Lawsuit"), in which the complaint alleged infringement of the '700 Patent by offering for sale and selling Plaintiff's Accused Products.  After reaching a resolution with Amazon, the Amazon Lawsuit was voluntarily dismissed and the Accused Products were taken down from Amazon's website.

Although Defendant has not yet responded to the Complaint, Defendant expects to deny Plaintiff's claims of non-infringement and invalidity, and raise at least counterclaim of infringement of the '700 Patent.  Defendant also expects to seek compensatory and treble [or exemplary] damages for Plaintiff's willful infringement, and an award for Defendant's costs and reasonable attorneys' fees incurred in this action.

### 3. Principal Facts in Dispute

The principal facts in dispute include at least the following:

a. Whether Plaintiff has committed any acts of infringement;

b. Whether the asserted claims are valid;

c. When Plaintiff received notice of the '700 Patent, including whether Defendant and/or its licensees have complied with the marking requirements of 35 U.S.C. § 287; and

d. The amount of damages arising from Plaintiff's alleged infringement.

**b.     Legal Issues**

The legal issues in dispute include at least the following:

a. The proper construction of asserted claims of the '700 Patent;

b. The adequacy of any alleged notice of the asserted patents provided to Plaintiff;

c. The infringement and validity of the '700 Patent;

d. Whether Defendant is entitled to damages for Plaintiff's alleged infringement of the '700 Patent;

e. Whether Plaintiff willfully infringed the '700 Patent;

f. Whether Defendant is entitled to an award of treble damages pursuant to 35 U.S.C. § 284;

g. Whether Defendant is entitled to enhanced damages for Plaintiff's alleged willful infringement;

h. Whether Defendant is entitled to attorney's fees pursuant to 35 U.S.C. § 284;

i. Whether Defendant is entitled to pre-suit damages pursuant to 35 U.S.C. § 287; and

j. Whether Defendant is entitled to an injunction enjoining Plaintiff and all parties acting in concert from infringement of the '700 Patent;

**c.  Damages**

**Plaintiff:** Plaintiff seeks the following relief:

a. A judgment declaring the '700 Patent is not infringed.

b. A judgment declaring the '700 Patent invalid for failure to comply with the requirements of patentability, including those set forth in 35 U.S.C. §§ 102 and 103.

c. A denial of Defendant's requests for relief.

d. A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff its costs, expenses, and attorneys' fees in this action.

**Defendant:** Defendant has not yet responded to the Complaint. Without waiver of any rights, Defendant intends to seek:

    a. Compensatory damages caused by Plaintiff's acts of infringement of the '700 Patent, including of its lost profits, but in no event less than a reasonable royalty, under 35 U.S.C. § 284.

    b. Increased damages up to three times the amount found or assessed under 35 U.S.C. § 284 from Plaintiff's alleged willful infringement

    c. Reasonable attorney fees under 35 U.S.C. § 285.

    d. All costs and pre- and post-judgment interest.

    e. Injunctive relief under 35 U.S.C. § 283.

**d.    Insurance**

Neither party is aware of any applicable insurance agreements.

**e.    Motions**

Plaintiff does not have plans to join additional parties but may amend its pleadings in view of any response to the Complaint filed by Defendant.

Defendant has not yet responded to the Complaint and, without waiver of any rights, do not currently anticipate filing non-dispositive motions prior to answering the Complaint. Defendant does anticipate adding a counterclaim for infringement of the '700 Patent.

**f.    Discovery and Experts**

The Parties attach as **Exhibit A** a proposed discovery plan and schedule. The parties agree to phased fact and expert discovery. No discovery has taken place at this time. The parties agree that written discovery in this action shall be governed by the limits imposed by the Federal Rules of Civil Procedure. The parties have also agreed to:

    a. Fact depositions limited in number to 5 per side with a limit of 7 hours per deposition.

b. Request for Admissions limited to 50 per party. Requests for Admission regarding the authenticity of documents shall not count against this limit.

c. The parties agree that a protective order should be entered in the present case. The parties are optimistic that they will be able to negotiate a proposed protective order, which they will jointly submit to the Magistrate for consideration.

