Ehab M. Samuel (SBN 228296)
esamuel@hdmnlaw.com
David A. Randall (SBN 156722)
dave@hdmnlaw.com
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.:  (310) 887-1333
Fax:  (310) 887-1334

Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>　　　　　Plaintiff / Counterclaim Defendant,<br>v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>　　　　　Defendant / Counterclaim Plaintiff. | Case No.: 2:21-cv-04758-JVS-JDE<br><br>**DEFENDANT DBEST PRODUCTS, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY JUDGMENT, AND COUNTERCLAIM**<br><br>Complaint Filed: June 10, 2021 |

1    Defendant dbest products, Inc. ("Defendant" or "DPI"), by and through

2    undersigned counsel, hereby submits this answer to the Complaint filed by Plaintiff

3    Guangzhou Yucheng Trading Co., Ltd. ("Plaintiff" or "Guangzhou") in the above-

4    caption action.  Any allegation in the Complaint not specifically admitted below is

5    denied.

6                        **ANSWER TO THE COMPLAINT**

7                              **THE PARTIES**

8        1.    Defendant is without knowledge or information sufficient to form a

9    belief as to the truth of the allegations in paragraph 1 of the Complaint and

10   therefore denies them.

11       2.    Defendant is without knowledge or information sufficient to form a

12   belief as to the truth of the allegations in paragraph 2 of the Complaint and

13   therefore denies them.

14       3.    Defendant admits that it is a corporation organized and existing under

15   the laws of the State of California.  Defendant admits that its principle place of

16   business is at 7825 Somerset Blvd., Suite D, Paramount, CA 90723.

17       4.    Defendant admits that it distributes and sells carts through

18   Amazon.com.  Defendant is without knowledge or information sufficient to form a

19   belief as to the truth of the allegation that "sells … similar products, including" and

20   therefore denies the same.

21                     **JURISDICTION AND VENUE**

22       5.    Paragraph 5 contains legal conclusions to which no response is

23   required.  To the extent a response is required, Defendant admits that this action

24

purports to arises under patent laws of the United States and the Declaratory

Judgment Act.  Defendant denies the remaining allegations of Paragraph 5.

6.     Defendant admits that the Complaint attempts to seek relief under the

Federal Declaratory Judgment Act, but affirmatively denies that there is any merit

to Plaintiff's claim.  Defendant further admits that the Complaint attempts to state

that Plaintiff has standing, but denies there is any merit to such claims.  Except as

admitted, Defendant denies the allegations in paragraph 6 of the Complaint.

7.     Paragraph 7 contains legal conclusions to which no response is

required.  To the extent a response is required, Defendant admits that this Court has

personal jurisdiction over Defendant.  Defendant further admits that it is a

California corporation with a principal place of business in California, and

maintains substantial and continuous business operations in California.

8.     Defendant admits that it resides in this District and that venue is proper

in this district as to it.  The remainder of paragraph 8 of the Complaint states legal

conclusions to which no response is required, and is otherwise denied.

## NATURE OF THE CASE

9.     Paragraph 9 contains legal conclusions to which no response is

required.  To the extent a response is required, Defendant admits that the Complaint

purports to seek a declaratory judgment that Plaintiff's products do not infringe

U.S. Patent No. 9,233,700 ("the '700 Patent), but affirmatively denies that there is

any merit to Plaintiff's claim.

10.     Defendant admits that it filed a lawsuit in this District alleging

infringement of the '700 Patent in a case captioned *dbest products, Inc. v.*

*Amazon.com, Inc.*, No. 2:21-cv-03147 (C.D.Cal) (the 'Amazon Lawsuit'), but affirmatively denies that there is any merit to Plaintiff's request for relief.

11.     Defendant denies the allegations in paragraph 11 of the Complaint.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant denies the allegations in paragraph 13 of the Complaint.

14.     Defendant admits that Amazon removed Plaintiff's listings for the accused infringing products.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and therefore denies them.

15.     Defendant denies the allegations in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint states legal conclusions to which no response is required, and is otherwise denied.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

17.     Defendant incorporates by reference its answers to the averments of paragraphs 1 through 16 as if fully set forth herein.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant admits that the manufacture, sale, offer for sale, use and/or importation into the United States of the accused products infringes the '700 Patent.

20.     Defendant denies the allegations in paragraph 20 of the Complaint.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

## COUNT I – DECLARATORY JUDGMENT OF INVALIDITY

23.     Defendant incorporates by reference its answers to the averments of paragraphs 1 through 22 as if fully set forth herein.

24.     Defendant admits that the Complaint attempts to state a claim under the patent laws of the United States, Title 35 United States Code, and Federal Declaratory Judgment Act, but affirmatively denies that there is any merit to Plaintiff's claim.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

## RESERVATION OF RIGHTS

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant states that Plaintiff's prayer for relief does not require a response. To the extent that this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, Defendant denies that Plaintiff is entitled to any relief whatsoever as prayed or otherwise.

