Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, CA 92037
Tel: 949.636.1391

Mark Berkowitz (*pro hac vice*)
mberkowitz@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel: 212.216.8000

***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>    v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>    Defendant/Counterclaim-Plaintiff. | Case No. 2:21-cv-04758-JVS-JDE<br><br>**PLAINTIFF/COUNTERCLAIM-DEFENDANT'S ANSWER TO COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:  June 10, 2021<br>Trial Date:     January 31, 2023<br>Judge:  James V. Selna |

Plaintiff/Counterclaim-Defendant Guangzhou Yucheng Trading Co., Ltd. ("Guangzhou" or "Counterclaim-Defendant"), through its counsel, hereby responds to the Counterclaims, dated September 14, 2021 (ECF No. 27, "Counterclaims") of Defendant/Counterclaim-Plaintiff DBest Products, Inc. ("DPI" or "Counterclaim-Plaintiff") as set forth below.  In response to all paragraphs of the Counterclaims, Guangzhou denies each and every allegation except as expressly admitted herein.

## **NATURE OF ACTION**

1.     Guangzhou admits that DPI purports to allege a claim for patent infringement of U.S. Patent No. 9,233,700.  Guangzhou denies the remainder of the allegations of paragraph "1" of the Counterclaims.

## **PARTIES**

2.     Guangzhou admits the allegations contained in paragraph "2" of the Counterclaims.

3.     Guangzhou denies the allegations in paragraph "3" of the Counterclaims in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

4.     Guangzhou denies the allegations in paragraph "4" of the Counterclaims in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

5.     Guangzhou admits that the '700 Patent was issued on January 12, 2016 and is entitled "PORTABLE CART WITH REMOVABLE SHOPPING BAG." Guangzhou denies the remaining allegations in paragraph "5" of the Counterclaims in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

6.     Guangzhou admits that it is a company organized and existing under the laws of China with its principal place of business at (Part: A252) Second Floor, No. 57, Huangcun Road, Tianhe District, Guangzhou Guangdong Province, P.R. China.

7.    Guangzhou admits that it has sold products in the United States under ASIN #s B07T63S2WP, B08CX9VXPT, and B07B4XSW9L on the Amazon.com platform.  Guangzhou denies the remainder of the allegations of paragraph "7" of the Counterclaims.

## JURISDICTION AND VENUE

8.    Guangzhou admits that DPI purports to allege a claim for patent infringement of the '700 Patent.  Guangzhou denies the remainder of the allegations of paragraph "8" of the Counterclaims.

9.    Guangzhou admits that this Court has subject matter jurisdiction over DPI's purported patent infringement Counterclaim.  Guangzhou denies the remainder of the allegations of paragraph "9" of the Counterclaims.

10.    Guangzhou admits the venue is proper in this district for purposes of this Action.  Guangzhou denies the remainder of the allegations of paragraph "10" of the Counterclaims.

11.    Guangzhou admits that it is subject to personal jurisdiction in this Court for purposes of this Action.  Guangzhou denies the remainder of the allegations of paragraph "11" of the Counterclaims.

## ACCUSED PRODUCTS

12.    Guangzhou admits that it has sold products under ASIN #s B07T63S2WP, B08CX9VXPT, and B07B4XSW9L on the Amazon.com platform.  Guangzhou denies the remainder of the allegation in paragraph "12" of the Counterclaims.

13.    Guangzhou admits that it has sold products under ASIN #s B07T63S2WP, B08CX9VXPT, and B07B4XSW9L on the Amazon.com platform.  Guangzhou denies the remainder of the allegations in paragraph "13" of the Counterclaims in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

### COUNT I - INFRINGEMENT

14.   Guangzhou repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph 14 of the Counterclaims herein with the same force and effect as though set forth at length.

15.   Guangzhou denies the allegations of paragraph "15" of the Counterclaims.

16.   Guangzhou denies the allegations of paragraph "16" of the Counterclaims.

17.   Guangzhou denies the allegations of paragraph "17" of the Counterclaims.

18.   Guangzhou denies the allegations of paragraph "18" of the Counterclaims.

19.   Guangzhou denies the allegations of paragraph "19" of the Counterclaims.

20.   Guangzhou denies the allegations of paragraph "20" of the Counterclaims.

### REQUEST FOR RELIEF

Guangzhou denies that DPI is entitled to the relief requested. To the extent that any statement in the prayer for relief is deemed factual, it is denied.

\*       \*       \*

### AFFIRMATIVE DEFENSES

Guangzhou incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative defenses to the claims set forth in the Counterclaims.   Guangzhou reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Counterclaims fail to state a claim upon which relief may be granted.  In particular, the Counterclaims fail to provide any factual support for any of the claims from which the Court could conclude that Guangzhou is liable for any claim.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Guangzhou has not infringed, nor is it infringing, the '700 Patent directly, indirectly, literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

The '700 Patent is invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

DPI's claims for damages and costs are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## FIFTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

DPI's Counterclaims are barred, in whole or in part, by patent misuse. In particular, DPI improperly asserted the '700 Patent to submit false and defamatory statements to Amazon. The purpose of DPI's patent misuse is to stifle legitimate competition and maintain pricing for its shopping cart products on Amazon.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

DPI's action is barred, in whole or in part, under the doctrine of unclean hands. In particular, DPI's claims are barred by its own unlawful conduct.

1                       *      *      *

2          **<u>DEMAND FOR JURY TRIAL</u>**

3          Guangzhou hereby requests a jury trial for all issues triable by jury.

4

5

6                                 Respectfully submitted,

7

8   Dated: October 5, 2021          TARTER KRINSKY & DROGIN LLP

9                  By:  */s/ Mark Berkowitz*

10                      Stephen M. Lobbin (SBN 181195)

11                      sml@smlavvocati.com
                       Austin J. Richardson (SBN 319807)

12                      ajr@smlavvocati.com

13                      SML AVVOCATI P.C.
                       888 Prospect Street, Suite 200

14                      San Diego, CA 92037

15                      Tel: 949.636.1391

16                      Mark Berkowitz (*pro hac vice*)

17                      mberkowitz@tarterkrinsky.com
                       TARTER KRINSKY & DROGIN LLP

18                      1350 Broadway

19                      New York, NY 10018
                       Tel: 212.216.8000

20

21                      ***Attorneys for Plaintiff***

22

23

24

25

26

27

28

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2021, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

Dated: October 5, 2021

*/s/ Mark Berkowitz*

---

**Plaintiff/Counterclaim-Defendant's Answer to Counterclaims**
Case No. 2:21-cv-04758-JVS-JDE