1  Ehab M. Samuel (SBN 228296)
   esamuel@hdmnlaw.com
2  David A. Randall (SBN 156722)
   dave@hdmnlaw.com
3  Sepehr Daghighian (SBN 239349)
   sd@hdmnlaw.com
4  **HACKLER DAGHIGHIAN MARTINO & NOVAK P.C.**
   10900 Wilshire Blvd., Suite 300
5  Los Angeles, CA 90024
   Tel.:  (310) 887-1333
6  Fax:  (310) 887-1334

7  Attorneys for Defendant and Counterclaimant,
   DBEST PRODUCTS, LLC

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                    **WESTERN DIVISION**

12

13  **GUANGZHOU YUCHENG**          Case No.: 2:21-cv-04758-JVS-JDE
    **TRADING CO., LTD.**, a foreign
    limited liability company,      **DEFENDANT DBEST PRODUCTS,**
14                                   **INC.'S NOTICE OF MOTION AND**
                                     **MOTION TO AMEND**
15         Plaintiff / Counterclaim Defendant,  **COUNTERCLAIM**

16  v.

17  **DBEST PRODUCTS, INC.**, a      JUDGE:  JAMES V. SELNA
    California corporation,          HEARING DATE:  April 18, 2022
18                                   TIME:  1:30 p.m.
                                     COURTROOM:  10C
19         Defendant / Counterclaim Plaintiff.

20

21

22

23

24

**TO THE COURT, THE PARTIES, AND COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on April 18, 2022, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 10C of the Ronald Reagan United States Courthouse, located at 411 West Fourth Street, Santa Ana, California, Counterclaim Plaintiff dbest products, Inc. ("Counterclaim Plaintiff" or "DPI"), will and does move the Court for an order granting leave to file an amended counterclaim under Fed. R. Civ. P. 15(a)(2).

Counsel for the parties have met and conferred as required by L.R. 7-3.  While counsel engaged in a meaningful discussion, they were unable to reach a resolution eliminating the need for this motion.  This motion is therefore made following the conference of counsel, which took place on March 7, 2022.

This motion will be based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying declaration of Ehab M. Samuel in support, the pleadings and papers on file in this matter, and the arguments of counsel at the hearing on this motion.

Respectfully submitted,

DATED:  March 18, 2022

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

By:  /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)

Attorneys for Defendant and Counterclaimant
DBEST PRODUCTS INC.

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.   FACTUAL BACKGROUND.................................................................2

III.  ARGUMENT ........................................................................................7

 A.   LEGAL STANDARD ........................................................................7

 B.   THERE IS GOOD CAUSE TO GRANT DPI LEAVE TO AMEND ITS
COUNTERCLAIM IN LIGHT OF GUANGZHOU'S NEW ACTS INFRINGING DPI'S
PATENT AND TRADEMARK RIGHTS. ...........................................................9

  1.   DPI DID NOT UNDULY DELAY SEEKING LEAVE AFTER LEARNING OF
GUANGZHOU'S ACTIVITIES ON WALMART.COM.................................9

  2.   DPI HAS NO BAD FAITH OR DILATORY MOTIVE................................9

  3.   THE PROPOSED AMENDMENT WILL NOT PREJUDICE GUANGZHOU......10

  4.   THE AMENDMENT IS NOT FUTILE. ......................................................10

IV.  CONCLUSION ..................................................................................11

# TABLE OF AUTHORITIES

**CASES**

Ditto v. McCurdy,

   510 F.3d 1070 (9th Cir. 2007) ...........................................................................8

Eminence Capital, LLC v. Aspeon, Inc.,

   316 F.3d 1048 (9th Cir. 2003) ...........................................................................8

Foman v. Davis,

   371 U.S. 178 (1962) . ..........................................................................................8

Johnson v. Mammoth Recreations, Inc.,

   975 F.2d 604 (9th Cir. 1992). .............................................................................7

Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.,

   464 F.3d 1339 (Fed. Cir. 2006). ......................................................................10

Moore v. Kayport Package Express, Inc.,

   885 F.2d 531 (9th Cir. 1989). .............................................................................8

Morongo Band of Mission Indians v. Rose,

   893 F.2d 1074 (9th Cir. 1990) ...........................................................................8

**RULES**

Federal Rules Of Civil Procedure 15...........................................................................7

