Ehab M. Samuel (SBN 228296)
esamuel@hdmnlaw.com
David A. Randall (SBN 156722)
dave@hdmnlaw.com
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>Defendant / Counterclaim Plaintiff. | Case No.: 2:21-cv-04758-JVS-JDE<br><br>**SUMMPLEMENTAL MEMORANDUM UNDER LOCAL RULE 37-2.3 REGARDING DBEST PRODUCTS, INC.'S MOTION TO COMPEL RESPONSES TO DISCOVERY AGAINST GUANGZHOU YUCHENG TRADING CO., LTD. AND REQUEST FOR SANCTIONS**<br><br>Magistrate: Hon. John D. Early<br>Date: April 21, 2022<br>Time: 10:00 a.m.<br>Courtroom: 6A<br>Discovery Cutoff: June 9, 2022<br>Pretrial Conference: January 17, 2023<br>Trial Date: January 31, 2023 |

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-2.3, Defendant and Counterclaim Plaintiff dbest products, Inc. ("dbest") submits this supplemental memorandum to the joint stipulation in support of its motion to compel (Dkt. 33 or "Motion to Compel").

## I.   DBEST MET AND CONFERRED IN GOOD FAITH PER L.R. 37-1

GYT argues that dbest failed to adequately meet and confer on all of dbest's discovery requests at issue. To the contrary, dbest exhausted all efforts to meet and confer in good faith to narrow (and did narrow) the issues before the Court. dbest served GYT its discovery requests on November 1, 2021, and GYT's responses and production were due December 1, 2021. Dkt. 36-1, Exs. 1-2. The parties agreed to an extension of GYT's deadline to January 7, 2022. Because GYT did not produce responsive documents by the stipulated extension date, dbest sent GYT a 35-page L.R. 37 letter on January 28, 2022, in connection with deficient responses to dbest's ROG Nos. 1, 2, 4 & 6 and RFP Nos. 1-6, 18-20, 26, and 29-31. Dkt. 36-1, Ex. 6. The parties met and conferred on February 3, 2022. *Id.*, Ex. 7. And while the parties resolved some issues, GYT's general objections, and responses to ROG Nos. 1-2 and RFP Nos. 3 and 18-20 remain for the Court's resolution.

Because GYT represented that it "will produce" responsive documents in connection with GYT's response to RFP Nos. 7, 12-17, 21-25, 27, 32-33 and 35, dbest relied on such representation and did not identify them in its January 28, 2022, letter. Declaration of Ehab Samuel in Support of dbest's Supplemental Memorandum ("Suppl. Samuel Decl."), ¶2. However, after more than a month has passed with no production of responsive documents, dbest sent an email notice on

February 16, 2022, inquiring on when GYT intends to produce responsive documents on these RFPs. *See* Samuel Decl. (Dkt. 36-1), ¶¶ 24-25, Ex. 15. GYT ignored dbest's February 16, 2022, email. On February 18, 2022, dbest sent a second email to follow-up, but again GYT ignored dbest's email. *Id.*, ¶¶ 26-27, Ex. 16. On February 23, 2022, dbest sent a third email to follow-up. *Id.*, Ex. 17. While GYT responded to the third email, its response was evasive[1], contended that dbest did not comply with L.R. 37, and failed to confirm when it intends to produce full and complete production to these RFPs. *Id.*, ¶¶ 29-32, Ex. 18. On the same day, dbest replied to GYT's email, explaining the basis for why dbest's emails comply with L.R. 37, posing the same question to GYT on when it intends to provide full and complete production for these RFPs, and inviting GYT to meet and confer by e-mail, telephonically or Zoom. *Id.*, Ex. 19. GYT did not respond to dbest's request for meet and confer by e-mail, telephonically or Zoom; instead, on March 1, 2022, GYT produced documents none of which was responsive to RFP Nos. 7, 12-13, 15-17, 21-25, 27, 32-33 and 35 and claimed that it completed its production. Suppl. Samuel Decl., ¶ 3.

As can be seen, dbest has exhausted all efforts to meet and confer in good faith to narrow (and did narrow) the issues before the Court. GYT's evasiveness and non-responsiveness frustrated dbest's ability to obtain responsive discovery on the remaining issues.

---

[1] GYT also attempted, as it did in the Joint Stipulation, to deflect from its discovery violations by complaining that dbest did not produce the Amazon settlement agreement and communications with Amazon. Although dbest did produce these documents prior to the filing of the Joint Stipulation (Samuel Suppl. Decl., ¶ 4.), GYT maintained its accusation to deflect from its failure to meet its discovery obligations. In any case, GYT's accusations do not relieve it from its discovery obligations.

