Ehab M. Samuel (SBN 228296)
esamuel@hdmnlaw.com
David A. Randall (SBN 156722)
dave@hdmnlaw.com
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| **GYT YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>Defendant / Counterclaim Plaintiff. | Case No.: 2:21-cv-04758-JVS-JDE<br><br>**SUPPLEMENTAL DECLARATION OF EHAB M. SAMUEL IN SUPPORT OF DBEST PRODUCTS, INC.'S MOTION TO COMPEL RESPONSES TO DISCOVERY AGAINST GYT YUCHENG TRADING CO., LTD. AND REQUEST FOR SANCTIONS**<br><br>Magistrate: Hon. John D. Early<br>Date: April 7, 2022<br>Time: 10:00 a.m.<br>Courtroom: 6A<br>Discovery Cutoff: June 9, 2022<br>Pretrial Conference: January 17, 2023<br>Trial Date: January 31, 2023 |

# DECLARATION OF EHAB M. SAMUEL

I, Ehab M. Samuel, declare and state as follows:

1. I am an attorney licensed to practice in all courts of this State and partner at Hackler Daghighian Martino & Novak, P.C. in Los Angeles, California. I am one of the attorneys of record for Defendant and Counterclaim plaintiff dbest products, Inc. ("dbest") in the above captioned matter. I make this declaration in support of dbest's motion to compel responses to discovery against Plaintiff and Counterclaim Defendant GYT Yucheng Trading Co., Ltd. ("GYT") and request for sanctions ("Motion to Compel"). Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2. I have been attempting to meet and confer in good faith with GYT's counsel on the issues that are the subject of dbest's Motion to Compel since at least January 28, 2022. dbest initially relied on GYT's representation that it "will produce" responsive documents in connection with RFP Nos. 7, 12-17, 21-25, 27, 32-33 and 35 and did not identify them in its January 28, 2022, letter. The scope of dbest's issues with GYT's discovery obligations expanded to encompass the failure of GYT to produce documents in response to these RFPs only after GYT's initial representation that it would produce all responsive documents proved to be untrue. As soon as I learned that all responsive documents would not be forthcoming, I immediately sought to meet and confer with GYT. (*See* Dkt. 36-1, ¶¶ 24-25, Ex. 15.).

3. Despite my meet and confer efforts, GYT did not respond to dbest's request for meet and confer by e-mail, telephonically or Zoom; instead, on March 1,

1  2022, GYT produced documents none of which was responsive to RFP Nos. 7, 12-13, 15-17, 21-25, 27, 32-33 and 35 and claimed that it completed its production.

4. GYT attempts to deflect from its own discovery violations by complaining about resolved issues. dbest produced to GYT the settlement agreement with Amazon and communications with Amazon prior to filing the Joint Stipulation. GYT still raised these issues in the Joint Stipulation.

5. GYT does not provide an example of any (1) documents or e-mail communications it produced in connection with RFP Nos. 12, 17 & 21 on the '700 patent, (2) documents or e-mail communications it produced in connection with RFP Nos. 13-16 that refer or relate to dbest, (3) documents it produced in connection with RFP Nos. 22, 32 to support its assertion of non-infringement, and (4) documents or e-mail communications it produced in connection with RFP Nos. 23, 24, 25 & 17 that refer or relate to its patent misuse, unclean hands, or other GYT claims or defenses. This is because GYT has not produced any responsive documents to these requests. While dbest has produced about 165 emails that refer or relate to GYT, GYT has produced merely two emails from Amazon.

6. In its response to RFP No. 1, 3, 19, 20, and 21, GYT unilaterally narrows its disclosure obligations to "ASINs B07T63S2WP, B08CX9VXPT, and B08JYB8MB4 on the Amazon.com platform". In doing so, GYT is intentionally withholding responsive documents relating to its sales activities on Walmart's website and perhaps others.

4. Since at least as early as June 15, 2014, dbest began marketing and selling its patented portable carts or hand trucks bearing the TROLLEY DOLLY trademark

in United States commerce. dbest has used, throughout the United States, the TROLLEY DOLLY trademark on a regular and continuous basis in connection with portable carts or hand trucks with removable fabric container.

5. In addition to its common law trademark rights throughout the United States, dbest is the owner of all right, title, and interest in and to the word mark TROLLEY DOLLY®, U.S. Trademark Reg. No. 5,348,107, filed on July 6, 2017, and registered on November 28, 2017, and U.S. Trademark Reg. No. 6,248,551, filed on November 25, 2019, and registered on January 19, 2021.

6. On or about June 2018, dbest submitted a complaint of trademark infringement with Amazon (Complaint ID: 5167373501) in connection with GYT's use of the TROLLEY DOLLY mark in connection with the Accused Product (ASIN # B07B4XSW9L).

7. Notwithstanding the notice of infringement and dbest's rights to the TROLLEY DOLLY mark, on information and belief, GYT continues to impermissibly use, directly or indirectly, the Trolley Dolly® trademark.

8. GYT has failed to produce any internal emails, failed to specify what search terms it employed, if any, for its searches, and refused to search for the term TROLLEY DOLLY (dbest's product covered under the '700 patent).

