Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, CA 92037
Tel: 949.636.1391

Mark Berkowitz (*pro hac vice*)
mberkowitz@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel: 212.216.8000

***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>  Plaintiff / Counterclaim Defendant,<br><br>  v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>  Defendant / Counterclaim Plaintiff. | Case No. 2:21-cv-04758-JVS-JDE<br><br>**GUANGZHOU YUCHENG TRADING CO., LTD.'S OPPOSITION TO DBEST PRODUCTS, INC.'S MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM**<br><br>Judge: James V. Selna<br>Hearing Date: April 18, 2022<br>Time: 1:30 p.m.<br>Courtroom: 10C |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................... 2

        A.      Case Schedule ............................................................................. 3

III.    LEGAL PRINCIPLES ............................................................................ 3

IV.     ARGUMENT ........................................................................................... 4

        A.      dbest Fails to Demonstrate Good Cause for Each of Its Proposed
                Amendments ................................................................................. 4

        B.      dbest's Conclusory Allegations and Analysis Fail to Demonstrate
                That Leave Is Appropriate Under Any of the Rule 15 Factors ............ 6

                1.      dbest Delayed in Seeking Amendment of Its Counterclaim ...... 6

                2.      dbest Desperately Seeks to Delay Resolution of this
                        Declaratory Judgment Action at GYT's Expense ..................... 6

                3.      The Proposed Amendments Are Futile ..................................... 8

                        a)      The Proposed Trademark Claims Are Insufficiently
                                Pled .................................................................................. 9

                        b)      The Proposed Indirect Infringement Claims Are
                                Insufficiently Pled .......................................................... 10

                        c)      dbest Still Fails to Plead Compliance with the
                                Marking Statute .............................................................. 11

V.      CONCLUSION ..................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMF Inc. v. Sleekcraft Boats*,
  599 F.2d 341 (9th Cir. 1979) ...................................................................9

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ....................................................11, 12

*C.F. v. Capistrano Unified Sch. Dist.*,
  647 F. Supp. 2d 1187 (C.D. Cal. 2009) ..............................................4

*Callan v. Amdahl Corp.*,
  No. C-94-0295-VRW,
  1995 WL 261420 (N.D. Cal. Apr. 24, 1995)........................................8

*Denbicare U.S.A. Inc. v. Toys R Us, Inc.*,
  84 F.3d 1143 (9th Cir. 1996), *abrogated on other grounds by*
  *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013) ...........10

*DivX, LLC v. Hulu, LLC*,
  No. LACV 21-1615 PSG (DFM),
  2021 WL 4459368 (C.D. Cal. June 11, 2021)...................................12

*Dr. Seuss Enterprises v. Penguin Books USA, Inc.*,
  109 F.3d 1394 (9th Cir. 1997) ...............................................................9

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ...............................................................3

*Foman v. Davis*,
  371 U.S. 178 (1962)..........................................................................3, 6

*Geovector Corp. v. Samsung Elecs. Co.*,
  No. 16-CV-02463-WHO,
  2017 WL 76950 (N.D. Cal. Jan. 9, 2017)............................................7

*Estate of Gonzalez v. Hickman*,
  No. EDCV 05-660 MMM,
  2007 WL 3237639 (C.D. Cal. Jan. 8, 2007)........................................8

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ........................................................3, 4

*M/V Am. Queen v. San Diego Marine Const. Corp.*,
   708 F.2d 1483 (9th Cir. 1983) ...........................................................8

*McMahon v. Cty. of Santa Barbara*,
   No. CV 15-02714-BRO,
   2016 WL 11758773 (C.D. Cal. Apr. 19, 2016)....................................4

*Mighty Enterprises Inc. v. She Hong Indus. Co.*,
   No. 2:14-cv-06516-ODW (GJS),
   2015 WL 13764130 (C.D. Cal. Sept. 17, 2015).....................................8

*Mortg. Indus. Sols., Inc. v. Collabera, Inc.*,
   No. CV11-4008-CAS,
   2013 WL 440644 (C.D. Cal. Feb. 4, 2013) ..........................................3

