UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 15, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Plaintiff's Motion for Leave to File Amended Counterclaim [37]**

Defendant Dbest products, Inc. ("Dbest") seeks leave to amend its counterclaim against Plaintiff Guangzhou Yucheng Trading Co., Ltd. ("Guangzhou"). See Mot., Dkt. 37.  Guangzhou opposes the motion.  See Opp'n, Dkt. 39.  DBest filed a Reply in support of its motion.  See Dkt. 47.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

This is a patent infringement case involving wheeled shopping trolleys.  Through the present lawsuit, Guangzhou seeks a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 9,233,700, titled "Portable Cart with Removable Shopping Bag" ("the '700 Patent").

Guangzhou is an Amazon seller that maintains the "Winkeep" storefront on Amazon's website.  Compl., Dkt. 1, ¶ 2.  Through that storefront, Guangzhou sells a variety of products, including utility carts, storage carts, and shopping carts.  Id.  Amazon is the primary sales channel through which it sells its products.  Id.

Dbest develops, markets, and sells premium portable carts and owns a worldwide portfolio of related intellectual property.  Countercl., Dkt. 27, ¶¶ 3–4.  Dbest owns all rights, title, and interest in the '700 Patent for a "portable cart with removable shopping bag" which was issued on January 12, 2016.  See First Am. Countercl. ¶ 5 and Ex. A. Dbest also holds a registered trademark for TROLLEY DOLLY (U.S. Trademark Reg.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 15, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

Nos. 5,348,107 (filed July 6, 2017 and registered on November 28, 2017) and 6,248,551 filed November 25, 2019 and registered January 19, 2021)). Since at least June 2014, Dbest has been marketing and selling its portable carts in connection with the TROLLEY DOLLY mark. Id. ¶ 7.

In June 2018, Dbest submitted a complaint of trademark infringement with Amazon in connection with Guangzhou's use of the TROLLEY DOLLY mark in connection with its multi-purpose "stair climber" cart (the "Accused Product"). Samuel Decl., ¶ 6. On June 27, 2018, Guangzhou sent an email to Dbest acknowledging the notification of trademark infringement, recognizing that the "Trolley Dolly [mark] was registered by [D]best products," and apologizing for its conduct. Id. ¶ 7 and Ex. 4.

Dbest then filed a lawsuit against Amazon alleging that it infringed the '700 Patent, inter alia, by offering for sale and selling Guangzhou's trolleys (see Dbest Products Inc. v. Amazon.com, Inc., No. 2:21-cv-03147 (C.D. Cal.) (the "Amazon Lawsuit")). Compl. ¶ 10. As a result of that lawsuit, Amazon removed Guangzhou's listings for the Accused Products from its website. Id. ¶ 6.

In response to the Amazon Lawsuit, Guangzhou filed the present action for declaratory judgment of non-infringement and invalidity of the '700 Patent on June 10, 2021. Id. In its Answer, Dbest denied that there was any merit to Guangzhou's request for relief, stated various affirmative defenses, and asserted a counterclaim against Guangzhou for infringement of the '700 Patent. See Answer and Countercl., Dkt. 27. On September 8, 2021, the Court entered a scheduling order in this matter setting November 8, 2021 as the last day to amend pleadings or add parties as a matter of right. Dkt. 26.

Dbest now seeks to amend its Counterclaim. Dbest's proposed First Amended Counterclaim alleges that "[o]n or about February 15, 2022," Dbest learned that the Accused Products that had previously been offered for sale on Amazon.com were now being offered for sale on Walmart.com. First Am. Countercl., Dkt. 37-2, ¶¶ 9–11. Dbest alleges that the products on Walmart.com were being sold under the "Winkeep" brand and were accompanied by descriptions that incorporated the Trolley Dolly mark. Id. ¶¶ 10–12. On March 3, 2022, Dbest's counsel sent an email to Guangzhou's counsel stating that it intended to file the instant motion for leave to amend, add an allegation of patent marketing, and add claims for trademark infringement and trademark competition. Id. ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 15, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

    Accordingly, Dbest now seeks to amend its counterclaim by adding allegations and claims related to Guangzhou's alleged sale of the Accused Products on the Walmart.com website. Specifically, the proposed First Amended Counterclaim adds three counts related to trademark infringement: (1) federal trademark infringement under 15 U.S.C. § 1114; (2) unfair competition and false designation of origin under 15 U.S.C. § 1125(A); (3) common law trademark infringement and passing off. Id. ¶¶ 42–67. It also includes new allegations that Dbest complies with patent marketing requirements and that it gave actual notice of infringement. Id. ¶ 6.

