Ehab M. Samuel (SBN 228296)
esamuel@hdmnlaw.com
David A. Randall (SBN 156722)
dave@hdmnlaw.com
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.:  (310) 887-1333
Fax:  (310) 887-1334

Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company, <br><br> Plaintiff / Counterclaim Defendant, <br> v. <br><br> **DBEST PRODUCTS, INC.**, a California corporation, <br><br> Defendant / Counterclaim Plaintiff. | Case No.: 2:21-cv-04758-JVS-JDE <br><br> **DEFENDANT DBEST PRODUCTS, INC'S FIRST AMENDED COUNTERCLAIMS** <br><br> Complaint Filed: June 10, 2021 |

Counterclaim Plaintiff dbest products, Inc. ("Counterclaim Plaintiff" or "DPI") hereby assert counterclaims against Plaintiff/Counterclaim Defendant Guangzhou Yucheng Trading Co., Ltd. ("Counterclaim Defendant" or "Guangzhou") as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement and for a declaratory judgment of patent infringement against Guangzhou for infringement of U.S. Patent No. 9,233,700 ("the '700 Patent), arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* , (ii) trademark infringement under 15 U.S.C. § 1114 of the Lanham Act; (iii) trademark infringement, unfair competition and false designation of origin under 15 U.S.C. § 1125(a) the Lanham Act; (iv) common law trademark infringement and passing off, and under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

## PARTIES

2.      DPI is a California corporation with a principal place of business at 7825 Somerset Blvd., Suite D, Paramount, CA 90723.

3.      DPI is a leading innovator and seller of portable carts in the United States. DPI has developed, marketed and sold exclusively a highly successful product line of premium portable carts that are frequently featured on QVC, Inc.'s television infomercials and website.

4.      DPI is the owner of a worldwide portfolio of intellectual properties, including utility patents, design patents and trademarks.

5.     DPI is the owner of all rights, title, and interest in and to the '700 Patent", which was issued on January 12, 2016, and entitled "PORTABLE CART WITH REMOVABLE SHOPPING BAG". The '700 Patent is in full force and effect and has not expired or lapsed. A true and correct copy of the '700 Patent is attached as **Exhibit A** hereto.

6.     At all relevant times hereto, DPI has complied with the patent marking requirements of 35 U.S.C. § 287 by marking products sold under the patent with "US Patent No. 9,233,700" or other marking identifying the '700 Patent. In addition, DPI complied with the requirements of 35 U.S.C. § 287 by giving Guangzhou actual notice of infringement on or about November 14, 2019.

7.     Since at least as early as June 15, 2014, DPI began marketing and selling its patented portable carts or hand trucks bearing the TROLLEY DOLLY trademark in United States commerce. DPI has used, throughout the United States, the TROLLEY DOLLY trademark on a regular and continuous basis in connection with portable carts or hand trucks with removable fabric container.

8.     In addition to its common law trademark rights throughout the United States, DPI is the owner of all right, title, and interest in and to the word mark TROLLEY DOLLY®, U.S. Trademark Reg. No. 5,348,107, filed on July 6, 2017, and registered on November 28, 2017, and U.S. Trademark Reg. No. 6,248,551, filed on November 25, 2019, and registered on January 19, 2021. True and correct copies of these trademark registrations are attached as **Exhibits B and C**.

9.     By virtue of its extended use in commerce, DPI's U.S. Trademark Reg. No. 5,348,107 has become incontestable.

10.     On information and belief, Plaintiff/Counterclaim Defendant Guangzhou Yucheng Trading Co., Ltd. is a company organized and existing under the laws of China with its principal place of business at (Part: A252) Second Floor, No. 57, Huangcun Road, Tianhe District, Guangzhou Guangdong Province, P.R. China.

11.     As stated in Guangzhou's complaint (Dkt. 1) at para. 2, Guangzhou does business as "Winkeep" and uses the "Winkeep" name in connection with the sale of a variety of products online, including utility carts, storage carts and shopping carts.

