Tianyu Ju, Esq.
Glacier Law LLP
9660 Flair Dr., Suite 328
El Monte, CA 91731
Tel.:(626)727-8666
Fax: (626)727-9666
Email: iris.ju@glacier.law
Counsel for Plaintiff and Counterclaim Defendant
Guangzhou Yucheng Trading Co., Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GUANGZHOU YUCHEN TRADING CO., LTD.,

Plaintiff/Counterclaim Defendant,

v.

DBEST PRODUCTS, INC.,

Defendant/Counterclaim Plaintiff.

Case No. 2-21-cv-04758-JVS-JDE

**NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, AND COMMON LAW TRADEMARK INFRINGEMENT AND PASSING OFF**

JUDGE: JAMES V. SELNA
HEARING DATE: June 6, 2022
TIME: 1:30 p.m.
COURTROOM: 10C

**NOTICE OF MOTION**

To Defendant/Counterclaim Plaintiff and its attorney of record:

PLEASE TAKE NOTICE that on June 6, 2022, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 10C of the Ronald Reagan United States Courthouse, located at 411 West Fourth Street, Santa Ana, California, Plaintiff/Counterclaim Defendant Guangzhou Yuchen Trading Co., Ltd. ("Counterclaim Defendant" or "GYT"), will and does move the Court for an order granting motion to dismiss Defendant /Counterclaim Plaintiff, Dbest Products, Inc.'s ("Counterclaim Plaintiff" or "DBI") Counterclaim, Count II federal trademark infringement, Count III unfair competition and false designation of origin claim, and Count IV common law trademark infringement and passing on, under Fed. R. Civ. P. 12(b)(6).

Counsel for the parties have met and conferred as required by L.R. 7-3. While counsel engaged in a meaningful discussion, they were unable to reach a resolution eliminating the need for this motion. This motion is therefore made following the conference of counsel, which took place on May 2, 2022.

This motion will be based on this Notice, the accompanying Memorandum of Points and Authorities, and the arguments of counsel at the hearing on this motion.

Dated: May 8, 2022

Respectfully Submitted,

By: /s/ Tianyu Ju

Tianyu Ju, Esq.
Glacier Law LLP
9660 Flair Dr., Ste 328
El Monte, CA 91731
iris.ju@glacier.law
Tel: +1 (312) 448-7772
Fax: +1 (312)-801-4587
***Attorney for Counterclaim Defendant***

Tianyu Ju, Esq.
Glacier Law LLP
9660 Flair Dr., Suite 328
El Monte, CA 91731
Tel.:(312) 448-7772
Fax: (312)801-4587
Email: iris.ju@glacier.law
Counsel for Plaintiff and Counterclaim Defendant
Guangzhou Yucheng Trading Co., Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GUANGZHOU YUCHEN TRADING CO., LTD.,

Plaintiff/Counterclaim Defendant,

v.

DBEST PRODUCTS, INC.,

Defendant/Counterclaim Plaintiff.

Case No. 2-21-cv-04758-JVS-JDE

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, AND COMMON LAW TRADEMARK INFRINGEMENT AND PASSING OFF**

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss"), Counterclaim Defendant Guangzhou Yucheng Trading Co, Ltd ("Counterclaim Defendant" or "GYT") hereby files its memorandum of points and authorities in support of its motion to dismiss Counterclaim Plaintiff DBest Products, Inc.'s ("Counterclaim Plaintiff" or "DBI") second claim for trademark infringement, third claim for unfair competition and false designation, and fourth claim for common law trademark infringement and passing of in the First Amended Counterclaim ("FAC") as follows:

## **I. INTRODUCTION**

This is a DBI's futile attempt to plead a legally viable claim against GYT. DBI now adds claims of federal trademark infringement claim, unfair competition and false designation of origin claim, and common law trademark infringement and passing on against GYT. However, all these new claims are not properly stated or pled. The claims are also being based on products sold by a third-party, other than GYT. GYT has never used DBI's TROLLEY DOLLY mark. *See Affidavit of Alley Ye* ¶ 3.

