Ehab M. Samuel (SBN 228296)
esamuel@hdmnlaw.com
David A. Randall (SBN 156722)
dave@hdmnlaw.com
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>Defendant / Counterclaim Plaintiff. | Case No.: 2:21-cv-04758-JVS-JDE<br><br>**DBEST'S APPICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS RELATED TO THE JOINT REPORT REGARDING DBEST'S MOTION TO COMPEL RESPONSES TO DISCOVERY AGAINST GUANGZHOU YUCHENG TRADING CO., LTD. AND FOR SANCTIONS**<br><br>Judge: John D. Early<br>Date: May 31, 2022<br>Time: 10:00 a.m.<br>Courtroom: 6A<br><br>Discovery Cutoff: June 9, 2022<br>Pretrial Conference: January 17, 2023<br>Trial Date: January 31, 2023 |

Pursuant to Local Rule 79-5.2.2, defendant and counterclaim plaintiff dbest products, Inc. ("dbest") respectfully submits this Application for leave to file the following documents under seal:

1. Unredacted Version of the Joint Report Regarding dbest products, Inc.'s Motion to Compel Responses to Discovery Against Guangzhou Yucheng Trading Co., Ltd. And For Sanctions ("Joint Report");

2. Unredacted Version of the Second Supplemental Declaration of Ehab M. Samuel in Support of dbest products, Inc.'s Motion to Compel ("Second Suppl. Samuel Declaration");

3. Unredacted Exhibits 37-40, 42-48, 50 and 52-53 to the Second Suppl. Samuel Declaration; and

4. Unredacted Version of Exhibit 51 to the Second Suppl. Samuel Declaration.

Federal Rule of Civil Procedure 26(c)(7) authorizes a court to enter "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including, to insure that, for good cause shown, "confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c). Accordingly, this Court may order that specified documents be filed under seal. *Id.* Where a motion is "not related, or only tangentially related, to the merits of a case," accompanying motions to seal are subject to the "good cause" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098, 1099 (9th Cir. 2016).

As set forth in the accompanying Declaration of Ehab M. Samuel, Exhibit 51 is a spreadsheet submitted in support of attorney fees, showing the name, hourly rates, hours expended, and time descriptions of all attorneys who worked on the

prosecution of the Motion to Compel (and related documents). Because this Exhibit is "only tangentially related" to the merits of the case, courts apply the good cause standard.  *See, e.g., M.A. Mobile, Ltd. v. Indian Inst. Of Tech. Kharagpur*, No. 3:08-cv-02658-WHO, 2019 U.S. Dist. LEXIS 209226, *17-18 (N.D. Cal. Dec. 4, 2019) (applying the good cause standard to a motion for fees and "sealing hourly rates of its attorneys and staff along with the time billed for this case, which could be used to determine those rates."). Good cause exists to seal such information because it contains privately negotiated confidential compensation. *Id.* Further, courts have accepted confidential compensation as sufficient justification for sealing "salaries, stock options, and other benefits." *In re High-Tech Employee Antitrust Litig.,* No. 11-CV-02509-LHK, 2013 U.S. Dist. LEXIS 6606, 2013 WL 163779, at *8 (N.D. Cal. Jan. 15, 2013). The request to seal is narrowly tailored as it seeks information that could be used to derive an attorneys' rate but not for aggregate amount across all attorneys. *In re Anthem, Inc. Data Breach Litig.,* No. 15-MD-02617-LHK, 2018 U.S. Dist. LEXIS 226119, at *80 (N.D. Cal. Mar. 16, 2018) (sealing "rates for individual attorneys and information that could be used to derive an individual attorney's rate" and sealing a similar narrowly tailored request). Further, GYT does not oppose the Application to seal the highlighted portions in Exhibit 51.

Finally, in the Joint Report and Second Suppl. Samuel Declaration, dbest quotes from Exhibits 37-40, 42-48, 50 and 52-53, which Guangzhou Yucheng Trading Co., Ltd. ("GYT") produced with the designation "Highly Confidential – Attorney's Eyes Only," pursuant to the Protective Order entered in this case.

For the foregoing reasons, dbest respectfully requests that the Court enter the concurrently filed Proposed Order permitting dbest to file the above-referenced documents under seal.

| | | |
|---|---|---|
| 1 | DATED: May 16, 2022 | HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C. |
| 2 | | |
| 3 | | By: /s/ Ehab M. Samuel<br>Ehab M. Samuel (CA SBN 228296)<br>David A. Randall (CA SBN 156722) |
| 4 | | |
| 5 | | |
| 6 | | *Attorneys for Defendant and Counterclaimant* |
| 7 | | DBEST PRODUCTS, INC. |

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2022, I served a copy of the foregoing on the following:

Tianyu Iris Ju, Esq.
Wei Wang, Esq.
Glacier Law LLP
200 Park Avenue, Suite1703
New York, NY 10166
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587
Wei.wang@glacier.law
Iris.ju@glacier.law

Attorneys for Plaintiff
Guangzhou Yucheng Trading Co., Ltd.

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

By: /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)