Tianyu Ju, Esq.
Glacier Law LLP
9660 Flair Dr., Suite 328
El Monte, CA 91731
Tel.:(626)727-8666
Fax: (626)727-9666
Email: iris.ju@glacier.law
Counsel for Plaintiff and Counterclaim Defendant
Guangzhou Yucheng Trading Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANGZHOU YUCHEN TRADING CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> DBEST PRODUCTS, INC., <br><br> Defendant/Counterclaim Plaintiff. | Case No. 2-21-cv-04758-JVS-JDE <br><br> **PLAINTIFF GUANGZHOU YUCHEN TRADING CO., LTD.'S RESPONSE TO DEFENDANT DBEST PRODUCTS, INC.'S REQUEST FOR FEES** <br><br> Judge: John D. Early <br> Date: May 31, 2022 <br> Time: 10:00 a.m. <br> Courtroom: 6A |

# PLAINTIFF GUANGZHOU YUCHEN TRADING CO., LTD.'S RESPONSE TO DEFENDANT DBEST PRODUCTS, INC.'S REQUEST FOR FEES

Plaintiff Guangzhou Yuchen Trading Co., Ltd. ("Plaintiff" or "GYT"), respectfully submits this response to Defendant Dbest products Inc.'s ("Defendant" or "DBI") request for fees as follows.

## I. INTRODUCTION

1. On April 12, 2022, the Parties participated in a two-hour videoconference meet and confer. The Parties agreed that GYT will produce supplemental documents required by DPI as to the Request for Production No. 3, 7, 12-13, 15-17, 18, 19-21, 22-24, 25, 27, 32, 33, 35 and Interrogatories No. 1, 2. GYT will withdraw all objections in the view of the agreement above, except it may assert attorney-client privilege.

2. On May 6, 2022, GYT produced 230 pages supplemental documents in response to DBI's Request for Production No. 3, 7, 12-13, 15-17, 18, 19-21, 22-24, 25, 27, 32, 33, 35. GYT also provided DBI with the supplemental objections and responses to DBI's First Set of Interrogatories on the same day.

3. On May 12, 2022, GYT produced another 202 pages supplemental documents in response to DBI's Request for Production No. 7, 12-13, 15-17, 19, 20, 21, and 35.

4. GYT has limited access to its sales data as to the accused products because these accused products lists were removed by Amazon based on the complaint sent by DBI. The only complete sales data that can be accessed by GYT had been produced in the Excel spreadsheet provided on May 6, 2022. GYT even produced the screenshots of how GYT downloaded these sales data.

## II. LEGAL STANDARD

If the Court grants a motion to compel discovery, Rule 37 of the Federal Rules of Civil Procedure provides that "the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the Court must not order such payment if the opposing party's

nondisclosure was substantially justified or if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). "The party contesting the discovery sanction on a properly brought motion under Rule 37(a)(5) bears the burden of establishing substantial justification or that other circumstances make an award of expenses unjust." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 221CV00194FLAMAAX, 2021 U.S. Dist. LEXIS 211646, 2021 WL 4974050, at *16 (C.D. Cal. July 8, 2021) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994)). See also *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983) ("The party against whom an award of expenses is sought has the burden of showing the special circumstances that make his or her failure to comply substantially justified").

Discovery conduct may be "substantially justified" if there exists a "genuine dispute" as to the propriety of the discovery requested, or if "reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988). See also, *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982).

### III. ARGUMENT

**1. GYT has produced all relevant production that are responsive to DBI's discovery requests.**

On May 6 and May 12, 2022, GYT produced all relevant production requested by DBI. DBI listed three categories that in the Joint Statement [ECF NO. 64] filed on May 16, 2022:

    a. First Category: RFP NOS. 12-13, 15-17 and 21 (Documents and emails relating to dbest, the '700 patent, the TROLLEY DOLLY mark or the accused products).

    b. Second Category: RFP NO. 18, Rog. No. 2; RFP No. 35 (Documents relating to GYT's sales and distribution channels and customers, including its accounts at Amazon and Walmart).

    c. Third Category: Rog. 1, RFP Nos. 19-21; RFP No. 35. (Documents relating to GYT's revenues, profit, unit sales, costs and dates accused products were first sold at each retailer).

Actually, DBI admitted that GYT produced the documents that are responsive to each of DBI's request in the Joint Statement. The only issue that DBI keeping questioning is the authenticity of the production but failed to provide any evidence to prove its speculation. Even though GYT screenshotted and provided DBI with each step regarding how to download the sales records on Amazon, DBI still speculated that GYT withheld sales records. See Exhibit 1. Even if GYT produced some sales records in compliance with the Court's order, DBI will still state that GYT withheld sales records. The truth is that GYT had produced all the sales records, and DBI shall not compel GYT to produce something that GYT does not have.

Moreover, the party seeking production of the documents . . . bears the burden of proving that the opposing party has such control. *United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Requests for production shall not be enforced against a party when the requesting party has equal access to the document sought. *McNeeley v. Perry*, No. CV F 02 5385 AWI SMS P, 2005 U.S. Dist. LEXIS 29580, at *4 (E.D. Cal. Sep. 7, 2005). Since DBI has subpoenaed Amazon and Walmart regarding the sales data on March 16, 2022. DBI is equally accessible to the sales records and the other information it requested. DBI has no need to compel to produce these documents. GYT also has no reason to withhold any documents or data in its possession. Because DBI could verify the sales data and information with Amazon and Walmart. Therefore, there is no genuine dispute, and DBI's Motion to compel was not substantially justified and appropriate.

**2. DBI should pay GYT's attorneys' fees incurred in defending against the instant Motion.**

If the motion to compel is denied, the court . . . must . . . require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. See Fed. R. Civ. P. 37(a)(5)(B). GYT had produced all relevant documents that are responsive to DBI's discovery requests. DBI is equally accessible to the documents it intended to compel. DBI's speculation is unfounded and maliciously. GYT believes that DBI is not acting in good faith and rather imposes undue burden on GYT through documents request. On information and beliefs, DBI's counsel even showed the

production provided marked highly confidential and only visible to attorneys by GYT to his clients. It is an absolute breach of duty of good faith as well as confidentiality. Therefore, if the instant Motion is denied, DBI should pay GYT's attorneys' fees incurred in opposing the motion.

Dated: May 19, 2022                                              Respectfully Submitted,

                                                      By:    /s/ Tianyu Ju
                                                             Tianyu Ju, Esq.
                                                             Glacier Law LLP
                                                             9660 Flair Dr., Ste 328
                                                             El Monte, CA 91731
                                                             iris.ju@glacier.law
                                                             Tel: +1 (312) 448-7772
                                                             Fax: +1 (312)-801-4587
                                                             **Attorney for Plaintiff**

PLAINTIFF GUANGZHOU YUCHEN TRADING CO., LTD.'S RESPONSE TO DEFENDANT DBEST PRODUCTS, INC.'S REQUEST FOR FEES

5