UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | June 2, 2022 |
|---|---|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd., v. DBest Products, Inc. | | |

Present: The Honorable    John D. Early, United States Magistrate Judge

| Maria Barr | CS 06/02/22 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:    Attorneys Present for Defendants:

Tianyu Ju    Ehab M. Samuel

**Proceedings:**    Hearing and Order re Motion to Compel Responses to Discovery [32]

On March 14, 2022, Defendant/Counter-Claimant DBest Products Inc. ("Defendant") filed a 67-page Joint Stipulation (Dkt. 32) in support of a Motion to Compel Responses to Discovery ("Motion") against Plaintiff/Counter-Defendant Guangzhou Yucheng Trading Co., Ltd. ("Plaintiff"), noticed for hearing on April 7, 2022, with three declarations and 32 exhibits (Dkt. 32-1 to 32-36) (collectively, "Moving Papers"), altogether totaling 421 pages. The same day, Defendant appears to have filed a duplicate version of the same Moving Papers, again totaling 421 pages. Dkt. 33. Three days later, on March 17, 2022, Defendant filed a "Notice of Errata," stating that certain exhibits filed with the Moving Papers "are inaccessible," with Defendant attaching as a single attachment containing 26 exhibits from the Moving Papers, totaling 289 pages. Dkt. 36, 36-1. On March 24, 2022, Defendant filed a five-page Supplemental Memorandum with a declaration and eight exhibits, collectively totaling 154 additional pages. Dkt. 38, 38-1 to 38-9. On April 6, 2022, following a joint request to continue the hearing on the Motion, the Court continued the hearing to June 2, 2022 and directed further meet and confer efforts and briefing. Dkt. 48. To guide those efforts, the Court noted various authorities governing discovery practice, incorporated herein by this reference. Id. at 2-5.

In conformity with the April 6 Order, after further efforts to narrow the issues on the Motion, the Parties filed a Joint Report on May 16 that narrowed the issues to three omnibus issues, with supporting evidence. Dkt. 64, Dkt. 64-1 to 64-21 (redacted). A request to seal portions of the Joint Report and certain of the evidence relating thereto, with unredacted sealed versions, were filed. Dkt. 65 (Application); Dkt. 66, 66-1 to 66-17 (Declaration in Support of Application and sealed exhibits). Separately, Plaintiff filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | June 2, 2022 |
|---|---|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd., v. DBest Products, Inc. | | |

supplemental opposition to the Motion, also with a request to seal portions an exhibit, with unredacted sealed versions. Dkt. 65 (Application); Dkt. 68, 68-2, 69, 69-1, 71.

The Motion was heard on June 2, 2022, at 10:00 a.m. Following argument, and for the reasons stated at the hearing, the Court denied the Motion.

The Court appreciates the efforts by the parties to narrow the issues after the Motion was filed. As confirmed at the hearing, the only matters remaining in dispute are the sufficiency of Plaintiff's production of documents in response to Request for Production Nos. 12-13, 15-21, 35 and responses to Interrogatory Nos. 1 and 2. The Court finds Plaintiff has sufficiently responded to the Requests for Production and Interrogatories as stated in the Joint Report (Dkt. 64 at 17-21) and as confirmed by counsel for Plaintiff at the hearing, with such representations subject Rule 26(g)(1)(A) of the Federal Rules of Civil Procedure ("Rules" or singularly, "Rule"). Defendant's suspicion that more documents or information exists within Plaintiff's possession, custody, or control, or knowledge, without more, is not sufficient to overcome the direct, unequivocal statements to the contrary offered by counsel for Plaintiff. See Grossman v. Dirs. Guild of Am., Inc., 2018 WL 5914242, at *5 (C.D. Cal. Aug. 22, 2018) (citing Unilin Beheer B.V. v. NSL Trading Corp., 2015 WL 12698382, at *5 (C.D. Cal. Feb. 27, 2015) ("A plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel.") (citations omitted)); Ogden v. Bumble Bee Foods, LLC, 292 F.R.D. 620, 628 (N.D. Cal. 2013) ("Absent evidence that [the defendant] is withholding documents in its possession, the court cannot issue an order compelling [the defendant] to produce documents it states it does not have."). Nothing in this Order, however, limits Defendant's ability to propound additional discovery requests, take a Rule 30(b)(6) deposition of Plaintiff regarding the scope and sufficiency of its search for discoverable information, or seek to limit Plaintiff's ability to offer into evidence at trial any information not produced in response to discovery, subject to the Rules.

As to the cross-requests for sanctions, although the Motion, as narrowed, is denied, the Court notes that Plaintiff's deficient initial responses at least in part caused the Motion to be filed in the first instance. In this circumstance, an award of attorney's fees to either party would be unjust. See Rule 37(a)(5).

Separately as to the Applications to Seal, each party seeks to file its attorney fee information, offered in support of the denied cross-fee requests, under seal. The Court finds the parties have not overcome the presumption for public access to court filings as it relates to the fee information based on each party's respective showing. Nonetheless, the Court offered the parties the opportunity to withdraw the inclusion of fee information from public

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | June 2, 2022 |
|---|---|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd., v. DBest Products, Inc. | | |

consideration as the cross-requests were for fee awards were denied, rendering the underlying fee information irrelevant to any issue before the Court. Counsel for the parties each agreed to withdraw those requests.

Thus, Plaintiff's Application to file document under seal (Dkt. 68) is DENIED as moot; no further filing on the public docket is required as to that application.

As to Defendant's Application (Dkt. 65), the request is denied as to Exhibit 51, relating to attorney's fees, with no further filing on the public docket of Exhibit 51 required to be made. As to the remainder of the items referenced in Defendant's Application, those items are material designated as "confidential" or "attorneys' eyes-only" by Plaintiff under the operative protective order. Under Local Civil Rule 79-5.2.2(b), when a filing party seeks to file material designated as confidential by another party (the "Designating Party"), the filing party files an Application to seal, noting the material was designated by another party, and the Designating Party must, "[w]ithin 4 days of the filing of the Application, . . . file a declaration establishing that all or part of the designated material is sealable, by showing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard." Here, Plaintiff did not file the required declaration within 4 days after the filing of Defendant's Application. "Failure to file a declaration or other required document may be deemed sufficient grounds for denying the Application." C.D. Cal. Local Rule 79-5.2.2(b)(ii). However, the Court will not deny Defendant's Application at this time as to materials designated confidential by Plaintiff. Instead, Plaintiff shall have until noon on June 6, 2022, to file a compliant declaration as required by Local Rule 5.2.2(b)(ii).

Thus, for the reasons set forth above and stated at the hearing, the Motion (Dkt. 32) and Plaintiff's Application to Seal (Dkt. 68) are DENIED. The Court defers ruling on Defendant's Application to Seal (Dkt. 65) until at least noon on June 6, 2022.

IT IS SO ORDERED.

|  | : | 30 |
|---|---|---|
| Initials of Clerk: | mba | |