UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | June 10, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Dajanae Carrigan for Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Plaintiff's Motion to Dismiss First Amended Counterclaim[60]**

   Plaintiff Guangzhou Yucheng Trading Co., Ltd. ("Guangzhou") moves to dismiss Counts II–IV of the First Amended Counterclaim (Dkt. 57 ("FACC")). See Mot., Dkt. 60. Defendant DBest products, Inc. ("DBest") opposes the motion. See Opp'n, Dkt. 39. Guangzhou filed a reply in support of its motion. See Reply, Dkt. 47.

   The Court **VACATES** the June 13, 2022, hearing. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

   For the following reasons, the Court **DENIES** the motion.

**I. BACKGROUND**

   This is a patent infringement case involving wheeled shopping trolleys. Through the present lawsuit, Guangzhou seeks a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 9,233,700, titled "Portable Cart with Removable Shopping Bag" ("the '700 Patent").

   Guangzhou is an Amazon seller that maintains the "Winkeep" storefront on Amazon's website. Compl., Dkt. 1, ¶ 2. Through that storefront, Guangzhou sells a variety of products, including utility carts, storage carts, and shopping carts. Id. Amazon is the primary sales channel through which it sells its products. Id.

   Dbest develops, markets, and sells premium portable carts and owns a worldwide portfolio of related intellectual property. FACC, Dkt. 57, ¶¶ 3–4. Dbest owns all rights,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | June 10, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

title, and interest in the '700 Patent for a "portable cart with removable shopping bag" which was issued on January 12, 2016. See id. ¶ 5 and Ex. A. Dbest also holds a registered trademark for TROLLEY DOLLY (U.S. Trademark Reg. Nos. 5,348,107 (filed July 6, 2017 and registered on November 28, 2017) and 6,248,551 filed November 25, 2019 and registered January 19, 2021)). Id. ¶ 8. Since at least June 2014, Dbest has been marketing and selling its portable carts in connection with the TROLLEY DOLLY mark. Id. ¶ 7.

In June 2018, Dbest submitted a complaint of trademark infringement with Amazon in connection with Guangzhou's use of the TROLLEY DOLLY mark in connection with its multi-purpose "stair climber" cart (the "Accused Product"). Id. ¶ 19. On June 27, 2018, Guangzhou sent an email to Dbest acknowledging the notification of trademark infringement, recognizing that the "Trolley Dolly [mark] was registered by [D]best products," and apologizing for its conduct. Id. ¶ 20 and Ex. D.

Dbest then filed a lawsuit against Amazon alleging that it infringed the '700 Patent, inter alia, by offering for sale and selling Guangzhou's trolleys (see Dbest Products Inc. v. Amazon.com, Inc., No. 2:21-cv-03147 (C.D. Cal.) (the "Amazon Lawsuit")). Compl. ¶ 10. As a result of that lawsuit, Amazon removed Guangzhou's listings for the Accused Products from its website. Id. ¶ 6.

In response to the Amazon Lawsuit, Guangzhou filed the present action for declaratory judgment of non-infringement and invalidity of the '700 Patent on June 10, 2021. Id. In its Answer, Dbest denied that there was any merit to Guangzhou's request for relief, stated various affirmative defenses, and asserted a counterclaim against Guangzhou for infringement of the '700 Patent. See Answer and Countercl., Dkt. 27.

On April 15, this Court granted Dbest's motion to amend its Counterclaim. Dkt. 50. Dbest's FACC now alleges that "[o]n or about February 15, 2022," Dbest learned that the Accused Products that had previously been offered for sale on Amazon.com were now being offered for sale on Walmart.com. First Am. FACC ¶ 21. Dbest alleges that the products on Walmart.com were being sold under the "Winkeep" brand and were accompanied by descriptions that incorporated the Trolley Dolly mark. Id. On March 3, 2022, Dbest's counsel sent an email to Guangzhou's counsel stating that it intended to file the instant motion for leave to amend, add an allegation of patent marketing, and add claims for trademark infringement and trademark competition. Id. ¶ 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-04758-JVS (JDEx)  Date June 10, 2022

Title  Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

The FACC alleges four counterclaims against Guangzhou: (1) direct infringement of the '700 patent in accordance with 35 U.S.C. §§ 271 et seq (id. ¶¶ 35–41, ("Count I")); (2) federal trademark infringement under 15 U.S.C. § 1114 (id. ¶¶ 42–51, ("Count II")); (3) unfair competition and false designation of origin under 15 U.S.C. § 1125(A) (id. ¶¶ 52–60, ("Count III")); and (4) common law trademark infringement and passing off (id. ¶¶ 61–67, ("Count IV")).

