Tianyu Ju, Esq. (SBN 323817)
Yu Hao Yao, Esq. (SBN 344022)
Glacier Law LLP
9660 Flair Dr., Suite 328
El Monte, CA 91731
Tel.:(626)727-8666
Fax: (626)727-9666
Email: iris.ju@glacier.law
       mickey.yao@glacier.law
Counsels for Plaintiff and Counterclaim Defendant
Guangzhou Yucheng Trading Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANGZHOU YUCHEN TRADING CO., LTD., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> DBEST PRODUCTS, INC., <br><br> Defendant/Counterclaim Plaintiff. | Case No. 2-21-cv-04758-JVS-JDE <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S UNTIMELY REBUTTAL EXPERT OPINIONS** <br><br> JUDGE: JAMES V. SELNA <br> HEARING DATE: December 5, 2022 <br> TIME: 1:30 p.m. <br> COURTROOM: 10C |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On October 25, 2022, Defendant Dbest Products Inc. ("Defendant") filed the motion to exclude Plaintiff Guangzhou Yuchen Trading Co., Ltd.'s ("Plaintiff") untimely rebuttal expert opinions. ("Motion to Exclude") Dkt. No. 118. On the same day, Defendant filed its *ex parte* application for (1) leave to file motion to exclude untimely Plaintiff's rebuttal expert opinions; and (2) expedited hearing date and briefing schedule.("Application for Leave") Dkt. No. 119. On October 26, 2022, the Court denied Defendant's *ex parte* application entirely. Dkt. No. 120.

### II. ARGUMENT

**A. Defendant's Motion Should Be Deemed as Denied Because Defendant's Application for Leave Had Been Denied.**

Once the district court enters a pre-trial scheduling order pursuant to Federal Rule of Civil Procedure 16, Rule 16's standard controls where a motion for leave is filed after the deadline imposed by the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). "The district court is given broad discretion in supervising the pretrial phase of litigation." *United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007)(quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). Once the district court has issued a pretrial scheduling order, however, "[the] schedule may be modified only for good cause

and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, Defendant cannot file a motion after the deadline set by the Court without the Judge's consent.

According to the September 8, 2021 Order, the dispositive and *Daubert* motions to be filed and served not later than October 17, 2022. *See* Dkt. No. 26. Here, Defendant filed its Motion to Exclude on October 25, 2022, which is 8 days later after the deadline had passed. Defendant also filed an application for leave to file motion to exclude untimely Plaintiff's rebuttal expert opinions. However, on October 26, 2022, the Court denied Defendant's *ex parte* application entirely. Therefore, as Defendant's Application for Leave has been denied by the Court, its Motion to Exclude should be denied as moot.

**B.     Defendant Failed to comply with the Court's order.**

As stated above, the deadline for the parties to file the dispositive and *Daubert* motions is October 17, 2022. Dkt. No. 26. Therefore, Defendant should file its Motion to Exclude on or before October 17, 2022. Even though Defendant did not receive the Plaintiff's rebuttal expert report, Defendant had the time to file a timely motion to exclude on or before the deadline. However, Defendant filed its Motion to Exclude on October 25, 2022, eight days after the deadline without any explanation. Therefore, Defendant's Motion to Exclude filed after the deadline without the consent of the Court should be denied.

Moreover, Defendant's counsel never tried to eliminate the disputes in good faith. As the parties have met with this kind of issue before, Defendant never disputed that the deadline fails on a Saturday, Sunday, or legal holiday should not be extended to the next day that is not a Saturday, Sunday, or legal holiday. The deadline for the parties to serve the rebuttal expert witness disclosure is October 15, 2022, which is also a Saturday. Plaintiff served the rebuttal expert report on October 17, 2022, which is the next day of the deadline that is not a Saturday, Sunday, or legal holiday, as Defendant agreed before. If Defendant would be harmed by the alleged untimely report, Defendant could have reach out to Plaintiff right after not receiving the report on October 15, 2022. However, Defendant did not reach out to Plaintiff on October 16 or 17 after receiving Plaintiff's rebuttal export.

Therefore, Defendant's Motion to Exclude should be denied due to Defendant's violation of the Court's scheduling order.

### C. Rule 6 and Defendant's Previous Conduct Extend the Deadline to October 17, 2022

There is nothing novel about the principle we adopt here that when a deadline falls on a weekend, it extends to the following business day. *LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1237 (9th Cir. 2015). The Supreme Court recognized this general understanding in 1890. *Street v. United States*, 133 U.S. 299, 306, 10 S.Ct. 309, 33 L.Ed. 631 (1890) ("... a power that may be exercised up to and including a given day of the month may generally, when that day happens to be Sunday, be

exercised on the succeeding day"). Further, the Fifth Circuit has stated that this "rubric has universal acceptance." *Armstrong v. Tisch*, 835 F.2d 1139, 1140 (5th Cir.1988).

