# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** | |
|---|---|---|
| Lisa Bredahl | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order Regarding Motions for Summary Judgment and Related Motions</u>**

Before the Court are seven motions: three motions for summary judgment; three motions relating to Plaintiff Guangzhou Yucheng Trading Co.'s ("GYT") expert witness David G. Smith; and a motion to exclude Defendant Dbest Products, Inc.'s ("Dbest") expert witnesses, Dr. Glen Stevick and Dr. Matthew Farber. The motions are fully briefed as shown below. The Court issued a Tentative Ruling, and held a hearing on December 5, 2022. At the hearing, the Court adopted the Tentative on the motions, except as noted below. This order memorializes those rulings and issues a final ruling on the under submission motion.

| Motion | Opposition | Reply | Ruling |
|---|---|---|---|
| Dbest's motion to exclude re: Smith (Dkt. 92) | GYT's response (Dkt. 111) | Dbest's reply (Dkt. 127) | GRANTED |
| Dbest's motion to strike re: Smith (Dkt. 93) | GYT's response (Dkt. 110) | Dbest's reply (Dkt. 123) | GRANTED |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | | Date | December 6, 2022 |
|---|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | | |

| | | | |
|---|---|---|---|
| Dbest's MPSJ re: GYT's invalidity defenses (Dkt. 94; <u>see also</u> Dkt. 95 (SUF)) | GYT's response (Dkt. 109; <u>see also</u> Dkt. 109-1 (SGI)) | Dbest's reply (Dkt. 124) | GRANTED |
| GYT's MSJ re: no infringement and invalidity (Dkts. 96, 107[1]; <u>see also</u> Dkt. 96-1 (SUF)) | Dbest's response (Dkt. 115; <u>see also</u> Dkt. 117 (SGI); Dkt. 116 (Evid. Obj.)) | GYT's reply (Dkt. 123) | DENIED (Dkts. 96 & 107)[2]<br><br>MOOT (Dkt. 116) |
| GYT's motion to exclude re: Stevick and Farber (Dkt. 99) | Dbest's response (Dkt. 112) | GYT's reply (Dkt. 122) | DENIED |
| Dbest's MPSJ re infringement (Dkt. 102; <u>see also</u> Dkt. 103 (SUF)) | GYT's response (Dkt. 108; <u>see also</u> Dkt. 108-1 (SGI)) | Dbest's reply (Dkt. 125) | GRANTED |
| Dbest's motion to exclude Smith rebuttal report (Dkt. 118) | GYT's response (Dkt. 129) | Dbest's reply (Dkt. 130) | GRANTED |

---

[1]     The Notice of Errata filed at Dkt. 107 explains that the attached brief replaces the one filed erroneously at Dkt. 96. The ruling applies to both docket items since each was filed as a noticed motion awaiting a ruling.

[2]     The Court took this motion under submission during the hearing. The Court now rules on the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-4758 JVS (JDEx)                          Date   December 6, 2022

Title   Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

## I. BACKGROUND

In this patent infringement action, Plaintiff GYT filed a Complaint for declaratory judgment, seeking a declaration that its products do not infringe U.S. Patent No. 9,233,700 (the "'700 Patent"), which was asserted by Dbest in a related case, <u>Dbest Products, Inc. v. Amazon.com, Inc.</u>, No. 2:21-cv-03147-JVS-JDE (the "Amazon action").[3] In the Amazon action, Dbest accused Amazon of infringing the '700 Patent by selling, inter alia, a "stair climber" cart as shown below.



<u>See</u> Compl., Dkt. 1 ¶ 10.

In response to the Amazon action, Amazon removed GYT's products from the Amazon marketplace. <u>Id.</u> ¶ 14. In turn, GYT filed this action for declaratory relief, asserting it does not infringe the '700 Patent. <u>Id.</u> ¶ 16. GYT asserts claims for declaratory judgment of non-infringement and invalidity. <u>Id.</u> ¶¶ 17-27. Dbest, who owns all interest in the '700 Patent as well as the TROLLEY DOLLY trademark, filed its Answer and asserted counterclaims against GYT for patent and trademark infringement, unfair competition and false designation of origin, and passing off. <u>See</u> FACC, Dkt. 57 ¶¶ 5, 7-8, 36, 44, 53, 64.

---

[3]     Dbest dismissed that case with prejudice before the Rule 26(f) scheduling conference. <u>See</u> Case No. 21-3147, Dkt. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

The '700 Patent discloses a "a "portable cart with removable shopping bag." '700 Patent at Cover. The invention "relates to the field of transport carts which are used by individuals to transport groceries and other heavy objects such as combined cases of charcoal, soft drinks and coolers." Id. at 1:7-10. While other portable carts exist, this one has a "honey-combed toe plate and large heavy wheels" that "enable the cart to carry one hundred sixty (160) pounds of load when the shopping bag is removed" despite it "weighing only four (4) pounds." Id. at 3:38-41. The disclosed cart also has "[a] unique attachment clip affixed to a crossbar [that] enables the folded cart to be locked onto the honey-comb toe plate to assure a firm lock when the cart is folded for storage," and it "folds in half for compact storage." Id. at 3:41-44.

The invention seeks "[t]o make it easier for someone to pull the cart when a heavy load is transported." Id. at 3:65-66. One way it does this is by "hav[ing] the toe plate elevated above the ground and not resting on the ground as is found in most prior art carts having a toe plate." Id. at 3:67-4:2. It also "facilitate[s]" making things easier by "hav[ing] 50% of the diameter of each wheel (or approximately 50% of the diameter of each wheel) in line with the toe plate instead of the entire diameter of each wheel behind the toe plate as is found in most prior art carts." Id. at 4:3-8. The combination of these two features "makes it easier to pull the cart having a heavy load." Id. at 4:8-10.

For illustrative purposes, Figure 1 shows a "top right side front perspective view of the present invention cart, illustrating the cart in the standing fully erect condition." Id. at 4:20–22.



FIG. 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

Claim 3 of the '700 Patent recites, in relevant part:

3. A cart comprising:

a. a base section formed in a single piece of material including ***a bottom horizontal section having a left side and a right side, the bottom horizontal section respectively extending on the left side to a left arcuate section which extends to an elevated left horizontal section, and extending on the right side to a right arcuate section which extends to an elevated right horizontal section***.

b. a first lower handle section which is formed in one piece having. . . a ***protective sheath*** surrounding a portion of the horizontal section;

c. a second upper handle section which is formed in one piece as an elongated U-shaped member having an upper section, the upper section extends to an upper vertical left leg member and to an upper vertical right leg member, the upper vertical left leg member has a distal end, a section of the upper vertical left leg member adjacent its distal end is bent at an angle relative to the upper vertical left leg member, a transverse opening extends across upper vertical leg section adjacent its distal end, the upper vertical right leg member has a distal end, a section of the upper vertical right leg member adjacent its distal end is bent at an angle relative to the upper vertical right leg member, a transverse opening extends across upper vertical right leg member adjacent its distal end;

d. a toe plate which has a ***honeycomb pattern*** with ***a multiplicity of openings*** separated by horizontal solid sections and vertical solid sections, the toe plate rests on and is affixed to the elevated horizontal sections of the base member so that the toe plate is elevated above the horizontal base member, ***the toe plate rotatably retained to the elevated horizontal sections of the base member***;

e. ***a left bumper wheel*** including a ***rubber*** tire ***having a given diameter*** and an oppositely disposed ***right bumper wheel*** including a ***rubber*** tire ***having a diameter*** identical to the given diameter of the left bumper wheel with a rubber tire, ***a horizontal mounting bar retaining rotational affixation members to rotatably retain the toe plate***, the horizontal mounting bar extending through aligned openings in the lower vertical left leg member and lower vertical right leg member, the horizontal mounting bar further rotatably supporting the left bumper wheel and the right bumper wheel in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

manner where ***one-half of the given diameter of the left bumper wheel is aligned with the toe plate and one-half of the given diameter of the right bumper wheel is aligned with the toe plate***;
. . .
g. the toe plate rests on the elevated left and right horizontal sections of the base member when the cart is in the erect condition.

See '700 Patent at 12:28-13:32 ("Claim 3") (emphasis added to illustrate disputes regarding the presence of claim limitations in the accused products and invalidity theories).

## II. LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate where the record, read in the light most favorable to the non-movant,[4] shows "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)[5]; see also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1373 (Fed. Cir. 2005). The moving party bears the initial burden to demonstrate an absence of a genuine issue of material fact. Id.; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986). If, and only if, the moving party meets its burden, then the non-moving party must produce specific evidence to rebut the moving party's claim and create a genuine dispute of material fact. MEMC, 420 F.3d at 1373; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If the non-moving party meets this burden, then the motion will be denied. See generally Bose Corp. v. JBL, Inc., 274 F.3d

---

[4] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[5] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

1354, 1360 (Fed. Cir. 2001). Where the parties have made cross-motions for summary judgment, each motion "must be independently assessed on its own merit." California v. United States, 271 F.3d 1377, 1380 (Fed. Cir. 2001).

B.   Daubert Motions

Rule 702 allows expert testimony where "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). A party who plans to rely on expert testimony must disclose it and comply with the requirements of Rule 26(a)(2), including providing a written expert report.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592–93, 597 (1993), the Supreme Court explained that, in applying Rule 702, "the trial judge plays a 'gatekeeping role,' which 'entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Summit 6, LLC v. Samsung Elecs. Co., 802 F.3d 1283, 1295 (Fed. Cir. 2015). "The Court emphasized that the focus 'must be solely on principles and methodology, not on the conclusions that they generate.'" Id. (quoting 509 U.S. at 595).

"This admissibility assessment, while a flexible one, may consider the following factors: (1) whether the methodology is scientific knowledge that will assist the trier of fact; (2) whether the methodology has been tested; (3) whether the methodology has been published in peer-reviewed journals; (4) whether there is a known, potential rate of error; and (5) whether the methodology is generally accepted." Id.; see also Fed. R. Evid. 702, 703.

"Under these rules, a district court may exclude evidence that is based upon unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case." Summit 6, 802 F.3d at 1295. Rule 702 gives courts broad discretion to discharge their gatekeeping role. Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 (9th Cir. 2004). "But the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." Id. at 1296. Indeed, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 596.

### III. DISCUSSION

Because the expert-related motions may impact the outcome of the motions for summary judgment, the Court considers the expert-related motions first.

