# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANGZHOU YUCHENG TRADING CO., LTD., | Case No. 21-cv-04758-JVS-JDE |
| Plaintiff/Counterclaim Defendant, | **[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** |
| v. | |
| DBEST PRODUCTS, INC., | JUDGE:  JAMES V. SELNA |
| Defendant/Counterclaim Plaintiff. | HEARING DATE: January 17, 2023 |
| | TIME:  8:30 a.m. |
| | COURTROOM:  10C |

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1.     The parties are (a) Guangzhou Yucheng Trading Co., Ltd. ("Plaintiff" or "GYT"); and (b) dbest products, Inc. ("Defendant" or "dbest").

Each of the parties has been served and has appeared.

The pleadings which raise the issues are: (a) Complaint (ECF No. 1); (b) Defendant's Answer to Complaint (ECF No.27); (c) Defendant's First Amended Counterclaim (ECF No. 57); and (d) Plaintiff's Answer to Defendant's Amended Counterclaim (ECF Nos. 61, 84).

2.     Federal jurisdiction and venue are invoked upon the grounds:

<u>Subject matter jurisdiction</u>: This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) for the claims and counterclaims arising under the patent and trademark laws of the United States. Plaintiff and Defendant admit there is federal jurisdiction.

<u>Personal jurisdiction</u>: This Court has personal jurisdiction over: (i) Plaintiff because it filed this action for declaratory judgment, and has thus, submitted to this Court's personal jurisdiction; and (ii) Defendant because it is incorporated in California, has a principal place of business in California, and maintains substantial and continuous business operations in California. The Plaintiff and Defendant also admit that the Court has personal jurisdiction over both parties in this case.

<u>Venue</u>: Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) and 1400(b) as Plaintiff and Defendant are subject to the personal jurisdiction of the Court. Venue is also proper because a substantial part of the events giving rise to the claim occurred in this District, including patent infringement has occurred in this District. Plaintiff and Defendant also admit that the court has venue in this action.

3.      The trial is estimated to take two (2) to three (3) trial days.

4.      The trial is to be a jury trial. At least seven (7) days prior to the trial date the parties shall file and serve by e-mail: (a) proposed jury instructions as

required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

     5.    The following facts are admitted and require no proof:

        a.  GYT is a company organized and existing under the laws of China;

        b.  GYT is an Amazon seller;

        c.  GYT maintains the "Winkeep" storefront with Amazon;

        d.  GYT sells a variety of products through its Amazon storefront, including utility carts, storage carts, and shopping carts;

        e.  The infringing products ("Infringing Products") are depicted below and include Plaintiff's products listed on Amazon Standard Identification Number ("ASIN") B07T63S2WP, B07B4XSW9L, B08CX9VXPT and B08JYB8MB4:

 





f.  dbest is a California corporation;

g.  dbest distributes and sells utility carts and similar products, including through Amazon;

h.  dbest is the owner of U.S. Patent No. 9,233,700 ("the '700 Patent"). The '700 Patent is entitled "Portable Cart with Removable Shopping Bag" and issued on January 12, 2016;

i.  Independent claim 3 of the '700 Patent is valid and infringed by the Infringing Products;

j.  GYT first learned of the '700 Patent around November 14, 2019, after GYT received a notice from Amazon stating that certain products were accused of infringement of the '700 Patent.

k.  dbest is the owner of the word mark TROLLEY DOLLY®, U.S. Trademark Reg. No. 5,348,107, filed on July 6, 2017, and registered on November 28, 2017, and U.S. Trademark Reg. No. 6,248,551, filed on November 25, 2019, and registered on January 19, 2021;

l.  On or about March 16, 2022, dbest served a subpoena to Walmart Inc. ("Walmart") requesting it to produce all documents sufficient to show sales associated with the Infringing Products sold by shenzhenshiyuntaidianzishangwuyouxiangongsi, guangzhouyuchengmaoyiyouxiangongsi, fengjiexianfukuishangmaoyouxianzerengongsi, guangzhousimidamaoyiyouxiangongsi, ROYI, WINIBEST, WILBEST, LENBEST, BOVN, FLYFUN, TEEHON, WALM-EWAVINC, POPOLIC, and TOMSER.

m. On or about August 10, 2022, dbest served GYT with Walmart's production, which was Bates Stamped by Walmart as 2022004676C000001-64 and the parties stipulate to the authentication and admissibility of such records for all purposes.

6.    The following facts, through stipulated, shall be without prejudice to any evidentiary objection: None.

7.    <u>Plaintiff</u>

    a. GYT plans to pursue the following affirmative defense to dbest's counterclaim for patent infringement against dbest: Limitation on Damages.[1]

    b. In brief, the key evidence GYT replies on to support its defenses to dbest's claims for willful infringement and damages:

- The '700 Patent;

- Documents related to the Accused Products;

- Sales records of the Infringing Products;

- Documents related to GYT's knowledge of the '700 Patent and subsequent conduct;

- Deposition testimony of GYT's 30(b)(6) witness, Alley Ye.

- Letter to dbest's counsel on May 10, 2021.

---

[1] To streamline the case for trial, and in view of the Court's finding of direct infringement of claim 3 of the '700 Patent (Dkt. 133) and the limited claims that dbest intends to pursue for trial, GYT has elected not to pursue its declaratory judgment claim of patent noninfringement and invalidity with respect to dependent claims 4-7 and 10-11. Further, GYT has decided to abandon its affirmative defense of patent misuse. In addition, because dbest is abandoning its trademark-related counterclaims Counts 2-4, GYT's affirmative defenses to those claims are now moot.

