| | |
|---|---|
| 1 | Ehab M. Samuel (SBN 228296) |
| | esamuel@hdmnlaw.com |
| 2 | David A. Randall (SBN 156722) |
| | dave@hdmnlaw.com |
| 3 | Sepehr Daghighian (SBN 239349) |
| | sd@hdmnlaw.com |
| 4 | **HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**. |
| | 10900 Wilshire Blvd., Suite 300 |
| 5 | Los Angeles, CA 90024 |
| | Tel.: (310) 887-1333 |
| 6 | Fax: (310) 887-1334 |
| 7 | Attorneys for Defendant and Counterclaimant, |
| | DBEST PRODUCTS, LLC |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company, | Case No.: 2:21-cv-04758-JVS-JDE |
| | **DBEST PRODUCTS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW ALLEY YE TO TESTIFY VIA CONTEMPORANEOUS TRANSMISSION PURSUANT TO FED. R. CIV. P. 43(a)** |
| Plaintiff / Counterclaim Defendant, | |
| v. | |
| **DBEST PRODUCTS, INC.**, a California corporation, | JUDGE: JAMES V. SELNA |
| | HEARING DATE: January 9, 2023 |
| Defendant / Counterclaim Plaintiff. | TIME: 1:30 p.m. |
| | COURTROOM: 10C |

## I. INTRODUCTION

GYT's Motion to Allow Alley Ye to Testify Via Contemporaneous Transmission (Dkt. 140) is troubling because it appears that GYT does not intend to have anyone from GYT (other than its lawyers) appear for the trial in the action it chose to file in this Court.[1] It asks this Court to permit its only witness, operations manager Alley Ye, to testify via contemporaneous transmission. But, in violation of L.R. 7-6, GYT has filed no declarations or any other evidence to establish good cause to depart from the general rule that witnesses must appear and testify in open court, where the jurors can observe their demeanor under direct and cross-examination. On that basis alone, GYT's motion should be denied.

GYT's motion should also be denied because it is illegal. Article 277 of The Civil Procedure Law of the People's Republic of China makes it illegal to conduct such remote trial testimony while Ms. Ye is in China. A violation of Article 277 exposes Ms. Ye, the questioning attorneys, and potentially all other parties involved, to civil and criminal liability. Notably, when dbest sought to schedule Ms. Ye's deposition under Rule 30(b)(6) during the discovery period, GYT relied on the Chinese government's statute to preclude her Zoom® deposition in China. Despite knowing of and availing itself to the prohibition by the Chinese statute, GYT did not disclose this material information to the Court in its motion. GYT's request to now allow Ms. Ye to testify in China via contemporaneous transmission is not only

---

[1] This Court's Local Rule 41-5 requires that a party appear for trial. Courts have inherent power to control their dockets and a plaintiff that does not appear for trial runs the risk of having its case dismissed. *See Reed v. CSP Lac Defendants*, Case No. 2:12-cv-10727-SB-AS, 2022 U.S. Dist. LEXIS 201627, at *2 (C.D. Cal. November 3, 2022) (dismissing plaintiff's case with prejudice for failure to prosecute after the plaintiff failed to appear for his jury trial after being ordered to attend).

inconsistent with GYT's prior position, and should be estopped on that basis, but it also runs afoul of the Chinese law.

dbest respectfully submits that this motion is simply another example of GYT asking for relief that is devoid of any good faith factual and legal basis. For these and other reasons set forth below, the motion should be denied.[2]

## II. STATEMENT OF FACTS

GYT filed this action in June 2021, seeking a declaratory judgment of noninfringement and invalidity of dbest's U.S. Patent No. 9,233,700 ("the '700 Patent"). Dkt. 1. On September 8, 2021, the Court issued an Order re Scheduling Dates that set jury trial for January 31, 2023. Dkt. 26. This jury trial date was one that was proposed by the parties in their Joint Rule 26(f) Report. Dkt. 24-1. As such, not only was GYT on notice of the trial date for at least the last 15 months, it stipulated to it.

The Court has now granted summary judgment in favor of dbest that GYT's Accused Products infringe the '700 patent, and that the assert claim is valid. Dkt. 133. The issues remaining for trial include dbest's damages and whether GYT willfully infringed the asserted patent.

