Ehab M. Samuel (SBN 228296)
esamuel@hdmnlaw.com
David A. Randall (SBN 156722)
dave@hdmnlaw.com
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.:  (310) 887-1333
Fax:  (310) 887-1334

Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>      Plaintiff / Counterclaim Defendant,<br>v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>      Defendant / Counterclaim Plaintiff. | Case No.: 2:21-cv-04758-JVS-JDE<br><br>**DECLARATION OF EHAB M. SAMUEL IN SUPPORT OF DBEST PRODUCTS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW ALLEY YE TO TESTIFY VIA CONTEMPORANEOUS TRANSMISSION**<br><br>JUDGE:  JAMES V. SELNA |

I, Ehab M. Samuel, declare as follows:

1. I am an attorney licensed to practice in all courts of this State and partner at Hackler Daghighian Martino & Novak, P.C. in Los Angeles, California. I am one of the attorneys of record for Defendant and Counterclaim plaintiff dbest products, Inc. ("dbest") in this matter. Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2. On July 21, 2022, dbest noticed the deposition of GYT under Fed. R. Civ. P. 30(b)(6).

3. GYT designated Ms. Ye as its sole 30(b)(6) witness.

4. When dbest sought to schedule the Rule 30(b)(6) deposition for a time and place convenient for all counsel and the witness before the close of discovery, GYT took the position that Chinese law prohibits depositions of Chinese citizens in Mainland China for foreign litigation.

5. GYT insisted that the deposition would have to take place in Macau. But GYT would not propose a date for the deposition for weeks because Macau's local government had closed its border because of the Covid pandemic.

6. A true and correct copy of an email from GYT's counsel, Wei Wang, dated July 21, 2022, is attached as **Exhibit A**.

7. In his July 21, 2022 email, GYT's counsel states:

"As you know, Chinese law prohibit Chinese citizen taking a foreign deposition in Mainland China, which means that our client needs to go to Macau to take the deposition. Unfortunately, Macau has been exposed to a serious exposure of the COVID-19 pandemic since June 19, the local government has imposed a list of restrictions, including the restriction on

> crossing the border. As such, we are still checking if our client could attend the deposition on August 9, 2022. We will keep you updated."

Ex. A.

8. On July 27, 2022, the parties met and conferred for deposition scheduling, among others.

9. A true and correct copy of an email chain between the parties' counsels in connection with the meet and confer is attached as **Exhibit B**.

10. Initially, I sent a summary of the meet and confer on July 27, 2022. In the summary email, I restated dbest's position:

> "Given the back-and-forth lockdown in China, Hong Kong, and Macao, dbest explained to Winkeep that Winkeep will need to make arrangements to have its testifying witness(es) fly to other neighboring countries that do not have lockdowns, such as Singapore, Indonesia, among others, in order to allow for the taking of the deposition of Winkeep's witness(es)."

Ex. B at 5-6.

11. On August 2, 2022, GYT's counsel responded on the availability of the witness for deposition but again insisted on Macau, which was under Covid-19 lockdown:

> "Plaintiff is available on September 3, 2022 for the deposition, however, this availability on September 3, 2022 is subject to change due to the restrictions imposed by Macau in response to the Covid-19 pandemic. Plaintiff will in good faith notify dbest if any changes would occur in a timely manner."

Ex. B at 3-4.

12. On August 2, 2022, I responded to GYT's counsel, reiterating that GYT can fly its witness to other neighboring countries and needed a firm commitment on availability:

> "Thank you, Wei. As previously explained, your client can make its 30(b)(6) witness available in other neighboring countries, such as Singapore. It does not need to fly its witness to Macau. We need a firm commitment on availability as any delay will prejudice dbest from completing its fact and expert discovery. We will need to file a stipulation and joint motion with the Court on the agreed upon September 3, 2022."

Ex. B at 3.

13.   On August 3, 2022, GYT's counsel advanced excuses about visa permitting and restrictions on "non-essential" travel:

> "Our client will need to apply for the visa permit to travel to Singapore or any other countries you mentioned before, and whether to issue a visa is still uncertain. Moreover, as explained several times before, Chinese National Immigration Administration imposed a tight restriction on "non-essential" overseas travel for its citizens. Therefore, it is impossible for Plaintiff to travel to another country for the deposition. Anyways, Plaintiff will in good faith notify dbest if any changes to the restriction to Macau would occur in a timely manner."

Ex. B at 2.

14.   On August 3, 2022, I responded to GYT's counsel, indicating that the deposition is essential and that GYT cannot hide behind Covid restrictions indefinitely:

> "Also, with respect to your client's travel arrangements, they will need to apply for a permit to travel to Singapore or whichever other country for purposes of the deposition. This is essential and GYT cannot hide behind Covid restrictions indefinitely. There are discovery deadlines that it needs to comply with. Otherwise, it shouldn't have filed the case if it did not or cannot comply with them. Please have your client plan ahead as we will move to compel and sanctions if it fails to appear for the Sept 3 deposition."

Ex. B at 2.

15.   On August 3, 2022, GYT's counsel maintained his noncommittal position and threatened to cancel the deposition if dbest disagrees:

> "Plaintiff is willing to corporate with dbest's deposition, but the Covid restriction is unpredictable and uncontrollable. No one knows whether Macau

> will cancel the restrictions on September 3, 2022. If dbest disagrees with the deposition date is subject to change due to the Covid-19 pandemic, there is no stipulation. Please advise."

Ex. B at 1.

16. On August 4, 2022 at 9:41 am, I responded to GYT's counsel, requesting a firm commitment on deposition date and providing a link that identifies 33 countries that accept Chinese nationals without a visa:

> "We cannot accept any further wishy washy non-committal responses on when GYT will make it's witness(es) available for deposition. GYT has plenty of time to plan accordingly and provide a definitive date that it can commit for deposition. Macau is not the only place that your client can fly to for deposition. As stated before, it can fly to any other country. Indeed, there are 33 countries that accept Chinese nationals without a visa. See https://visaguide.world/visa-free-countries/chinese-passport/. For example, GYT's witness(es) can travel to Indonesia and won't need a visa.
>
> As you already know, the Court has already denied the parties' request to extend the trial date. Expert reports are due September 11, and there is no room for further extensions. Because we need to complete fact discovery before expert reports, any further delays on the GYT deposition would prejudice dbest and is unacceptable."

Ex. B at 1.

17. GYT's counsel did not respond to my email.

18. A true and correct copy of an email I sent to GYT's counsel, dated August 4, 2022, is attached as **Exhibit C**. On August 4, 2022, I learned that China reopened its borders with Macau and communicated the same with GYT's counsel, indicating that "GYT can arrange to have its witness(es) travel to Macau or any of the 33 visa-free countries for deposition."

19. On August 25, 2022, dbest took the 30(b)(6) deposition remotely over Zoom® with Ms. Ye testifying from Macau.

20. A true and correct copy of GYT's initial disclosures is attached as **Exhibit D**.

21. GYT did not serve any supplemental disclosures.

22. GYT never disclosed Ms. Ye on "no willful infringement" or "damages" in its initial disclosures.

23. A true and correct copy of a webpage printout from the U.S. State Department's website on China Judicial Assistance Information is attached as **Exhibit E**.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DATED: December 19, 2022

/s/ Ehab M. Samuel
Ehab M. Samuel