Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
Sepehr Daghighian (SBN 239349)
sd@orbitip.com
**ORBIT IP, LLP**
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>    Plaintiff / Counterclaim Defendant,<br>v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>    Defendant / Counterclaim Plaintiff. | Case No.: 2:21-cv-04758-JVS-JDE<br><br>**SECOND SUPPLEMENTAL DECLARATION OF EHAB M. SAMUEL IN SUPPORT OF DBEST'S MOTION TO REQUIRE PLAINTIFF TO POST A SECURITY BOND**<br><br>JUDGE:  JAMES V. SELNA<br>COURTROOM: 10C |

I, Ehab M. Samuel, declare as follows:

1. I am a member in good standing of the bar of the State of California and the bar of this Court. I am counsel for Defendant/Counterclaim Plaintiff, dbest products, Inc. ("dbest"), in this action and for intellectual property protection and enforcement generally. I have personal knowledge of the facts stated herein except where otherwise stated. If called upon to testify thereto, I could and would testify competently thereto.

**Supporting Evidence on Attorneys' Fees and Costs**

2. Per the Court's Order regarding Motion to Require Plaintiff to Post a Security Bond (Dkt. 151), I submit this declaration to provide supporting evidence on fees incurred, including hours worked, hourly rate, and breakdown of costs.

3. Attached as **Exhibit A** are true and correct tables showing the hours worked by each attorney for services performed for this case on or before November 30, 2022 (Table 1) and for services performed in December 2022 (Table 2). As directed by the Court's order, the table lists hours billed to dbest and hourly rates for each listed attorney.

4. Attached as **Exhibit B** is a true and correct table showing the hours worked per attorney for services on or before December 31, 2022, organized by litigation task.

5. Attached as **Exhibit C** is a true and correct table showing the breakdown of costs incurred by dbest in the present litigation.

6. Attached as **Exhibit D** are true and correct copies of all invoices for legal work performed on behalf of dbest in this matter by its attorneys of record at Hackler, Daghighian, Martino & Novak ("HDMN"), and subsequently, at Orbit IP, LLP ("Orbit IP"). The invoices includes all fees and costs incurred.

7. Attached as **Exhibit E** are true and correct copies of the invoices associated with contract attorney time billed in the present litigation.

8. Attached as **Exhibit F** are true and correct copies of invoices associated with the costs identified in Exhibit C, excluding expert witness fees.

9. Attached as **Exhibit G** is a true and correct copy of the invoice from dbest's damages expert, Dr. Matt Farber.

10. Attached as **Exhibit H** is a true and correct copy of the invoice from dbest's technical expert, Dr. Glen Stevick.

11. The information in Exhibits A-C was derived from the invoice information billed to dbest, and attached as Exhibits D-H.

## Timekeepers identified in Exhibit A

12. I am lead counsel in this case and have been supported by my partners, David A. Randall and Paul G. Novak, at various stages of the case. Mr. Novak assisted during the claim construction phase. Mr. Randall has and continues to provide overall support and case strategy.

13. I also rely on contract attorneys to assist on various stages of the case to provide dbest with overall cost-efficient representation. The contract attorneys are Elizabeth Rader, Katherine Fayne, and Arti Bhimani. Their fees are billed as direct cost to the client but, for purposes of computing the attorneys' fees, their billed time was included in Exhibits A and B.

**Reasonableness of Billing Rates**

14. I have been a member of the Bar of the State of California since 2003. I am a graduate of University of Windsor, B.S. (1999), University of Illinois at Chicago, M.S. in Chemical Engineering (2002), Chicago-Kent College of Law, J.D. (2002), and The George Washington University, LL.M. and M.S. in Electrical Engineering (2005).

15. I have been practicing law for about 20 years. Prior to joining Orbit IP, LLP (formerly Hackler Daghighian Martino and Novak), I practiced intellectual property law at several national and international firms, including Jones Day, Greenberg Traurig LLP, Orrick LLP, and Manatt Phelps and Phillips LLP.

16. I have served as President of the Orange County Intellectual Property Association and chaired and/or served on several committees at the American Intellectual Property Law Association, including Amicus, Professional Programs, Mid-Winter Institute, Education, New Lawyers, Membership, Nominations, and the IP Law Associations Committees.

