Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
**ORBIT IP, LLC**
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>**DBEST PRODUCTS, INC.**, a California corporation,<br><br>Defendant / Counterclaim Plaintiff. | Case No.: 2:21-cv-04758-JVS-JDE<br><br>**SEALED DECLARATION OF EHAB M. SAMUEL IN SUPPORT OF APPLICATION TO FILE UNDER SEAL CONFIDENTIAL MATERIALS RELATED TO SECOND SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION TO REQUIRE PLAINTIFF TO POST A SECURITY BOND**<br><br>Judge: James V. Selna<br><br>Courtroom: 10C |

I, Ehab M. Samuel, declare as follows:

1. I am an attorney licensed to practice in this State and partner at Orbit IP, LLP. I am a member in good standing of the bar of the State of California and the bar of this Court. I am on of the attorneys of record for Defendant/Counterclaim Plaintiff, dbest products, Inc. ("dbest"), in this action. I have personal knowledge of the facts stated herein except where otherwise stated. If called upon to testify thereto, I could and would testify competently thereto.

2. This declaration is being submitted in support of dbest's Application for Leave to file under seal **portions of Exhibits A and B** and **all of Exhibits D and E** to the Second Supplemental Declaration of Ehab M. Samuel in Support of dbest's Motion to Require Plaintiff to Post a Security Bond.

3. **Exhibit A** contains true and correct tables showing the hours worked by each attorney for legal services performed for this case on or before November 30, 2022 (Table 1) and for services performed in December 2022 (Table 2). As directed by the Court's order, the table lists hours billed to dbest and hourly rates for each listed attorney.

4. **Exhibit B** is a true and correct table showing the hours worked per attorney for services on or before December 31, 2022, organized by litigation task.

5. **Exhibits A and B** both show the hours spent by each attorney who have worked on this action and their confidential billing rate for work on this case as negotiated between dbest and its counsel.

6. The portions of Exhibit A and Exhibit B that dbest seeks to seal are highlighted in yellow.

7. Disclosure of these highlighted portions would harm dbest and its attorneys by

-1-

SAMUEL DECL. ISO APPLICATION TO FILE UNDER SEAL
EXHBITS A, B, D & E TO SECOND SUPP. DECL.
Case No. 2:21-cv-04758-JVS-JDE

1  providing competitors with unfettered insight into the negotiated pricing structures
2  of dbest and its attorneys, to which competitors do not normally have access.
3  Competitors could exploit their knowledge of this information for their own
4  financial gain and, consequently, to the detriment of dbest and its attorneys.
5  8. The request to seal is narrowly tailored because it seeks to protect information
6  that could be used to derive an attorney's hourly rate, not the total amount of fees
7  and costs incurred to date.
8  9. **Exhibit D** is a compilation of true and correct copies of all invoices for legal
9  work performed on behalf of dbest in this matter by its attorneys of record at
10 Hackler, Daghighian, Martino & Novak and, subsequently, at Orbit IP, LLP.
11 10. **Exhibit E** is a compilation of true and correct copies of the invoice
12 information for legal work performed on behalf of dbest in this matter by its contract
13 attorneys.
14 11. dbest seeks to seal the entire compilation of invoices in Exhibits D and E.
15 12. The versions that are proposed to be filed under seal for Exhibits D and E
16 contain redactions of invoice information on matters unrelated to the present
17 litigation. They also contain redactions of descriptions that reflect attorney work
18 product and/or attorney-client privilege.
19 13. Good cause exists to seal Exhibits D and E because they are comprised
20 primarily of work descriptions disclosing confidential dbest information and
21 litigation strategy. The documents also contain confidential attorney billing
22 information, as described with respect to Exhibits A and B.
23 14. Public disclosure of these invoices would harm dbest to the extent its
24

confidential information is disclosed therein, and would harm Orbit IP in its ability to attract clients that require attorneys to be diligent and effective in safeguarding such confidential information.

15. While dbest has redacted details rising to the level of attorney work product and/or attorney-client privilege (and invoice information on matters unrelated to the present litigation) even from the versions of the Exhibits D and E it seeks to file under seal, public disclosure of these invoices may still reveal confidential aspects of dbest's litigation strategy. The invoice information reflects dbest's attorneys' handling of this case and may provide insight into dbest's overall litigation strategy.

16. On January 19, 2023, dbest met and conferred with plaintiff Guangzhou Yucheng Trading Co., Ltd. ("GYT") on the time and substance of the Application. Plaintiff GYT indicated that it does not oppose this Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of January at Los Angeles, California.

Ehab M. Samuel

-3-

SAMUEL DECL. ISO APPLICATION TO FILE UNDER SEAL
EXHBITS A, B, D & E TO SECOND SUPP. DECL.
Case No. 2:21-cv-04758-JVS-JDE