UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-4758 JVS (JDEx) | Date | February 17, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Amended Order Regarding Motion to Require Plaintiff to Post a Security Bond [132]**

    Defendant, dbest products, Inc. ("Dbest"), moves for the Court to order Plaintiff, Guangzhou Yucheng Trading Co., Ltd. ("GYT"), to post a security bond. (Mot., Dkt. No. 132.) GYT opposes. (Opp'n, Dkt. No. 143.) Dbest replied. (Reply, Dkt. No. 145.)

    The Court posted a tentative order denying the motion. (Dkt. No. 147.) Dbest filed a request for hearing. (Request, Dkt. No. 149.) The Court ordered "both parties submit additional declarations on GYT's financial condition, specific location(s) of any of GYT's inventory located within the United States, and any other relevant information relating to GYT's ability to post a bond, to the best of the parties' knowledge." (Order, Dkt. No. 151.) Both parties submitted relevant documents per the Court's order. The Court heard oral argument on the motion on February 13, 2023.

    For the following reasons, the Court **GRANTS** the motion. GYT is **ORDERED** to post a cash or security bond in the amount of $450,000 no later than noon February 24, 2023 (i.e., the Friday before the start of the jury trial). If GYT fails to post the bond by the required date, the Court may enter judgment against GYT on its Complaint. The Court will consider, if any, a joint request by the parties to stay the case pending the posting of the bond.

**I. BACKGROUND**

    On December 5, 2022, the Court heard oral argument on seven motions: three motions for summary judgment, three motions relating to GYT's expert witness, and a motion to exclude Dbest's expert witness. (See Minutes, Dkt. No. 131.) The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-4758 JVS (JDEx) | Date | February 17, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

granted all of Dbest's motions, denied one of GYT's motion, and took GYT's other motion under submission. (Id.) The same day, Dbest filed a motion for an order to require GYT to post a security bond. Dbest argued it "has a reasonable concern that if the Court enters a judgment in its favor ordering GYT to pay damages, dbest will be unable to collect that judgment." (Mot. at 1.) On December 6, 2022, the Court issued an order finalizing its decisions on the seven previous motions. (Order, Dkt. No. 133.) The Court denied GYT's motion for summary judgment that it previously took under submission. (Id.)

Dbest requests the Court order GYT to post a security bond in the amount of $848,348.53. (Mot. at 1.) This includes $415,578.20 in already incurred attorneys' fees, $42,770.33 in already incurred costs, $350,000 in estimated future attorneys' fees, and $40,000 in estimated future costs. (Id. at 8–9.)

## II. LEGAL STANDARD

"There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs." Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994) (citing In re Merrill Lynch Relocation Mgmt., Inc., 812 F.2d 1116, 1121 (9th Cir.1987)). "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved." Id. (internal quotation marks and citation omitted). The Ninth Circuit has suggested consideration of a number of factors may be appropriate: "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." Id. at 576.

California Code of Civil Procedure Section 1030 ("Section 1030") governs the imposition of a cost bond in California. A defendant may request a court issue a cost bond against a plaintiff who resides outside of California, or, is a foreign corporation. Cal. Civ. Pro. Code § 1030(a)-(b). The defendant must also demonstrate that there is "a reasonable possibility . . . [it] will obtain judgment in the action . . . ." Id. § 1030(b). "If the Court, after hearing, determines that the grounds for the motion have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-4758 JVS (JDEx) | Date | February 17, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

established, the court shall order that the plaintiff file the undertaking in an amount specified in the court's order as security for costs and attorney's fees." Id. 1030(c). Section 1030 "is intended to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction." Shannon v. Sims Serv. Ctr., Inc., 164 Cal. App. 3d 907, 913 (1985).

### III. DISCUSSION

#### A. Possibility of success on the merits

"[T]he plain language of section 1030 states a defendant moving to impose a cost bond must show that it has a 'reasonable possibility' of obtaining a judgment in its favor." Gabriel Tech. Corp. v. Qualcomm Inc., 2010 WL 3718848, at *4 (S.D. Cal. Sept. 20, 2010).

The Court previously granted all of Dbest's motions to strike, to exclude, and for summary judgment. (See Order at 1–2.) The Court denied GYT's motion for summary judgment and motion to exclude Dbest's experts. (Id.) Specifically, the Court found Dbest demonstrated infringement of Claim 3 as a matter of law and granted Dbest's motion for partial summary judgment. (Order at 34–35.) Accordingly, all that remains is Dbest's claim for patent damages on the patent infringement claim and GYT's affirmative defense of limitation on damages. (See Proposed Pretrial Conference Order, Dkt. No. 134, at 6–7; Declaration of Ehab M. Samuel (Samuel Decl.), Dkt. No. 132-1, ¶ 4.) As such, Dbest already has established "reasonable probability" of obtaining judgment in its favor. The issue to be determined is how much Dbest is owed in damages. Dbest's expert will testify that Dbest's lost profits from GYT's conduct is $413,000. (Memorandum, Dkt. No. 139, at 15.)

