Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
Sepehr Daghighian (SBN 239349)
sd@orbitip.com
**ORBIT IP, LLP**
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Plaintiff,
DBEST PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DBEST PRODUCTS, INC.**, a California corporation,<br><br>        Plaintiff,<br><br>**v.**<br><br>**GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>        Defendant. | Case No.: 2:21-cv-04758-JVS-JDE<br><br>**DBEST PRODUCTS, INC.'S RESPONSE TO GYT'S OBJECTION TO PLAINTIFF'S CORRECTED [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR (1) EXCEPTIONAL CASE FINDING AND ATTORNEY'S FEES, (2) AN AWARD OF TREBLE DAMAGES, (3) A PERMANENT INJUNCTION, AND (4) INTEREST AND COSTS** |

1    During the April 17, 2023 hearing, dbest's Corrected [Proposed] Order (Dkt. 210-1) was

2    raised in the context of dbest's request to include the language in its proposed order on permanent

3    injunction in the Court's order. Notably, dbest requested the Court to also order GYT to take the

4    following four measures: (i) preserve its inventory of infringing products, (ii) disclose information

5    about its inventory, including address[es] where the inventory is stored and contact information,

6    (iii) serve GYT's agent(s) for storage of the inventory with a copy of the Court's order; and (iv)

7    turn the inventory over to dbest. Dkt. 210-1 at 7.

8    The Court afforded GYT the opportunity to file objections on this issue. But GYT instead

9    used the permission to file objections as an opportunity to present new arguments and declarations

10   in connection with the sanctions on GYT's attorneys. None of its arguments or declarations excuse

11   GYT's attorneys of their frivolous, reckless, and bad faith positions taken throughout the litigation.

12   With respect to GYT's objections to the relief sought for the permanent injunction, GYT

13   does not object to the terms of the proposed injunction. Instead, GYT disputes that the proposed

14   measures should not apply to GYT's attorneys. GYT concedes that GYT's attorneys represent

15   them. Removing GYT's attorneys from the proposed order would allow GYT to defy the Court's

16   order and evade paying the judgment against it.

17   Therefore, dbest respectfully requests the Court to include its proposed language for the

18   permanent injunction in the Court's final order. The relief should apply to GYT and its attorneys.

19                            Respectfully submitted,

20   DATED:  April 26, 2023              **ORBIT IP, LLP**

21
                                        By:  /s/ Ehab M. Samuel
22                                      Ehab M. Samuel (CA SBN 228296)
                                        David A. Randall (CA SBN 156722)
23

24

*Attorneys for Defendant and Counterclaimant*
DBEST PRODUCTS, INC.