Plaintiff and Defendant identify and anticipate taking document and testimonial discovery on the following issues:

a. The design and operation of the Accused Products;

b. The factual basis for Defendant's infringement contentions;

c. The factual basis for Plaintiff's invalidity contentions;

d. Document and testimonial discovery relating to the alleged novelty and non-obviousness of the '700 Patent;

e. Document and testimonial discovery relating to the purported invention(s) claimed in the '700 Patent, including document and testimonial discovery relating to the inventors, both named and potentially unnamed, of the '700 Patent, how the inventor(s) came up with the purported invention(s);

f. Document and testimonial discovery relating to the alleged sufficiency of disclosure of the purported invention(s) in the '700 Patent;

g. Document and testimonial discovery relating to damages, including the reasonable royalty factors identified in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970); and

      h.  Document and testimonial discovery relating to Defendant's compliance with 35 U.S.C. § 287.

      i.  Document and testimonial discovery relating to facts relevant to the legal issues in Section (b).

**g.**  **Dispositive Motions**

Subject to discovery, Plaintiff believes some or all issues or claims may be determined by a motion for summary judgment of non-infringement and invalidity of the '700 Patent.

After the pleadings are closed, and at an appropriate time, Defendant may file one or more summary judgment on the issues of patent infringement and validity, depending on evidence that comes to light during discovery or its ongoing investigation.

**h.**  **Settlement and Settlement Mechanism**

The Parties have exchanged settlement proposals but have been unable to reach a resolution. The parties believe that early mediation in this case before the Court would be beneficial to see if the parties can reach an amicable business resolution, and thus have selected ADR Settlement Procedure No. 1—use of a Magistrate Judge—for their settlement procedure selection, as set forth in Local Rule 16-15.4.

**i.**  **Trial**

The parties expect that the trial will last for 5 court days, exclusive of voir dire, argument, motions, and other presentations outside the presence of the jury. This estimate may be affected by information learned in discovery. Both parties have requested trial by jury. Plaintiff currently expects to call three fact witnesses and two expert witnesses.  Defendant anticipates calling at least two fact witnesses and two expert witnesses.

**j.     Timetable**

Proposed dates for claim construction, fact and expert discovery cutoffs, hearing of dispositive motions, pretrial conference and trial are shown in the attached Exhibit A.

**k.     Other Issues**

The parties are not currently aware of any other issues affecting the status or management of the case.

**l.     Conflicts**

Plaintiff does not have any parent, subsidiary, or affiliate companies.

Similarly, Defendant does not have any parent, subsidiary, or affiliate companies.

**m.     Patent Cases**

Proposed dates and methodology for claim construction and a Markman hearing are set forth in the proposed schedule.

**n.     Magistrate Judge**

The parties do not consent to have a magistrate judge conduct all further proceedings.

**JOINT 26(F) REPORT**
- 9 -
Case No. 2:21-cv-04758-JVS-JDE

Respectfully submitted,

DATED: September 3, 2021

*/s/ Mark Berkowitz*
Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, CA 92037
Tel: 949.636.1391

Mark Berkowitz (*pro hac vice*)
mberkowitz@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel: 212.216.8000

*Attorneys for Plaintiff*

*/s/ Ehab M. Samuel*
Ehab M. Samuel (SBN 228296)
esamuel@hdmnlaw.com
David A. Randall (SBN 156722)
dave@hdmnlaw.com
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
HACKER DAGHIGHIAN MARTINO & NOVAK P.C.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

*Attorneys for Defendant*

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)

I, Mark Berkowitz, am the ECF User whose identification and password are being used to file this JOINT RULE 26 MEETING REPORT. In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories have concurred in this filing.

Dated: September 3, 2021            TARTER KRINSKY & DROGIN LLP

By: */s/ Mark Berkowitz*
    Mark Berkowitz
    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2021, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

Dated: September 3, 2021

*/s/ Mark Berkowitz*