Defendant submits that the headings in Plaintiff's Complaint are not substantive pleadings to which any response is required, but to the extent any response is required, they are denied.  Defendant further hereby denies each and every allegation in the Complaint not expressly admitted above.

## **AFFIRMATIVE DEFENSES**

Unless stated otherwise, the following affirmative defenses apply to Plaintiff's Counts 1-2.  Defendant incorporates by reference its responses to Plaintiff's allegations as set forth in Paragraphs 1 through 28 as if fully set forth to each of the following affirmative defenses.  Defendant hereby reserves its right to amend its Answer and Affirmative Defenses as additional information becomes available and additional defenses become apparent.

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

### **(No case or controversy)**

Plaintiff has failed to allege a justiciable case or controversy.

### **THIRD AFFIRMATIVE DEFENSE**

### **(No injury or standing)**

Plaintiff has suffered no injury and lack standing.

### **FOURTH AFFIRMATIVE DEFENSE**

### **(Infringement)**

Plaintiff's Accused Products directly or indirectly infringe at least claim 3 of the '700 Patent.

## FIFTH AFFIRMATIVE DEFENSE

### (Validity and Enforceability)

All claims of the '700 Patent are valid and enforceable under 35 U.S.C. § 1 *et seq*, and Plaintiff will not be able to demonstrate by clear and convincing evidence that they are otherwise.

## SIXTH AFFIRMATIVE DEFENSE

### (No injury or standing)

Plaintiff has suffered no injury and lack standing.

## SEVENTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

Plaintiff's claims for attorney's fees are barred, in whole or in part, at least because this case is not exceptional and Defendant's alleged actions were not willful and malicious.

## EIGHTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims and/or remedies are barred in whole or in part under principles of equity, including laches, estoppel, waiver, and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction over Counts One and Two of Plaintiff's Complaint.

## COUNTERCLAIMS

Counterclaim Plaintiff dbest products, Inc. ("Counterclaim Plaintiff" or "DPI") hereby assert counterclaims against Plaintiff/Counterclaim Defendant Guangzhou Yucheng Trading Co., Ltd. ("Counterclaim Defendant" or "Guangzhou") as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement and for a declaratory judgment of patent infringement against Guangzhou for infringement of U.S. Patent No. 9,233,700 ("the '700 Patent), arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

### PARTIES

2.      DPI is a California corporation with a principal place of business at 7825 Somerset Blvd., Suite D, Paramount, CA 90723.

3.      DPI is a leading innovator and seller of portable carts in the United States. DPI has developed, marketed and sold exclusively a highly successful product line of premium portable carts that are frequently featured on QVC, Inc.'s television infomercials and website.

4. DPI is the owner of a worldwide portfolio of intellectual properties, including utility patents, design patents and trademarks.

5. DPI is the owner of all rights, title, and interest in and to the '700 Patent", which was issued on January 12, 2016, and entitled "PORTABLE CART WITH REMOVABLE SHOPPING BAG". The '700 Patent is in full force and effect and has not expired or lapsed. A true and correct copy of the '700 Patent is attached as **Exhibit A** hereto.

6. On information and belief, Plaintiff/Counterclaim Defendant Guangzhou Yucheng Trading Co., Ltd. is a company organized and existing under the laws of China with its principal place of business at (Part: A252) Second Floor, No. 57, Huangcun Road, Tianhe District, Guangzhou Guangdong Province, P.R. China.

7. On information and belief, Guangzhou offers and sells products, including those accused herein of infringement, to customers and/or potential customers located in California and in this District, as well as elsewhere in the United States.

## JURISDICTION AND VENUE

8. DPI brings this action for patent infringement against Guangzhou under the patent laws of the United States, 35 U.S.C. § 271 *et seq*., and under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

9.       Subject to the affirmative defenses and denials set forth above, this Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a).

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, 1400(b) because, on information and belief, acts of patent infringement have been committed in this District, and because Guangzhou is subject to personal jurisdiction in this District.

11.     This Court has personal jurisdiction over Guangzhou because it filed this action for declaratory judgment, and has thus, submitted to this Court's personal jurisdiction. On information and belief, Counterclaim Defendant Guangzhou has also committed acts of infringement in this District, and/or has purposely transacted business involving the accused products in this District, including sales to one or more customers in California and in this District.