Federal Rules Of Civil Procedure 15(a)(1)..................................................................8

Federal Rules Of Civil Procedure 15(a)(2)..................................................................8

Federal Rules Of Civil Procedure 16(b) ......................................................................7

DBEST PRODUCTS INC'S NOTICE OF MOTION AND
MOTION TO AMEND COUNTERCLAIM
Case No. 2:21-cv-04758-JVS-JDE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant dbest products, Inc., ("DPI") is a leading innovator and seller of portable carts in the United States.  Plaintiff, Guangzhou Yucheng Trading Co., Ltd. ("Guangzhou") is an Amazon seller and maintains the "Winkeep" storefront with Amazon, where it sells portable carts.  After DPI complained to Amazon that Guangzhou's carts infringe its U.S. patent and filed suit against Amazon, Guangzhou filed this action for a declaratory judgment that its carts sold on Amazon ("Accused Products") do not infringe any claim of DPI's asserted patent and that the patent is invalid.  DPI answered the complaint and filed a counterclaim for infringement.

In February 2022, DPI learned that Guangzhou has started selling the Accused Products on Walmart's website at Walmart.com.  Additionally, descriptions of the products on Walmart.com include DPI's registered trademark, TROLLEY DOLLY. Therefore, DPI seeks to amend its counterclaim to add allegations concerning the infringing sales via Walmart and to add counts of federal trademark infringement, unfair competition and common law trademark infringement.

Although the time has passed to amend its counterclaim as a matter of right, there is good cause for the amendment.  The amendment is not sought to delay the proceedings and will not delay them.  Nor is there any deficiency in the original counterclaim that the amendment seeks to remedy.  There is no threat of prejudice to the opposing party.  First, the parties are already litigating the issues of patent infringement and validity, including claim construction, with respect to the same patent and the same Accused Products.  Second, Guangzhou has been on notice

since 2018 that DPI owns the registered trademark, and agreed not to use it, yet nevertheless used it to describe the Accused Products offered for sale via Walmart. If DPI is not permitted to amend its counterclaim, the alternative would be to file a new action, but as a plaintiff, DPI would have to try to serve Guangzhou in China, which would be time consuming if even possible.  Permitting the amendment would allow all the intellectual property issues raised by Guangzhou's sales of the Accused Products via Amazon and Walmart to be litigated together, which would be efficient for the parties and the Court and serve the interest of justice.

## II.    FACTUAL BACKGROUND

DPI is a leading innovator and seller of portable cars in the United States. Counterclaim, (ECF 27) ¶ 3.  It is the owner of a worldwide portfolio of intellectual properties, including utility patents, design patents, and trademarks. *Id.*, ¶ 2.  Since at least as early as June 15, 2014, DPI has been marketing and selling its patented portable carts or hand trucks bearing the TROLLEY DOLLY trademark in United States commerce. DPI has used, throughout the United States, the TROLLEY DOLLY trademark on a regular and continuous basis in connection with portable carts or hand trucks with removable fabric container.  Declaration of Ehab M. Samuel In Support of dbest's Motion for Leave to Amend Counterclaim ("Samuel Decl."), ¶ 3.  In addition to its common law trademark rights throughout the United States, DPI is the owner of all right, title, and interest in and to the word mark TROLLEY DOLLY®, U.S. Trademark Reg. No. 5,348,107, filed on July 6, 2017, and registered on November 28, 2017, and U.S. Trademark Reg. No. 6,248,551,

1    filed on November 25, 2019, and registered on January 19, 2021.  *Id.,* ¶ 4 and Exs. 2

2    and 3.