## II. GYT'S FAILED TO PRODUCE RESPONSIVE DOCUMENTS TO RFP NOS. 7, 12-13, 15-17, 21-25, 27, 32-33 AND 35

Referencing Exhibits B-D of the Berkowitz declaration, GYT contends that it produced responsive documents. Dkt. 33 at 20-21. However, these exhibits prove nothing as it only shows that GYT sent emails producing some documents (not that its production was responsive to RFP Nos. 7, 12-13, 15-17, 21-25, 27, 32-33 and 35). The same holds true with its self-serving Ye declaration.

With respect to RFP No. 7, GYT now contends that it produced a summary that identifies the quarter of the year for three Amazon product codes. Dkt 33 at 24. This is insufficient to enable an accurate damages computation because it does not identify the exact date for each accused product, and improperly limits the scope to Amazon sales.

Notably, GYT does not provide an example of any (1) documents or e-mail communications it produced in connection with RFP Nos. 12, 17 & 21 on the '700 patent, (2) documents or e-mail communications it produced in connection with RFP Nos. 13-16 that refer or relate to dbest, (3) documents it produced in connection with RFP Nos. 22, 32 to support its assertion of non-infringement, and (4) documents or e-mail communications it produced in connection with RFP Nos. 23, 24, 25 & 17 that refer or relate to its patent misuse, unclean hands, or other GYT claims or defenses. Nor is there any such example because it has not produced any responsive documents. While dbest has produced about 165 emails that refer or relate to GYT, GYT has produced merely two emails from Amazon. Suppl. Samuel Decl. ¶ 5. It failed to produce any internal emails, failed to specify what search terms it employed, if any, for its searches, and refused to search for the term TROLLEY

DOLLY (dbest's product covered under the '700 patent) on the basis that the trademark is not part of the case. *Id.* ¶ 8. But such argument is disingenuous because dbest's product name refers or relates to dbest and/or the '700 patent.

### III. GYT'S FAILURE TO IDENTIFY WALMART AND RELATED SALES DATA, AND POSSIBLE SPOLIATION OF EVIDENCE

ROG No. 2 and RFP No. 18 require GYT to identify and produce documents sufficient to show all its U.S. retailers, respectively, while ROG No. 1 and RFP Nos. 19-21 and ROG No. 1 require GYT to identify and produce its revenue and sales records, respectively. As dbest explained, GYT's response was incomplete because, among others, its verified response to ROG No. 2 only identified Amazon (not Walmart). Dkt. 33 at 41-42. In response, GYT did not dispute it should have disclosed Walmart in its verified response. Dkt. 33 at 42.

Instead, GYT attempts to shift its discovery obligations by suggesting that dbest should have disclosed GYT's Walmart sales activity prior to dbest presenting its portion of the stipulation. *Id.* at 4. But GYT ignores that the parties have met and conferred on ROG Nos. 1 & 2 and RFP Nos. 18-21 as part of the initial L.R. 37 letter. As such, it was GYT's obligation to provide a truthful response identifying Walmart, which it did not.

Even more disturbingly, GYT misrepresented that it sought additional time to "investigate" the new allegations, but "dbest's counsel would only agree to a token one-day extension." Dkt. 33 at 4, 57 and 63. GYT never sought an extension of time for that purpose. Suppl. Samuel Decl., ¶¶ 18 - 23. Rather, GYT's counsel noted that they "are simply asking for an extension of time as a professional courtesy because

we are busy with a number of filings due in other matters this week and next (as well as the opening claim construction brief due in this matter on Monday)." *Id.*, ¶ 21, Ex. 33. dbest' counsel explained that "we cannot agree to an 11-day extension" as "[t]hat puts us at risk of having the hearing pushed even further to April 21or 28, which would be too close to our trial in another case." *Id.*, ¶ 22, Ex. 34.

Finally, GYT pretends that the Walmart sales were "by other sellers, not GYT." Dkt. 33 at 63. GYT's position is untenable. The Accused Products offered on Walmart.com are identical to those offered for sale on Amazon.com. Suppl. Samuel Decl., ¶¶ 8 - 17. The Accused Products marketed on Walmart.com use marketing materials identical to GYT's marketing materials produced in this action. *Id*. at 15. Moreover, as explained in dbest's pending Motion to Amend Counterclaim (Dkt. 37 at 5-6) and dbest's First Amended Counterclaims (Dkt. 37-2 at 13), within days of sending a draft of the proposed first amended counterclaims to GYT's counsel, the listings of the Accused Products on Walmart.com were changed or taken down, raising serious questions of possible spoliation or tampering of evidence by GYT.

GYT's gamesmanship should not be condoned. Litigation misconduct to the degree displayed here by GYT is thankfully exceedingly rare. When it occurs, however, the dignity of the Federal and Local Rules have been impugned, and some penalty should be imposed.

## IV.   CONCLUSION

dbest respectfully requests the Court to grant dbest's motion to compel full and complete responses to its discovery requests, and award evidentiary and monetary damages as the Court deems proper.

DATED:  March 24, 2022

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

By: /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)

*Attorneys for Defendant and Counterclaimant*
DBEST PRODUCTS LLC