9. On or about February 15, 2022, dbest learned that the following Accused Products previously offered for sale on the Amazon.com website were being offered for sale on the Walmart.com website under the Winkeep brand:

    a. Shopping Cart, Super Loading Stair Climber Cart 220 lbs Capacity Grocery Foldable Cart with Extra Large Shopping Bag Laundry Cart with

1    Adjustable Bungee Cord, (*e.g.*, Amazon ASIN #: B07B4XSW9L; Walmart UPC # 294582309, 783651864);



b.    Shopping Cart, Super Loading Grocery Cart 220 lbs Capacity Grocery Shopping Foldable Cart with Extra Large Black Shopping Bag Portable Grocery Cart with Bungee Cord, (*e.g.*, Amazon ASIN #: B08CX9VXPT; Walmart UPC # 396176936, 689381433, 350503084, 894667964);



c. Shopping Cart, Heavy Duty Stair Cart 220 lbs Capacity Grocery Cart with Large Shopping Bag Folding Shopping Cart with Adjustable Bungee Cord, (*e.g.*, Amazon ASIN #: B07B4XSW9L; Walmart UPC # 294582309, 383685556, 953630218, 455022324, 411183011, 400688021):



10. The Accused Product sold under GYT's Winkeep brand incorporated the Trolley Dolly trademark. For example, one of the products' name was called: "Shopping Cart for Groceries, Super Loading 220 lbs Capacity Stair Climber Folding Shopping Carts with Shopping Bag, Foldable Groceries Trolley Dolly Carts with Adjustable Bungee Cord for Seniors":



11. Similarly, another Accused Product sold under GYT's Winkeep brand incorporated the Trolley Dolly trademark in the name: "Winkeep Shopping Trolley Dolly Cart, Folding Shopping Cart 220 lbs Capacity with Adjustable Bungee Cord:



12. In total, the following are Walmart product codes for Accused Products sold by GYT's Winkeep brand: 953630218, 562122987, 294582309, 874790961, 375845982, 894667964, 113237527, 383685556, 835979010, 472513800, 400688021, 921139221, 248180108, 325334072, 786218635, 396176936, 350503084, 165095613, 136750574, 789840449, 447260623, 337860707, 267423292, 958556543, 250044379, 777220855, 238953478, 524813868, 439902043, 937572687, 432836131, 194423770, 689381433, and 148651973.

13. On March 3, 2022, I sent an email to GYT's counsel stating that DBEST intended to file a motion for leave to amend, to add an allegation of patent marking and to add claims for trademark infringement and unfair competition. I attached

pictures of the Accused Products found on the Walmart.com website that show unauthorized use of dbest's TROLLEY DOLLY trademark. I proposed that we meet and confer on March 7 to discuss these products, when we were already scheduled to meet and confer on other discovery issues. A true and correct copy of my March 3, 2022 email to GYT's counsel Sandra A. Hudak with the corresponding attachment is attached as **Exhibit 27**.

14. On March 7, 2022, counsel for the parties met and conferred on the Accused Products. During the meet and confer, GYT's counsel represented that GYT was not the source of the Accused Products being offered for sale on the Walmart.com website. On March 8, 2022, I sent GYT's counsel a draft of dbest's proposed first amended counterclaim. A true and correct copy of my email to Ms. Hudak with the corresponding attachment is attached as **Exhibit 28**.

15. Attached as **Exhibit 29** are true and correct copies of print outs from the Walmart.com website between February 15, 2022 and March 8, 2022, demonstrating exemplary unauthorized use of dbest's TROLLEY DOLLY trademark in connection with GYT's accused products and/or GYT's sales activity under the "winkeep" online store name on Walmart.

16. Within days of sending the draft to GYT's counsel, the listings for the Accused Products on Walmart.com were changed. The words 'TROLLEY DOLLY" no longer appeared and the Winkeep brand name had been changed to a different brand name, "Popolic." The manufacturer's product numbers on the listings, however, are the same product numbers that appear on the old listings with the Winkeep brand

1  name and unauthorized use of "TROLLEY DOLLY."  A true and correct copy of an
2  example of the changed listings is attached as **Exhibit 30**.
3      17.    GYT produced the following marketing materials in response to dbest's
4  requests for documents production:







GYT000328



GYT000331

All numbers prefixed "GYT" accompanying such illustrations are production numbers assigned by Guangzhou to the marketing materials that contain the illustrations. Identical marketing materials are used in the listings for the accused products on Walmart.com as seen below:







18. GYT never sought an extension of time so that it could perform an investigation into the Accused Products sold on Walmart.com.

19. On March 8, 2022, Ms. Hudak emailed me "to request an 11-day extension (until March 21, 2022) for GYT to provide its portion of the stipulation." Ms. Hudak did not reference that she needed an extension to conduct any sort of investigation. Attached as **Exhibit 31** is a true and correct copy of Ms. Hudak's March 8, 2022 email to me.

20. The same day, on March 8, 2022, I emailed Ms. Hudak to request "a call to fully understand" the need for the extension given that I had written the motion in three (3) days. Attached as **Exhibit 32** is a true and correct copy of my email March 8, 2022 email to Ms. Hudak.

21. In response to my email, on March 9, 2022, Ms. Hudak emailed me to say: "We don't think a call is necessary; we are simply asking for an extension of time as a professional courtesy because we are busy with a number of filings due in other matters this week and next (as well as the opening claim construction brief due in this matter on Monday)." Attached as **Exhibit 33** is a true and correct copy of Ms. Hudak's March 9, 2022 email to me.

22. I explained that "we cannot agree to an 11-day extension" as "[t]hat puts us at risk of having the hearing pushed even further to April 21or 28, which would be too close to our trial in another case." Attached as **Exhibit 34** is a true and correct copy of my March 9, 2022 email to Ms. Hudak..

23. A meet and confer discussion took place on March 9, 2022 between counsel regarding GYT's request for an extension. At no point during the meet and

confer call or in subsequent correspondence between the parties did Ms. Hudak ever relay that an extension was needed so that GYT could investigate the Accused Products on Walmart.com's website.

    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: March 24, 2022            /s/ *Ehab M. Samuel*
                                        Ehab M. Samuel (SBN 228296)