*Nasser v. Julius Samann, Ltd.*,
   No. 17-CV-863-BTM-MDD,
   2020 WL 10457002 (S.D. Cal. Aug. 13, 2020)...............................9, 10

*Optivus Tech., Inc. v. Ion Beam Applications S.A.*,
   No. CV 03-2052 SJO,
   2004 WL 5543277 (C.D. Cal. Dec. 29, 2004)........................................5

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*,
   897 F.3d 1008 (9th Cir. 2018) .............................................................9

*Parity Networks, LLC v. Moxa Inc.*,
   No. SACV 20-698 JVS(KESx),
   2020 WL 6064636 (C.D. Cal. Sept. 11, 2020) .............................10, 11

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   843 F.3d 1315 (Fed. Cir. 2016) ........................................................10

*Rooney v. Sierra Pac. Windows*,
   No. 10-CV-00905-LHK,
   2011 WL 5034675 (N.D. Cal. Oct. 11, 2011) ......................................5

*Rosales v. FitFlop USA, LLC*,
   No. 11-CV-0973-W(KSC),
   2013 WL 3049122 (S.D. Cal. June 17, 2013) ......................................5

*Versata Software, Inc. v. Configit A/S*,
   No. LA CV20-09019 JAK (MRWx),
   2021 WL 5536287 (C.D. Cal. Sept. 10, 2021) ...................................................10

*Voice Int'l, Inc. v. Oppenheimer Cine Rentals, LLC*,
   No. LA CV15-08830 JAK (KSx),
   2018 WL 3830030 (C.D. Cal. Jan. 18, 2018) ....................................................11

**Statutes**

35 U.S.C. § 271(b) .................................................................................................10

35 U.S.C. § 287 ................................................................................................6, 11

Lanham Act, 15 U.S.C. §§ 1051 et seq. ............................................................9, 10

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................9, 11

Fed. R. Civ. P. 15 .......................................................................................1, 2, 3, 5, 6

Fed. R. Civ. P. 16 ........................................................................................1, 3, 4, 5

N.D. Cal. Local Rule 3-1(d) .....................................................................................7

Plaintiff/Counterclaim Defendant GUANGZHOU YUCHENG TRADING CO., LTD. ("GYT") hereby submits this Opposition to Defendant/Counterclaim Plaintiff DBEST PRODUCTS, INC.'s ("dbest") Motion to Amend Counterclaim (Dkt. 37, "Motion").

## I.   INTRODUCTION

This is a declaratory judgment action brought by GYT to establish that certain shopping carts that it sells do not infringe dbest's patent rights.  As resolution of this action draws nearer, dbest seeks to slow its progression by interposing three new trademark claims into this patent case and raising a host of new patent infringement theories (e.g., inducement, contributory infringement and compliance with the patent marking statute).  But dbest's Motion fails to satisfy the requirements of Rules 15 and 16 of the Federal Rules of Civil Procedure.

Given that dbest seeks to amend its counterclaims after the deadline set by the Scheduling Order entered in this case (Dkt. 26), dbest must first establish "good cause" pursuant to Rule 16(b), including that dbest was diligent in seeking leave. However, dbest completely fails to explain how it was allegedly diligent in seeking to amend its patent claims to raise theories of indirect infringement—there is no discussion as to why dbest could not have raised these claims earlier.  Likewise, dbest's Motion fails to make *any* attempt to justify its failure to plead compliance with the patent marking statute in its initial pleading or why it waited six months to do so. Indeed, GYT repeatedly identified this deficiency to dbest (and the fact that pre-suit damages were not available here), however, dbest sat idle.  With respect to the three new trademark claims that dbest seeks to add to this case, dbest asserts in its Motion that it was diligent because it first learned of the underlying facts last month.  But dbest concedes that it made trademark assertions against GYT in 2018 (Mot. at 3), and never pursued them.  dbest also concedes that its trademark claims are now moot, (*id*. at 9), leaving no valid reason to complicate this patent case with unrelated

1    trademark claims.

2          dbest's Motion, likewise, fails to establish that leave is proper under Rule 15.