## II. Legal Standard

    A party seeking to amend pleadings after a scheduling deadline must satisfy the standard for modifying the scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992). A party must show "good cause" for relief from a scheduling order. Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The court may grant relief from a scheduling deadline if the deadline could not "reasonably be met despite the diligence of the party seeking the extension." Id. While a court may consider prejudice to the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. If that standard is met, the moving party must still meet the general limitations on the filing of amended pleadings.

    "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

    In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 15, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

(1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

### III. DISCUSSION

*A.  Rule 16(b)*

Dbest argues that there is good cause for it to file the proposed First Amended Counterclaim because it seeks to add allegations of conduct that were either discovered or occurred after the deadline to amend and Dbest diligently sought leave to amend upon learning of the alleged misconduct.

Dbest first learned that the Accused Products were being sold on Walmart.com on or about February 15, 2022 and promptly contacted Guangzhou's counsel and sought this amendment. See Samuel Decl., ¶¶ 10–14. To the extent Dbest's amendments are based on this discovery, it acted diligently in seeking leave to make them.

The three proposed counts related to trademark infringement clearly arise from the Walmart.com discovery. Guangzhou argues that Dbest was not diligent in adding its trademark claims because "it has been aware of these claims since 2018." See Opp'n at 6. But, until it discovered the Walmart postings in February 2022, Dbest only knew of its trademark infringement claims with regard to Guangzhou's activity on Amazon.

Guangzhou contends that Dbest "only discusses its purported diligence in connection with its trademark claim." Opp'n at 4. However, all of the proposed amendments are related to the newly-discovered Walmart.com postings. For instance, the First Amended Counterclaim expands the existing direct patent infringement claim to include offers to sell the Accused Products via Walmart and to allege indirect infringement. Dbest's indirect infringement claim is based on its new allegations that Guangzhou was directly or indirectly selling the Accused Products under various storefront names. Samuel Decl., Ex. 1 at ¶¶ 31–32. These allegations arise from conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 15, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

and discoveries that occurred after the scheduling order was issued. Specifically, Dbest contends that it was not until "counsel for both parties met and conferred on this motion on March 7, 2022" that "Guangzhou's counsel represented that Guangzhou was not the entity offering the Accused Products for sale on the Walmart.com website." Id. ¶ 14. Within days of Dbest sending the draft amended counterclaim to Guangzhou's counsel, the listings for the Accused Products on Walmart.com were changed to remove the words "TROLLEY DOLLY" and change the brand name from "Winkeep" to "Popolic." Reply at 4 (citing Samuel Decl. ¶ 15 and Ex. 6). However, the manufacturer's product numbers were unchanged. Id. Upon making these observations, Dbest promptly and diligently sought the related amendments.

The proposed First Amended Counterclaim seeks to add allegations that Dbest complies with patent marking requirements and gave Guangzhou actual notice of its infringement of the '700 Patent. First Am. Countercl. ¶ 6. Dbest explains that "Guangzhou also raised the issue fo notice of infringement during discovery, so the proposed first amended counterclaim alleges patent marking to affirmatively address this issue." Samuel Decl., ¶ 21. On March 1, 2022, Guangzhou issued a supplemental response changing the date on which it learned of the '700 Patent by approximately 16 months. See Supp. Samuel Decl., ¶ 3 and Ex. 7. Dbest contends that that supplemental response prompted it to add the notice allegations. See Reply at 6. Thus, Dbest was diligent in seeking that amendment.

The proposed amendments will not prejudice Guangzhou. Dbest notified Guangzhou that the Accused Products infringed its TROLLEY DOLLY trademark before Guangzhou initiated this case. Samuel Decl, ¶¶ 6–7 and Ex. 4. Even so, Guangzhou offered the Accused Products on Walmart.com after it filed this action. As such, it assumed the risk that Dbest would expand its

B.  Rule 15

The Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), and the Ninth Circuit requires that the policy favoring amendment be applied with "extreme liberality." Accordingly, leave to amend should be granted under Rule 15 unless amendment would "cause prejudice to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 15, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

opposing party, is sought in bad faith, is futile, or creates undue delay." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992).

Guangzhou argues that Dbest seeks to delay this action because if the Court grants Guangzhou's request for a declaratory action of non-infringement, Amazon will reinstate its listings for the Accused Products. Opp'n at 7. However, this is speculative and improperly assumes at a nascent stage of litigation that Guangzhou will ultimately prevail. In fact, Dbest has an interest in swiftly pursuing its infringement counterclaims and potentially pre. Notably, Dbest is not seeking to add new accused products or otherwise seeking to delay the claim construction process or trial. In fact, Dbest's proposed amendments allege that the Accused Products on Walmart infringed the '700 patent for the same reasons as the Accused Products on Amazon.