12.     On information and belief, Guangzhou offers and sells products, including those accused herein of infringement, to customers and/or potential customers located in California and in this District, as well as elsewhere in the United States.

## JURISDICTION AND VENUE

13.     DPI brings this action for patent infringement against Guangzhou under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, and under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, including 15 U.S.C. §§ 1114, 1115 and 1125, and for common law trademark infringement under the laws of the State of California.

14.     Subject to the affirmative defenses and denials set forth above, this Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1338(a), as well as 15 U.S.C. § 1121.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, 1400(b) because, on information and belief, acts of patent and trademark

1  infringement, as well as unfair competition, have been committed in this District,

2  and because Guangzhou is subject to personal jurisdiction in this District.

3      16.    This Court has personal jurisdiction over Guangzhou because it filed

4  this action for declaratory judgment, and has thus, submitted to this Court's personal

5  jurisdiction. On information and belief, Counterclaim Defendant Guangzhou has

6  also committed acts of infringement in this District, and/or has purposely transacted

7  business involving the accused products in this District, including sales to one or

8  more customers in California and in this District.

9                          **ACCUSED PRODUCTS**

10     17.    On information and belief, Guangzhou made, used, sold, offered for sale,

11 and/or imported into the United States the following products ("Accused Products"):

12          a.     Shopping Cart, Super Loading Stair Climber Cart 220 lbs

13 Capacity Grocery Foldable Cart with Extra Large Shopping Bag Laundry Cart with

14 Adjustable Bungee Cord, as depicted below (*e.g.*, Amazon ASIN #: B07B4XSW9L;

15 Walmart UPC # 294582309, 783651864):

16

17

18                      

19

20

21

22

23

24

1         b.    Shopping Cart, Super Loading Grocery Cart 220 lbs Capacity

2    Grocery Shopping Foldable Cart with Extra Large Black Shopping Bag Portable

3    Grocery Cart with Bungee Cord, as depicted below (*e.g.*, Amazon ASIN #:

4    B08CX9VXPT; Walmart UPC # 396176936, 689381433, 350503084, 894667964)



12        c.    Shopping Cart, Heavy Duty Stair Cart 220 lbs Capacity Grocery

13   Cart with Large Shopping Bag Folding Shopping Cart with Adjustable Bungee

14   Cord, as depicted below (*e.g.*, Amazon ASIN #: B07B4XSW9L; Walmart UPC #

15   294582309, 383685556, 953630218, 455022324, 411183011, 400688021):



18. Upon information and belief, the Accused Products are promoted in the same marketing channels as DPI's products. For example, the Accused Products are offered for sale directly from the Amazon.com and Walmart.com website, from which a customer may purchase products that are shipped to the customer anywhere in the United States.

## INTENTIONAL AND WILLFUL INFRINGEMENT OF THE TROLLEY DOLLY® TRADEMARK

19. On or about June 2018, DPI submitted a complaint of trademark infringement with Amazon (Complaint ID: 5167373501) in connection with Guangzhou's use of the TROLLEY DOLLY mark in connection with the Accused Product (ASIN # B07B4XSW9L).

20. On or about June 27, 2018, Guangzhou sent an email to DPI, acknowledging the notification of trademark infringement, recognizing that the "Trolley Dolly [mark] was registered by dbest products", and apologizing for its conduct.

21. On or about February 15, 2022, DPI learned that the Accused Products are sold under the Winkeep brand on Walmart.com. *See* **Exhibit D**.

22. Notwithstanding the notice of infringement and DPI's rights to the TROLLEY DOLLY mark, on information and belief, Guangzhou again impermissibly uses, directly or indirectly, the Trolley Dolly® trademark.