On April 13, 2022, GYT notified DBI that the only Wal-Mart store operated by GYT is a Wal-Mart store named "Focus U&M" and GYT authorized a Wal-Mart store named "joybuy" to sell the accused products. On May 6, 2022, GYT also produced the sales data and other information of this Wal-Mart store to DBI. The Wal-Mart store provided by DBI, which sold the shopping cart bearing DBI's trademark, is named "Caper Bor.", operated by shenzhenshikuayuefeimaoyiyouxiangongsi. *See FAC Exhibit A*. This is a third-party store and has no connection with GYT. *See Affidavit of Alley Ye* ¶ 4. DBI deliberately left out the information about the store's name in the screenshots of the FAC in an attempt to mislead the court. *See FAC* ¶ 23.

In addition, DBI's federal trademark infringement claim (Count II) is based on the fact GYT violated DBI's registered "TROLLEY DOLLY" mark by offering its version of TROLLY DOLLY shopping cart. This is tantamount to arguing that the public would confuse GYT's products with the DBI's products simply by GYT's use of the phrase TROLLEY DOLLY in the

description of its shopping cart. Neither the law nor the facts pled in the FAC support such a far-fetched and over-reaching conclusion. The FAC fails to state a claim for trademark infringement for two reasons: (1) no allegations support the core element of likelihood of confusion; and (2) GYT's use of the phrase "TROLLEY DOLLY" amounts to classic fair use. Since the other causes of action in the FAC are largely, if not entirely, based on trademark infringement, the FAC should be dismissed in its entirety.

  As to likelihood of confusion, DBI's FAC pleads virtually no facts regarding any consumer's likelihood of confusion other than the fact that DBI holds the registration for the claimed mark. Accordingly, the FAC fails to plead facts in support of the most important element of a trademark infringement claim-likelihood of confusion as to the source of the GYT's products with the DBI's. The facts that are pled in the FAC actually support the conclusion that a consumer would not be confused into believing that they were purchasing a "TROLLEY DOLLY" shopping cart from DBI when they purchased from other retailers. In fact, while strikingly silent on the content, nature, or appearance of its own products, DBI's FAC is replete with samples of alleged third-party's Walmart page offering, which makes it clear that there is no evidence to support alleged infringement. The FAC offers no facts to explain how alleged GYT's store on Walmart mere use of the term "TROLLEY DOLLY" in the description, couched among a specific and distinctive design scheme, could lead a consumer to believe that they were in fact obtaining products from   DBI. As stated above, DBI has not pled any facts that would establish a prima facie case of trademark infringement.

  In addition, DBI's other causes of action also fail as a matter of law for further and independent reasons. DBI's cause of action of unfair competition failed to plead any facts regarding "false or misleading statements" and failed to allege any "actual or substantial deception" which arises to fraud as well as any facts that would satisfy other elements of the unfair competition. DBI's common law cause of action of trademark infringement also fails. DBI has not sufficiently alleged that it has obtained common-law rights in the TROLLEY DOLLY mark. Among other things, DBI should allege and explain how the licensor of this mark developed common law trademark rights in the mark and plead its senior and continuous use of the mark and the geographic

scope of its use. Without that, there is no basis for DBI to assert common-law rights in the TROLLEY DOLLY mark. Similarly, DBI has pled only conclusory statements regarding GYT's purported use of the TROLLEY DOLLY mark without stating any detail as to how, when, or where it has improperly used it.

For the reasons, and the reasons discussed more fully below, the Court should dismiss the FAC.

## II. LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274 (9th Cir. 2013). A party may move under Rule 12(b)(6) for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). Dismissal can be based upon (1) a lack of cognizable legal theory or (2) lack of sufficient facts alleged under a legal theory. *Id*. In evaluating a 12(b)(6) motion, the court may consider allegations that appear on the face of the complaint, documents attached to_the complaint, and matters that are properly the subject of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough facts regarding all material elements of a viable legal theory to state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "requires a 'showing,' rather than a blanket assertion of entitlement to relief." Id. at 555 n. 3 (internal citations omitted). If plaintiffs fail to "nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570. In undertaking this task, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, the Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc*., 328 F. 3d 1136, 1139 (9th Cir. 2003).