Guangzhou now moves to dismiss Counts II–IV for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS (JDEx)　　　　　　Date  June 10, 2022

Title  Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

### III.  DISCUSSION

#### A.  Admissibility of Ye Affidavit

As a preliminary matter, the Court considers the admissibility of the affidavit of Alley Ye that Guangzhou submits in support of its motion to dismiss.  See Dkt. 60-1, ("Ye Affidavit").

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002).  There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment.  Lee, 250 F.3d at 688.  First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b).  Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint.  Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011).  "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference.  Khoja, 899 F.3d at 1002.

Dbest argues that the Court should not consider the Ye Affidavit because evidence such as affidavits cannot be presented at the motion to dismiss stage.  Opp'n at 4–5. Guangzhou appears to argue that the Court may consider the Ye Affidavit either as a "written instrument[] attached to pleadings" or through incorporation by reference because "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  Reply at 4.  However, Guangzhou's arguments are without merit.  Guangzhou submits the Ye Affidavit for the first time in support of the present motion.  The Affidavit is not attached to the pleadings, is not referred to extensively by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS (JDEx)     Date  June 10, 2022

Title     Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

the pleadings, and does not form the basis of the claims or counterclaims. In fact, the Affidavit was executed only two days before Guangzhou filed this Motion. Dkt. 60-1.

Accordingly, the Court does not consider the Ye Affidavit in evaluating this Motion.

**A.     Trademark Infringement Counterclaims**

The three counterclaims that Guangzhou moves to dismiss all relate to trademark infringement: (1) federal trademark infringement under 15 U.S.C. § 1114 (id. ¶¶ 42–51, ("Count II")); (2) unfair competition and false designation of origin under 15 U.S.C. § 1125(A) (id. ¶¶ 52–60, ("Count III")); and (3) common law trademark infringement and passing off (id. ¶¶ 61–67, ("Count IV")).

To state all three of these claims, Dbest must allege facts to demonstrate that (1) Dbest has a valid, protectable trademark, and (2) that Guangzhou's use of that mark is likely to cause confusion. See Applied Info. Scis. Corp., 511 F.3d at 969; Grupo Gigange S.A. de C.V. v. Dallo & Co., 391 F.3d 1088, 1100 (9th Cir. 2004) ("As a general matter, trademark claims under California law are 'substantially congruent' with federal claims and thus lend themselves to the same analysis.'"); Cleary v. News Corp., 30 F.3d 1255, 1262–63 (9th Cir. 1994) (explaining state common law claims of unfair competition [under California law] are "'substantially congruent' to claims made under the Lanham Act"); Brookfield Comms., Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1046 (9th Cir. 1999) ("To establish a trademark infringement claim under section 32 of the Lanham Act or an unfair competition claim under section 43(a) of the Lanham Act, [plaintiff] must establish that [defendant] is using a mark confusingly similar to a valid, protectable trademark of [plaintiff's].").

   1.     *Ownership of a Valid, Protectable Trademark*

The FACC sufficiently pleads ownership of a valid, protectable trademark with regards to each count.

Count I is based on Lanham Act § 32 which applies only to registered marks. See Matal v. Tam, 137 S. Ct. 1744, 1752 (2017). With regards to this count, Dbest pleads ownership of two registered trademarks for the TROLLY DOLLY mark. See FACC ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | June 10, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

43. Registration constitutes prima facie case of a trademark's validity. Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 970 (9th Cir. 2007). Accordingly, the FACC sufficiently alleges the first element as to Count I.

Counts II and III are based on Lanham Act § 43(a) and California common law respectively—both of which protect qualifying unregistered trademarks. See See Matal v. Tam, 137 S. Ct. at 1752 (observing that "even if a trademark is not federally registered, it may still be enforceable under § 43(a) of the Lanham Act, which creates a federal cause of action for trademark infringement"). To state these claims, a plaintiff must allege it has acquired common law trademark rights. JS LED Tech. Corp. v. Haiblin Zhang, 2014 U.S. Dist. LEXIS 199449, at *8 (C.D. Cal. Aug. 7, 2014). To have common law trademark rights in the TROLLEY DOLLY mark, Dbest must allege that (1) it is the senior user of the mark; (2) it has continuously used the mark without interruption; and (3) the word mark has established legally sufficient market penetration. See Dep't of Parks & Rec. v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1125–26 (9th Cir. 2006); Optimal Pets, Inc. v. Nutri-Vet, LLC, 877 F. Supp. 2d 953, 958–59 (C.D. Cal. 2012).