Further, the parties' previous conduct also supports the conclusion that the Saturday, October 15, 2022, deadline should extend to Monday, October 17, 2022. According to the Order on June 17, 2022, the deadline for Plaintiff to serve final invalidity contentions is August 13, 2022, which is a Saturday. *See* Dkt. No. 83. Plaintiff stated clearly to Defendant that "as the deadline is on a Saturday, Plaintiff will serve the final invalidity contentions on Monday." *See* Decl. of Yao. ¶2. Defendant did not oppose the statement. *Id*. Plaintiff served its final invalidity contentions to Defendant on August 15, 2022, the next Monday. *Id*, at ¶3. Also, Defendant has not raised any dispute that Plaintiff served its contentions untimely. *Id*. It is clear that Defendant acted inconsistent with its previous conduction. Therefore, Defendant's previous conduct also support the deadline should be extended to October 17, 2022.

**D. Even If the Deadline Was Not Extended, Plaintiff Serve the Rebuttal Expert Report on October 17, 2022, Is Substantially Justified or Is Harmless.**

As stated above, the deadline for the rebuttal expert report was extended to October 17, 2022, Plaintiff did not serve its rebuttal expert report untimely. Even if

the deadline was not extended, Plaintiff serve the rebuttal expert report on October 17, 2022, which is substantially justified or is harmless under Fed. R. Civ. P. 37(c)(1).

Courts consider several factors in this evaluation: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence[;] and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." *Dey L.P. v. Ivax Pharms., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). The party facing sanctions bears the burden to prove harmlessness. *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021).

First, there was no surprise to the Defendant. As stated above, Plaintiff has made it clear that Plaintiff will serve the contentions on Monday because the deadline is on a Saturday. *See* Decl. of Yao. ¶2. Defendant never opposed to Plaintiff's understanding of the Rule 6. *Id*. Therefore, Defendant will be surprised that Plaintiff serve the rebuttal expert report on the next day that is not a Saturday, Sunday, or legal holiday.

Second, as there is no surprise to cure, Defendant will not be prejudiced by serving the rebuttal expert report on October 17, 2022. If Defendant would be prejudiced, it would have been made clear that the deadline should not be extended

to the Monday or requested Plaintiff to serve the rebuttal expert report right after the deadline. Defendant did not even timely file the motion to exclude before the deadline of the motions set by the Court. Therefore, Defendant has not established any prejudice.

Third, introducing the Plaintiff's rebuttal expert report would not disrupt the trial. Plaintiff's expert's opinions in the rebuttal expert report are consistent with its opening report. The purpose of the rebuttal expert report is to give the expert an opportunity to reply to the opposing party's expert report. If anything, the encumbrances from excluding Plaintiff's expert report in full (or proceeding with some hybrid scheme) may prove even more disruptive to the trial. *PerkinElmer Health Scis., Inc. v. SCR Living LLC*, No. 5:20-CV-02083-JWH-KK, 2022 WL 3130237, at *11 (C.D. Cal. June 22, 2022).

Fourth, the rebuttal expert report is important to Plaintiff. Plaintiff used the rebuttal expert report to support its noninfringement and invalidity arguments. Defendant also agreed that the rebuttal expert report is important. *See* Def.'s Mot to Exclude. Dkt. No. 118. p. 7. Therefore, both of the parties agreed that the rebuttal expert report is important which weighs against exclude.

Fifth, Plaintiff has explained above that the deadline for the rebuttal expert report was extended to October 17, 2022 according to the Rule 6. Also, Plaintiff believes that Defendant agrees with Plaintiff's understanding of the Rule 6, because

Defendant never opposed to Plaintiff's statement on August 10, 2022, or argued that Plaintiff's final invalid contentions was served untimely. *See* Decl. of Yao. ¶¶2,3. Therefore, it is reasonable for Plaintiff to serve the rebuttal expert report and Plaintiff's explanation also weighs against exclude.

Therefore, even if the Plaintiff's rebuttal expert report was not served timely (actually it is served timely), Plaintiff serve the rebuttal expert report on October 17, 2022, is substantially justified or is harmless under Fed. R. Civ. P. 37(c)(1).

## IV.  CONCLUSION

For the reasons discussed above, Defendant's Motion to Exclude should be denied.

| Date: 11/11/2022 | /s/ Tianyu Ju |
|---|---|
| | Tianyu Ju, Esq. |
| | Yu Hao Yao, Esq. |
| | iris.ju@glacier.law |
| | mickey.yao@glacier.law |
| | Glacier Law LLP |
| | ***Attorneys for Plaintiff/Counterclaim Defendant*** |

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th of November, 2022, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

.

| | |
|---|---|
| Date: 11/11/2022 | /s/ Tianyu Ju |
| | Tianyu Ju, Esq. |
| | iris.ju@glacier.law |
| | Glacier Law LLP |
| | ***Attorney for Plaintiff/Counterclaim Defendant*** |