A.    <u>Smith Daubert Motion re Infringement/Invalidity</u>

1.    <u>Background</u>

Dbest moves to exclude certain opinions from the September 11, 2022 Expert Invalidity Report of David G. Smith ("Smith Opening Report"), including: (1) claim construction arguments (Dkt. 104-9, ¶¶ 23-30, 65, 68-69 & 78) and (2) non-infringement opinions based on claim construction arguments that are inconsistent with the Court's Claim Construction Order (<u>id.</u>, pp. 12-18). <u>See</u> Dkt. 92. More specifically, Dbest argues that Smith makes several improper claim construction argument relating to independent Claim 3, including with respect to "base section" and "rotatably supported," which are discussed in detail below. <u>Id.</u> at 4-10. Dbest also argues that Smith relies on incorrect claim constructions to support his non-infringement opinions, so those opinions should be excluded as well. <u>Id.</u> at 10-19.

GYT responds that Smith's opinions are consistent with the Court's Claim Construction Order and "embrace and support" the Court's constructions by referencing the specification. Dkt. 111 at 2, 4. GYT avers that Dbest can explore the perceived inconsistencies on cross-examination. <u>Id.</u> at 4. Further, GYT argues that the Court should admit the Smith Opening Report to provide helpful background concerning the field of invention and what a POSA would understand each claim term to mean. <u>Id.</u> at 5. GYT also responds regarding the individual claim terms, as summarized below.

2.    <u>Analysis</u>

In the context of the Claim Construction Order (Dkt. 58), the Court considers each challenged opinion below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-4758 JVS (JDEx)                    Date    December 6, 2022

Title    Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

"Base Section"

Claim 3a requires "a base section formed in a single piece of material including ***a bottom horizontal section*** having a left side and a right side, the bottom horizontal section respectively extending on the left side to a left arcuate section which extends to ***an elevated left horizontal section***, and extending on the right side to a right arcuate section which extends to ***an elevated right horizontal section.***" '700 Patent, Claim 3 (emphasis added).

In his report, Smith opines that a POSA "would appreciate that the base section has a first horizontal section on a ***first horizontal plane***," extending "to the elevated horizontal sections that are located on a ***second, higher horizontal plane***." Dkt. 92 at 4 (citing Dkt. 104-9, Ex. I, ¶ 24) (emphasis added). Smith adds that, if the base member is on a single plane, the claim is invalid as indefinite" and would not be enabled. Id. (citing Ex. I, ¶¶ 68-69, 78).

Dbest argues that, by requiring the base section limitation to include "on a first horizontal plane" and "on a second, higher horizontal plane," Smith attempts to insert GYT's previously rejected "lowermost" proposed construction of this term. Id. at 6-7. Dbest argues this is inconsistent with the Court's construction that the "elevated" horizontal sections "need only be elevated above the ground, not necessarily above other parts of the invention." Dkt. 58 at 10.

Further, Dbest argues that Smith should not be allowed to offer invalidity opinions based on narrowing the plain and ordinary meaning of "base." Dkt. 92 at 7-8. Relatedly, Dbest argues that Smith's indefiniteness and enablement arguments should be excluded because they are unreliable in that they do not state what standard has been applied and are conclusory. Id. at 8.

GYT responds that Smith explains correctly that "[t]he language of claim #3 requires that the base section have a bottom horizontal section and elevated left and right horizontal sections." Dkt. 111 at 6. Smith opines that GYT's product does not infringe because it "is formed in a single horizontal plane and does not have a bottom horizontal section and left and right hand horizontal sections." Id. GYT contends that this opinion is helpful to the jury because it tells them that a POSA "would understand that the base section formed of a single piece exists on two separate horizontal planes, which would

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

help a trier of fact understand that there could be different ways of interpreting the claim." Id.

GYT argues that Smith's opinion does not undermine the Court's construction "that the base does not need to be the lowermost portion," but rather is consistent with "the plain and ordinary meaning that a base section supports the cart as it rests on the ground or surface." Id. at 9; see also id. at 9-10 (the "base section" in the accused products does not infringe because it is "formed in a single horizontal plane and does not have a bottom horizontal section and left and right raised horizontal sections").

GYT also argues that Smith's indefiniteness and enablement arguments should be allowed because experts may testify based on their training and reviewing case materials. Id. at 7. Further, GYT contends that indefiniteness and enablement are "commonly understood rationales for invalidity." Id. at 8. Further, Smith included the standard for enablement in his rebuttal report. Id. (citing Dkt. 108-3, ¶ 47).

An expert opinion that is contrary to or ignores a court's claim construction is irrelevant and unhelpful to the trier of fact, and as such, is inadmissible and must be excluded. See Liquid Dynamics Corp. v. Vaughan Co., 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006); Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1321 (Fed. Cir. 2009) ("No party may contradict the court's construction to a jury."). Further, "conclusory, unsupported assertions by experts as to the definition of a claim term are not useful," and any expert "that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history," should be ignored. Phillips v. AWH Corp., 415 F.3d 1303,1318-19 (Fed. Cir. 2005).

In the Claim Construction Order, the Court resolved the parties' dispute concerning the meaning of "the bottom horizontal section respectively extending on the left side to a left arcuate section which extends to an elevated left horizontal section, and extending on the right side to a right arcuate section which extends to an elevated right horizontal section." Dkt. 58 at 9-11. The Court concluded that "[t]he intrinsic evidence supports Dbest's contention that the 'elevated' horizontal
sections need only be elevated above the ground, not necessarily above other parts of the invention." Id. at 10. Thus, the Court ruled that "plain and ordinary meaning applies because the terms 'bottom' and 'elevated' are straightforward such that further limitation is not needed to understand what is claimed." Id. at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-4758 JVS (JDEx)                    Date   December 6, 2022

Title      Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

Applying the Markman ruling, the Court now rules that Smith's two-plane opinion must be excluded as offering additional, narrowing claim construction. See Dkt. 104-9, ¶ 24 (A POSA "would appreciate that the base section has a first horizontal section on a first horizontal plane. The base section then extends on the left and right from the first horizontal plane to the elevated horizontal sections that are located on a second, higher horizontal plane."). This is inconsistent with the Court's construction of "lowermost" and provides narrowing construction not warranted by the claim language. As the Court explained, "a component can be at the lowest point of something, but not be the 'lowermost' component [and] there may be other components at that level." Dkt. 58 at 8.

GYT's argument, that Smith should be able to tell a jury that this opinion reflects a POSA's understanding is unavailing where GYT claims that Smith will "help a trier of fact understand that there could be *different ways of interpreting* the claim." Dkt. 111 at 6 (emphasis added). Claim construction is decided as a matter of law; experts may not provide additional claim construction that is inconsistent with that provided in the Claim Construction Order. Liquid Dynamics Corp., 449 F.3d at 1224 n.2.

Although experts "may introduce evidence as to the plain an ordinary meaning of terms not construed by the Court, Apple, Inc. v. Samsung Elec. Co., Ltd, No. 12-CV-00630-LHK, 2014 WL 600857, at *3, 5 (N. D. Cal. Feb. 20, 2014), Smith is not introducing evidence about a POSA's understanding, he is providing conclusory testimony on his preferred construction of this limitation. Accordingly, the motion is granted as to this opinion.

Because Smith's infringement opinions relating to "base section" are premised upon the same claim construction error, see Dkt. 92 at 10-11, 14-15, 18-19, they are likewise excluded. See Dkt. 104-9, ¶ 38 (pp. 12-13). The same is true for his invalidity opinions to the extent they rely on this construction. See id., ¶¶ 68-69, 78.[6]

---

[6]        In addition to the claim construction issue, Smith provides an insufficient basis for his indefiniteness opinions, an issue GYT did not address in opposition. See OddzOn Prods. Inc. v. Just Toys, Inc., 122 F.3d 1396, 1400 (Fed. Cir. 1997) (affirming exclusion of expert opinion where legal standards applied were not apparent and expert provided no basis to evaluate conclusion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |

| | |
|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

"Rotatably Supporting"

Claim 3 requires "the horizontal mounting bar further rotatably supporting the left bumper wheel and the right bumper wheel." '700 Patent, Claim 3.

In his report, Smith opines that a POSA "would understand this term to mean that the horizontal mounting bar acts as the axle to support the wheel and allow the wheel to rotate around it." Dkt. 104-9, ¶ 30

In the Claim Construction Order, the Court ruled that the limitation "the horizontal mounting bar further rotatably supports" is "clear and easily understood and thus does not require construction." Dkt. 58 at 24-25.

Dbest argues that Smith's opinion improperly narrows this limitation by relying on an embodiment in the specification to contend that it means "the horizontal mounting bar acts as the axle to support the wheel and allow the wheel to rotate around it." Dkt. 92 (citing Ex. I, ¶ 30).

GYT responds in the same way it did for "base section:" Smith should be allowed to explain how a POSA would understand this term.  Dkt. 111 at 8. "For example, regarding the tri-star [wheel] spokes if the upper wheel is allowed to rotate around the horizontal mounting bar, it is no longer aligned with the back of the toe plate." Id.

For the same reasons explained above, Smith may not provide further claim construction for this limitation. Explaining how a POSA would understand the plain and ordinary meaning of a term is not the same as providing an additional limiting construction, as Smith has offered in paragraph 30. Moreover, in offering this conclusory opinion, Smith appears to be committing "one of the cardinal sins of patent law—reading a limitation from the written description into the claims." Phillips, 415 F.3d at 1320. This provides an additional basis for exclusion. This opinion is excluded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-4758 JVS (JDEx)                    Date    December 6, 2022

Title       Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

<u>Other Non-Infringement Opinions:</u>

"<u>Openings</u>"

Claim 3 requires a "toe plate which has a honeycomb pattern with a multiplicity of openings separated by horizontal solid sections and vertical solid sections." '700 Patent, Claim 3. The Court construed this limitation as having plain and ordinary meaning. Dkt. 58 at 13-18.

Smith opines that "the accused product does not have a toe plate with a honeycomb pattern with a multiplicity of openings" because "[t]here are no openings separated by horizontal solid sections and vertical solid sections." Dkt. 104-9 at p.14.