<u>Defendant</u>

a. In its Order Regarding Motions for Summary Judgment and Related Motions, the Court found that: (i) the Infringing Products infringe independent claim 3 of the '700 Patent; and (ii) the '700 Patent is not invalid based on GYT's 35 U.S.C. §§ 102, 103 and 112 defenses. *See* Dkt. 133.

b. To streamline the case for trial, dbest only plans to pursue patent damages for Counterclaim 1 (patent infringement), including those associated with willful infringement of the '700 Patent.[2]

c. The elements required to establish dbest's claims are:

- <u>Damages for Direct Infringement</u>: Because infringement was established on summary judgment, dbest is entitled under 35 U.S.C. § 284 to damages adequate to compensate

---

[2] To streamline the case for trial, and in view of the Court's finding of direct infringement of claim 3 of the '700 Patent (Dkt. 133), dbest has elected not to pursue its patent infringement claim with respect to dependent claims 4-7 and 10-11.  Although GYT has no evidence of non-infringement to counter dbest's evidence of infringement of these dependent claims, seeking a jury verdict of infringement would be a waste of the court and the parties' time and resources given that a jury finding of infringement on these additional claims will not alter GYT's liability or the amount of damages owed.  Similarly, dbest has decided to abandon its Counts 2-4 of its counterclaims for federal trademark infringement and related federal and state unfair competition claims. Any recovery related to those claims will be addressed in the context of the jury's award for dbest's patent infringement claim. As a result, any award of trademark damages for the same products would likely result in a cumulative award.

for the infringement, but in no event less than a reasonable royalty, together with interest and costs.

- <u>Willful Infringement</u>: To prove willful infringement, dbest must establish that it is more likely true than not true that GYT intentionally ignored or recklessly disregarded a valid and enforceable claim of the '700 Patent. Willfulness is established based on GYT's knowledge and actions at the time of infringement. *See* N.D. Cal. Model Jury instruction 3.8.

d. In brief, the key evidence Defendant relies on for each counterclaim is:

- The '700 Patent;
- Documents related to the Accused Products;
- Documents related to dbest's Trolley Dolly® product;
- Sales records of the Infringing Products;
- Documents related to the profitability of the Trolley Dolly® product;
- Documents related to GYT's knowledge of the '700 Patent and subsequent conduct;
- Correspondence between the parties and/or their counsel;
- Testimony of Richard Elden, inventor of the '700 Patent and owner of dbest;

- Deposition testimony of GYT's 30(b)(6) witness, Alley Ye; and
- Testimony of dbest's expert witnesses Glen Stevick, Ph.D. and Matt Farber, Ph.D.

8.    In view of the admitted facts and elements required to establish the claims, counterclaims, and affirmative defenses, the following issues remain to be tried:

      a.    Whether GYT willfully infringed claim 3 of the '700 Patent;

      b.    The damages owed by GYT to dbest pursuant to 35 U.S.C. § 284;

      c.    Whether under 35 U.S.C. § 284 the Court should increase the damages up to three times the amount found;

      d.    Whether the present case is exceptional under 35 U.S.C. § 285 such that dbest is entitled to an award of attorneys' fees, and, if so, the amount; and

      e.    Whether an injunction under 35 U.S.C. § 283 should issue.

9.    All discovery is complete.

10.    All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

GYT's exhibit list is filed as **Exhibit 1**. dbest's exhibit is filed as **Exhibit 2**. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits with objections as set forth in Exhibits 1 and 2.

11.    Witness lists of the parties have been filed with the Court. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

12.    Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with L.R. 16-2.7. The parties have agreed to exchange initial designations on January 10, 2023, counter designations and objections on January 17, 2023, and counter designations and objections to counter designations on January 24, 2023. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

a.  Alley Ye, taken on August 26, 2022.

b.  Richard Elden, taken on August 16, 2022.

Plaintiff objects to the presentation of testimony by deposition of the following witnesses: Pursuant to under F.R.C.P. 32 and F.R.E. 804, Plaintiff objects to the presentation of deposition testimony of Defendant's own witness, Richard Elden, as Defendant has not established that Mr. Elden is unavailable to testify at trial.

Defendant objects to the presentation of testimony by deposition of the following witnesses: Pursuant to under F.R.C.P. 32 and F.R.E. 804, Defendant objects to the presentation of deposition testimony of Plaintiff's own witness, Alley Ye, as Plaintiff has not established that Ms. Ye is unavailable to testify at trial.

13.    The law and motion matters and motions in limine, and no others, are pending or contemplated:  None

14.     Bifurcation of the following issues for trial is ordered to be decided by the Court

<u>dbest's Position</u>: Given that the Court has found claim 3 of the '700 Patent to be valid and infringed, dbest requests that the Court award:

    a.  injunctive relief;

    b.  enhanced damages;

    c.  attorney's fees;

    d.  costs; and

    e.  pre-judgment and post-judgment interest.

<u>GYT's Position</u>: GYT respectfully requests the Court deny dbest's request for:

    a.  injunctive relief

    b.  enhanced damages;

    c.  attorney's fees;

    d.  costs; and

    e.  pre-judgment and post-judgment interest.

15.     The foregoing admissions have been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: _____, 2023.

_____

UNITED STATES DISTRICT JUDGE

Approved as to form and content.

/s/ Yu Hao Yao
_____
Yu Hao Yao, Esq.
Tianyu Ju, Esq.
mickey.yao@glacier.law
iris.ju@glacier.law
Glacier Law LLP

***Attorneys for Plaintiff***

/s/ Ehab M. Samuel
_____
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)

HACKLER DAGHIGHIAN
MARTINO &
NOVAK, P.C.

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2022, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

.

Date: 12/12/2022

/s/ Yu Hao Yao

Yu Hao Yao, Esq.
mickey.yao@glacier.law
Glacier Law LLP
***Attorney for Plaintiff***