Alley Ye is not merely GYT's sole fact witness. She is GYT's corporate representative. GYT has filed two of her sworn declarations in support of GYT's positions in this proceeding. *See* Dkt. 33-36 & 62-1. GYT also designated Ms. Ye as its sole 30(b)(6) witness. Declaration of Ehab M. Samuel In Support of dbest's

---

[2] GYT's frivolous motion also further demonstrates why dbest's motion to require GYT to post a security bond to cover attorneys' fees in this litigation (Dkt. 132) should be granted.

1  Opposition to Plaintiff's Motion to Permit Alley Ye to Testify Via
2  Contemporaneous Transmission ("Samuel Decl."), ¶ 3.
3       On July 21, 2022, dbest noticed the deposition of GYT under Fed. R. Civ. P.
4  30(b)(6). *Id.*, ¶ 2.  When dbest tried to schedule the Rule 30(b)(6) deposition for a
5  time and place convenient for all counsel and the witness before the close of
6  discovery, GYT took the position that Chinese law prohibits depositions of Chinese
7  citizens in Mainland China for foreign litigation.  Samuel Decl., ¶ 4 & Ex. A.  GYT
8  insisted that the deposition would have to take place in Macau.  But GYT was
9  noncommittal to a deposition date for weeks because Macau's local government had
10 closed its borders due to the Covid-19 pandemic.  *Id.*, ¶¶ 5-15 & Exs. A & B. Given
11 the lockdown in Macau, dbest suggested that GYT make arrangements to have its
12 witness testify in another neighboring country that does not have a lockdown. *Id.*,
13 ¶¶10-15 & Ex. B at 5-6. But GYT advanced the same Covid lockdown excuse and
14 unreasonably insisted on Macau. *Id.* dbest suggested that the Rule 30(b)(6)
15 deposition could take place in any of 33 countries that accept Chinese nationals
16 without a visa. *Id.*, ¶ 16 & Ex. B at 1. Eventually, Macau loosened its lockdown
17 measures and dbest took the 30(b)(6) deposition remotely over Zoom® on August
18 25, 2022, with Ms. Ye testifying from Macau.  *Id.*, ¶¶ 18-19.
19 **III.  ARGUMENT**
20   **A.    Legal Standard**
21       Federal Rule of Civil Procedure 43(a) requires a witness to testify in open
22 court.  There are two reasons for this general rule: (1) to ensure that the witness's
23 testimony may be tested by cross-examination, and (2) to allow the trier of fact to
24

observe the witness's demeanor.  *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992). The Court may permit testimony in open court by contemporaneous transmission from a different location, however, "for good cause in compelling circumstances and with appropriate safeguards."  Fed. R. Civ. P. 43(a).  Whether a movant has demonstrated good cause is left to the Court's discretion.  *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018).  Good cause in compelling circumstances is not established "merely by showing that it is inconvenient for the witness to attend trial." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.  The committee notes explain "[t]he importance of presenting live testimony in court cannot be forgotten."  They continue: "The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling."  The advisory committee notes caution that a "party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id*.; *see, e.g., Palmer v. Valdez*, 560 F.3d 965, 968-69 n.4 (9th Cir. 2009) (quoting advisory committee note).

**B.    GYT Has Not Shown Good Cause or the Compelling Nature of the Circumstances**

Here, GYT has failed to show good cause.  GYT represents that China's "draconian measures have made it nearly impossible for its citizens to leave the country" and "it is uncertain whether Alley Ye can obtain a visa" to enter the United States" and she would have to quarantine upon her return to China.  But contrary to

1  L.R. 7-6, GYT has offered no declarations and no evidence whatsoever in support of
2  the facts on which it asks the Court to rely.