17. Much of my practice has involved intellectual property litigation. I have represented plaintiffs and defendants in patent, trademark, trade secret, unfair competition, and false advertising matters.

18. Based upon my experience and knowledge of rates charged in this community (Central District of California), it is my opinion that my billing rate, and those of my law firm partners David Randall and Paul Novak, as set forth in Exhibit A, is well within the range of rates charged by attorneys of similar experience in the

| | |
|---|---|
| 1 | community of the Central District of California for cases such as this one. In |
| 2 | fact, my hourly rate at Manatt Phelps & Phillips was $680 three years ago. |
| 3 | 19. I have also researched cases to determine what Courts consider as reasonable |
| 4 | billing hourly rates in the community for intellectual property cases. In that |
| 5 | context, this Court concluded that the rate of $495 per hour was reasonable ten |
| 6 | years ago in *Tripharma, LLC v. First Fruits Business Ministry*, Case No. SACV |
| 7 | 12-404 JCV (ANx), 2013 WL 12486050, *6 (C.D.Cal. May 20, 2013). Based |
| 8 | upon my experience, the hourly billing rates in the community have increased |
| 9 | over the past ten years. |
| 10 | 20. This Court also found other courts in accord: |

> *Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d 1154, 1172-75 (N.D. Cal. 2012) (in a less complex federal civil rights case, hourly fees of $300 to $525 awarded to attorneys with years of experience ranging from 6 to 22); *United States v. $1,026.781.61 in Funds from Florida Capital Bank,* CV 09-04381-MLG, 2013 WL 781926, at *2 (C.D.Cal. Mar. 1, 2013) ($600 an hour for attorney with 20 years experience civil forfeiture actions reasonable and collecting cases regarding rates ranging from $450 to $650 in similar cases in the Central District of California); *Love v. Mail on Sunday*, CV05-7798 ABC (PJWX), 2007 WL 2709975 (C.D.Cal. Sept. 7, 2007) *aff'd sub nom*. *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601 (9th Cir. 2010) (in intellectual property case, finding reasonable hourly rates of $460 to $690 for "senior counsel" and "partners").

*Tripharma*, 2013 WL 12486050, *6.

21. Attached as **Exhibit I** is a true and correct copy of the declaration of David A. Randall in further support of reasonableness of hourly rates billed in this case.

22. Further, based upon my experience and knowledge of rates charged for contract attorney support in litigation matters, it is my opinion that the billing rates for Elizabeth Rader, Katherine Fayne, and Arti Bhimani, as set forth in Exhibit A,

are well within the range of reasonable rates charged for contract attorney services.

23. Attached as **Exhibit J** is a true and correct copy of the declaration of Elizabeth Rader in further support of reasonableness of hourly rates billed in the present litigation.

### Expert Costs

24. dbest's damages expert, Dr. Farber, is compensated at a rate of $400 per hour for work performed in the present litigation.

25. Attached as **Exhibit K** is a true and correct copy of the declaration of Dr. Farber made in support of his fees billed in the present litigation.

26. dbest's technical expert, Dr. Stevick, is compensated at a rate of $550 per hour for work performed in the present litigation.

27. Attached as **Exhibit L** is a true and correct copy of the declaration of Dr. Stevick made in support of his fees billed in the present litigation.

### GYT's Inventory and Financial Condition

28. On January 12, 2023, the Court also ordered the parties to submit a declaration of "GYT's financial condition, specific location(s) of any of GYT's inventory located within the United States, and any other relevant information relating to GYT's ability to post a bond, to the best of the parties' knowledge." Dkt. 151.

29. Attached as **Exhibit M** is the declaration of Mr. Richard Elden in support of dbest's motion to require Plaintiff GYT to post a bond.

30. I lack any personal knowledge of GYT's financial condition or the location(s) of its inventory in the United States.

31. GYT's 30(b)(6) witness, Alley Ye, testified that GYT has about 5,000 units in America but did not know where the location was, and its counsel represented that GYT did not know the location of GYT's inventory. Dkt. 145-1, ¶¶ 2-13 & Exs. 1-4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of January 2023 at Los Angeles, California.

_____
Ehab M. Samuel