GYT argues Dbest failed to show GYT's claims are frivolous. (Opp'n at 3.) But frivolousness is not required, it may simply be a relevant factor in the analysis. The plain language of Section 1030(b) says as much. Section 1030(b) requires only "reasonable possibility." See also Gabriel Tech. Corp., 2010 WL 3718848, at *5 n.5 (noting cases do not "require defendants to demonstrate frivolousness as a prerequisite to a cost bond. Rather, the courts acknowledged frivolousness and vexatiousness as factors that bear on the court's analysis"). And in any event, the Court previously admonished GYT for its frivolous arguments anyways, stating:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 21-4758 JVS (JDEx)     Date February 17, 2023

Title    Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

> To that admonition, the Court now adds a further admonition to GYT: the Court struggles to recall a time it was presented with so many borderline frivolous arguments, especially in the summary judgment/Daubert context. The Court also struggles to recall a time where the briefing on such motions was so lacking in several respects, as it was with GYT's briefs here. The Court directs GYT to seriously consider the contents of any future filings before the Court, including considering whether GYT has a good faith basis (factual and legal) for making the assertions contained therein. Documents that continue to follow the pattern of those presented here will be summarily rejected and further violations may be sanctionable.

(Order at 45.)

GYT also argues Dbest failed to establish it would be awarded attorneys' fees because a patent infringer is only liable in "exceptional cases." (Opp'n at 4.) But here, Dbest is not moving for an award of attorneys' fees. Dbest is moving to require GYT to post a security bond for a potential judgment awarding Dbest attorneys' fees. The Court need not decide whether the case is exceptional to require GYT to post a security bond. See Gabriel Tech. Corp., 2010 WL 3718848, at *14.

Based on the foregoing, Dbest has established "reasonable possibility" of obtaining a judgment in its favor.

### B.     Reasonable extent of security to be posted from Dbest's perspective

Dbest argues GYT's "unreasonable positions and litigation tactics" have cost Dbest $415,578.20 in attorneys' fees and $42,770.33 in costs. (Mot. at 8; Samuel Decl. ¶ 5.) Dbest estimates it will incur an additional $350,000 in attorneys' fees and $40,000 in costs through trial. (Samuel Decl. ¶ 6.)

GYT argues Dbest has failed to show any real risk of being unable to recover attorneys' fees and costs. (Opp'n at 4–5.) Specifically, GYT argues Dbest is fully aware of GYT's inventory stored in the United States, has not shown it would be difficult to attach GYT's assets in China, or has not otherwise shown that GYT lacks assets to pay for attorneys' fees and costs. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4758 JVS (JDEx) | Date | February 17, 2023 |
|---|---|---|---|

| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. |
|---|---|

The purpose of Section 1030 is to protect a defendants ability to collect judgments from out of state plaintiffs. See Gabriel Tech. Corp., 2010 WL 3718848, at *15. But the Court "must [also] settle upon an assurance which is fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff." Simulnet E. Assocs., 37 F.3d at 576.

According to GYT manager, Alley Ye ("Ye"), GYT's account contains a balance of $18,204.52. (Declaration of Alley Ye ("Ye Decl."), Dkt. No. 157, ¶ 2.) GYT possesses 4,159 of its shopping carts in Carteret, New Jersey. (Id. ¶ 3.) GYT sells its carts at $69.99 per unit on Amazon, thus the total retail value of the inventory is $291,088.41. Richard Elden ("Elden), founder and president of Dbest, asserts the value of GYT's inventory is $150,000 after factoring in costs. (Declaration of Richard Elden ("Elden Decl."), Ex. M, Dkt. No. 154-13.) Were the jury to award Dbest $413,000 in damages, GYT does not appear to have sufficient assets in the United States for Dbest to collect judgment, notwithstanding any potential award of attorneys' fees and costs. At oral argument, counsel for GYT stated they would present any requirement to post a bond to GYT to determine if GYT may be able to provide additional funds from other assets not described in the Ye Declaration. But GYT did not affirmatively represent it would be unable to post a bond in the amount of $450,000.