## ACCUSED PRODUCTS

12.     On information and belief, Guangzhou made, used, sold, offered for sale, and/or imported into the United States the following products ("Accused Products"):

a.      Shopping Cart, Super Loading Stair Climber Cart 220 lbs Capacity Grocery Foldable Cart with Extra Large Shopping Bag Laundry Cart with Adjustable Bungee Cord; **ASIN #: B07B4XSW9L**. *See* https://www.amazon.com/Shopping%02%20Loading-Capacity-Foldable-Adjustable/dp/B07T63S2WP?ref_=ast_sto_dp

b.      Shopping Cart, Super Loading Grocery Cart 220 lbs Capacity Grocery Shopping Foldable Cart with Extra Large Black Shopping Bag Portable

1  Grocery Cart with Bungee Cord; **ASIN #: B08CX9VXPT**. *See*

2  https://www.amazon.com/ShoppingCapacityFoldablePortable%02%20Adjustable/d

3  p/B08CX9VXPT?ref_=ast_sto_dp

4          c.     Shopping Cart, Heavy Duty Stair Cart 220 lbs Capacity Grocery

5  Cart with Grey Large Shopping Bag Folding Shopping Cart with Adjustable Bungee

6  Cord; **ASIN #: B07B4XSW9L**. *See*

7  https://www.amazon.com/UpgradedShoppingClimbing%20%20%20Tri-Wheels-

8  Bearings/dp/B07B4XSW9L?ref_=ast_sto_dp

9       13.    Upon information and belief, the Accused Products are promoted in the

10  same marketing channels as DPI's products. For example, the Accused Products are

11  offered for sale directly from the Amazon.com website, from which a customer may

12  purchase products that Amazon ships to the customer anywhere in the United States.

13

14                                  **COUNT I - INFRINGEMENT**

15            **(Direct Infringement of the '700 patent – 35 U.S.C. §§ 271 *et seq.*)**

16       14.    DPI re-alleges and incorporate by reference Paragraphs 1 to 11 as if fully

17  set forth herein.

18       15.    Guangzhou has been and is directly infringing the '700 Patent by making,

19  using, offering for sale, selling, and/or otherwise distributing the Accused Products,

20  that infringe at least claim 3 of the '700 Patent in violation of 35 U.S.C. § 271. As one

21  example, the Shopping Cart, Super Loading Stair Climber meets each element of at

22  least claim 3, literally and/or under the doctrine of equivalents, as set forth in the

23  attached chart. *See* **Exhibit B**.

24

DEFENDANT DBEST PRODUCTS INC'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
Case No. 2:21-cv-04758-JVS-JDE

16.     Guangzhou's infringement has been deliberate, willful, intentional, as Guangzhou engaged in these wrongful acts with full knowledge of the existence of the '700 Patent and with full knowledge that its activities were an infringement of the '700 Patent.

17.     In particular, DPI provided actual notice of the infringement to Guangzhou, but Guangzhou refused to cease its infringing activity.

18.     Guangzhou's infringement has injured or will injure DPI, and DPI is entitled to recover damages adequate to compensate it for Guangzhou's infringement.

19.     Because Guangzhou's infringement has caused or will cause DPI substantial damage and irreparable injury by its infringement of the '700 Patent, DPI will continue to suffer damage and irreparable injury unless and until Guangzhou is enjoined by this Court from continuing its infringement.

20.     DPI is entitled to injunctive relief and compensatory relief, including attorneys' fees and costs, as well as enhanced damages pursuant to 35 U.S.C. §§ 271, 281, and 283 to 285.

## PRAYER FOR RELIEF

WHEREFORE, DPI prays that the Court enter judgment in its favor and award the following relief against Guangzhou:

A.     That Guangzhou's Complaint is dismissed in its entirety, with prejudice, and that Guangzhou takes nothing thereby;

B.     That Guangzhou has failed to state a claim upon which relief may be granted;

1    C.    That the Court find Guangzhou has infringed at least claim 3 of the

2  '700 Patent under 35 U.S.C. §§ 271, *et seq.*;

3    D.    That this case be declared exceptional and that Guangzhou be ordered

4  to pay DPI its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. §285;

5    E.    That the Court awards DPI actual and compensatory damages,

6  including but not limited to lost profits and attorneys' fees, trebled as provided by

7  law, plus interest;

8    F.    That the Court award DPI damages in an amount to compensate DPI for

9  Guangzhou's patent infringement pursuant to 35 U.S.C. §284;

10    G.    That the Court find that Guangzhou's patent infringement has been

11  willful, and award treble damages pursuant to 35 U.S.C. §285;

12    H.    That Counterclaim Defendant/Plaintiff, and its officers, agents,

13  employees, and all others in active concert or participation with Counterclaim

14  Defendant/Plaintiff or any of them, are permanently enjoined from further infringing

15  the '700 Patent;

16    I.    That Counterclaimant/Defendant have trial by jury on all issues so

17  triable;

18    J.    That the Court award Counterclaimant/Defendant such other legal and

19  equitable relief as the Court deem just and proper.

20

21

22

23

24

# REQUEST FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant demands a trial by jury of all issues and claims which are so triable.


DATED:  September 14, 2021

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

By:  /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)


*Attorneys for Defendant and Counterclaimant*
DBEST PRODUCTS LLC