3         Guangzhou is an Amazon seller and maintains the "Winkeep" storefront with

4    Amazon.  Complaint (ECF 1), ¶ 2.  It sells a variety of products on its Amazon

5    storefront, including utility cars, storage carts, and shopping carts.  *Id.*  Amazon is

6    the primary sales channel through which it sells its products.  *Id.*  On or about June

7    2018, DPI submitted a complaint of trademark infringement with Amazon

8    (Complaint ID: 5167373501) in connection with Guangzhou's use of the TROLLEY

9    DOLLY mark in connection with the Accused Product (ASIN # B07B4XSW9L).

10   Samuel Decl., ¶ 6.  On or about June 27, 2018, Guangzhou sent an email to DPI,

11   acknowledging the notification of trademark infringement, recognizing that the

12   "Trolley Dolly [mark] was registered by dbest products," and apologizing for its

13   conduct.  *Id.*, ¶ 7 and Ex. 4.

14        DPI filed a lawsuit in this Court alleging infringement of U.S. Patent No.

15   9,233,700 in a case captioned *DBest Products Inc. v. Amazon.com, Inc.*, and accused

16   Amazon of infringing the '700 Patent, inter alia, by offering and selling certain of

17   Guangzhou's products, including a multi-purpose "stair climber" cart.  Complaint, ¶

18   10.  That lawsuit and the subsequent removal of Guangzhou's Amazon product

19   listings prompted Guangzhou to file this action for declaratory judgment on June 10,

20   2021.  *Id.,* ¶ 6.  DPI filed an answer and a counterclaim for patent infringement.

21   Answer and Counterclaim (ECF 27).  The parties have completed claim construction

22   discovery and are in the process of briefing claim construction.  Samuel Decl., ¶ 3.

23

24

Notwithstanding the 2018 notice of trademark infringement and DPI's rights to the TROLLEY DOLLY mark, Guangzhou again impermissibly uses, directly or indirectly, the Trolley Dolly® trademark. *Id.,* ¶ 8.  On or about February 15, 2022, DPI learned that Accused Products previously offered for sale on the Amazon.com website are now also being offered for sale on the Walmart.com website, from which a customer may purchase products that are shipped to the customer anywhere in the United States.  *Id.*, ¶ 9.  The Accused Products were being sold under the "Winkeep" brand on Walmart.com.  *Id.*  ¶ 10-12.  And the descriptions of the Accused Products incorporated the Trolley Dolly trademark.  *Id.*  The illustrations of the Accused Products as offered for sale on Walmart.com in the proposed first amended counterclaim at ¶¶ 23, 24, were captured from Walmart.com between February 15 and March 8 and are true representations of the listings viewed on that website.  *Id.*, ¶ 16.  Below is an example of a listing for an Accused Product found on Walmart.com.



DBEST PRODUCTS INC'S NOTICE OF MOTION AND
MOTION TO AMEND COUNTERCLAIM
Case No. 2:21-cv-04758-JVS-JDE

1   And these images match those in marketing materials produced by

2   Guangzhou in this action.  *Id.*, ¶¶ 17-19.  Below is a copy of a marketing image

3   produced by Guangzhou bearing production number GYT000339 which is the same

4   as the second small image shown on the left of the main image above.



GYT000339

17   On March 3, 2022, DPI's counsel sent an email to Guangzhou's counsel

18   stating that DPI intended to file this motion for leave to amend, to add an allegation

19   of patent marking and to add claims for trademark infringement and unfair

20   competition.  *Id.*, ¶ 13.  Counsel included pictures of the Accused Products found on

21   the Walmart.com website that show unauthorized use of DPI's TROLLEY DOLLY

22   trademark.  Counsel proposed to meet and confer on this motion on March 7, when

23   the parties were already scheduled to meet and confer on other issues.  On March 7,

24

1  counsel for the parties met and conferred on this motion as required by L.R. 7-3 but

2  were unable to reach a resolution.  *Id.*, ¶ 14.  Indeed, Guangzhou's counsel

3  represented that Guangzhou was not the source of the Accused Products being

4  offered for sale on the Walmart.com website.  *Id.*  On March 8, 2022, DPI's counsel

5  sent Guangzhou's counsel a draft of the proposed first amended counterclaim.  *Id.*

6  and Ex. 5.  Within days of sending the draft to Guangzhou's counsel, the listings on

7  Walmart.com for the Accused Products were changed or taken down.  The words

8  "TROLLEY DOLLY" no longer appeared, and the brand name of the Accused

9  Products had been changed from Winkeep to a different brand name, "POPOLIC."

10  *Id.*, ¶ 15.  The manufacturer's product number on the listings, however, are the same

11  product numbers that appear on the old listings with the Winkeep brand name and

12  unauthorized use of "TROLLEY DOLLY."  *Id.* and Ex. 6.