3    dbest does not meaningfully address the prejudice to GYT that would be caused by

4    dbest's untimely and pointless new claims. GYT is entitled to a decision on its

5    declaratory judgment claim without undue delay.  Moreover, dbest's new theories and

6    claims would never survive a motion to dismiss for failure to state a claim.   As

7    discussed further below, dbest's new allegations are nothing more than legal

8    conclusions unsupported by facts.  dbest's Motion should therefore be denied.

9    **II.   FACTUAL BACKGROUND**

10         This case relates to shopping trolleys (i.e., wheeled carts with a removable

11   shopping bag). The Parties each distribute shopping trolleys, including on the

12   Amazon.com marketplace ("Amazon."). On June 10, 2021, GYT initiated the present

13   action for a declaratory judgment of non-infringement and invalidity of U.S. Patent

14   No. U.S. Patent No. 9,233,700, titled "Portable Cart with Removable Shopping Bag"

15   ("the '700 Patent").

16         GYT seeks this relief because, earlier in 2021, dbest filed a lawsuit in this

17   Court, captioned *dbest products Inc. v. Amazon.com, Inc.*, No. 2:21-cv-03147 (C.D.

18   Cal.) (the "Amazon Lawsuit"), in which dbest alleged that Amazon infringed the '700

19   Patent, *inter alia*, by offering for sale and selling GYT's shopping trolleys ("Accused

20   Products").  The Amazon Lawsuit was meritless and part of a long-running campaign

21   by dbest to interfere in GYT's ability to fairly compete with dbest on Amazon.

22   However, as a result of the Amazon Lawsuit, Amazon removed GYT's listings for

23   the Accused Products from Amazon.

24         dbest's infringement positions in the Amazon Lawsuit, and those in this case,

25   strain credibility—the construction of the Accused Products is completely different

26   than the cart described and claimed in the '700 Patent.  Recognizing this, dbest seeks

27   to delay resolution of this declaratory judgment case, and interpose wholly unrelated

28

claims, long after the deadline to amend the pleadings.

### A.   Case Schedule

On September 8, 2021 the Court entered a Scheduling Order in this matter. (Dkt. 26).  The Court set November 8, 2021 as the last day to amended pleadings or add parties.  (*Id.*).  Pursuant to the Scheduling Order, today, the Parties completed briefing on claim construction and a claim construction hearing is scheduled for April 25, 2022.  (*Id.*).  Fact discovery is scheduled to close on June 9, 2022.  (*Id.*).

## III.  LEGAL PRINCIPLES

Once the district court enters a pre-trial scheduling order pursuant to Federal Rule of Civil Procedure 16, Rule 16's standard controls where a motion for leave to amend is filed after the deadline imposed by the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Only where the moving party establishes good cause for modifying the scheduling order under Rule 16 does the Court consider whether the party's proposed amendment is proper under Rule 15. *Mortg. Indus. Sols., Inc. v. Collabera, Inc.*, No. CV11-4008-CAS (AGRx), 2013 WL 440644, at *2 (C.D. Cal. Feb. 4, 2013).

In deciding whether amendment of a pleading is proper under Rule 15, district courts should consider the following factors in deciding whether to grant leave to amend: (1) undue delay; (2) evidence of the movant's bad faith or dilatory motive; (3) repeated failures to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and, (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Not all factors are accorded the same weight, and it is the consideration of prejudice to the opposing party that carries the greatest weight in denying leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**GUANGZHOU YUCHENG TRADING CO., LTD.'S OPPOSITION TO DBEST PRODUCTS, INC.'S MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM**