Guangzhou argues that the proposed trademark infringement claims are futile because Dbest "makes no attempt to address [the Sleekcraft] elements, has insufficiently pled likelihood of confusion, and therefore fails to state a claim for trademark infringement under Rule 12(b)(6)." Opp'n at 9. To show trademark infringement under the Lanham Act, the plaintiff must show that (1) the plaintiff owns a valid trademark; (2) the defendant is using the plaintiff's trademark without the plaintiff's authorization; and (3) the defendant's use of the trademark likely confuses consumers. Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 969 (9th Cir. 2007) (citing Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1047, 1053 (9th Cir. 1999)).

As to the first element, registration constitutes prima facie case of a trademark's validity. Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 970 (9th Cir. 2007). Dbest alleges that it owns a valid, registered trademark for TROLLEY DOLLY. First Am. Countercl. ¶ 8 and Exs. B and C.

Second, Dbest alleges that Guangzhou is using its mark without Dbest's authorization. See id. ¶ 22 ("Notwithstanding the notice of infringement and [Dbest]'s rights to the TROLLEY DOLLY mark, on information and belief, Guangzhou again impermissibly uses, directly or indirectly, the [TROLLEY DOLLY] trademark."). Further, Dbest alleges specific instances of Guangzhou's alleged infringement. See, e.g., id. ¶ 22 ("For example . . . the Accused Product . . . incorporates the Trolley Dolly trademark in the name"). This is sufficient to allege the second element of trademark infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 15, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

    As for the third element, courts consider eight factors to determine whether there is a likelihood of confusion: (1) strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the sight, sound and meaning of the marks; (4) evidence of actual confusion; (5) degree to which the marketing channels converge; (6) types of goods and degree of care consumers are likely to exercise when purchasing them; (7) intent of defendants in selecting the infringing mark; and (8) likelihood that the parties will expand their product lines. AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348 (9th Cir. 1979), abrogation in part on other grounds recognized by Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 810 n.19 (9th Cir. 2003). This list is neither exhaustive nor exclusive. Id. at 348 n.11. It should be applied flexibly. JL Beverage Co., LLC v. Jim Beam Brands Co., 828 F.3d 1098, 1106 (9th Cir. 2016).

    Though "[c]ourts may determine likelihood of confusion as a matter of law on either a motion to dismiss or summary judgment[,] a plaintiff is not required to prove the likelihood of confusion at the pleading stage." Vapor Spot, LLC v. Breathe Vape Spot, Inc., 2015 WL 12839123, at *5 (C.D. Cal. Sept. 15, 2015) (internal quotation marks and citations omitted). Instead, the question is whether s whether Dbest has alleged sufficient facts to allow the Court to draw the reasonable inference that Guangzhou's alleged use of the mark is likely to cause consumer confusion. Playboy Enters. Int'l v. Fashion Nova, 2021 U.S. Dist. LEXIS 152711, at *12 (C.D. Cal. Apr. 13, 2021). To make the determination, a court need not address all eight factors as "it is often possible to reach a conclusion . . . after considering only a subset of the factors." Brookfield Communs., Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1054 (9th Cir. 1999). "[D]ismissal at the pleadings stage tends to be appropriate when it is clear both that the goods or services in question are not related and that confusion is not likely." RVCA Platform, LLC v. Nudie Jeans Co AB, 2008 WL 11337820, at *3 (C.D. Cal. Aug. 29, 2008).

    Here, the Court cannot say as a matter of law that consumer confusion is unlikely. Dbest alleges that it has used the TROLLEY DOLLY trademark for portable carts in commerce since June 15, 2014, that the mark has become incontestable, and that Dbest has spent a substantial amount of time and money building up, advertising and promoting its TROLLEY DOLLY brand and goodwill. First Am. Countercl. ¶¶ 7, 9. These allegations speak to the strength of the mark. As to proximity of goods, Dbest alleges that both its products and the Accused products are shopping carts. Id. ¶¶ 17, 23, 24. Dbest further alleges that the descriptions of the Accused Products incorporated the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS (JDEx)  Date  April 15, 2022

Title  Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

TROLLY DOLLY trademark (id. ¶¶ 23, 24). This speaks to Guangzhou's intent to copy the mark. Moreover, Dbest alleges that the Accused Products and Dbest's carts are promoted in the same marketing channels (i.e., Amazon and Walmart.com). See id. ¶ 18. For these reasons, the Dbest has sufficiently alleged likelihood of confusion to show that the proposed amendment is not futile.

In sum, the Court finds that leave to amend is appropriate here, as Dbest has sufficiently demonstrated that the amendment is not sought in bad faith, is not futile, and will not cause undue delay at this stage in the proceeding. Further, the Court finds that the amendment will not prejudice Guangzhou.

Accordingly, the Court GRANTS the motion to modify the scheduling order to allow Dbest to file its proposed First Amended Counterclaim.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. The Court **VACATES** the April 18, 2022, hearing. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**