23. For example, as shown below, the Accused Product sold under Guangzhou's Winkeep brand incorporates the Trolley Dolly trademark in the name: "Shopping Cart for Groceries, Super Loading 220 lbs Capacity Stair Climber Folding

1  Shopping Carts with Shopping Bag, Foldable Groceries Trolley Dolly Carts with

2  Adjustable Bungee Cord for Seniors."



15      24.      Similarly, another Accused Product sold under Guangzhou's Winkeep

16  brand incorporates the Trolley Dolly trademark in the name: "Winkeep Shopping

17  Trolley Dolly Cart, Folding Shopping Cart 220 lbs Capacity with Adjustable Bungee

18  Cord."

DEFENDANT DBEST PRODUCTS INC'S
FIRST AMENDED COUNTERCLAIMS
Case No. 2:21-cv-04758-JVS-JDE



25.     On information and belief, Guangzhou operates under multiple fictitious storefront names, often using the same product images of the Accused Products, marketing materials, and advertising tactics and/or supplies others with infringing carts and marketing materials and induces them to market the infringing products.

26.     For example, Guangzhou produced the following marketing materials in response to DPI's requests for document production:



GYT000339

GYT000341

DEFENDANT DBEST PRODUCTS INC'S
FIRST AMENDED COUNTERCLAIMS
Case No. 2:21-cv-04758-JVS-JDE



GYT000328

GYT000331

DEFENDANT DBEST PRODUCTS INC'S
FIRST AMENDED COUNTERCLAIMS
Case No. 2:21-cv-04758-JVS-JDE

1    27.    The identical marketing materials are used on Walmart.com as illustrated

2  below:





28.   On March 3, 2022, DPI's counsel sent an email to Guangzhou's counsel stating that DPI intended to move for leave to amend its counterclaim, to add an allegation of patent marking and to add claims for trademark infringement and unfair competition.  DPI's counsel attached pictures of the Accused Products found on the Walmart.com website that show unauthorized use of DPI's TROLLEY DOLLY trademark.  DPI's counsel proposed that counsel for the parties meet and confer on this motion on March 7, when they were already scheduled to meet and confer on other issues.

29.   On March 8, DPI's counsel sent Guangzhou's counsel a draft of DPI's proposed first amended counterclaims.

30.   Within days of sending the draft to Guangzhou's counsel, the listings for the Accused Products on Walmart.com were changed or taken down. Moreover, the words "TROLLEY DOLLY" no longer appeared and the Winkeep brand name had been changed to a different brand name, "POPOLIC." *See, e.g.,* **Exhibit E**. The manufacturer's product numbers on the listings, however, are the same product numbers that appear on the old listings with the Winkeep brand name and unauthorized use of "TROLLEY DOLLY."

31.   Infringers such as Guangzhou typically operate under multiple seller storefront and payment accounts so that they can continue operation in spite of DPI's enforcement efforts.

32.   On information and belief, Guangzhou is selling, directly or indirectly, its Accused Products under the fictitious storefront names ROYI, WINIBEST,

WILBEST, LENBEST, BOVN, FLYFUN, TEEHON, WALM-EWAVINC and TOMSER.

33.     DPI has spent substantial amount of time and money building up, advertising, and promoting its TROLLEY DOLLY brand and goodwill.

34.     Guangzhou is attempting to usurp and misappropriate DPI's reputation and goodwill in the TROLLEY DOLLY mark for Guangzhou's own pecuniary gain. And in the process, Guangzhou infringes DPI's TROLLEY DOLLY mark.

## COUNT I – PATENT INFRINGEMENT

### (Direct Infringement of the '700 patent – 35 U.S.C. §§ 271 *et seq.*)

35.     DPI re-alleges and incorporate by reference Paragraphs 1 to 31 as if fully set forth herein.

36.     Guangzhou has been and is directly or indirectly infringing the '700 Patent by making, using, offering for sale, selling, and/or otherwise distributing the Accused Products, that infringe at least claim 3 of the '700 Patent in violation of 35 U.S.C. § 271. As one example, the Shopping Cart, Super Loading Stair Climber meets each element of at least claim 3, literally and/or under the doctrine of equivalents, as set forth in the preliminary infringement contentions.

37.     Guangzhou's infringement, contributory infringement and/or inducement to infringe, has been deliberate, willful, intentional, as Guangzhou engaged in these wrongful acts with full knowledge of the existence of the '700 Patent and with full knowledge that its activities were an infringement of the '700 Patent.