## III. ARGUMENT

### A. Counterclaim Plaintiff Has Not Pled A Claim of Federal Trademark Infringement.

DBI failed to allege that it is GYT who used DBI's trademark. The screenshot of the Wal-Mart store attached to the FAC clearly shows that the name of the store is "Caper Bor.", operated by shenzhenshikuayuefeimaoyiyouxiangongsi. DBI also failed to allege sufficient facts that the shenzhenshikuayuefeimaoyiyouxiangongsi has any relationship with GYT. Accentually, GYT has no subsidiaries, conglomerates, affiliates, parent corporations, and has no relationship with shenzhenshikuayuefeimaoyiyouxiangongsi. Even if the Court construes the pleading in the light most favorable to DBI and resolves all doubts in DBI's favor, the Court will not find that GYT is be liable for the third party's misconduct alleged.

In addition, DBI has not alleged, generally, or specifically, that GYT have used a confusingly similar mark. To state a claim, DBI must allege, among other things, that GYT improperly used its registered mark or logo. *See e.g.*, *Applied Info. Sciences Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007) ("To prevail on its trademark infringement claim, [plaintiff] must show that: (1) it has a valid, protectable trademark, and (2) that [defendant's] use of the mark is likely to cause confusion.") (emphasis added). Defendant's "use" must be "in connection with the sale, offering for sale, distribution, or advertising of any goods or services." 15 U.S.C. § 1114(1)(a). Plaintiff's boilerplate, generic allegation that "Defendants .... have used and are using the mark JS LED® in commerce within this judicial district in connection with LED products" is insufficient under the *Twombly* pleading standard. See *Iqbal,* 556 U.S. at 678-679 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) for the proposition that while "a court 'must take all of the factual allegations in the complaint as true,' it is 'not bound to accept as true a legal conclusion couched as a factual allegation.'"); *see also Summit Technology, Inc. v. High-Line Medical Instruments Company, Inc.*, et al., 922 F. Supp. 299, 304 (C.D. Cal. 1996) (citing *Western Mining Council v. Wat*t, 643 F.2d 618, 624 (9th Cir.1981) for the proposition that "a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations" in granting defendant's motion to dismiss causes of action based on trademark law violations); *Innospan Corp. v. Intuit, Inc.*, Case No. C 10–04422 WHA, 2011 WL 856265 at *8 (N.D. Cal. March 9, 2011) (court denied plaintiff's motion to add

a claim for contributory trademark infringement, rejecting as insufficient allegations with "unsubstantiated and conclusory theories").

Here, DBI failed to plead sufficient factual matter, accepted as true, that GYT actually uses the TROLLEY DOLLY mark. DBI has failed to include any descriptions of GYT's alleged use of the mark and has plead no information whatsoever from which to evaluate its mark "as it appears in the marketplace." Moreover, to the extent that DBI has offered information about the term "TROLLEY DOLLY" was incorporated in the description of accused products sold on Walmart, its assertion rest on an inappropriate "deconstructionist view" of the phrase as the FAC offers no facts to explain how alleged GYT's store on Walmart mere use of the term "TROLLEY DOLLY" in the description, couched among specific and distinctive brand name and design scheme, could cause confusion and lead consumers to believe that they were in fact obtaining products from DBI. Therefore, the FAC is devoid of any allegations regarding information that would support a claim for infringement of trademark, and a motion to dismiss should be granted.

**B. Counterclaim Plaintiff Failed To Pled A Claim of Unfair Competition and False Designation.**

Despite the fact that it is the third-party who use DBI's trademark, DBI's conclusory false designation and unfair competition claims fail because they are not plausible given the facts that are sufficiently alleged in the FAC. In the FAC, DBI alleged that GYT's use of the TROLLEY DOLLY mark is likely to cause confusion, mistake, or deception as to affiliation, connection with DBI. (FAC ¶53). But there is no evidence to support such allegation. Nowhere did DBI pled or alleged that consumers were confused or likely be confused about the use of the mark in the products. To hold false association claim under 15 U.S.C §1125(a)(1)(A), the holder of a valid trademark must show that defendant's illicit use of its mark in commerce has caused consumers to be confused, mistaken, misled, and/or deceived as to the producer of goods offered for sale. *Jurin v. Google Inc.* (E.D. Cal. 2011) 768 F. Supp. 2d 1064, 1070; *see also Network Automation, Inc. v. Advanced Sys. Concepts* (9th Cir. Cal 2011) 638 F.3d 1137, 1144 *(citing Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.* (9th Cir. 2006) 448 F.3d 1118, 1124); *Rearden LLc v. Rearden Commerce, Inc. (*9th Cir. Cal. 2012) 683 F.3 d1190,, 1202.