Guangzhou argues that Dbest "has not sufficiently alleged that it has obtained common-law rights in the TROLLEY DOLLY mark." Mot. at 5. However, Dbest has pleaded sufficient facts to establish that it is the senior user of the mark and that it has continuously used the mark without interruption. The FACC alleges that "[s]ince at least as early as June 14, 2014, [Dbest] began marketing and selling its patented portable carts or hand trucks bearing the TROLLEY DOLLY trademark in United States Commerce. [Dbest] has used, throughout the United States, the TROLLEY DOLLY trademark on a regular and continuous basis in connection with portable carts or hand trucks with removable fabric containe." FACC, ¶ 7. It further alleges that Dbest "first adopted and used the TROLLEY DOLLY mark in connection with portable hand trucks, as a means of establishing goodwill and reputation and to describe, identify, or denominate particular goods sold by it and to distinguish them from competing goods marketed by others." Id. ¶ 62. Finally, it alleges that "[t]hrough its association with such portable hand trucks, the TROLLEY DOLLY mark has acquired a special significance as the name of the goods marketed by [Dbest] for portable hand trucks because [Dbest's] TROLLEY DOLLY mark is inherently distinctive." Id. ¶ 63. These allegations are sufficient to allege common-law rights in the TROLLEY DOLLY mark.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS (JDEx)                                    Date  June 10, 2022

Title  Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

2. *Guangzhou Used the Mark*

Guangzhou seeks to dismiss Count II of the FACC for federal trademark infringement under 15 U.S.C. § 1114 for failing to allege that Guangzhou actually used Dbest's trademark. Mot. at 7. Dbest argues that the Court should reject this argument as it previously rejected the same argument in its order granting Dbest's Motion for Leave to File Amended Counterclaim. Opp'n at 2–3 (citing Order Re. Pl's Mot. for Leave to File FACC, Dkt. 50, at 8).

The Court agrees with Dbest. As the Court explained in its previous order,

> Dbest alleges that Guangzhou is using its mark without Dbest's authorization. See id. ¶ 22 ("Notwithstanding the notice of infringement and [Dbest]'s rights to the TROLLEY DOLLY mark, on information and belief, Guangzhou again impermissibly uses, directly or indirectly, the [TROLLEY DOLLY] trademark."). Further, Dbest alleges specific instances of Guangzhou's alleged infringement. See, e.g., id. ¶ 22 ("For example . . . the Accused Product . . . incorporates the Trolley Dolly trademark in the name"). This is sufficient to allege the second element of trademark infringement.

Dkt. 50 at 8.

Guangzhou now argues that the FACC fails to allege that it, rather than a third party, actually used its trademark. However, the FACC alleges facts sufficient to plausibly show that Guangzhou used its trademark. For example, the FACC alleges that "[o]n or about February 15, 2022," Dbest learned that the Accused Products that had previously been offered for sale on Amazon.com were now being offered for sale on Walmart.com. FACC ¶ 21. Dbest alleges that the products on Walmart.com were being sold under the "Winkeep" brand and were accompanied by descriptions that incorporated the Trolley Dolly mark. Id. Dbest alleges that Guangzhou does business as "Winkeep" and uses the "Winkeep" name in connection with the sale a variety of products online, including shopping carts. Id. ¶ 11. The FACC further alleges that the images in the Walmart.com listings were similar or identical to the images in marketing materials that Guangzhou produced in response to Dbest's requests for production. Id. ¶¶ 23–27. It also alleges that on March 3, 2022, Dbest's counsel sent an email to Guangzhou's counsel stating that it intended to file the instant motion for leave to amend, add an allegation of patent marketing, and add claims for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS (JDEx)  Date  June 10, 2022

Title  Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

trademark infringement and trademark competition. Id. ¶ 28. This is sufficient to plead that Guangzhou used Dbest's mark in connection with its goods.

Guangzhou contends that the FACC fails to present "evidence" of confusion. However, such evidence is not necessary, or even properly considered, at the motion to dismiss stage. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002) (explaining that a court may not consider material beyond the pleadings in ruling on a motion to dismiss).