Dbest argues that Smith should be precluded form offering his opinion that the accused products do not meet this limitation because they lack "openings." <u>Id.</u> at 12. Specifically, Dbest explains that Smith's construction of "openings" as "open space through which something can be passed" imports the construction already rejected by the Court when it ruled that "openings" do not require full holes. <u>See</u> Dkt. 58 at 18.

GYT responds that Smith properly opines that "[t]he openings should be separated by a solid horizontal section and a solid vertical section, as shown in Figure 4," which he contends shows how a POSA "would understand the 'openings.'" Dkt. 111 at 10; <u>see also</u> <u>id.</u> at 11.

This opinion is excluded as contrary to the Claim Construction Order. The Court ruled that "neither the intrinsic evidence nor the extrinsic evidence supports limiting the claimed 'openings' to 'open space through which something can be passed.'" Dkt. 58 at 18. This is true because, although "some embodiments of a 'honeycomb pattern' may have full holes, the claim language is not limited to this particular embodiment of a honeycomb structure." <u>Id.</u> Accordingly, the Court did not construe "openings," and gave it plain and ordinary meaning. Because Smith attempts to narrow this construction in support of his non-infringement opinion, this opinion is excluded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

"Rotatably Retained"

Claim 3 requires "a horizontal mounting bar retaining rotational affixation members to rotatably retain the toe plate." '700 Patent, Claim 3. The Court resolved the parties' dispute concerning "retained," and ruled that "the plain and ordinary meaning of the word 'retain' is not limited to 'attachment.'" Dkt. 58 at 21. Rather, "retain" "is a common word that a person skilled in the art would understand to have a different meaning than 'attach.'" Id. The Court concluded, "[a]s neither the intrinsic nor the extrinsic evidence supports diverging from this meaning, the Court declines to construe the term and assigns the plain and ordinary meaning." Id.

As it relates to several different claim elements, Dbest argues that Smith improperly replaces "rotatably retained" in the claim with "rotatably attached," which tracks GYT's rejected construction, and is inconsistent with the claim language and the Claim Construction Order. Dkt. 92 at 13-14, 15-16, 16-17, 17-18 (similar alleged error as to "rotatably support," as well as no support for "stay aligned").

GYT argues that, because Smith explains the plain and ordinary meaning of this term, his infringement opinions are proper. Dkt. 111 at 8. GYT also argues that Dbest is improperly trying to expand the claim scope. Id. at 10-11; see also id. at 12 ("rotatably support").

The Court concludes that Smith may not substitute "rotatably attached" or "rotatably support[ed]" for the actual claim language, "rotatably retained." The Court explained, "[t]he specification illustrates that 'retain' does not necessarily mean 'attach' as there are various ways that something can be 'retained' (e.g., in a bag)." Dkt. 58 at 21. As stated, a POSA "would understand [retain] to have a different meaning than 'attach'" Id. Although Smith may explain how a POSA would understand "rotatably retained," he may not supply an alternative narrowing construction to support his infringement opinions. He also may not offer new opinions in light of this ruling. Accordingly, the motion is granted on this ground.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-4758 JVS (JDEx)                    Date    December 6, 2022

Title    Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

For the reasons stated, the motion to exclude certain of Smith's opinions (Dkt. 92) is **GRANTED**.[7]

**B.    Motion to Strike Smith Invalidity Opinions**

**1.    Background**

Dbest moves under Rule 37(c)(1) to strike certain invalidity opinions offered by Smith on the basis that these invalidity theories were not disclosed in GYT's invalidity contentions. See Dkt. 93. These opinions include: (1) new obviousness opinions (including based on U.S. Pat. No. 6,626,634 (the "'634 Patent") and the references in paragraph 59 (p. 22), the claim chart at pp. 26-41, and related conclusion in paragraph 79); and (2) new indefiniteness opinions concerning "base member" (¶ 69). Dbest explains that GYT's initial invalidity contentions charted 18 prior art references. Dkt. 93 at 3. But GYT did not include the '634 Patent, or any allegations relating to motivation to combine. Id. at 3-4. GYT also did not disclose any invalidity basis for "base member," but rather stipulated to plain and ordinary meaning. Id. at 4. GYT's final invalidity contentions did not raise any of these grounds. Id. Dbest argues that, "[b]ecause the [] '634 [P]atent was mentioned for the first time in the Smith Opening Report, opinions about this patent, as well as the invalidity theories based on it, are improper and should be stricken for untimely disclosure." Id. at 8. Further, Dbest argues that GYT's "new indefiniteness argument [regarding "base member"] raised in the Smith Opening Report constitutes unfair surprise." Id. at 14.

GYT responds that Dbest had "ample notice of [the] '634 Patent as it was first cited in the '700 Patent and also was disclosed in the parties' invalidity

---

[7]    In a footnote, Dbest argues in passing that, "[f]or the same reasons set forth above," Smith's claim construction arguments concerning "honeycomb pattern" (¶¶ 25-29) and "wheel" (¶ 65) should be excluded. Dkt. 92 at 10 n.1. This conclusory argument provides an insufficient basis for analyzing and ruling on the requested relief. Therefore, this request is not included in the Court's ruling granting the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

contentions." Dkt. 110 at 2. GYT argues that Dbest itself has cited the '634 Patent and understands "its significance to the '700 Patent." Id. at 5. GYT contends that it included the '634 Patent in its invalidity contentions by stating that it "also intends to rely upon prior art cited during the prosecution of the '700 Patent as invalidating references or to show the state of the art." Id. (citing Dkt. 96-4 at p. 5). Further, GYT argues that, even if the Court precludes Smith from relying on the '634 Patent as part of an obviousness combination, GYT should not be precluded from relying on it as foundational or to provide background on the state of the art. Id. at 6. GYT contends that it disclosed "base member" in its invalidity contentions because that term appears in Claim 3 and its invalidity contentions cite Claim 3 in its entirety. Id. at 7 (citing Dkt. 96-4 at p. 11).

2.   <u>Analysis</u>

The Northern District of California's Patent Local Rules, which apply in this case, require the parties "to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." <u>O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.</u>, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006). The rules "seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." <u>Id.</u> "District courts have 'wide discretion' in enforcing the patent local rules." <u>Slot Speaker Techs., Inc. v. Apple, Inc.</u>, Case No. 13-CV-01161-HSG-DMR, 2017 WL 235049, at *2 (quoting <u>Finjan, Inc. v. Proofpoint, Inc.</u>, Case No. 13-CV-05808-HSG, 2015 WL 9460295, at *1 (N.D. Cal. Dec. 23, 2015)).

Under the Patent Local Rules, a party asserting invalidity must serve "Invalidity Contentions" that include "***[t]he identity*** of each item of prior art that allegedly anticipates each asserted claim or renders it obvious," including prior art patents identified by number and country of origin. P.L.R. 3-3(a) (emphasis added). Additionally, that party must identify "[w]hether each item of prior art anticipates each asserted claim or renders it obvious;" if "obviousness is alleged," that party must provide "***an explanation*** of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness." P.L.R. 3-3(b) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |

| | |
|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

That party must also provide "***[a] chart*** identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function." P.L.R. 3-3(c) (emphasis added). Finally, that party must also provide "[a]ny grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims." P.L.R. 3-3(d).

"'Given the purpose behind [these] disclosure requirements, a party may not use an expert report to introduce new infringement theories [or] new invalidity theories . . . not disclosed in the [party's] infringement contentions or invalidity contentions.'" <u>Finjan, Inc. v. Sophos, Inc.</u>, No. 14-CV-01197-WHO, 2016 WL 2988834, at *5 (N.D. Cal. May 24, 2016) (quoting <u>Verinata Health, Inc. v. Sequenom, Inc.</u>, No. 12-cv-00865-SI, 2014 WL 4100638, at *3 (N.D. Cal. Aug. 20, 2014) (internal quotation marks omitted)). "The scope of contentions and expert reports are not, however, coextensive." <u>Golden Bridge Tech. Inc v. Apple, Inc.</u>, No. 12-cv-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014) (internal quotation marks omitted). "In patent litigation, expert reports are expected to provide more information than . . . contentions." <u>Digital Reg of Texas, LLC v. Adobe Sys. Inc.</u>, No. 12-cv-01971-KAW, 2014 WL 1653131, at *5 (N.D. Cal. Apr. 24, 2014). "Thus, '[t]he threshold question in deciding whether to strike an expert report is whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether.'" <u>Finjan</u>, 2016 WL 2988834 at *5 (quoting <u>Digital Reg of Texas</u>, 2014 WL 1653131 at *5).

GYT's assertions--that its final invalidity contentions included both (1) a reference to the '634 Patent and (2) a contention that "base member" is  invalid--are borderline frivolous. A blanket disclaimer that cited prior art may later be relied upon complies with neither the letter nor spirit of the Patent Local Rules. Further, citing the entirety of the claim in invalidity contentions does not provide a basis for later asserting that a specific portion is invalid for a specific reason. The Court finds that the Smith Opening Report violates Rule 37(c) and the Patent Local Rules by introducing new invalidity theories not disclosed in GYT's invalidity contentions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-4758 JVS (JDEx)                    Date   December 6, 2022

Title   Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

GYT does not present any arguments concerning why Rule 37(c)'s self-executing
exclusionary sanction should not apply. The Court sees no reason it should not. The
introduction of new obviousness combinations in Smith's report, which hinge upon an
undisclosed prior art reference, and GYT's disregard for its stipulation concerning
applying the plain and ordinary meaning of "base member," can be neither substantially
justified nor harmless. See Fed. R. Civ. P. 37(c)(1). Accordingly, the Court grants the
motion and strikes the challenged references from the Smith Opening Report. See Yeti by
Molly Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)). Smith may
not testify about these undisclosed theories.

For the reasons stated, the motion to strike certain of Smith's invalidity opinions
(Dkt. 93) is **GRANTED**.

C.   Motion to Exclude Smith Rebuttal Report

1.   Background

Dbest moves to exclude the Smith Rebuttal Report, which was filed two days after
the deadline to file rebuttal reports, in connection with GYT's opposition to Dbest's
motion for partial summary judgment. See Dkt. 118. Dbest argues the late report was
prejudicial because it deprives Dbest from having "any meaningful opportunity to review,
consider, and/or challenge any rebuttal expert opinions." Id. at 3. Dbest asks the Court to
exclude the report under Rule 37(c)(1). Further, Dbest argues that Rule 6 did not operate
to extend the deadline from Saturday, October 15, to Monday, October 17, 2022, because
that rule relates to "period[s] stated in days or a longer unit." Id. at 5. Even though the
rebuttal report was executed on October 14, Dbest argues that GYT waited strategically
to file it *after* Dbest had filed its motions for summary judgment, related Daubert motion,
and motion to strike. Id. at 6.