3    There is no evidence that Ms. Ye has even applied for a visa to enter the United States.  Although Ms. Ye was GYT's 30(b)(6) witness, GYT has submitted no deposition testimony or any other evidence that Ms. Ye is the only witness who can "present the true facts" regarding lack of willful infringement and the damages dbest has suffered.[3]  The lack of evidence of a compelling circumstance, alone, should doom this motion.  *See Herwick v. Budget Rent a Car Sys.*, CV 10-00409 SJO, 2011 U.S. Dist. LEXIS 163813, at * 14 (C.D. Cal. March 22, 2011) (granting motion to exclude testimony by contemporaneous transmission because, among other things, plaintiff did not provide any evidentiary support for the allegation that a witness was unable to enter the United States); *Niemeyer v. Ford Motor Co.*, 2:09-CV-2091 JCM (PAL), 2012 U.S. Dist. LEXIS 149987, *4 (denying contemporaneous transmission and noting that plaintiffs failed to present a declaration from the witness stating why he would not testify in person).

    GYT's argument that good cause exists because "neither Plaintiff nor the Court can compel her attendance at trial" and because of her "significant geographic distance" from the Court's location is not well taken because Ms. Ye is a party witness and corporate representative still employed by GYT.  The cases on which GYT relies for this point all involved non-party witnesses who lived outside the

---

[3] Further, GYT never disclosed Ms. Ye on "no willful infringement" or "damages" in its initial disclosures. Samuel Decl., ¶¶20-22 & Ex. D.

Court's subpoena power, not a party's current employees.[4] Moreover, GYT's argument that its "heavy workload" would be impacted by Ms. Ye's absence from the office is merely an argument on witness inconvenience which is insufficient to establish good cause nor is it a compelling circumstance. *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

In addition to the lack of evidence of a compelling circumstance, GYT has not shown that the circumstances are unexpected. The Covid pandemic was well into its second year when GYT filed this action to avail itself of the U.S. courts to seek a declaratory judgment of non-infringement and invalidity of the '700 Patent. As noted above, not only was GYT on notice of the trial date for at least the last 15 months, it stipulated to it. Dkts. 24-1 and 26. GYT should have foreseen that someone from the company would have to appear in person in Santa Ana, California to testify at the trial. *See Herwick*, 2011 U.S. Dist. LEXIS 163813, *15 (denying motion to permit testimony by contemporaneous transmission where plaintiff foresaw that entry into the United States for trial was impossible but waited until the last minute to request testimony by contemporaneous transmission). If not, GYT certainly could have foreseen the need for Ms. Ye to appear at the trial when it designated her as GYT's Rule 30(b)(6) witness. It had ample opportunity to timely apply for a travel visa in preparation for trial. But failed to do so.

---

[4] In *Anchor Tank Lines*, the witnesses were third parties and the trial was non-jury. *Anchor Tank Lines, LLC v. United States*, 2018 WL 5000010 at *1 (Fed. Cl. Oct. 16, 2018). In *Dagen v. CFC Group*, the remote witnesses were the Hong Kong employees of the defendant, not the plaintiff which chose to file suit in New York. *Dagen v. CFC Grp. Holdings, Ltd.*, 2003 WL 22533425, at *1 (S.D.N.Y. Nov. 7, 2003). In *Lyons*, the witness was a third party, a former corrections officer who had moved out of state. *Lyons v. Leonhardt*, 2013 WL 3807996, at *10-11 (D. Nev. Jul. 19, 2013).

### C. Chinese Law Forbids A Witness Testifying in China for a Lawsuit in the United States

Article 277 of The Civil Procedure Law of the People's Republic of China provides, in relevant part:

> Request for and to provide judicial assistance shall be made through channels prescribed by international treaties concluded or acceded to by the People's Republic of China; or in the absence of such a treaty, shall be made through diplomatic channels.
>
> A foreign embassy or consulate to the People's Republic of China may serve process on and investigate and collect evidence from its citizens but shall not violate the laws of the People's Republic of China and shall not take compulsory measures.
>
> Except for the circumstances in the preceding paragraph, no foreign authority or individual shall, without permission from the competent authorities of the People's Republic of China, serve process or conduct investigation and collection of evidence within the territory of the People's Republic of China.

*Glam and Glitz Nail Design, Inc. v. Igel Beauty, LLC*, No. SA CV 20-00088-JVS (DFMx), 2022 WL 17078947, *1 (C.D. Cal. Sept. 30, 2022).