Dbest argues GYT's status as a Chinese company with no employees or operations in the United States, and GYT's frivolous arguments suggest an inability to pay. (See Mot. at 1, 8–9.) Courts in the circuit differ in granting a request for a security bond depending on a party's inability to pay. Compare Susilo v. Wells Fargo Bank, N.A., 2012 WL 5896577, at *2 (C.D. Cal. Nov. 19, 2012) ("Without any particularized showing that there is a real risk of defendants being unable to recover costs and attorney's fees to which they are entitled, there is simply no basis on which to require plaintiff to post a bond."), and Plata v. Darbun Enters., Inc., 2009 WL 3153747, at *12 (S.D. Cal. Sept. 23, 2009) ("Defendant has not set forth any details regarding its legitimate need for the prophylaxis of a bond in its moving papers."), with Redisegno.com, S.A. DE C.V. v. Barracuda Networks, Inc., 2021 WL 3111951, at *4 (N.D. Cal. July 22, 2021) (granting motion for bond even though Defendant did not show it "will have difficulty enforcing a judgment for attorney fees and costs were it to prevail to justify the amount requested"), and Gabriel Tech. Corp., 2010 WL 3718848, at *4 (granting motion for bond where plaintiff had "no known assets in California").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 21-4758 JVS (JDEx)                                    Date   February 17, 2023

Title   Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

    Notably, all that's left to decide in the case is damages, if any, GYT owes to Dbest. It appears that at most, GYT could owe Dbest $413,000 in damages and upwards of more than $400,000 in attorneys' fees and costs. True, GYT could owe less if it prevails on its affirmative defenses. But all of GYT's claims have been resolved. Without a security bond, Dbest could be left with a judgment that it cannot collect on. See Gabriel Tech. Corp., 2010 WL 3718848, at *15 ("[GYT] has waged a significant litigation against [Dbest], and the purpose of section 1030 is to protect defendants like [Dbest] from being unable to collect judgments against out-of-state plaintiffs like [GYT]."). The Court finds, based on the foregoing, a security bond is reasonable from Dbest's perspective. Accordingly, the Court finds this factor weighs in favor of Dbest.

    **C.**    **Reasonable extent of security to be posted from GYT's perspective**

    Dbest argues the costs related to the security bond stem directly from GYT's actions. GYT fails to fully address this third prong, instead challenging the requested amount under Part III.B.

    Dbest argues the attorneys' fees requested are reasonable when compared to the American Intellectual Property Law Association 2021 Report of the Economic Survey ("AIPLA Report"). (Reply, Dkt. No. 145-6, Ex. 5.) According to the AIPLA Report, the average cost of patent infringement litigation in Los Angeles where less than $1 million is at stake, including discovery, motions, and claim construction, is $400,000. For the same location and claim, the average cost of pre-trial, trial, post-trial, and appeal is $900,000. Dbest argues, based on this comparison, its request for a security bond of $848,348.53 is reasonable.

    Dbest asserted in a declaration it has already incurred $415,578.20 in attorneys' fees and $42,770.33 in costs. Following the Court's January 12, 2023, Order, Dbest provided additional exhibits and declarations as to the attorneys' fees already incurred. (See Order, Dkt. No. 151.) The declarations and exhibits provided by Dbest show Dbest has incurred $415,728.40 in attorneys' fees for services performed on or before November 30, 2022. (See Second Supplemental Declaration of Ehab M. Samuel ("Second Supplemental Decl."), Dkt. No. 154, Ex. A.) Dbest has incurred an additional $58,654.00 in attorneys' fees for services performed in December 2022. (Id.) Dbest provided the list of attorneys who worked on the matter and their hourly rates. (Id.) Dbest also provided a breakdown of hours worked based on the stage of litigation. (Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 21-4758 JVS (JDEx)                                   Date  February 17, 2023

Title   Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

Ex. B.)  Dbest further provided a detailed breakdown of the work done and amount of hours worked for each specific task.  (Id. Ex. D.)  Dbest provided declarations asserting the billing rates charged are similar to the rates charged in the area, a breakdown of other costs, and declarations as to the costs incurred for use of experts.  (See generally Second Supplemental Declaration of Ehab M. Samuel, Dkt. No. 154, Exs. A–M.)  The Court, having reviewed the declarations and exhibits provided by Dbest, finds Dbest sufficiently supports the basis for the attorneys' fees and costs sought.  GYT does not otherwise dispute the reasonableness of the attorneys' fees and costs incurred by Dbest.

The Court finds the estimated future fees and costs are too speculative, particularly because the trial is limited to only patent damages and the only evidence in support is comparison to the AIPLA report.  See Gabriel Tech. Corp., 2010 WL 3718848, at *10–11.

### IV.  CONCLUSION

Considering all of the foregoing factors, the Court finds a cash or security bond in the amount of $450,000 is appropriate in this case.  For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**