13      The proposed first amended counterclaim adds allegations and claims not made

14  in DPI's counterclaim.  First, it includes new allegations that DPI complies with

15  patent marking requirements and that it gave Guangzhou actual notice of

16  infringement on or about November 14, 2019.  *Id.*, Ex. 1, ¶ 6.  Second, it adds

17  allegations about DPI's federal trademark registrations and Guangzhou's

18  unauthorized use of DPI's TROLLEY DOLLY trademark.  *See id.* at ¶¶ 1, 7, 8, 13,

19  19-24, 28, 33, 34, 42-67.  Third, it adds allegations that the Accused Products are

20  offered for sale on Walmart.com in addition to Amazon.com.  *See, e.g., id.* ¶¶ 17, 18,

21  27-30.  Fourth, it adds to Count 1 for patent infringement allegations that

22  Guangzhou has been and is indirectly infringing DPI's patent by acts of contributory

23  infringement and inducing infringement.  *See, e.g., id.* ¶¶ 36, 37, 39, 40.  Fifth, it

24

DBEST PRODUCTS INC'S NOTICE OF MOTION AND
MOTION TO AMEND COUNTERCLAIM
Case No. 2:21-cv-04758-JVS-JDE

1  adds counts for federal trademark infringement under 15 U.S.C. § 1114, unfair

2  competition and false designation of origin under 15 U.S.C. § 1125(a), and common

3  law trademark infringement and passing off. *See, e.g., id.* ¶¶ 42–67.

4  **III.   ARGUMENT**

5     **A. Legal Standard**

6         In the Ninth Circuit, a request for leave to amend after the entry of a Rule 16

7  scheduling order is governed primarily by Rule 16(b). *Johnson v. Mammoth*

8  *Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).  A party seeking to amend a

9  pleading after a date specified in the scheduling order must first show "good cause"

10  for amendment under Rule 16(b).  *Id.*  If good cause is shown, the party must then

11  demonstrate that amendment was proper under Rule 15.  *Id.* Fed. R. Civ. P. 15,

12  16(b).  Pursuant to Rule 16(b), a scheduling order "shall not be modified except

13  upon a showing of good cause and by leave of the district judge…"  Fed. R. Civ.

14  16(b).  But the Advisory Committee Notes indicate that "a formal motion is not

15  necessary" and the Court "may modify the schedule on a showing of good cause if it

16  cannot reasonably be met despite the diligence of the party seeking the extension."

17  Fed. R. Civ. P. 16(b), Advisory Committee Notes to the 1983 Amendments.  The

18  good cause standard "primarily considers the diligence of the party seeking the

19  amendment." *Johnson*, 975 F.2d at 609.  While a court may consider prejudice to

20  the opposing party, "the focus on the inquiry is upon the moving party's reasons for

21  seeking modification." *Id.*

22        "A party may amend its pleading once as a matter of course within (A) 21

23  days after serving it, or (B) if the pleading is one to which a responsive pleadings is

24

required, 21 days after service of a responsive pleading or 21 days after service of a

motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).

In all other cases, a party may amend its pleading only with written consent from the

opposing party or the court's leave, which should be "freely give[n] when justice so

requires."  Fed. Civ. Pro. R. 15(a)(2); *see Morongo Band of Mission Indians v. Rose*,

893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be

applied with "extreme liberality."   In determining whether leave to amend should be

granted, four factors are considered:  (1) undue delay, (2) bad faith or dilatory

motive, (3) prejudice to the opposing party, and (4) futility of amendment.  *Ditto v.*

*McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).  The consideration of prejudice to

the opposing party "carries the greatest weight."  *Eminence Capital, LLC v. Aspeon,*

*Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In the absence of an "apparent or

declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to

cure by prior amendments, prejudice to the opposing party, or futility of amendment,

it is an abuse of discretion for a district judge to refuses  to grant leave to amend a

pleading.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. Kayport*

*Package Express, Inc*., 885 F.2d 531, 538 (9th Cir. 1989).