3

## IV.   ARGUMENT

### A.   dbest Fails to Demonstrate Good Cause for Each of Its Proposed Amendments

As discussed above, the Court set November 8, 2021 as the deadline to file amended pleadings. (Dkt. 26.) Given that dbest filed its Motion well after that date, Rule 16 governs. Thus, the Court must first consider whether good cause exists to modify the scheduling order. *Johnson*, 975 F.2d at 609.  "[T]he Ninth Circuit has found that a party wishing to file an amended pleading after the time set by the scheduling order must specifically request that the court modify the scheduling order." *C.F. v. Capistrano Unified Sch. Dist.*, 647 F. Supp. 2d 1187, 1190 (C.D. Cal. 2009) (citing *Johnson*, 975 F.2d at 608–09). "Although a request to modify the Scheduling Order need not appear in a separate motion, [dbest] does not make such a request in his Motion for Leave to Amend." *See McMahon v. Cty. of Santa Barbara*, No. CV 15-02714-BRO (CWx), 2016 WL 11758773, at *6 (C.D. Cal. Apr. 19, 2016) (*quoting C.F.*, 647 F. Supp. 2d at 1190).

dbest's Motion acknowledges and recites the "good cause" requirement of Rule 16(b); however, the Motion fails to apply this standard to the facts.  Specifically, dbest asserts that an amended pleading is necessary to address ***five issues*** and add ***three completely new claims***. But the Motion fails to address each of these proposed changes (it only discusses its purported diligence in connection with its trademark claim).  Plaintiff's Motion can be denied for this reason alone. *See Johnson*, 975 F.2d at 608–09 (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985)); *see also McMahon*, 2016 WL 11758773, at *6 (denying motion for leave to amend with prejudice where moving party failed to provide analysis of Rule 16).

For example, dbest notes that it proposed pleading "includes new allegations that [dbest] complies with patent marking requirements and that it gave [GYT] actual

notice of infringement . . . ." (Mot. at 6).  But there is no discussion of this new allegation in dbest's Motion, let alone any analysis under the requirements of Rules 15 or 16.  In all events, dbest seeks to add allegations that it supposedly supplied notice to GYT on November 14, **2019**. (Dkt. 37-2, "FAC," ¶ 6). Obviously, dbest was aware of this communication at the time that it filed its original counterclaims in September 2021. (Dkt. 27).  dbest does not attempt to explain how waiting six months to raise this claim constitutes diligence under Rule 16(b).  It does not.  *See Rosales v. FitFlop USA, LLC*, No. 11-CV-0973-W(KSC), 2013 WL 3049122, at *3 (S.D. Cal. June 17, 2013) (holding a delay of five months after learning of need to amend was too long); *Rooney v. Sierra Pac. Windows*, No. 10-CV-00905-LHK, 2011 WL 5034675, at *7 (N.D. Cal. Oct. 11, 2011) (waiting three months before filing motion to amend precluded finding of diligence); *Optivus Tech., Inc. v. Ion Beam Applications S.A.*, No. CV 03-2052 SJO (VBKx), 2004 WL 5543277, at *5 (C.D. Cal. Dec. 29, 2004) (holding two-month delay before filing a motion to amend suggested bad faith delay).

Likewise, dbest now seeks to add claims that "[GYT] has been and is indirectly infringing [dbest]'s patent by acts of contributory infringement and inducing infringement." (Mot. at 6).  But the Motion does not provide ***any*** factual analysis relating these new legal theories—again, neither under Rules 15 or 16.  It is entirely unclear what purpose these new claims would serve beyond the existing direct infringement claims.[1]  Most significantly, dbest does not explain how it was diligent in pursuing these claims or why these new claims could not be raised earlier.

Rather, dbest's Motion only argues that it has been diligent in pursuing its new allegations of trademark infringement. (Mot. at 9).  Specifically, dbest asserts in its

---

[1] The Parties ***never*** met and conferred regarding these new legal theories for patent infringement.  GYT first learned about them upon the filing of dbest's Motion.

Motion that it learned new facts "on or about February 15, 2022," namely, that certain product listings on Walmart.com ("Walmart") included the term "Trolley Dolly." (*Id.*).  But the Exhibits to its Motion demonstrate that dbest first raised the specter of trademark infringement *in 2018*.  (Dkt. 37-5, Ex. 4 at 2).  Moreover, as dbest concedes, the listings at issue no longer use the supposedly trademarked term.  (Mot. at 9).

Thus, there is no good cause to modify the Scheduling Order.