38.     In particular, DPI provided actual notice of the infringement to Guangzhou, but Guangzhou refused to cease its infringing activity.

39.     Guangzhou's   infringement,   contributory   infringement   and/or inducement to infringe, has injured or will injure DPI, and DPI is entitled to recover damages adequate to compensate it for Guangzhou's infringement, contributory infringement and/or inducement to infringe.

40.     Because Guangzhou's infringement, contributory infringement and/or inducement to infringe, has caused or will cause DPI substantial damage and irreparable injury by its infringement of the '700 Patent, DPI will continue to suffer damage and irreparable injury unless and until Guangzhou is enjoined by this Court from continuing its infringement.

41.     DPI is entitled to injunctive relief and compensatory relief, including attorneys' fees and costs, as well as enhanced damages pursuant to 35 U.S.C. §§ 271, 281, and 283 to 285.

## COUNT II – FEDERAL TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114

42.     DPI re-alleges and incorporate by reference Paragraphs 1 to 38 as if fully set forth herein.

43.     DPI owns U.S. Trademark Reg. No. 5,602,058, filed on July 6, 2017, and registered on November 28, 2017, and U.S. Trademark Reg. No. 6,248,551, filed on November 25, 2019, and registered on January 19, 2021, for the TROLLEY DOLLY mark.

44.     Guangzhou has directly or indirectly engaged in, and continues to engage in, the unauthorized use of DPI's TROLLEY DOLLY mark, such that the use thereof is likely to cause confusion, mistake and/or deception as to the source of origin,

1  sponsorship, and/or association of Guangzhou's goods, and will injure and damage

2  DPI and the goodwill and reputation symbolized by TROLLEY DOLLY mark.

3          45.    Guangzhou is not affiliated with, connected with, endorsed by, or

4  sponsored by DPI, nor has DPI approved or authorized any of the goods offered or

5  sold by Guangzhou.

6          46.    None of Guangzhou's activities complained in this pleading has been

7  authorized by DPI, and such unauthorized use, which substantially affects interstate

8  commerce in this District, and elsewhere throughout the United States, constitutes

9  trademark infringement under 15 U.S.C. § 1114.

10         47.    Upon information and belief, such use of the TROLLEY DOLLY mark

11  is knowing and willful, and with the intent to cause confusion, deceive consumers,

12  and trade off the goodwill established by DPI in its TROLLEY DOLLY mark, all for

13  Guangzhou's own pecuniary gain.

14         48.    Unless the Court permanently enjoins Guangzhou's trademark

15  infringement, contributory infringement and/or inducement to infringe, DPI's

16  business, goodwill, and reputation will suffer irreparable harm for which there is no

17  adequate remedy at law.  Therefore, DPI is entitled to injunctive relief.

18         49.    There is a significant public interest in granting injunctive relief to avoid,

19  among other things, public and consumer confusion of the quality and source of a

20  product.

21         50.    In addition to being entitled to injunctive relief, by reason of the

22  foregoing, DPI is entitled to recover any damages proven, after trial, to have been

23  caused by reason of Guangzhou's aforesaid acts of trademark infringement,

24

1  contributory infringement and/or inducement to infringe, together with all other

2  remedies available under the Lanham Act, including, but not limited to disgorgement

3  of Guangzhou's profits and the costs of this action.

4      51.    Guangzhou's above-mentioned acts and conduct were, and are, being

5  done in an intentional, willful, malicious, and oppressive manner in conscious

6  disregard of DPI's rights making this an exceptional case under 15 U.S.C. § 1117(a).

7  DPI is therefore entitled to an award of treble damages and/or a trebling of DPI's

8  profits, as well as reimbursement of its attorney's fees.

9  **COUNT III – UNFAIR COMPETITION AND FALSE DESIGNATION OF**

10  **ORIGIN UNDER 15 U.S.C. § 1125(A)**

11      52.    DPI re-alleges and incorporate by reference Paragraphs 1 to 48 as if fully

12  set forth herein.