DBI is asking this Court to accept that people might mistakenly believe that GYT also sells the TROLLEY DOLLY mark products. This Court, even on a motion to dismiss, is not required to leave common sense behind and accept unreasonable, or implausible, allegations. *Iqbal,* 556 U.S. at 678. *See Pernod Ricard USA, LLC v. Bacardi U.S.A, Inc.,* 653 F.3d 241, 250 (3rd Cir. 2011) (finding that no reasonable consumer would be misled into believing the use of "Havana Club" indicates the rum is produced in Cuba when other statements make the place of production clear, holding that "[w]ords, malleable though they may be over time, must still, of necessity, be repositories of commonly accepted meaning at any given point in time").

The Court should find that DBI's false designation of origin claim fails because it is not plausible that reasonable consumers would be confused about the origin of the shopping carts based on then FAC's factual allegations.

**C. Counterclaim Plaintiff Failed To Pled A Claim of Common Law Trademark Infringement.**

Despite the fact that it is the third-party who use DBI's trademark, DBI's fourth alleges trademark infringement under California law. "To state a claim for trademark infringement under California common law," plaintiffs must allege "(1) their prior use of a trademark, and (2) the likelihood of the infringing mark being confused with their mark." *Wood v. Apodaca,* 375 F. Supp. 2d 942, 947-48 (N.D. Cal. 2005)(citing *American Petrofina v. Peterofina of California, Inc.,* 596 F.2d 896, 897) (9th Cir. 1979); *Toho Co., v. Sears, Roebuck & Co.,* 645 F.2d 788, 791 (9th Cir. 1981)).

Common law trademark rights are based on priority of use within the relevant geographic area. *Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1125 (9th Cir. 2006) ("Registration under the Lanham Act has no effect on the registrant's rights under the common law, which requires a mark to have been used in commerce before a protectable ownership interest in the mark arises. To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services.").

A claimant must prove that it is the senior user of the mark in the relevant geographic area and that it has used the mark continuously. *See Optimal Pets, Inc. v. Nutri-Vet, LLC,* Case No. EDCV-08-1795 MJG, 2012 WL 2533016, at *4 (C.D. Cal. Jun. 29, 2012) (Court noted that to establish common law trademark rights, a claimant must show it: (1) is the senior user of the mark; (2) has established legally sufficient market penetration, and (3) has continued to use the mark); *Glow Indus. v. Lopez*, 252 F.Supp.2d 962, 983 (C.D. Cal. 2002) (Court noted that a party must not only establish that it is the senior user, but also that it has "legally sufficient market penetration"); *Dep't of Parks & Recreation v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1126 (9th Cir. 2006) (finding that to establish priority, a common law trademark owner must show that "its use of the marks was continuous and not interrupted.").

Here, DBI only alleged a few conclusory statements. DBI asserts that consumer's confusion of source will likely be inevitable. FAC ¶65. However, DBI provided no evidence of any confusion among the consumers or whatsoever. It's claim of common law trademark infringement claim asserts confusion is devoid of any specific facts. It has not alleged that by virtue of its use in commerce as the licensor of the TROLLEY DOLLY mark that it has developed common law trademark rights in the TROLLEY DOLLY mark. Nor has DBI pled that it is the senior use of the TROLLEY DOLLY mark, that it has established sufficient market penetration, that its use of the TROLLEY DOLLY mark has been continuous, or anything about the geographic scope of its use. Therefore, Counterclaim Plaintiff has not alleged a sufficient foundation for claiming common law rights in the TROLLEY DOLLY mark.

## IV.  CONCLUSION

For the reasons discussed above, GYT respectfully request the Court grant its motion to dismiss DBI's First Amended Counterclaims.

Dated: May 8, 2022

Respectfully Submitted,

By: /s/ Tianyu Ju
Tianyu Ju, Esq.
Glacier Law LLP
9660 Flair Dr., Ste 328
El Monte, CA 91731

iris.ju@glacier.law
Tel: +1 (312) 448-7772
Fax: +1 (312)-801-4587
***Attorney for Counterclaim Defendant***

NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, AND COMMON LAW TRADEMARK INFRINGEMENT AND PASSING OFF

11