*3.  Likelihood of Confusion*

Next, Guangzhou argues that Count III should be dismissed because the FACC does not allege facts sufficient to show that Guangzhou's use of Dbest's mark is likely to cause confusion. Mot. at 8. Specifically, Guangzhou contends that while the FAC alleges that its "unauthorized use in commerce [of the Mark] . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation or association of Guangzhou with [Dbest]," (FACC ¶ 53), this is insufficient as "there is no evidence to support such allegation." Mot. at 8. Similarly, Guangzhou argues that Count IV for common law trademark infringement should be dismissed for failing to state "any specific facts" or providing any "evidence" to show consumer confusion. Mot. at 10.

To state an unfair competition claim under the Lanham Act, like all three of the contested claims, a claimant must allege that the "alleged trademark infringer's use of [the] mark creates a likelihood that the consuming public will be confused as to who makes what product.'" Jada Toys, inc. v. Mattel, Inc., 518 F.3d 628, 632 (9th Cir. 2008) (explaining that infringement claims based on the Lanham Act and state common law are "subject to the same test").

In opposition to Dbest's Motion for Leave to File FACC, Guangzhou argued that amendment would be futile because the FACC failed to allege facts sufficient to show likelihood of confusion. Dkt. 39 at 8. Here, Guangzhou makes the same argument. See Mot. at 8 ("DBI allege[s] that [Guangzhou's] use of the TROLLY DOLLY mark is likely to cause confusion, mistake, or deception as to affiliation, [or] connection with [Dbest]. But there is no evidence to support such allegation."). In rejecting this argument with respect to Dbest's Motion for Leave to File FACC, the Court explained:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | June 10, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

  Though "[c]ourts may determine likelihood of confusion as a matter of law on either a motion to dismiss or summary judgment[,] a plaintiff is not required to prove the likelihood of confusion at the pleading stage." <u>Vapor Spot, LLC v. Breathe Vape Spot, Inc.</u>, 2015 WL 12839123, at *5 (C.D. Cal. Sept. 15, 2015) (internal quotation marks and citations omitted). Instead, the question is whether [] Dbest has alleged sufficient facts to allow the Court to draw the reasonable inference that Guangzhou's alleged use of the mark is likely to cause consumer confusion. <u>Playboy Enters. Int'l v. Fashion Nova</u>, 2021 U.S. Dist. LEXIS 152711, at *12 (C.D. Cal. Apr. 13, 2021). To make the determination, a court need not address all eight factors as "it is often possible to reach a conclusion . . . after considering only a subset of the factors." <u>Brookfield Communs., Inc. v. West Coast Entm't Corp.</u>, 174 F.3d 1036, 1054 (9th Cir. 1999). "[D]ismissal at the pleadings stage tends to be appropriate when it is clear both that the goods or services in question are not related and that confusion is not likely." <u>RVCA Platform, LLC v. Nudie Jeans Co AB</u>, 2008 WL 11337820, at *3 (C.D. Cal. Aug. 29, 2008).

  Here, the Court cannot say as a matter of law that consumer confusion is unlikely. Dbest alleges that it has used the TROLLEY DOLLY trademark for portable carts in commerce since June 15, 2014, that the mark has become incontestable, and that Dbest has spent a substantial amount of time and money building up, advertising and promoting its TROLLEY DOLLY brand and goodwill. First Am. Countercl. ¶¶ 7, 9. These allegations speak to the strength of the mark. As to proximity of goods, Dbest alleges that both its products and the Accused products are shopping carts. <u>Id.</u> ¶¶ 17, 23, 24. Dbest further alleges that the descriptions of the Accused Products incorporated the TROLLY DOLLY trademark (<u>id.</u> ¶¶ 23, 24). This speaks to Guangzhou's intent to copy the mark. Moreover, Dbest alleges that the Accused Products and Dbest's carts are promoted in the same marketing channels (i.e., Amazon and Walmart.com). <u>See id.</u> ¶ 18. For these reasons, the Dbest has sufficiently alleged likelihood of confusion to show that the proposed amendment is not futile.

Dkt. 50 at 7–8. The legal standard is the same for purposes of assessing futility on a motion for leave to amend as on a motion to dismiss under Rule 12(b)(6). <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds by <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Accordingly, for the same reasons as explained above, the Court finds that the FACC sufficiently pleads likelihood of confusion. In other words, Dbest alleges sufficient facts to allow the Court to draw the reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | June 10, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

inference that Guangzhou's alleged use of the mark is likely to cause consumer confusion. See Playboy Enters. Int'l v. Fashion Nova, 2021 U.S. Dist. LEXIS 152711, at *12 (C.D. Cal. Apr. 13, 2021).

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

: 0

Initials of Preparer        dca/lmb