Dbest argues the late report was neither substantially justified nor harmless and it
should be stricken. Id. Dbest argues it cannot be harmless where Dbest was prejudiced by
the delay since it "had already filed its motions challenging GYT's expert opinions;" and
it "was preparing to file its motion for partial summary judgment on infringement
addressing only GYT's opening expert report." Id. at 7. Further, Dbest argues that,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

tellingly, "GYT relied solely on its rebuttal report in opposition to dbest's motion for partial summary judgment of infringement." Id. Finally, Dbest argues there is no excusable neglect or good cause because GYT never sought an extension from the Court, even after it had missed the deadline. Id. at 8.

GYT responds that, because Dbest filed its motion to strike on October 25, 2022, after the October 17, 2022 dispositive motion and Daubert motion cutoff, the motion was untimely. Dkt. 129 at 2. Indeed, GYT observes that the Court denied Dbest's ex parte application for leave to file the motion on an expedited hearing basis. Id. (citing Dkt. 120). GYT also confusingly argues that "[e]ven though [Dbest] did not receive [GYT's] rebuttal expert report [until the evening of October 17, 2022], [Dbest] had the time to file a timely motion to exclude on or before the [October 17, 2022] deadline." Id. at 2. GYT also argues that if Dbest believed it would be harmed by receiving the rebuttal report on Monday (two days after it was due on Saturday), Dbest could have reached out to opposing counsel in good faith. Id. at 3. Further, GYT contends that, because weekend deadlines are usually excluded to the next business day, that principle should apply here. Id. at 3-4. For example, since GYT served its invalidity contentions late when the deadline fell on a Saturday and Dbest had no issue, GYT argues the parties' course of conduct supports allowing the report. Id. at 4.

Even if the rebuttal report is considered late, GYT argues the delay was substantially justified or harmless because (1) there was no surprise to Dbest; (2) Dbest will not be prejudiced because there is no surprise to cure; (3) allowing the report will not disrupt the trial; (4) the report is important to GYT; and (5) GYT provided a reasonable explanation for the delay (e.g., Rule 6 and/or parties' course of conduct). Id. at 6.

2.    Analysis

Although appellate courts "review every discovery sanction for an abuse of discretion," those courts "give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly, 259 F.3d at 1106; see also Hoffman v. Constr. Prot. Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008) (affirming district court's order excluding undisclosed damages evidence).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

A review of the record surrounding GYT's untimely service of Smith's infringement and invalidity rebuttal report demonstrates that the report should be excluded under Rule 37(c)(1).

First, Dbest's motion to strike is timely filed. The Court agrees that it is akin to a motion in limine, for which the deadline has not passed. See, e.g., Harbut v. Monavie, Inc., No. ED CV 12-01983-TJH(DTBx), 2017 WL 11628149, *2-3 (C.D. Cal. Jul. 10, 2017) (granting motion in limine to exclude expert and strike reports). Even if the motion to strike could be considered a Daubert motion, which it is not, the Court would exercise its discretion to allow the motion. Dbest filed it shortly after the motion cutoff because, at the risk of stating the obvious, the motion could not have been filed until after Dbest received the untimely Smith rebuttal report. The Court finds GYT's arguments attempting to blame Dbest for this situation frivolous.

Second, Rule 6 did not operate to extend the deadline for rebuttal reports because the report were due on a date certain (i.e., October 15, 2022) not a period of days (e.g., 30 days after service of opening expert reports). See Fed. R. Civ. P. 6(a)(1)(C) ("the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday" when "the [time] period [for the deadline] is stated in days or a longer unit of time"); see also Ortiz v. Vortex Cellular, No. 2:19-CV-08184-MCS-PLA, 2021 WL 4642795, at *1 (C.D. Cal. Jan. 29, 2021) ("Rule 6(a) does not apply to the discovery cut-off date" where it was a date certain, i.e., January 18, 2021, even when that was a legal holiday).

Third, the parties' course of conduct cannot change the Scheduling Order or the applicability of Rule 6. This is especially true where Dbest expressly told GYT it did not agree to extend the October 15 rebuttal report deadline. See Dkt. 118-1, ¶¶ 15-16.

Fourth, GYT's untimely service of the report is neither substantially justified nor harmless. GYT does not explain why it waited to serve the report, signed on October 14, 2022, until the evening hours of October 17, 2022, *after* Dbest had filed its motions for summary judgment. Whether this was intentional gamesmanship or willful blindness, it should have been obvious to GYT that waiting until after Dbest filed its motions would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

deprive Dbest of an opportunity to challenge the rebuttal report on the same time table as the rest of the MSJ-related motions. Indeed, the Court had to continue all of the motions by two weeks so they could be heard together. Dkt. 128.

Considering the relevant factors, the Court concludes that striking the report under Rule 37(c)(1) is an appropriate and warranted sanction. *First*, belated service of the report created surprise because it prevented Dbest from having "a meaningful opportunity to review, consider, and/or challenge any rebuttal expert opinions" in connection with its motions for summary judgment and GYT's opposition thereto. Dkt. 118-1 at ¶ 16. *Second*, there is no ability to cure the surprise because Dbest had already filed its motions, and GYT based its oppositions on the surprise rebuttal report. *Third*, allowing the report would disrupt the current trial schedule because the Court would have to hold Dbest's summary judgment motions in abeyance, allow it to file a motion to exclude or strike the Smith Rebuttal Report on the merits (as opposed to a Rule 37(c)(1) motion), allow GYT to respond, allow Dbest to reply, allow time for the Court to consider the updated briefs, and continue the summary judgment hearing accordingly. This is not possible because pretrial materials are due December 12, 2022, and trial is set for January 31, 2023. *Fourth*, the evidence in the rebuttal report is important because it relates to infringement and invalidity and underpins GYT's opposition to Dbest's motions. *Fifth*, GYT's explanations for the delay are insufficient at best and frivolous at worst.

Accordingly, for all of these reasons, the Court exercises its discretion under Rule 37(c)(1) and strikes the Smith rebuttal report. The motion (Dkt. 118) is **GRANTED**.

D.    <u>GYT's Motion to Exclude Stevick and Farber</u>

1.    <u>Background</u>

GYT moves to exclude Dbest's infringement expert, Dr. Glen Stevick, and Dbest's damages expert, Dr. Matthew Farber. Dkt. 99 at 2. GYT argues that Stevick's testimony is unreliable because it is based on insufficient facts and does not comply with Rule 26(a). GYT argues that Farber's testimony is "inadmissible for being based on false presumptions." <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

Beginning with Stevick, GYT argues that he "merely studied the images of the Accused Products samples without visually examining or manually testing the Accused Products personally." Id. at 7. GYT contends this is improper because the many functions claimed in the '700 Patent "can be only be observed by using a physical sample." Id.; see also id. at 12 ("As the asserted patent is a utility patent, and the Accused Products have multiple functional structures, it is difficult to imagine Dr. Stevick's opinion can pass muster under F.R.E. Rule 702."). GYT avers that, if Stevick had examined the physical products rather than photographs, he would have found no infringement. Id. at 12-15. GYT also argues that Stevick's report falls short of Rule 26(a) because it does not provide "any discussion and analysis." Id.; see also id. at 16 ("Dr. Stevick's infringement testimonies are nothing more than a cut-and-paste of Asserted Claims and Defendant's final infringement contentions.").

Turning to Farber, who Dbest retained to analyze trademark damages, GYT argues that his "report was based on false presumptions that the sales of the Accused Products made through Walmart infringe the TROLLEY DOLLY trademark and all the sales found in the data produced by Walmart are found to be attributable to Plaintiff." Id. at 8. That is, "Dr. Farber stated in his testimony that 'I have been asked to assume that sales of the accused products made through Walmart infringe the TROLLEY DOLLYtrademark.'" Id. at 18. GYT argues that the evidence shows only thirteen Walmart sales involved TROLLEY DOLLY products, and none of those sales came from GYT. Id.

Dbest responds that all of GYT's critiques go to weight, not admissibility. Dkt. 112 at 2. As to Stevick, Dbest argues that his "analysis, opinions, and conclusions are reliable because they: (i) adhered to the Court's claim construction; (ii) [are] based on sufficient facts described above that show the Accused Products' design, operation, and assembly; and (iii) reliably applied the applicable legal principles by demonstrating where each limitation is met in his 58-page opening expert report and in roughly 35 pages in his rebuttal report." Id. at 9. Dbest argues that GYT provides no authority for the proposition that experts must review physical samples. Id. at 10. In any event, Dbest argues that GYT should be barred from making this argument because, during discovery, "GYT refused to produce a physical sample product and insisted that producing product images was sufficient." Id. at 11 (citing Samuel Decl. at ¶¶ 4, 8 & Ex. B at 10-11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

Addressing GYT's Rule 26(a) argument, Dbest responds that "[i]t is irrelevant that Dr. Stevick's analysis has certain portions of his report similar or verbatim to dbest's infringement contentions because they both necessarily address the same claims and the Accused Products." Id. at 16. Further, Stevick did much more than "copy and paste" the infringement contentions; Dbest argues Stevick "supported his opinions with a narrative as well as designations or labels on the product images to sufficiently show where each element in the claim is met by the Accused Product." Id. at 18. Dbest notes that, if GYT had any questions about the analysis, GYT could have deposed Stevick, but it chose not to. Id.

As to Farber, Dbest argues that he "is entitled to assume liability for purposes of his damages analysis" because "[c]ourts have routinely held that it is entirely appropriate for a damages expert to assume liability in order to model his or her damages analysis." Id. at 19. Further, Dbest notes that the Walmart sales data on which Farber relies is indisputably linked to GYT because the relevant Walmart webpages "were selling GYT's Accused Products under GYT's 'Winkeep' brand using identical GYT marketing materials." Id. at 20.

2.      Analysis

The Court concludes that GYT's motion to exclude Stevick and Farber should be denied in its entirety. Like many of the arguments GYT raised in connection with the motions addressed in this order, GYT's arguments are borderline frivolous.