It is undisputed that the "law of China prohibits" depositions – voluntary or compelled – for use in foreign courts "within the borders of People's Republic of China without permission" from Chinese authorities through the Hague Convention procedures. *Yan v. Zhou*, No. 18-CV-4673(GRB)(JMW), 2021 WL 4059478, at *3 (E.D.N.Y. Sept. 7, 2021). This Court reached the same conclusion earlier this year, granting an application for a protective order until such time as the party seeking to take the Chinese witness's deposition could provide assurances that the witness would sit for the deposition outside mainland China. *Glam*, 2022 WL 17078947, *4.

More importantly, federal courts have recognized that this prohibition extends even to remote trial testimony. *See., e.g., Junjiang Ji v. Jling Inc*., No. 15-CV-4194 (SIL), 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (finding that conducting the plaintiff's trial testimony remotely while he was located in China violated Article 277, which exposed plaintiff, the questioning attorneys and potentially all other parties involved to civil and criminal liability); *Zhizheng Wang v. Hull*, No. C18-1220RSL, 2020 WL 4734930, at *1 (W.D. Wash. June 22, 2020) (declining to compel a plaintiff to appear for a video deposition in China because such a proceeding "appears to violate Chinese law").

The federal courts' interpretation of China's Article 277 is consistent with the U.S. State Department's guidance:

> Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and ***obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention***. Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. ***Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants.***

Samuel Decl., Ex. E (emphasis added).[5]

Consequently, the relief requested by GYT is prohibited and exposes Ms. Ye and others at risk of violating Chinese law. Without the requisite authorization from

---

[5] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html.

the Central Authority under the Hague Evidence Convention, GYT cannot credibly argue that there is good cause to justify Ms. Ye's remote testimony in China.

### D. Despite Knowing of and Availing Itself to the Prohibition by the Chinese statute, GYT did not Disclose this Material Information in its Motion

During the discovery period, GYT availed itself of the prohibition by the Chinese statute to preclude a Zoom® deposition of Ms. Ye in China. Samuel Decl., ¶¶ 5-15. Indeed, in a July 21, 2022, email to dbest, GYT's counsel explained that "Chinese law prohibit Chinese citizen taking a foreign deposition in Mainland China, which means that our client needs to go to Macau to take the deposition." *Id.*, Ex. A. Yet, despite knowing of and availing itself to the prohibition in China only five (5) months ago, it did not disclose this material information to the Court in its motion. Instead, requesting the Court to issue an order under Rule 43(a) for her remote "live testimony from Guangzhou, China" (Dkt. 140 at 8:5) that is otherwise illegal in China. GYT's request is troubling because, despite the Court's recent admonition (Dkt. 133 at 45), GYT continues to advance frivolous arguments to the Court. Notably, GYT's motion for an illegal remote testimony—that GYT knew is illegal—underscores why dbest's motion to require GYT to post a security bond (Dkt. 132) in this litigation should be granted.

### E. Because GYT Opposed Ms. Ye's Remote Deposition in China, GYT is Estopped from Presenting Her Trial Testimony Remotely From China

GYT cannot have it both ways. While GYT was eager to rely on the Chinese prohibition as a shield when it refused to make Ms. Ye available for a 30(b)(6)

1 deposition (Samuel Decl., ¶¶ 5-15), there is no mention of that prohibition in its
2 current moving papers. On the contrary, now GYT argues that allowing witnesses to
3 testify from remote locations via contemporaneous transmission has been sanctioned
4 by U.S. courts and is not "so extraordinary." Dkt. 140 at 4. However, given GYT's
5 stance during the discovery period that Ms. Ye is prohibited from taking a remote
6 deposition in China, it should be estopped from now presenting her trial testimony
7 remotely from China.

## IV. CONCLUSION

GYT has failed to show good cause for permitting its representative Alley Ye to testify via contemporaneous transmission. Its motion reflects its failure to adequately prepare for trial and timely apply for a travel visa. It offers only attorney argument, not evidence, in support of its arguments. And that argument ignores the Chinese government's hostility against providing testimony in China for use in foreign litigation. Its attorney argument is also inconsistent with its prior position when it relied on the Chinese prohibition as a shield to preclude any remote testimony in China. For these reasons, the motion should be denied.

DATED: December 19, 2022

HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

By: /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)

*Attorneys for Defendant and Counterclaimant*
DBEST PRODUCTS, INC.