///
///
///
///
///
///

DBEST PRODUCTS INC'S NOTICE OF MOTION AND
MOTION TO AMEND COUNTERCLAIM
Case No. 2:21-cv-04758-JVS-JDE

**B. There is good cause to grant DPI leave to amend its counterclaim in light of Guangzhou's new acts infringing DPI's patent and trademark rights.**

**1.     DPI did not unduly delay seeking leave after learning of Guangzhou's activities on Walmart.com.**

DPI first learned that the Accused Products were being sold on Walmart.com on or about February 15, 2022.  Samuel Decl., ¶ 10.  DPI's counsel promptly contacted Guangzhou's counsel on March 3, 2022, about its intention to seek leave to amend, and provided evidence that the Accused Products were being offered for sale on Walmart .com.  *Id.,* ¶ 13.  The parties met and conferred as required by Rule 7-3 on March 7, 2022.  *Id.,* ¶ 14.  Within days, the listings of the Accused Products were changed to remove the "Winkeep" brand and add a different brand name, "Popolic," and omit the unauthorized use of the "TROLLEY DOLLY" mark.  *Id.,* ¶ 15 and Ex. 6.  Under these circumstances, there was no undue delay in seeking leave to amend and this factor favors granting leave.

**2.     DPI has no bad faith or dilatory motive.**

As the patent and trademark owner, DPI has no reason to want to delay the litigation.  Nor will the amendment delay the proceedings.  The parties agreed to phased fact and expert discovery, beginning with claim construction discovery to be completed by December 20, 2021.  Joint Rule 26 Meeting Report (ECF 24), at 6:22 and Ex. A (ECF 24-1).  Because DPI is not adding new Accused Products or asserting different patent claims, there is no foreseeable need to amend preliminary infringement contentions or for additional claim construction.  The new trademark issues are not complex so there is ample time to complete fact discovery on the

trademark issues by the discovery cutoff of June 9, 2022.  See Civil Minutes (ECF 26) (setting discovery cut-off for June 9, 2023).  This factor favors granting leave to amend.

### 3.    The proposed amendment will not prejudice Guangzhou.

Guangzhou apparently made a decision to start offering the Accused Products on Walmart.com in addition to Amazon.com after filing this action and after DPI filed its counterclaim for infringement, perhaps out of concern that it could be prevented from selling the Accused Products on Amazon.  Guangzhou was also on notice of, and previously acknowledged, DPI's federal trademark registration of its TROLLEY DOLLY trademark.  Samuel Decl., ¶¶ 6-7 and Ex. 4.  As such, it assumed the risk that DPI would enforce its patent and trademark rights with respect to the conduct on Walmart.com.  The new trademark issues are not complex so there is ample time to complete fact discovery on the trademark issues by the discovery cutoff of June 9, 2022.  *See* Civil Minutes (ECF 26) (setting discovery cut-off for June 9, 2023).  This factor favors granting leave to amend.

### 4.    The amendment is not futile.

DPI seeks leave primarily to allege new infringing conduct by Guangzhou and assert claims based on that new conduct.  To avoid futility, a party "must demonstrate that its pleading states a claim on which relief could be granted, and it must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006).  The new counts state claims on which relief could be granted for federal trademark infringement, federal unfair competition, and common law trademark infringement and passing off.  Indeed, Guangzhou's counsel did not raise any futility argument in the meet and

confer, instead taking the position that it was not the source of the Accused Produces on Walmart.com.  But an amendment is not futile merely because the other party denies the allegations.  This factor favors granting leave to amend.

### IV.    CONCLUSION

For the reasons discussed above, DPI respectfully requests that its motion for leave to amend its counterclaim be granted.

DATED:  March 18, 2022              HACKLER DAGHIGHIAN MARTINO &
                                   NOVAK, P.C.

                                   By:  /s/ Ehab M. Samuel
                                   Ehab M. Samuel (CA SBN 228296)
                                   David A. Randall (CA SBN 156722)


                                   *Attorneys for Defendant and*
                                   *Counterclaimant*
                                   DBEST PRODUCTS, INC.