**B.     dbest's Conclusory Allegations and Analysis Fail to Demonstrate That Leave Is Appropriate Under Any of the Rule 15 Factors**

**1.     dbest Delayed in Seeking Amendment of Its Counterclaim**

The first factor of the *Foman* test—undue delay—weighs against leave. Specifically, dbest seeks to amend its patent infringement Claim (Count 1) to interpose: (1) a new contributory infringement claim; (2) a new inducement of infringement claim; and (3) allegations that it has complied with the Patent Marking Statute, 35 U.S.C. § 287.  (FAC ¶¶ 6, 39, 40).  As noted above, dbest's Motion does not address these new theories.  Notably, dbest does not (and cannot) argue that it did not delay in pursuing these claims.

dbest also seeks leave to add three new counts of trademark infringement (Counts II–IV).  As noted above, dbest concedes that it has been aware of these claims since 2018.  Its analysis ignores this fact and, instead, focuses on additional facts supposedly first learned in February 2022.  If every new fact learned during discovery gave rise to a basis for the amendment of the pleadings, no case would ever end.

At the end of the day, dbest has failed to show that there was no undue delay with respect to each of the claims and theories that it seeks to add to this case.

**2.     dbest Desperately Seeks to Delay Resolution of this Declaratory Judgment Action at GYT's Expense**

The second and fourth factors of the Rule 15 analysis—dbest's dilatory motive

**GUANGZHOU YUCHENG TRADING CO., LTD.'S OPPOSITION TO DBEST PRODUCTS, INC.'S MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM**

6

and prejudice to GYT—weigh against the proposed amendments and modification of
the case schedule.  dbest disingenuously asserts that it "has no reason to want to delay
the litigation." (Mot. at 9).   In reality, dbest spent ***three years*** unsuccessfully
attempting to convince Amazon to remove GYT's competing products from the
Amazon marketplace.  It was not until April 2021 that dbest finally tricked Amazon
into removing these product listings. dbest is fully aware that GYT seeks a declaratory
judgment of non-infringement issued by this Court to have Amazon reinstate these
listings (and that, upon reinstatement, further remedial action may be taken against
dbest). Thus, dbest has every motivation to want to slow the progress of this Action.

dbest argues that, despite its request to add two new theories of patent
infringement to the case, there will not be delay "[b]ecause [dbest] is not adding new
Accused Products or asserting different patent claims, [and thus] there is no
foreseeable need to amend preliminary infringement contentions." (Mot. at 9).  This
is not true.  As discussed *infra* (*see* § IV.B.3.b.), allegations of indirect infringement
require disclosure by the patentee of, *inter alia*, evidence of intent to *encourage*
infringement.   Thus, if dbest were permitted to add new theories of indirect
infringement at this late stage, dbest would need to serve supplemental infringement
contentions (past the deadline of September 27, 2021, *see* Dkt. 26) with these new
theories. *See, e.g.*, *Geovector Corp. v. Samsung Elecs. Co.*, No. 16-CV-02463-WHO,
2017 WL 76950, at *6 (N.D. Cal. Jan. 9, 2017) ("GeoVector's mere assertion that
Samsung produced infringing products and sold or promoted these products is
insufficient to meet [the Northern District of California's) Local Rule 3-1(d)'s
requirements."); (*see also* Dkt. 19 ¶ 1.m ("The Court intends to follow the rule for
patent cases which have been adopted by the Northern District of California.")).

dbest also asserts that "[t]he new trademark issues are not complex" but ignores
that fact that the parties have conducted no discovery on these claims and, their
addition, would be tantamount to starting a brand-new trademark case from scratch—

something that could not realistically be completed in less than three months. *See Mighty Enterprises Inc. v. She Hong Indus. Co.*, No. 2:14-cv-06516-ODW (GJS), 2015 WL 13764130, at *3 (C.D. Cal. Sept. 17, 2015) (denying motion to amend complaint to add trademark claims where opposing party would be prejudiced). GYT brought this Action to expeditiously resolve a dispute relating to the '700 Patent and dbest's attempt to interpose unrelated claims at this late stage should be rejected. "As the Ninth Circuit has recognized, defendants are entitled to rely on the court's scheduling order to litigate an action filed against them in an 'orderly manner.'" *Estate of Gonzalez v. Hickman*, No. EDCV 05-660 MMM (RCx), 2007 WL 3237639, at *2 (C.D. Cal. Jan. 8, 2007) (citing *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)).