13      53.    Guangzhou's unauthorized use in commerce of words, terms, names,

14  symbols, or devices, or any combination thereof, consisting of or including the

15  TROLLEY DOLLY MARK, or false designation of origin or false or misleading

16  description or representation of fact, is likely to cause confusion, or to cause mistake,

17  or to deceive as to the affiliation, connection, or association of Guangzhou with DPI.

18      54.    Guangzhou's unauthorized use of the TROLLEY DOLLY mark is likely

19  to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection,

20  or association of Guangzhou with DPI, or as to the origin, sponsorship, or approval of

21  Guangzhou's goods or commercial activities by DPI.

22

23

24

DEFENDANT DBEST PRODUCTS INC'S
FIRST AMENDED COUNTERCLAIMS
Case No. 2:21-cv-04758-JVS-JDE

55.    Guangzhou is not affiliated with, connected with, endorsed by, or sponsored by DPI, nor has DPI approved or authorized any of the goods offered or sold by Guangzhou.

56.    DPI has no control over the nature and quality of the goods and services offered and sold by Guangzhou.  Any failure, neglect, or default by Guangzhou in providing such products will reflect adversely on DPI as being the believed source of such failure, neglect, or default, thereby hampering DPI's efforts to continue to protect its reputation and preventing DPI from further building its reputation. Such failure, neglect, or default will result in loss of revenue by DPI, and loss of value of DPI's considerable expenditures to promote its goods and services under its federal and common law rights in the TROLLEY DOLLY trademark, all of which have caused, and will continue to cause irreparable harm to DPI.

57.    None of Guangzhou's activities complained of herein has been authorized by DPI, and such unauthorized use, which substantially affects interstate commerce in this District, and elsewhere throughout the United States, constitutes a violation 15 U.S.C. § 1125(a).

58.    Unless the Court permanently enjoins Guangzhou's conduct alleged herein, DPI's business, goodwill, and reputation will suffer irreparable harm for which there is no adequate remedy at law.  Therefore, DPI is entitled to injunctive relief.

59.    In addition to being entitled to injunctive relief, by reason of the foregoing, DPI is entitled to recover any damages proven, after trial, to have been caused by reason of Guangzhou's aforesaid acts of trademark infringement, contributory infringement and/or inducement to infringe, together with all other

1  remedies available under the Lanham Act, including, but not limited to disgorgement

2  of Guangzhou's profits and the costs of this action.

3      60.    Guangzhou's above-mentioned acts and conduct were, and are, being

4  done in an intentional, willful, malicious, and oppressive manner in conscious

5  disregard of DPI's rights making this an exceptional case under 15 U.S.C. § 1117(a).

6  DPI is therefore entitled to an award of treble damages and/or a trebling of

7  Guangzhou's profits, as well as reimbursement of its attorney's fees.

8

9  **COUNTIV– COMMON LAW TRADEMARK INFRINGEMENT AND**

10  **PASSING OFF**

11      61.    DPI re-alleges and incorporate by reference Paragraphs 1 to 57 as if fully

12  set forth herein.

13      62.    DPI first adopted and used the TROLLEY DOLLY mark in connection

14  with portable hand trucks, as a means of establishing goodwill and reputation and to

15  describe, identify, or denominate particular goods sold by it and to distinguish them

16  from competing goods marketed by others.

17      63.    Through its association with such portable hand trucks, the TROLLEY

18  DOLLY mark has acquired a special significance as the name of the goods marketed

19  by DPI for portable hand trucks because DPI's TROLLEY DOLLY mark is

20  inherently distinctive.

21      64    Guangzhou has directly or indirectly commenced the use of the

22  identical TROLLEY DOLLY mark to indicate or identify similar goods (portable

23

24

-19-

1  hand trucks) that are marketed by it in competition with DPI in the same industry in

2  which DPI has already established its TROLLEY DOLLY mark.