First, it is well settled that experts may rely on photographs of products to conduct an infringement analysis. See Greatbatch Ltd. v. AVX Corporation, 2015 WL 9171042, *5 (D. Del. 2015) (denying accused infringer's motion to strike patentee's technical expert because he relied on photographs to prove infringement; that challenge goes to weight, not admissibility). At best this is an issue for cross-examination.

Second, GYT does not challenge Dbest's counsel's averment in a sworn declaration that "GYT's counsel refused to produce a physical sample product and insisted that sending product images was sufficient." Dkt. 114, ¶ 8. To the extent Dbest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|----------|-------------------------|------|------------------|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|-------|------------------------------------------------------------|

refused to provide samples, the Court rules it is estopped from arguing that lack of samples renders Dbest's analysis inadequate.

Third, to the extent GYT's motions raises any cognizable basis for concern, at the very most GYT's challenges concerning Stevick's infringement analysis and the sufficiency of his reports go to weight, not admissibility. See, e.g., Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc., 738 F.3d 960, 968-70 (9th Cir. 2013) (no abuse of discretion by admitting expert because challenges to the expert's assumptions and comparisons "all go to the weight of the testimony and its credibility, not its admissibility"). Perhaps the best example of this is GYT's argument that, if only Stevick would have conducted a proper analysis he would have found no infringement on several grounds. Setting aside the fact that this argument is untenable, GYT fails to explain why cross-examination is insufficient to address the alleged shortcomings.

As to Farber, the Court agrees with Dbest that damages experts are "entitled to assume liability in order to model the damages." Siqueiros v. General Motors LLC, No. 16-cv-07244-EMC, 2022 WL 74182, *10 (N.D. Cal. Jan. 7, 2022) (collecting cases on this point); see also Bladeroom Grp. Ltd. v. Facebook, Inc., No. 5:15-cv-01370-EJD, 2018 WL 1611835, *6 (N.D. Cal. Apr. 3, 2018) ("It is perfectly permissible for an expert to assume liability (of which causation is an element) and simply focus on the issue of damages.").[8] All of GYT's challenges to to weight, not admissibility, which is no basis for exclusion. See, e.g., Hangarter, 373 F.3d at 1017; Daubert, 509 U.S. at 596.

Accordingly, for the reasons stated, the motion to exclude Stevick and Farber is (Dkt. 99) **DENIED**.

---

[8]     If GYT still finds it advisable to cross-examine Farber regarding whether Walmart was selling GYT's products where those products were sold under GYT's Winkeep brand using identical GYT marketing materials, it is welcome to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-4758 JVS (JDEx)                    Date    December 6, 2022

Title    Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

E.    Dbest's Motion for Partial Summary Judgment Re Infringement

1.    Background

Dbest seeks partial summary judgment that the accused shopping carts infringe Claim 3 of the '700 Patent. See Dkt. 102. As relevant to the motion, Dbest invokes the Court's claim construction that, inter alia, "rejected GYT's proposed construction that would have added a limitation that the right and left elevated horizontal sections of the cart's base section are above another part of the cart." Id. at 3 (citing SUF, Dkt. 103, ¶ 18; Dkt. 58 at 10). Specifically, the Court found that the "intrinsic evidence showed that the 'elevated' horizontal sections[] need only be elevated above the ground, not necessarily above other parts of the invention." Dkt. 58 at 10.

In support of infringement, Dbest relies on the infringement report of Dr. Glen Stevick, Ph. D. Dkt. 102 at 4 (citing Dkt. 104-12, Ex. L (Stevick Infringement Report), Dkt. 104-13, Ex. M (Stevick Rebuttal Report)). Dbest argues that summary judgment of infringement is proper because there is no disputed issue of fact that the accused products include every limitation in Claim 3. See Dkt. 102 at 5-25 (discussing each claim element).

In opposition, GYT argues that Stevick relies improperly on photographs of the accused products rather than conducting his own tests. Dkt. 108 at 1.[9] Without support, GYT contends this violates Rule 11. Id. at 4. GYT also purports to rely on the Smith Rebuttal Report to argue that Smith is entitled to explain how a POSA would understand various claim limitations. See generally id. GYT also generally cross-references its own motion for summary judgment of non-infringement as a basis to oppose Dbest's motion. See generally id.

---

[9]       As stated, relying on photographs in an infringement analysis is not improper. See Greatbatch Ltd., 2015 WL 9171042 at *5. Further, as also stated, to the extent GYT refused to provide a physical sample during discovery, it cannot now challenge the use of photographs in lieu of a sample. See Dkt. 125-1, Samuel Reply Decl., ¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

2.      Analysis

Determining patent infringement is a two-step process. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998). "First, the court determines the scope and meaning of the patent claims asserted, and then the properly construed claims are compared to the allegedly infringing device." Id. (citations omitted). "Whether an accused device or method infringes a claim either literally or under the doctrine of equivalents is a question of fact." Schoell v. Regal Marine Indus., Inc., 247 F.3d 1202, 1207 (Fed. Cir. 2001).

Because the ultimate burden of proving infringement rests with the patentee, an accused infringer may establish that summary judgment of non-infringement is proper "either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." Novartis Corp. v. Ben Venue Labs., Inc., 271 F.3d 1043, 1046 (Fed. Cir. 2001). Similarly, "[a] literal infringement issue is properly decided upon summary judgment when no genuine issue of material fact exists, in particular, when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." Bai v. L&L Wings, Inc., 160 F.3d 1350, 1353 (Fed. Cir. 1998). If the moving party meets this initial requirement, the burden shifts to the party asserting infringement [or non-infringement] to set forth, by declaration or as otherwise permitted under Fed. R. Civ. P. 56, "specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248.

The Court completed step one of the infringement analysis through conducting Markman proceedings and issuing a Claim Construction Order. See generally Dkt. 58. The Court now addresses step two.

The Court has reviewed the evidence presented in support of infringement, and GYT's non-opposition as to certain elements, and concludes that the accused products meet the following uncontested elements of Claim 3:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACV 21-4758 JVS (JDEx) | Date    December 6, 2022 |

| | |
|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

- Element 3b: "a first lower handle section . . ." <u>See</u> Statement of Undisputed Facts ("SUF"), Dkt. 103, ¶ 22 (citing Stevick Infringement Report, Dkt. 104-12, Ex. L, ¶¶ 80-84); Statement of Genuine Issues ("SOGI"), Dkt. 108-1, ¶ 22 (undisputed that the accused products meet this element).
- Element 3c: "a second upper handle section . . ." <u>See</u> SUF ¶ 27 (citing Ex. L, ¶¶ 86-89); SOGI, ¶ 27 (undisputed that the accused products meet this element).
- Element 3f: "the upper handle section is rotatably connected to the lower handle section . . ." <u>See</u> SUF ¶ 54 (citing Ex. L, ¶¶ 103-106); SOGI, ¶ 54 (undisputed that the accused products meet this element).[10]

The Court has also reviewed the evidence presented in support of and in opposition to infringement regarding the following contested claim elements and finds there are no disputed issues of material fact concerning the presence of these elements.

- Element 3a: This element recites "a base section formed in a single piece of material including a bottom horizontal section having a left side and a right side, the bottom horizontal section respectively extending on the left side to a left arcuate section which extends to an elevated left horizontal section, and extending on the right side to a right arcuate section which extends to an elevated right horizontal section." '700 Patent, Claim 3.

Dbest argues that the accused products meet this limitation because, applying plain and ordinary meaning, the claimed base section is present. Dkt. 102 at 6-7 (citing Ex. L, ¶¶ 76-78; Ex. M, ¶¶ 34-41, 63-73). Dbest contends that GYT's non-infringement argument (that the accused products lack the claimed base section) does not create a

---

[10]      To the extent GYT makes attorney arguments that any of these elements are in fact contested, the Court declines to search the record for any bases on which GYT might have raised a dispute. As stated, GYT's Statement of Genuine Issues clearly marks these claim elements "undisputed" with respect to whether the accused products practice them, including claim element 3b. <u>See, e.g.</u>, <u>Medtronic Inc. v. Edwards Lifesciences, Corp.</u>, SA CV 12-00327-JVS (MLGx), 2013 WL 12113417, at *26 (C.D. Cal. Sept. 17, 2013) (attorney argument insufficient to raise triable issue of material fact at summary judgment stage).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

genuine issue of material fact because Smith relies on an incorrect claim construction, i.e., "in the identified base section, all of the sections are in the same plane." See Dkt. 104-9, Ex. I at p. 12 ("Indeed, the base section indicated in the infringement contentions (shown above) is formed in a single horizontal plane, and does not have a bottom horizontal section and left and right raised horizontal sections.").

The Court agrees with Dbest. This issue was discussed in detail in the context of the Smith Daubert motion and that discussion is incorporated here by this reference. In sum, the Court already considered and rejected GYT's proposed claim construction, concluding that "a component can be at the lowest point of something, but not be the 'lowermost' component [and] there may be other components at that level." Dkt. 58 at 8; see also SOGI, ¶¶ 18-19 (undisputed that the Court rejected proposed construction requiring two planes). Because the relevant Smith opinions found at p. 12 of his report have been excluded for applying improper claim construction, there is no evidence of record that creates a disputed issue of material fact as to the presence of claim element 3a.

- Element 3d: this element recites "a toe plate which has a honeycomb pattern with a multiplicity of openings separated by horizontal solid sections and vertical solid sections, the toe plate rests on and is affixed to the elevated horizontal sections of the base member so that the toe plate is elevated above the horizontal base member, the toe plate rotatably retained to the elevated horizontal sections of the base member…" '700 Patent, Claim 3.

Dbest argues that the accused products meet this limitation because, applying plain and ordinary meaning, the claimed toe plate is present. Dkt. 102 at 13-14 (citing Ex. L, ¶¶ 90-93; Ex. M, ¶¶ 42-45, 88-103). Dbest contends that GYT's non-infringement argument (that the accused products lack the claimed toe plate) does not create a genuine issue of material fact because Smith's opinion relies on an incorrect claim construction, i.e., there are no ***openings*** as claimed. See Dkt. 104-9, Ex. I at p. 14 ("There are no openings separated by horizontal solid sections and vertical solid sections.").