dbest cannot reasonably believe that wholly changing the nature of this action—from a patent case involving the design and construction of shopping carts, to a trademark case concerning the text on a website—would not prejudice GYT. *See, e.g.*, *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming trial court's denial of leave to amend because plaintiff's amendments "covered different acts, employees and time periods necessitating additional discovery," which the court determined would "totally alter the basis of the action" and cause undue delay); *see also Callan v. Amdahl Corp.*, No. C-94-0295-VRW, 1995 WL 261420, at *5 (N.D. Cal. Apr. 24, 1995) (denying leave to amend because plaintiff proposed an amendment that would change "the nature and scope of [the] litigation," and in effect have amounted to "an entirely new lawsuit").

### 3.    The Proposed Amendments Are Futile

dbest correctly states that, "[t]o avoid futility, a party 'must demonstrate that its pleading states a claim on which relief could be granted, and it must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion.'" (Mot. at 10) (quoting *Kemin Foods, L.C. v. Pigmentos*

*Vegetales Del Centro S.A. de C.V.,* 464 F.3d 1339, 1354–55 (Fed. Cir. 2006)). However, dbest provides no analysis of its new claims and legal theories under the applicable pleading requirements.  Dbest's myriad of new patent and trademark claims are all futile.

> *a)    The Proposed Trademark Claims Are Insufficiently Pled*

dbest makes only the conclusory statement that "[t]he new counts state claims on which relief could be granted for federal trademark infringement, federal unfair competition, and common law trademark infringement and passing off." (Mot. at 10). dbest's assessment is insufficient and incorrect. To prevail on a trademark infringement claim, Plaintiff must show that: (1) it has a valid, protectable mark, and (2) the defendant's use of the mark is likely to cause consumer confusion. *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018) (citations omitted). Although the FAC makes passing references to the Lanham Act and "confusion," it makes no non-conclusory factual allegations in support.

For example, in determining whether the use of a mark is likely to cause confusion, the Ninth Circuit uses the eight-factor *Sleekcraft* test. The eight factors are as follows: (1) strength of the mark; (2) proximity of the goods: (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Dr. Seuss Enterprises v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1404 (9th Cir. 1997) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979)).  dbest's FAC makes no attempt to address these elements, has insufficiently pled likelihood of confusion, and therefore fails to state a claim for trademark infringement under Rule 12(b)(6). *See, e.g.*, *Nasser v. Julius Samann, Ltd.*, No. 17-CV-863-BTM-MDD, 2020 WL 10457002, at *2 (S.D. Cal. Aug. 13, 2020) (dismissing complaint that recited *Sleekcraft* factors but failed to alleged facts in support of each factor).

For these same reasons, the proposed unfair competition and state law claims fail too.  *See id.*, 2020 WL 10457002, at *3 (explaining that trademark infringement and unfair competition claims under the Lanham Act are "almost identical" since the "ultimate test" for both claims is a likelihood of confusion); *Denbicare U.S.A. Inc. v. Toys R Us, Inc.*, 84 F.3d 1143, 1152 (9th Cir. 1996) ("State common law claims of unfair competition . . . are substantially congruent to claims made under the Lanham Act.") (internal quotations and modifications omitted), *abrogated on other grounds by Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013).