3        65.    As a consequence of Guangzhou's infringement, contributory

4  infringement and/or inducement to infringe, consumer confusion of source or as to

5  the sponsorship of the portable hand trucks offered, or to be offered, by Guangzhou

6  is likely or inevitable.

7        66.    Guangzhou's infringement, contributory infringement and/or

8  inducement to infringe, as described above, constitutes common law trademark

9  infringement and passing off in violation of the common law of the State of

10  California.

11       67.    DPI does not have an adequate remedy at law and will continue to be

12  damaged by Guangzhou's actions unless this Court enjoins Guangzhou from such

13  conduct.

**PRAYER FOR RELIEF**

14

15       WHEREFORE, DPI prays that the Court enter judgment in its favor and

16  award the following relief against Guangzhou:

17       A.    That Guangzhou's Complaint is dismissed in its entirety, with

18  prejudice, and that Guangzhou takes nothing thereby;

19       B.    That Guangzhou has failed to state a claim upon which relief may be

20  granted;

21       C.    That the Court find Guangzhou has infringed at least claim 3 of the

22  '700 Patent under 35 U.S.C. §§ 271, *et seq.*;

23

24

D.      That this case be declared exceptional and that Guangzhou be ordered to pay DPI its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. §285;

E.      That the Court awards DPI actual and compensatory damages, including but not limited to lost profits and attorneys' fees, trebled as provided by law, plus interest;

F.      That the Court award DPI damages in an amount to compensate DPI for Guangzhou's patent infringement pursuant to 35 U.S.C. §284;

G.      That the Court find that Guangzhou's patent infringement has been willful, and award treble damages pursuant to 35 U.S.C. §285;

H.      That Counterclaim Defendant/Plaintiff, and its officers, agents, employees, and all others in active concert or participation with Counterclaim Defendant/Plaintiff or any of them, are permanently enjoined from further infringing the '700 Patent;

I.      That the Court adjudge and decree that Guangzhou has infringed DPI's TROLLEY DOLLY trademark willfully and intentionally;

J.      That the Court adjudge and decree that Guangzhou has falsely designated the origin of certain goods as those of DPI, has made and used false representations in connection with the sale, offering for sale, promotion and advertising of such goods, and has unfairly competed with DPI;

K.      That the Court permanent enjoin Guangzhou, its agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

a. Using TROLLEY DOLLY, or any other word or words which are identical and/or confusingly similar to DPI's TROLLEY DOLLY mark, either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, domain name or other business or commercial designation in connection with the sale, offering for portable hand trucks with removable fabric container.

b. Selling, offering to sell, marketing, distributing, advertising and/or promoting any carts or portable hand trucks with the word TROLLEY DOLLY displayed on such product, packaging, advertising or promotional materials;

c. Otherwise infringing the TROLLEY DOLLY mark; and

d. Engaging in actions that constitute unfair competition and/or false designation of origin.

L.      That the Court issue an order requiring Guangzhou to account for all gains, profits, and advantages derived from its acts of trademark infringement and unfair competition.

M.      That the Court award DPI: (i) all of Guangzhou's profits, gains, and advantages derived from the unauthorized use of the TROLLEY DOLLY mark or any confusingly similar mark, and that such sums be trebled; (ii) all damages sustained by DPI by reason of Guangzhou's acts of trademark infringement and unfair competition, including amounts necessary for prospective corrective advertising, and that such damages be trebled; (iii) exemplary and punitive damages

as the court finds appropriate to deter any future willful conduct; and (iv) interest, including prejudgment interest, on the foregoing sums.

N.     That the Court issue an order declaring this case exceptional under 15 U.S.C. § 1117(a).

O.     That Counterclaimant/Defendant have trial by jury on all issues so triable;

P.     That the Court award Counterclaimant/Defendant such other legal and equitable relief as the Court deem just and proper.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant demands a trial by jury of all issues and claims which are so triable.

DATED:  April 23, 2022

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

By:  /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)

*Attorneys for Defendant and Counterclaimant*
DBEST PRODUCTS LLC

-23-