The Court agrees with Dbest. This issue was discussed in detail in the context of the Smith Daubert motion and that discussion is incorporated here by this reference. In sum, the Court already considered and rejected GYT's proposed claim construction that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | | Date | December 6, 2022 |
|---|---|---|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | | |

"openings" must mean "open space through which something can be passed." Dkt. 58 at
17; see also SOGI, ¶¶ 35-37 (undisputed that the Court rejected proposed construction for
openings). That the Court declined to construe "openings" does not leave an opening for
Smith to provide claim construction opinion, which is an issue reserved for the Court.
Rather, "openings" has its plain and ordinary meaning and is not limited in the way Smith
suggests. Because the relevant Smith opinion (found at p. 14 of his report) has been
excluded for applying improper claim construction, there is no evidence of record that
creates a disputed issue of material fact as to the presence of "openings" in claim element
3d.

To create a disputed issue of material fact via dueling expert opinions, Smith also
opines that the "toe plate" in the accused products "is not 'rotatably attached.'" Dkt. 104-
9, Ex. I at p. 14. Rather, he opines that "it is removably attached to (clips onto) the
folding linkage. It is not part of the linkage." Id.

This issue was discussed in detail in the context of the Smith Daubert motion and
that discussion is incorporated here by this reference. In sum, the Court already
considered and rejected GYT's proposed claim construction, explaining that "[t]he
specification illustrates that 'retain' does not necessarily mean 'attach' as there are
various ways that something can be 'retained' (e.g., in a bag)." Dkt. 58 at 21.
Accordingly, the "Court conclude[d] that [t]he plain and ordinary meaning of the word
'retain' is not limited to 'attachment'" and that "[r]etain is a common word that a person
skilled in the art would understand to have a different meaning than 'attach.'" Id.; see
also SOGI, ¶ 39 (Smith admits that the accused toe plate is "attached" to the "folding
linkage," i.e., the upper base member). Because this opinion has been excluded as
inconsistent with the Court's claim construction, there is no evidence of record that
creates a disputed issue of material fact as to the presence of "toe plate" in claim element
3d.

As discussed, Smith's non-infringement opinions for "base member" derive from
his improper claim construction requiring multiple planes, which have been excluded for
the reasons set forth in the Analysis section for the Smith Daubert Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

Accordingly, no disputed issues of material fact remain regarding claim element 3d.

- <u>Element 3e</u>: this element recites "a left bumper wheel including a rubber tire having a given diameter and an oppositely disposed right bumper wheel including a rubber tire having a diameter identical to the given diameter of the left bumper wheel with a rubber tire, a horizontal mounting bar retaining rotational affixation members to rotatably retain the toe plate, the horizontal mounting bar extending through aligned openings in the lower vertical left leg member and lower vertical right leg member, the horizontal mounting bar further rotatably supporting the left bumper wheel and the right bumper wheel in a manner where one-half of the given diameter of the left bumper wheel is aligned with the toe plate and one-half of the given diameter of the right bumper wheel is aligned with the toe plate." '700 Patent, Claim 3.

Dbest argues that the accused products meet this limitation because, applying plain and ordinary meaning, a POSA would understand that each "tri-star" or "stair climber" wheel in the accused product is a "bumper wheel" as claimed. Dkt. 102 at 17-18 (citing Ex. L, ¶¶ 95-99; Ex. M, ¶¶ 46-51, 117-150).



Dbest contends that GYT's four non-infringement arguments based on Smith's opinions do not create a genuine issue of material fact because Smith relies on incorrect claim construction or ignores record evidence. Dkt. 102 at 19-22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

First, Smith opines that Dbest "has not shown that the [accused] tires are rubber." See Dkt. 104-9, Ex. I at p. 16. This statement is conclusory and does not offer a non-infringement opinion. Moreover, Dbest has produced evidence from GYT's document production that states the wheels are made of "sturdy rubber." See Ex. M, ¶¶ 121-23; Ex. U at GYT000688, GYT000690, GYT000697. An accused infringer's "statements regarding the capabilities of its own product constitute[] substantial evidence of those capabilities." C R Bard Inc. v. AngioDynamics, Inc., 979 F.3d 1372, 1379 (Fed. Cir. 2020) ("[Plaintiff] was entitled to rely on [Defendant's] representations to its customers" that the accused product "was suitable for power injection at the flow rate and pressure required by the claims."). Accordingly, without submitting contrary evidence, Smith's conclusory statement cannot create a disputed issue of material fact.

Second, Smith opines that the "rotational affixation members" in the accused products "do not rotatably retain the toe plate" because they "do not even connect to the toe plate." Dkt. 104-9, Ex. I at p. 16. As discussed above regarding element 3d, and in the ruling on the Smith Daubert Motion, because this opinion is based on the rejected claim construction that "retain" means "attach," the opinion is not admissible and cannot create a disputed issue of material fact as to this element.

Third, Smith opines that the horizontal mounting bar in the accused products does not "rotatably support" the bumper wheels because it supports a tristar arrangement of wheels. Ex. I at 16. Assuming that the tristar or stair climbing wheel is not a wheel, Smith concludes that the horizontal mounting bar cannot rotatably support a left and right bumper wheels such that they stay aligned with the back of the toe plate. Id. at 17. This issue arose in the context of the Smith Daubert Motion where the Court reiterated that plain and ordinary meaning applies to "rotatably support," and Smith may not provide the construction that it means the horizontal mounting bar "acts as the axle to support the wheel and allow the wheel to rotate around it." Id. at 8.

Fourth, Smith opines that the tristar wheel assembly in the accused product is not a wheel with "a given diameter" as claimed. Id. at 16 ("Although each wheel of the tri-star wheel assembly has a diameter, Tri-star wheel assemblies as a whole are generally triangular in nature and do not have a 'diameter,' as diameter is a measurement typically

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |

| | |
|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

reserved for circles."); <u>see also</u> SOGI, ¶ 50 (the center of the left/right bumper wheel is not aligned with the back of the toe plate).[11]

This opinion cannot create a genuine dispute of material fact regrading a bumper wheel with a given diameter for two reasons.

First, although Smith opines that a tristar wheel cannot have a diameter, he provides no support for this conclusory opinion, and it is contrary to the prior art on which he relies to note that tristar wheels have been around since at least 1967. <u>See</u> Dkt. 104-9 at p. 16 (citing https://en.wikipedia.org/wiki/Tri-star_(wheel_arrangement) ("The tri-star is a novel wheel design.") (citing U.S. Patent No. 3,348,518)).

As shown below, the '518 Patent, issued in 1967, shows a tristar wheel design with a diameter **3** encircling the major wheel.



This supports Stevick's opinion that "the Accused Products include a left bumper wheel (34) with a tire having a given diameter and an oppositely disposed right bumper

---

[11]     GYT does contest that its single-wheel (i.e., non-tristar) products meet this limitation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

wheel (35) having a diameter identical to the given diameter of the left bumper wheel
(34)." Dkt. 104-12, ¶ 96. In Stevick's opinion, "a POSA would
understand that each stair climber wheel (34, 35) is a bumper wheel because the assembly
is designed to include tri-wheels that bump into objects, such as the stairs or curbs." Id.
Further, "[e]ach of the triwheels (34A, 35A) may also be considered individually as a
bumper wheel." Id.



Second, as shown above, "the Accused Products include a horizontal mounting bar
(36) and extending through aligned openings in the lower vertical left leg member (11)
and lower vertical right leg member (12). The horizontal mounting bar (36) further
rotatably supporting the left bumper wheel (34, 34A) and the right bumper wheel (35,
35A) *so that the center of each of the left bumper wheel and the right bumper wheel is
aligned with the back of the toe plate* (30, 32)." Id. ¶ 97 (emphasis added).

This undermines the conclusory assertion presented with no supporting evidence
that the accused products do not have the center of each bumper wheel aligned with the
back of the toe plate. See SOGI, ¶ 50. Presumably GYT relies on Smith for this
conclusory opinion, but as stated, Smith's report provides only a conclusory opinion with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |

| | |
|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

no explanation of why a POSA would deem a tristar wheel not a wheel, or why this configuration does not meet the toe-plate-alignment requirement.

Although the Court is required to view the evidence in the light most favorable to GYT, to create a genuine issue of material fact, GYT must present admissible evidence through Smith (or otherwise) to dispute the evidence Dbest has introduced through Stevick. Because Smith offers only conclusory assertions, this is insufficient to defeat summary judgment on this point. See Sitrick v. Dreamworks, LLC, 516 F.3d 993, 1001 (Fed. Cir. 2008) ("Conclusory expert assertions cannot raise triable issues of material fact on summary judgment."); see also Parallel Networks, LLC v. Abercrombie & Fitch Co., 704 F.3d 958, 970 (Fed. Cir. 2013)(ipse dixit testimony from [Plaintiff's] expert was insufficient to preclude summary judgment).

Finally, to the extent GYT argues that a tristar wheel cannot meet this claim limitation because there are three minor wheels as part of the arrangement, the Court has already rejected the argument that adding more wheels defeats infringement. Specifically, the Court explained that "even if the inventor only envisioned the use of two wheels, the claim may leave open the possibility of using more." Dkt. 58 at 23 (cf. Innogenetics, N.V. v. Abbott Lab'ys, 512 F.3d 1363, 1371–72 (Fed. Cir. 2008) ("[Federal Circuit] case law allows for after-arising technology to be captured within the literal scope of valid claims that are drafted broadly enough.")).

- Element 3g: this element recites "the toe plate rests on the elevated left and right horizontal sections of the base member when the cart is in the erect condition." '700 Patent, Claim 3.

Dbest argues that the accused products meet this limitation because, applying plain and ordinary meaning, the accused products have a toe plate resting on the base member as claimed. Dkt. 102 at 24-25 (citing Ex. L, ¶¶ 107-110). The Court agrees.

Smith opines that this limitation is not met because " the base section does not have elevated left and right horizontal sections, and the toe plate cannot rest on an element that does not exist." Dkt. 104-9, Ex. I at p. 18. This argument derives from Smith's incorrect claim construction of "base element" as requiring two planes, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

has already been rejected and excluded as described. Accordingly, this opinion cannot create a disputed issue of material fact as to claim element 3g.

Accordingly, because Dbest has demonstrated infringement of Claim 3 as a matter of law, and GYT has not submitted any admissible or contrary evidence that would allow a reasonable juror to find non-infringement, the Court **GRANTS** the motion (Dkt. 102).