### b) The Proposed Indirect Infringement Claims Are Insufficiently Pled

35 U.S.C. § 271(b) provides patentees with a cause of action against anyone who "actively induces infringement of a patent." A claim for induced infringement requires that a patentee allege facts to show that "(1) a third party directly infringed the asserted claims of the [patents-in-suit]; (2) [the defendant] induced those infringing acts; and (3) [the defendant] knew the acts it induced constituted infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016). "What is most relevant in this case is the third prong of this test." *Parity Networks, LLC v. Moxa Inc.*, No. SACV 20-698 JVS(KESx), 2020 WL 6064636, at *4 (C.D. Cal. Sept. 11, 2020).  The FAC does not plead facts in support of any of these elements.  It is not clear what "third party" allegedly directly infringed claims of the '700 Patent, how GYT supposedly induced that infringement or how GYT "knew the acts it induced constituted infringement."  Therefore, dbest's inducement claim is futile. *See Versata Software, Inc. v. Configit A/S*, No. LA CV20-09019 JAK (MRWx), 2021 WL 5536287, at *14 (C.D. Cal. Sept. 10, 2021) ("Because the indirect infringement claims do not sufficiently allege post-knowledge inducement, they do not plausibly state a claim for relief.").

To allege contributory infringement, "a patentee must allege that an entity sells

or offers to sell a component of a patented machine 'constituting a material part of the invention' [and] 'plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing use.'" *Voice Int'l, Inc. v. Oppenheimer Cine Rentals, LLC*, No. LA CV15-08830 JAK (KSx), 2018 WL 3830030, at *10 (C.D. Cal. Jan. 18, 2018) (citing 35 U.S.C. § 271(c) and *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)). dbest has not alleged facts showing that GYT knowingly offered or sold a "component."  dbest has not alleged sufficient facts to state a claim for contributory infringement and, therefore, its proposed FAC would fail under Rule 12(b)(6).  *Parity Networks*, 2020 WL 6064636, at *5 (dismissing contributory infringement claim that failed to identify "component" allegedly sold by defendant).

c)    *dbest Still Fails to Plead Compliance with the Marking Statute*

From the outset, GYT made clear to dbest that its claims for pre-suit damages were meritless because dbest did not comply with the requirements of the Patent Marking Statute and did not plead compliance with the Statute.  However, dbest made no attempt to remedy this deficiency until now.

Under § 287(a) of the Patent Act, any patented article must be marked to provide notice to the public that the article is patented. 35 U.S.C. § 287(a). If a patentee fails to mark its product, infringement damages are unavailable unless the patentee provides "proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." *Id*. "The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). "If a patentee who makes, sells, offers for sale, or imports his patented articles has not 'given notice of his right' by marking his articles pursuant to the marking statute, he

is not entitled to damages before the date of actual notice." *Id*. (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)).

dbest seeks to add a single, conclusory, statement that it both marked its products and provided GYT with "actual notice." (FAC ¶ 6). The lack of factual allegations in support of this allegation are not the result of mere carelessness. Discovery has shown that dbest has licensed the '700 Patent but there is no evidence that the licensed carts are marked with the patent number as required by § 287(a). With respect to actual notice, the Amended Complaint provides no allegations as to the form or content of the notice. Thus, dbest's proposed pleading would be futile. *See, e.g.*, *DivX, LLC v. Hulu, LLC*, No. LACV 21-1615 PSG (DFM), 2021 WL 4459368, at *3 (C.D. Cal. June 11, 2021) (finding patentee had not met its burden to plead marking where, *inter alia*, the "patented technology has been licensed . . . yet . . . the Complaint is silent about [the patentee] requiring licensees to mark the practicing products").

## V.   CONCLUSION

For these reasons, the Court should deny dbest's Motion.

Respectfully submitted,

Dated: March 28, 2022          TARTER KRINSKY & DROGIN LLP

                        By:  */s/ Mark Berkowitz*
                             Stephen M. Lobbin (SBN 181195)
                             sml@smlavvocati.com
                             Austin J. Richardson (SBN 319807)
                             ajr@smlavvocati.com
                             SML AVVOCATI P.C.
                             888 Prospect Street, Suite 200
                             San Diego, CA 92037
                             Tel: 949.636.1391

                             Mark Berkowitz (*pro hac vice*)
                             mberkowitz@tarterkrinsky.com
                             TARTER KRINSKY & DROGIN LLP
                             1350 Broadway
                             New York, NY 10018
                             Tel: 212.216.8000

                             ***Attorneys for Plaintiff***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, I electronically filed the above document(s) and attachments with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Mark Berkowitz*

Mark Berkowitz