F.    Dbest's Motion for Partial Summary Judgment Re Invalidity Defenses

1.    Background

Dbest moves for partial summary judgment on GYT's anticipation, obviousness, written description, enablement, and indefiniteness defenses. See generally Dkt. 94. Dbest argues that GYT's invalidity contentions and expert report are insufficient to create a disputed issue of material fact on these purported defenses.

Dbest argues that GYT has refused to withdraw its anticipation defense even though its expert report and invalidity contentions do not develop this defense. Id. at 1. Dbest also argues that, regarding obviousness, GYT's expert, David Smith, improperly relies on undisclosed prior art references. Id. Further, Dbest argues the obviousness defenses fail on the merits because Smith's opinions rely on unauthenticated references, do not identify a number of claim elements, and do not discuss motivation to combine. Id. at 1-2. Turning to written description, Dbest argues that GYT's expert improperly compares the specification to the accused products, not the claim language as required. Id. at 2. Regarding indefiniteness and enablement, Dbest argues that Smith conflates the two and relies on rejected claim construction arguments. Id. Thus, Dbest concludes that GYT cannot establish any of its invalidity defenses by clear and convincing evidence.

GYT responds that the prior art references are admissible because they are "publicly accessed records." Dkt. 109 at 2. Further, viewing the evidence in the light most favorable to GYT, GYT argues that the Court must accept January 28, 2005 as the publication date for the EMD487 printed publication. Id. at 2-3. GYT again argues that the '634 Patent does not disclose a new invalidity theory because the '700 Patent cites it. Id. at 3. GYT cites its broad disclaimer that it intends to rely on prior art cited in the '700

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

Patent to show the state of the art. Id. at 4. GYT also argues that the Smith Opening Report identifies where in the cited prior art each claimed element is found. Id. at 4-5. GYT does not respond to Dbest's argument that Smith failed to combine all four of the references on which he relies to find obviousness. Id. at 6-7. GYT reiterates its argument that the '700 Patent does not provide written description for multiple wheels on each side of the cart, and that "the base member cannot exist on a single plane." Id. at 8-10.

 2. <u>Analysis</u>

 Because GYT has failed to raise admissible evidence on a which a reasonable juror could find for GYT on its invalidity defenses by clear and convincing evidence, the Court will grant Dbest's motion.

 A patent is presumed valid, and must be proved invalid by clear and convincing evidence. <u>See</u> <u>Microsoft Corp. v. i4i Ltd. Partnership</u>, 546 U.S. 91, 95 (2011). A "moving party seeking to have a patent held not invalid at summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." <u>Eli Lilly & Co. v. Barr Labs., Inc.</u>, 251 F.3d 955, 962 (Fed. Cir. 2001). In determining whether a genuine issue of material fact exists, the court views the evidence in the light most favorable to the nonmoving party and resolves all doubts in its favor. <u>Anderson</u>, 477 U.S. at 255.

 <u>Anticipation</u>. "A patent is invalid for anticipation if a single prior art reference discloses each and every limitation of the claimed invention." <u>Schering Corp. v. Geneva Pharms., Inc.</u>, 339 F.3d 1373, 1377 (Fed. Cir. 2003).

 A review of GYT's invalidity contentions and the Smith Opening Report demonstrates that no opinion has been provided that a single reference discloses all claim limitations of any claim of the '700 Patent. Therefore, Dbest is entitled to summary judgment on GYT's unsupported anticipation defense.

 <u>Obviousness</u>. A patent is invalid for obviousness only "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |
|---|---|

as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). "[A] patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398, 418 (2007). The party asserting obviousness must identify some motivation for one of ordinary skill would have had to combine the prior art references to achieve the claimed invention. Innogenetics, N.V. v. Abbott Labs., 512 F.3d 1363, 1373 (Fed. Cir. 2008). Whether a patent is invalid as obvious is a question of law based on underlying facts. TriMed, Inc. v. Stryker Corp., 608 F.3d 1333, 1341 (Fed. Cir. 2010) (citations omitted).

GYT does not dispute that it failed to provide any evidence or testimony to authenticate its prior art references CN272, EMD487, and CN038, but it appears to argue they are self-authenticating. EMD 487 (Dkt. 104-17) is an alleged printed publication that was not disclosed during discovery. As relevant here, the Federal Circuit has held that "[a] given reference is 'publicly accessible' upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." Bruckelmyer v. Ground Heaters, Inc., 445 F.3d 1374, 1378 (Fed. Cir. 2006). Smith states that the priority date for EMD 487 is "01/2005," but he provides no information concerning the availability of this website to a POSA as of that date.

Although GYT has not presented admissible copies of these prior art references, and has likely not addressed availability to a sufficient degree, the Court is inclined to view the authentication issue as a matter of weight, not admissibility. If this case were to go to trial, the Court assumes that GYT could prepare properly authenticated copies. The Court need not decide this issue, however, because the larger issue the Court sees is GYT's failure to disclose this information as required during discovery. Namely, under the applicable Patent Local Rules, GYT may not rely on new theories of invalidity that were not disclosed in its invalidity contentions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-4758 JVS (JDEx)                    Date    December 6, 2022

Title        Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

As explained in the context of the Motion to Strike Smith (Dkt. 93), Smith may not
rely belatedly on undisclosed prior art (u.e.g., the '634 Patent[12]), and undisclosed theories
regarding motivation to combine. Although GYT contends it disclosed theories relating
to motivation to combine, Dkt. 109-1, SOGI, ¶ 40, its invalidity contentions show
otherwise. See Dkt. 104-2 at 9:6-9 ("GYT further believes that no showing of a specific
motivation to combine prior art is required to combine the references disclosed in the
accompanying Appendices, as each combination of art would have no unexpected results,
and at most would simply represent a known alternative to a person of ordinary skill in
the art."). Disclosing this information for the first time in the Smith Opening Report was
too late.[13] Accordingly, the Court grants summary judgment on this ground.

Written Description. "To fulfill the written description requirement, the patent
specification mustdescribe an invention in sufficient detail that one skilled in the art can
clearly conclude that the inventor invented what is claimed." Cordis Corp. v. Medtronic
AVE, Inc., 339 F.3d 1352, 1365 (Fed. Cir. 2003). For purposes of this requirement, the
issue is not whether a specification provides an adequate description of an accused
product, but whether the specification provides an adequate description of the claimed
invention. Mova, B.V. v. Diamond Automation, Inc., 325 F.3d 1306, 1321 (Fed. Cir.
2003).

---

[12]      As stated, a blanket disclaimer that prior art may be used to show the state of the art is
insufficient to allow the '634 Patent to be used as a primary obviousness reference in various newly
disclosed combinations.

[13]      Because the untimely invalidity opinions are excluded, the Court does not reach the
merits of the defense. A quick review, however, suggests that if Smith's new theories were admitted,
there would be disputed issues of material fact as to the presence of certain claim elements. Compare
Dkt. 94 at 14-15 (asserting no "protective sheath" and "toe plate with a honeycomb pattern" in prior art
references) with Dkt. 104-9, Smith Opening Report, at p. 28 (asserting "a protective cover surrounding a
portion of the horizontal section as circled in red above" for "[b]oth [of] the prior art patents [CN272
and USD326]") and id. at 30 ("The '634 Patent discloses a toe plate with a honeycomb pattern.").
Nevertheless, it appears Smith did not opine on a motivation to combine more than two references at a
time without addressing why a POSA would combine all four needed references, or whether the POSA
would have a reasonable expectation of success. See id. at 28-32. These incomplete and conclusory
opinions cannot create a disputed issue of material fact. See Sitrick, 516 F.3d at 1001. This suggests no
reasonable juror could find obviousness on this record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |

| | |
|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

The Court agrees with Dbest that Smith improperly considered whether the '700 Patent has written description for the accused products, rather than the claimed invention. See Dkt. 104-9 at 24, ¶ 65 ("There is no written description for multiple wheels on each side of the cart. There is certainly no written description for a tri-star wheel arrangement on either or both sides of the cart. Therefore, it follows that any construction of 'wheel' that encompasses the tri-star multi-wheel arrangement would be invalid for lack of written description."). This is not the proper test for written description. See Medtronic, 2013 WL 12113417 at *2.

Smith's theory also fails as a matter of law because it fails to take into account the Court's construction concerning "wheel," which explained that, "even if the inventor only envisioned the use of two wheels, the claim may leave open the possibility of using more." Dkt. 58 at 23. No reasonable juror could find that the patent lacks written description for the claimed "left bumper wheel … and an oppositely disposed right bumper wheel." See, e.g., '700 Patent at Figs. 1, 2, 3, 5, 6, 7, 9, 10, 11, and 12; see also Dkt. 104-9 at 24, ¶ 64 (Smith admitting that "[t]he disclosure of the '700 patent discloses a single wheel, on each side of the cart.").

Enablement. To satisfy the enablement requirement, the patent must "teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" Koito Mfg. Co., v. Turn-Key-Tech, LLC, 381 F.3d 1142, 1155 (Fed. Cir. 2004) (citation omitted). Enablement is a question of law based on underlying factual inquiries. In re Wands, 858 F.2d 735, 736-37 (Fed. Cir. 1988).

Smith's enablement theory, that if "any of the Asserted Claims [are] construed such that the base member can exist on a single plane," then the invention "would not be enabled as the limitation requires sections of the base member to be on two different levels of horizontal planes," is not admissible because it applies improper claim construction. Dkt. 104-9 at 42, ¶ 78. This presents the same issue as the Motion to Exclude Smith regarding Smith's two-plane theory for "base member" and it is excluded for the same reasons given above. Accordingly, because GYT has presented no evidence to support its enablement theory, and because it's opposition relies on nothing more than unsupported attorney argument, it fails as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-4758 JVS (JDEx)                    Date   December 6, 2022

Title   Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

Indefiniteness. A patent must "particularly point out and distinctly claim the
invention." 35 U.S.C. § 112(b). A patent may be invalid based on indefiniteness if an
accused infringer can show, by clear and convincing evidence, that the claims "fail to
inform, with reasonable certainty, those skilled in the art about the scope of the
invention." Nautilus, Inc. v. Biosig Instruments, Inc., 572 U.S. 898, 901 (2014).

GYT's indefiniteness theory fails for the same reason as its enablement theory.
Smith opines that, "[t]o the extent that the base member is construed to exist on a single
plane, the claim would be invalid as indefinite because the claims necessarily require
sections of the base member to be on two different planes." Dkt. 104-9 at 23-24, ¶¶ 63-
64. Because GYT has presented no evidence realting to whether the claims fail to inform
a POSA with reasonable certainty about the scope of the invention, this defense fails as a
matter of law. Further, this new opinion has been excluded in connection with the Motion
to Strike Smith under Rule 37(c).

Accordingly, for the reasons stated, the Court **GRANTS** the motion (Dkt. 94).

G.   GYT's Motion for Summary Judgment

The Court's rulings above concerning infringement and invalidity foreclose GYT's
positions in its own motion for summary judgment, but the Court considers each claim
briefly to demonstrate that the motion should be denied. The Court also considers GYT's
claims regarding the trademark-related counterclaims.

1.   Background

GYT seeks summary judgment of non-infringement and invalidity of the '700
Patent, as well as summary judgment against Dbest on all of Dbest's counterclaims (i.e.,
non-infringement of the TROLLEY DOLLY Trademark, Federal Trademark
Infringement, Unfair Competition and False Designation of Origin, and Common Law
Trademark Infringement and Passing Off). See Dkt. 107.[14]

---

[14]   GYT's corrected memorandum of points and authorities appears to have a number of
formatting issues, with variable white space and mixed lettering throughout the headers and other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 21-4758 JVS (JDEx)                          Date     December 6, 2022

Title     Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

GYT argues that summary judgment of non-infringement is warranted because the accused products lack the claimed base section, rotatably retained to plate with a honeycomb pattern, horizontal mounting bar, and elevated left and right horizontal sections; plus, they have a "tri-star" arrangement of wheels. See generally id. In support of this argument, GYT recycles the arguments it made in the Motion to Exclude Stevick: Stevick's analysis is too conclusory because it copied and pasted the infringement contentions, and if he had conducted a proper analysis of the physical samples, he would have rightfully seen that the accused products do not infringe. Id. at 4-12.

GYT argues that summary judgment of invalidity is warranted because the '700 Patent lacks written description, is not enabled, and is anticipated and obvious. See id. at 12-23. Specifically, GYT contends that "[t]here is no written description for multiple wheels on each side of the cart," and "certainly no written description for a tri-star wheel arrangement on either or both sides of the cart;" so "any construction of 'wheel' that encompasses the tri-star multi-wheel arrangement would be invalid for lack of written description." Id. at 14. GYT also contends that, "[t]o the extent that the base member is construed to exist on a single plane, the claim would be invalid as lack of enablement because the claims necessarily require sections of the base member to be on two different horizontal planes." Id. at 15. GYT also argues that, with a priority date of October 26, 2014, a list of "third-party patents and patent applications cited in this motion as below are prior art under §§ 102(e) and 119(e)(1) as patent publications with effective filing dates before the priority date of the '700 Patent." Id. at 17 (listing five prior art references); see also id. at 17-22 (obviousness arguments).

GYT also argues that summary judgment of trademark non-infringement is warranted. Id. at 23-24. Specifically, GYT argues that Dbest "failed to prove that Plaintiff has ever used its TROLLEY DOLLY trademark," and the screen shots from Walmart's website provided by Dbest are insufficient. Id. GYT argues that Dbest's other trademark-related claims fail for the same reasons. Id. at 25.

Dbest responds that GYT's motion fails where it is based on unsupported attorney argument and rejected claim construction positions. See generally Dkt. 115. Regarding

places. The Court has reviewed the visible text.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |

| | |
|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

invalidity, Dbest also argues that GYT failed to meet and confer under Local Rule 7-3 as required, and GYT relies on inadmissible evidence of purported prior art that has not been authenticated. Id. at 14-17 (summarizing proposed obviousness combinations of 4-5 references). Regarding the trademark claims, Dbest argues that disputed issues of material fact preclude summary judgment. Id. at 21-24.

    2.    <u>Analysis</u>

    As an overarching matter, the Court observes that GYT's moving and reply papers fail to recognize the mechanics of summary judgment. <u>See, e.g.</u>, Dkt. 107 at 2 ("Defendant failed to prove that the accused products infringe its '700 Patent."); Dkt. 123 at 4 ("Plaintiff's motion for summary judgment of non-infringement should be granted because Defendant failed to prove the infringement.). Whether Dbest can conclusively prove its claims at the summary judgment stage is irrelevant to whether GYT has proven *its* claims at this stage *as a matter of law*. The only question before the Court on this motion is whether GYT has demonstrated that no disputed issues of material fact remain concerning non-infringement, invalidity, and trademark-related non-infringement.

    <u>Non-Infringement</u>. *First*, as stated in the ruling on GYT's Motion to Exclude Stevick and Farber, at the very most, GYT's non-infringement critiques go to the weight of Stevick's analysis. That GYT disagrees with Stevick provides no basis to grant summary judgment of non-infringement. Accordingly, the motion is denied on this ground. *Second*, to the extent GYT's non-infringement positions rely on claim constructions already rejected by the Court or inconsistent with the Court's constructions, the motion is denied on that additional ground. *Third*, to the extent GYT's non-infringement positions rely on attorney argument only without citing any evidence, the motion is denied on that ground as well.

    <u>Invalidity</u>. *First*, GYT makes no arguments in support of its purported anticipation theory, so summary judgment is improper on that ground. *Second*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |

| | |
|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

GYT's obviousness theories are untimely because they were not disclosed in GYT's invalidity contentions.[15] *Third*, to the extent GYT's invalidity positions rely on attorney argument only without citing any evidence, the motion is denied on that ground as well. *Fourth*, the motion is also properly denied based on GYT's Local Rule 7-3 meet and confer violation. GYT provided no sworn statement suggesting that Dbest's recitation of the facts concerning the lack of meet and confer on this issue was inaccurate. Had GYT properly met and conferred, that process could have saved the parties and Court substantial resources.

*Fifth*, the motion also fails on its merits. As Dbest observes, at a minimum, GYT's purported obviousness combinations do not disclose "a protective sheath" or a "toe plate" with a honeycomb pattern. See Dkt. 113-3, Stevick Decl., Ex. C at ¶¶ 5 & 165-70, 179-84, 195-205. GYT also presents no evidence concerning motivation to combine. Accordingly, the Court cannot grant summary judgment to GYT on its obviousness defense.

Written Description. GYT's written description argument fails because it presents no evidence that, as a matter of law, the specification does not provide an adequate description to a POSA of the claimed "left bumper wheel . . . and an oppositely disposed right bumper wheel." See Medtronic, 2013 WL 12113417 at *16-17. Further, GYT has already admitted that the specification discloses a "right bumper wheel." Dkt. 107-1 at 14. The Court already has addressed the fact that adding additional wheels has no bearing on whether the claimed wheel is present.

Enablement. GYT's unsupported enablement argument fails to establish invalidity by clear and convincing evidence where it relies on GYT's rejected claim construction argument regarding the elevated horizontal sections. See Dkt. 58 at 7-8 (rejecting GYT's two-plane argument as a basis to replace "bottom" with "lowermost," and ruling that "a

---

[15]     Based on this ruling, the Court need not decide Dbest's related evidentiary objections because they are now **MOOT** (Dkt. 116). Although prior art is often something that "would be admissible," GYT does not explain how, at this later hour, after the close of expert discovery, it would be able to admit the materials at trial. The Court need not resolve that issue for the purposes of resolving this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-4758 JVS (JDEx) | Date | December 6, 2022 |

| | |
|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. |

component can be at the lowest point of something, but not be the 'lowermost' component [and] there may be other components at that level"). Dbest has also presented evidence concerning a POSA's understanding. See, e.g., Stevick Decl., Ex. C, ¶ 242 (a POSA would understand the base section because the components appear on the same plane in the prior art). This precludes summary judgment in favor of GYT on enablement.

Trademark Non-Infringement."To prevail on its trademark infringement claim, [Dbest] must show that: (1) it has a valid, protectable trademark, and (2) that [GYT's] use of the mark is likely to cause confusion." Applied Info. Sciences Corp. v. eBAY, Inc., 511 F.3d 966, 969 (9th Cir. 2007). Trademark infringement under the Lanham Act requires "use" of a valid trademark "in connection with the sale, offering for sale, distribution, or advertising of any goods or services." 15 U.S.C. § 1114(1).

The fact that GYT denies using Dbest's mark does not conclusively establish that Dbest cannot prove its trademark-related claims as a matter of law. This question presents a classic factual dispute. Dbest has presented evidence concerning GYT's alleged use of the TROLLEY DOLLY trademark on Amazon. See Dkt. 57 (FACC), ¶ 19 (Dbest notified GYT about the infringement and GYT apologized). Dbest has also presenting evidence concerning alleged similar listings that appeared on Walmart's website under GYT's "Winkeep" brand. See, e.g., Dkts. 114-18 and 114-19, Samuel Decl., Exs. R & S. This is sufficient to raise a disputed issue of material fact concerning trademark infringement. Dbest's other trademark-related claims rise and fall on the same evidence. Accordingly, the motion is denied on this ground.

Accordingly, for the reasons stated, GYT's motion for summary judgment of non-infringement and invalidity (Dkts. 96 and 107) is **DENIED**. Dbest's evidentiary objections (Dkt. 116) are **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-4758 JVS (JDEx)                    Date   December 6, 2022

Title   Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

***

Having considered and ruled on the pending motions, the Court reiterates the admonition it gave at the Markman hearing:

> I think you folks ought to have some discussions about this case. I think the fact that the Court adopted very few of [GYT's] proposed constructions [suggests] you ought to take to heart and take a serious look at this.

Dkt. 86 at 4:10-14.

To that admonition, the Court now adds a further admonition to GYT: the Court struggles to recall a time it was presented with so many borderline frivolous arguments, especially in the summary judgment/Daubert context. The Court also struggles to recall a time where the briefing on such motions was so lacking in several respects, as it was with GYT's briefs here. The Court directs GYT to seriously consider the contents of any future filings before the Court, including considering whether GYT has a good faith basis (factual and legal) for making the assertions contained therein. Documents that continue to follow the pattern of those presented here will be summarily rejected and further violations may be sanctionable.

**IV. CONCLUSION**

For the foregoing reasons, the Court rules on the motions as stated in the summary table beginning on the first page of this order.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb |  |