UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS (JDEx)                        Date  April 28, 2023

Title  Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS] Order Regarding Motion for Treble Damages, Attorney's Fees, Permanent Injunction, and Costs [206]**

Before the Court is Defendant-Counterclaimant dbest Products, Inc.'s ("dbest") motion requesting attorneys' fees, treble damages, a permanent injunction, and interest and costs. (Mot., Dkt. No. 206.) Plaintiff-Counterdefendant Guangzhou Yucheng Trading Co., Ltd. ("GYT") opposed the motion (Opp'n, Dkt. No. 215) and dbest responded (Reply, Dkt. No. 221). The Court heard oral argument on the matter on April 17, 2023. At the hearing, the Court invited GYT to submit objections to dbest's form of judgment. (See Dkt. No. 234.)

For the following reasons, the Court **GRANTS in part** and **DENIES in part** the motion.

**I. BACKGROUND**

The parties are familiar with the nature and details of the case, so the Court will recite only the factual and procedural background necessary to resolve the issues of the instant motion.

At the Markman hearing, the Court adopted very few of GYT's proposed claim constructions, forewarning GYT of the implications of continuing to litigate. (Apr. 25, 2022 Hr'g Tr. 4:10–14, Dkt. No. 86 (instructing GYT to take a "serious look" at the claims).) Despite the Court's ruling, GYT submitted an expert report at the summary judgment stage that relied upon excluded constructions. The Court granted summary judgment to dbest on nearly all of the claims at issue. (Dkt. No. 133, at 45.) In its order,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-04758-JVS (JDEx)     Date April 28, 2023

Title    Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

the Court directed GYT to consider whether it had a good faith basis for its arguments. (Id.) GYT was warned that such conduct may be sanctionable. (Id.) Notwithstanding this Court's admonition, GYT continued to raise excluded defenses at trial. (Feb. 28, 2023 Trial Tr. 4:22–51, Dkt. No. 182; Mar. 2, 2023 Trial Tr. 46:17–48:4.)

On January 12, 2023, the Court ordered GYT to post a security bond no later than noon February 24, 2023. (Dkt. No. 168.) GYT failed to do so. (See Dkt. No. 171.) The parties proceeded with trial on February 28, 2022. (Dkt. No. 186.)

Following a four-day jury trial, the jury awarded GYT lost profits of $463,136 and found that GYT had willfully infringing dbest's patent, U.S. Patent No. 9,233,700 ("the '700 Patent"). (Special Verdict, Dkt. No. 191.)

Dbest now moves for attorneys' fees, treble damages, interests and costs, and a permanent injunction. (Mot. 206.)

## II. DISCUSSION

Dbest seeks an award of treble damages, attorneys' fees, interests and costs, and a permanent injunction. (See Mot.) The Court will address the parties' contentions regarding each request in turn.

### A. Enhanced Damages

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. Additionally, "the court may increase the damages up to three times the amount found or assessed." Id. In deciding whether to award enhanced damages, courts should consider "the egregiousness of the defendant's conduct based on all the facts and circumstances." Read Corp. v. Portec, Inc., 970 F.2d 816, 826 (Fed. Cir. 1992), abrogated on other grounds by Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) (en banc). However, "the district court is not required to discuss the Read factors." Polara Eng'g Inc v. Campbell Co., 894 F.3d 1339, 1355 (Fed. Cir. 2018). This is because, under Halo Elecs., Inc. v. Pulse Elecs.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

Inc., 579 U.S. 93, 103 (2016), the proper focus is "culpability," which "is generally measured against the knowledge of the actor at the time of the challenged conduct." Id.

The Supreme Court has cautioned that "[a]wards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." Halo, 579 U.S. at 103. In considering enhanced patent damages, "[a]s with any exercise of discretion, courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount." Id. at 106. But "through nearly two centuries of discretionary awards and review by appellate tribunals, the channel of discretion ha[s] narrowed, . . . so that such damages are generally reserved for egregious cases of culpable behavior." Id. at 104.

Considering the totality of circumstances in this case, an enhanced damages award is duly warranted. GYT has demonstrated egregious infringement behavior warranting a punitive or vindictive sanction, including with reference to the relevant Read factors. As a threshold matter, the jury in this case found that GYT wilfully infringed the '700 Patent. (Special Verdict, Dkt. No. 191.) While a finding of willfulness alone is not generally sufficient to enhance damages, willfulness is undoubtedly "a component of enhancement." SRI Int'l, Inc. v. Cisco Sys., Inc., 14 F. 4th 1323, 1330 (Fed. Cir. 2021); see also Read, 970 F.2d at 827.

Furthermore, this was not a close case—dbest was the clear winner. The Court adopted nearly all of dbest's proposed claim constructions and found infringement at the summary judgment stage, and the jury returned their verdict of willfulness and damages after deliberating for less than an hour. And yet, despite this case's clear-cut nature, GYT's conduct throughout the litigation was egregious, deserving of sanctions as discussed below. GYT was dilatory in its filings, misrepresented facts and case law, and presented frivolous arguments to the Court.

Accordingly, dbest motion for treble damages is **GRANTED**.

    *B.*    *Attorneys' Fees and Sanctions*

        1.    Exceptional Case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-04758-JVS (JDEx)                     Date   April 28, 2023

Title      Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

Dbest next seeks a finding that this case is exceptional and thus warrants an award of attorneys' fees.

### a.   Legal Standard

Under the Patent act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Although the Patent Act does not define "exceptional," the Supreme Court has construed it in this context to have its ordinary meaning – "'uncommon,' 'rare,' or 'not ordinary.'" Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 553 (2014). Thus, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 554. Section 285 discourages certain "exceptional" conduct by imposing the cost of bad decisions on the decisionmaker.

"District courts determine whether a case is exceptional "considering the totality of the circumstances." Id. Fees may be awarded where "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless exceptional. Id. at 555. "A case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." Id. Other relevant factors may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 554, n.6 (quotations omitted). A party must prove its entitlement to fees by a preponderance of the evidence. Id. at 557–58. Determinations by a district court that a case is exceptional is reviewed on an abuse of discretion standard. Highmark Inc. v. Allcare Health Mgmt. Sys., 572 U.S. 559, 563 (2014).

In the companion case to Octane Fitness, the Supreme Court held that "[b]ecause § 285 commits the determination whether a case is 'exceptional' to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion.

### b.   Analysis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

As a threshhold matter, it is undisputed that dbest is the prevailing party in this case. (See Dkt. Nos. 133, 191.) The Court thus finds this case exceptional because GYT willfully infringed dbests's patent and GYT failed to follow this Court's rulings and orders. First, a finding of willful infringement is highly relevant to finding a case exceptional, and in some cases has been found sufficient on its own. See RSA Protective Tech., LLC v. Delta Scientific Corp., 562 F. Supp. 3d 574, 580 (C.D. Cal. 2021) ("The prevailing party may prove the existence of an exceptional case by showing . . . willful infringement") (quoting Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F. 3d 1022, 1034 (Fed. Cir. 2002); Ceiva Logic Inc. v. Frame Media, No. 08-636, 2014 WL 7338840, at *4 (C.D. Cal. Dec. 19, 2014) (holding a finding of willful infringement sufficient to support an exceptional case determination pursuant to Section 285).

Second, GYT has displayed a consistent failure to comply with this Court's orders. Following claim construction and into summary judgment, GYT continued to rely on constructions of the '700 Patent this Court rejected. GYT argues in its opposition that it reasonably relied on its expert's construction of the '700 Patent, citing a sentence of its expert's report stating he followed the Court's construction in his analysis. (Opp'n 17, citing Dkt. No. 96-6 ¶ 21.) The Court is not now persuaded by this argument for the same reasons it was not persuaded by the virtually identical argument at summary judgment. (See Dkt. No. 133 at 8–15.) GYT's renewed attempt to buttress its position by contending its expert's report properly relied upon previously rejected constructions merely reinforces the Court's conclusion that GYT's position "not only lack[s] merit, but flout[s] the Court's construction." See Spitz Tech. Corp. v. Nobel Biocare USA LLC, No. 17-660, 2018 WL 6164300, at *5–6 (C.D. Cal. June 7, 2018) (finding a party's "persistent disregard" of the court's claim construction supported a finding of an exceptional case). Indeed, GYT's continued insistence it has done nothing improper, despite this Court's finding otherwise, underscores why this case is exceptional.

Furthermore, the Court ordered GYT to post a security bond prior to trial, which GYT unequivocally failed to do. See Stryker Corp. v. Davol, Inc., 75 F. Supp. 2d 741, 745–46 (Fed. Cir. 1999) (finding a violation of a permanent injunction justified an exceptional case finding). GYT argues it did not "wilfully" fail to post a bond because it did not have the finances to do so. (Opp'n 17.) While the Court is sympathetic to a party's inability to pay, the Court nonetheless finds GYT's failure to post the bond relevant to show GYT has displayed a pattern of not complying with the Court's orders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS (JDEx)     Date  April 28, 2023

Title   Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

GYT separately argues in its opposition that dbest is not entitled to attorneys' fees notwithstanding the exceptional nature of the case because "dbest has never given any notice of GYT's alleged exceptional conduct." (Opp'n 18.) In support, GYT cites Stone Basket Innovations LLC v. Cook Medical LLC, 892 F.3d 1175 (Fed. Cir. 2018) for the proposition that dbest was required to inform GYT of the actions dbest viewed as grounds for applying for attorneys' fees. (Id.) Stone Basket is inapposite. As an initial matter, the court in Stone Basket was reviewing a district court's decision not to find a case exceptional, rather than a decision not to award attorneys' fees notwithstanding a finding of exceptionality as GYT now argues.

Secondly, in that case, the lower court declined find exceptional conduct because the evidence the plaintiff presented "taken alone or together, warranted a finding of exceptionality." Stone Basket, 892 F.3d at 1180. Rather than ruling a plaintiff must warn a defendant of their purportedly meritless litigation, the Federal Circuit found the district court did not err in finding a lack of "clear notice" of the asserted patent's invalidity by service of invalidity contentions. Id. Although the district court was "well within its discretion" to consider the plaintiff's own litigation conduct, the Federal Circuit did not state a requirement that a party seeking attorneys' fees warn the opposing party of its allegedly exceptional conduct. Id. Indeed, the test for exceptionality is inherently flexible, and courts may take into account any number of factors.

Finally, even if the Court were to apply the factor for which GYT advocates, it would not alter the Court's conclusion. Far from "hiding under a rock" until filing the present motion, dbest has adequately informed GYT "that its litigation positions lacked merit." Id. (Reply 8 (collecting docket citations).)

For these reasons, the Court finds the case exceptional, warranting an award of reasonable attorneys' fees.

2.  Reasonableness of Attorneys' Fees

Having found the case exceptional, the Court now assesses the reasonableness of dbest's attorneys' fees request.

a.  **Legal Standard**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS (JDEx)     Date  April 28, 2023

Title   Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

The calculation of attorneys' fees is guided by the "lodestar/multiplier" analysis. See Ketchum v. Moses, 24 Cal. 4th 1122, 1134 (2001); see also Hensley v. Eckerhart, 461 U.S. 424 (1983). "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" Ketchum, 24 Cal. 4th at 1131–32 (quoting Serrano v. Priest, 20 Cal. 3d 25, 48 (1977)).  In determining reasonable compensation, courts "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.'" Id. at 1132 (quoting Serrano, 20 Cal. 3d at 48). "The lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court" based on a variety of factors.  Id.

To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work.  McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).  The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of
> the questions involved; (3) the skill requisite to perform the legal
> service properly; (4) the preclusion of other employment by the
> attorney due to acceptance of the case; (5) the customary fee;
> (6) whether the fee is fixed or contingent; (7) time limitations
> imposed by the client or the circumstances; (8) the amount involved
> and the results obtained; (9) the experience, reputation, and ability
> of the attorneys; (10) the "undesirability" of the case; (11) the nature
> and length of the professional relationship with the client; and
> (12) awards in similar cases.

Fischel v. Equitable Life Assurance Society, 307 F.3d 997, 1007 n.7 (9th Cir. 2001).  The Court is cautious not to adjust the lodestar figure based on any of the foregoing factors that are subsumed into the original lodestar calculation.  Morales v. City of San Rafael, 96 F.3d 359, 364, 364 n.9 (9th Cir. 1996).

**b.**     **Analysis**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

    Dbest requests award of attorneys' fees in the amount of $692,461.40. (Mot. 14.) In support of its request, dbest has provided copies of its billing records, including hours worked and descriptions of work for each entry. (Ehab Decl., Dkt. No. 154, Exs. D, E.) Having reviewed these records, the Court finds the number of hours expended in this litigation reasonable, particularly because dbest has been forced to accommodate GYT's dilatory filings and respond to what this Court has previously described as "borderline frivolous arguments." (Dkt. No. 133 at 45.) Dbest's attorneys' hourly rates ranged from $400 to $550, a range which is comparable for intellectual property legal services in the community. (Ehab Decl., Exs. A, B; Randall Decl., Dkt. No. 154-9 ¶ 6; Dkt. No. 154-10 ¶ 6.) See U.S. v. $1,026,781.61 in Funds from Florida Capital Bank, No. 09-4381, 2013 WL 781926, at *2 (C.D. Cal. Mar. 1, 2013) (finding a $600 hourly rate for an attorney with twenty years experience reasonable).

    GYT does not contest the reasonableness of dbest's attorneys' fees nor the overall number of hours worked. GYT only argues that dbest should be permitted to seek attorneys' fees only for work related to GYT's misconduct. (Opp'n 19.) As an initial matter, the cases GYT cites are inapposite. Unlike the cases GYT cites, GYT was found to have wilfully infringed dbest's patent, adding to the exceptional nature of this case. Cf. Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1553–54 (Fed. Cir. 1989) (reversing an award of attorneys' fees for the entire litigation in part because there was no finding of willful infringement); In re Rembrandt Techs. LP Patent Litig., 899 F.3d 1254, 1277–80 (Fed. Cir. 2018) (same).

    Even still, it is well within the Court's "considerable discretion" to award fees for the entire litigation because "nothing in § 285 or our case law precludes such an award." Large Audience Display Sys., LLC v. Tennman Prods., LLC, 745 Fed. Appx. 153, 157–58 (Fed. Cir. 2018). Furthermore, the Court finds GYT's exceptional conduct permeated virtually every aspect of litigation. See Monolithic Power Sys., Inc. v. O2Micro Int'l Ltd., 725 F.3d 1359, 1369 (Fed. Cir. 2013) (affirming full fee award because exceptional conduct "was pervasive enough to infect the entire litigation") (internal quotations omitted).

    Accordingly, the Court **GRANTS** dbest's request for attorneys' fees in the amount of $692,461.40.

    3.    <u>Sanctions</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

Related to dbest's request for attorneys' fees, dbest moves this Court to require GYT's counsel to pay a portion of the attorneys' fee award as sanctions. Dbest offers three avenues by which the Court may impose sanctions: 28 U.S.C. § 1927, Rule 11, and the Court's inherent power. (Mot. 15–16; Reply 10–11.) Due to procedural deficiencies in dbest's request, the Court cannot impose sanctions under Rule 11. See Fed. R. Civ. P. 11 (c)(1)–(2) (requiring a motion for sanctions pursuant to Rule 11 be filed separately and after "notice and a reasonable opportunity to respond"). Nor will the Court impose sanctions pursuant to its inherent power. The Court determines that GYT's counsel did not act in bad faith, despite their troublesome conduct throughout this case. See Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) ("the district court has the inherent authority to impose sanctions for bad faith").

Finally, the Court has authority to impose sanctions against GYT's attorneys personally pursuant to § 1927. Courts may impose sanctions against an attorney who "multiplies the proceedings in any case unreasonable and vexatiously" and require them to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions [under § 1927] are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness." Fink, 239 F.3d at 994.[1]

Although the GYT undoubtedly multiplied the proceedings, the Court determines the responsibility for pursuing this unreasonable strategy falls primarily on GYT's shoulders, rather than their counsel. Alley Ye attests in her declaration submitted in conjunction with GYT's briefings[2] that her attorneys conveyed the level of risk associated with persisting to trial as well as the Court's admonitions. (See Ye Decl., Dkt. No. 234-3 ¶ 6.) Despite these warnings, Ye insisted her attorneys continue through

---

[1] GYT argued in its briefings and at the hearing that the Court is required to make a finding of bad faith conduct before imposing sanctions under § 1927. (Opp'n 8–9.) While bad faith is certainly sufficient to impose sanctions under this section, it is not necessary. See Fink, 239 F.3d at 994 (permitting sanctions under §1927 for "a variety of types of willful action, including recklessness when combined with an additional factor").

[2] Ye's declaration was not submitted with GYT's opposition to dbest's motion for attorneys' fees, but rather in connection with its objections to dbest's proposed form of judgment. (See Dkt. No. 234.) Despite the late submission of the declaration, the Court finds it highly relevant to determining whether to personally sanction GYT's attorneys and will consider it over dbest's objection. (See Dkt. No. 235.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS (JDEx)                    Date  April 28, 2023

Title  Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

summary judgment and to trial.  (Id.)  While litigation strategy is generally within the realm of the attorney's scope of responsibility,[3] the Court recognizes that a client taking accountability for pushing the case to trial mitigates the need for sanctions against the attorneys personally.  Imposing sanctions against an attorney personally is an extreme remedy with more than mere financial implications and is intended to punish misconduct and deter future misconduct.  See Cotterill v. City and County of San Francisco, No. 08-2295, 2010 WL 1223146, at *16 (C.D. Cal. Mar. 10, 2010) (noting that the "the underlying purpose of § 1927 sanctions to punish deviations from proper standards of conduct with a view toward encouraging future compliance and deterring further violations") (quoting Oliveri v. Thompson, 803 F.2d 1265 (2nd Cir. 1986)).  Ye's declaration indicates the Court need not go to such lengths to ensure GYT's counsel will not again engage in multiplicitous or baseless litigation strategies.  The Court trusts GYT's attorneys will take the Court's numerous admonitions to heart in future cases to avoid finding themselves in a similar position in the future.

Accordingly, the Court **DENIES** dbest's motion for sanctions against GYT's counsel.  GYT will be solely responsible for the full amount of attorneys' fees awarded in this order.

C.    *Interest and Costs*

Next, dbest seeks to recover costs expended in the course of litigation and interest.  (Mot. 14–15.)  Section 284 allows for recovery of "interests and costs as fixed by the court."  34 U.S.C. § 284.  Dbest submits documentation showing that its costs incurred were $70,047.07.  (Samuel Decl., Ex. C.)  Having reviewed dbest's documentation, the Court finds such costs incurred reasonable and awards to dbest costs in the amount of $70,047.07.

Dbest also seeks prejudgment and postjudgment interest.  (Mot. 14.)  "Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment."  Nickson Indus., Inc. v. Rol Mfg. Co., Ltd., 547 F.2d 795, 800 (Fed. Cir. 1988).  In the patent context, prejudgment interest on damages "shall be awarded at the prime rate, compounded annually, from the date of infringement until the date judgment

---

[3] See Cal. Code Prof. Cond. Rule 1.2(a) ("a lawyer shall abide by a client's decisions concerning the objectives of representation and . . . shall reasonably consult with the client as to the means by which they are to be pursued").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

is entered." Kaneka Corp. v. SKC Kolon PI, Inc., 198 F. Supp. 3d 1089, 1126 (C.D. Cal. 2016). Here, the jury awarded dbest $463,163 in lost profits. Dbest's expert calculated prejudgment interest due on this damages amount as $38,995 as of March 16, 2023.

With regard to post-judgment interest, the "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. Post-judgment interest is mandatory. Barnard v. Theobald, 721 F.3d 1069, 1078 (9th Cir. 2013). According to the Federal Reserve, the weekly average 1-year constant maturity Treasury yield the calendar week preceding the date of judgment is 4.57 percent. The Court thus finds dbest is entitled to post-judgment interest calculated in the manner set forth in 28 U.S.C. § 1961(a).

The Court therefore **GRANTS** dbest's request for costs and interest in the amounts listed above.

### D.  *Permanent Injunction*

The jury having found GYT's patent infringement was willful, (Dkt. No. 191), dbest now asks the Court to enter a permanent injunction against further patent infringement by GYT that is "broad enough to cover all of GYT's aliases, as well as those acting in concert with it." (Mot. 22–25.) The gravamen of GYT's opposition is that a permanent injunction is unnecessary because GYT has "stopped selling" the Accused Products, either on Amazon.com or on Walmart, and that the fictitious storefronts identified by dbest do "not belong to GYT." (Opp'n 28–30.)

Under 35 U.S.C § 283, district courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent." The standard for determining whether a permanent injunction should be granted is "essentially the same as the standard for a preliminary injunction, except that the court determines the plaintiff's success on the merits rather than the plaintiff's likelihood of success on the merits." Amoco Prod. Co. v. Village of Gambell, Alaska, 480 U.S. 531, 546 n.12 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS (JDEx)                    Date  April 28, 2023

Title   Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

　　　　To determine whether an injunction is appropriate in the context of a patent infringement action, courts analyze the following factors: (1) whether the patent owner has suffered an irreparable injury; (2) whether remedies available at law are inadequate to compensate for that injury; (3) whether a remedy in equity is warranted considering the balance of hardships between the plaintiff and the defendant; and (4) whether the public interest would be disserved by a permanent injunction. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id.

　　　　1.　　Irreparable Harm

　　　　Evidence submitted by dbest and established at trial suggests a pattern of GYT's continuing infringement. First, dbest submits evidence suggesting that GYT has continued to infringe, even after the jury reached its verdict of willful infringement. (Samuel Decl. ¶¶ 23–26; id., Ex. K, at 9.) It submits a webpage printout of Amazon.com of an advertisement under GYT's flagship storefront, "winkeep." (Id., Ex. K, at 9.) The printout, dated March 14, 2023, shows an advertisement of an infringing product. (Id.) GYT admits that it made this post but has since taken down this image since the filing of the instant motion. (Opp'n 29.) Second, evidence at trial shows that GYT continued to list the infringing products on a different platform, Walmart.com, after Amazon.com took down GYT's infringing listings. (Mar. 1, 2023 Trial Tr. 14:4–8.) The parties were undisputedly direct competitors, and GYT has used different storefronts, including "winkeep." (Id. at 11:11–16; Mar. 2, 2023 Trial Tr. 16:20–17:14; 23:6–24:3.) Mr. Elden testified at trial that the parties are direct competitors, that GYT's inferior products harmed dbest's reputation, and that GYT's past infringement undermined dbest's "blood, sweat, and tears" invested on the "design, and development, on marketing," and patenting the patented product. (Mar. 1, 2023 Trial Tr. 88:2–13).

　　　　On balance, the evidence supports a finding of irreparable harm because the parties are direct competitors, GYT maintains different storefronts that sold infringing products, GYT has been found to have willfully infringed dbest's patented products, and GYT has admitted to infringing activity after trial. Cf. Composite Res. Inc. v. Recon Med. LLC, No. 2:17-cv-01755, 2022 U.S. Dist. LEXIS 2667, at *14 (D. Nev. Jan. 6, 2022).

　　　　This factor weighs in favor of injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:21-cv-04758-JVS (JDEx)                              Date    April 28, 2023

Title    Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

       2.       No Adequate Remedy at Law

      Monetary damages do not adequately address the harms identified by dbest because GYT utilizes multiple storefront names to sell its infringing products and GYT, a Chinese corporation with no U.S. operations, does not have sufficient assets in the United States for dbest to collect judgment. (See Dkt. No. 171, at 6.) Money damages may be inadequate if GYT cannot satisfy a money judgment and dbest must return to the Court to seek relief. See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 518 F. Supp. 2d 1197, 1220 (C.D. Cal. 2007) ("A legal remedy is inadequate if it would require a multiplicity of suits."). It would be impractical, if not impossible, to remedy ongoing infringement through monetary relief. Furthermore, damages to reputation and from customer confusion cannot be remedied through a damages award. See id. Given the troubling history of GYT's patent infringement and dbest's inability to collect on monetary relief, the Court finds that injunctive relief adequately protects dbest's rights and interests.

      This factor weighs in favor of injunctive relief.

       3.       Balance of Hardships

      GYT argues that allowing it "to sell the Accused Product will not cause dbest hardship because dbest never shows that it had suffered any hardship during the time that GYT sold the Accused Products." (Opp'n 30.) This is simply wrong. A permanent injunction protects dbest's interest in protecting its reputation, prevents consumer confusion, and safeguarding its patent rights. This is especially true where the parties are direct competitors. Douglas Dynamics, LLC v. Buyers Prods. Co., 717 F.3d 1336, 1345 (Fed. Cir. 2013) ( "There is no hardship to [an infringing party] when a permanent injunction would merely require the [infringing party] to comply with law." Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd., No. 14-2307, 2014 WL 4679001, at *13 (C.D. Cal. Sept. 18, 2014). GYT does not proffer any evidence to the contrary.

      This factor weighs in favor of an injunction.

       4.       Public Interest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

"The heart of the patent grant is the right to exclude." ActiveVideo Networks, Inc. v. Verizon Communs., Inc., 694 F.3d 1312, 1341 (Fed. Cir. 2012). Public interest favors enforcing patent rights. See e.g., id. Entering an injunction would serve public interest because it "would protect [the patentee's] federally protected rights, which is in the public interest, and would have no adverse effect on the public." Deckers, 2014 WL 4679001, at *13. Again, GYT proffers no evidence to the contrary, other than arguing that the public would benefit from "more choices" of shopping carts. (Opp'n 30.) Thus, this factor weighs in favor of an injunction.

In sum, the Court concludes that all four factors weigh in favor of dbest and **GRANTS** a permanent[4] injunction against GYT as set forth below:

The Court **PERMANENTLY ENJOINS** GYT, its officers, agents, associates, affiliates, employees, attorneys, and all others acting in concert or participation with them, from, directly or indirectly:

(i) making, using, selling, offering for sale, and/or importing the shopping carts that infringe the '700 Patent, as depicted in the images below:

---

[4] Note that "permanent" injunctions in patent infringement cases nevertheless are limited by the expiration of the date of the patent-in-suit. See, e.g., In re Hayes Microcomputer Products, Inc. Patent Litig., 766 F. Supp. 818, 828 (N.D. Cal. 1991) (imposing "permanent injunction" from date of injunction "until the expiration of [the patent-in-suit]"), aff'd, 982 F.2d 1527 (Fed. Cir. 1992); Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc., No. 95-03577, 2008 WL 4647384, at *13 (N.D. Cal. Oct. 20, 2008) (considering motion to modify language in "permanent injunction" related to patent expiration date); RPA Int'l PTY LTD. v. Compact Int'l Inc., No. 06CV1147, 2010 WL 3184311, at *9–10 (S.D. Cal. Aug. 11, 2010) (similar).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |







UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS (JDEx) | Date | April 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

(ii) making, using, selling, offering for sale, and/or importing the following infringing shopping carts sold on Amazon.com under the ASINs B07T63S2WP, B07B4XSW9L, B08CX9VXPT and B08JYB8MB4 into the United States; and

    (iii) selling and offering for sale the infringing shopping carts on Amazon.com and Walmart.com through any and all seller accounts, including the seller accounts for WINKEEP, WINIBEST, WILBEST, LENBEST, POPOLIC, BOVN, AMOETES, and STARRYBB, ROYI, FLYFUN, TEEHON, CAPER BROS. and TOMSER.

According to GYT Manager Alley Ye, GYT owns 4,159 of its shopping carts, stored in Carteret, New Jersey. (Dkt. No. 157.) The Court **ORDERS** GYT, its officers, agents, associates, affiliates, employees, attorneys, and all others acting in concert or participation with them, directly or indirectly, to:

    (i) immediately take steps to preserve the inventory of infringing products in its current location;

    (ii) within seven days of this order, provide dbest and the Court with all necessary information about that inventory, in the United States or elsewhere in GYT's possession, custody or control, including the address[es] where that inventory is currently stored, and contact information and telephone number of the entity[ies] storing the inventory;

    (iii) within seven days of this order, serve GYT's agent(s) for storage of the inventory with a copy of this order; and

    (iv) promptly take all measures necessary to turn the inventory over to dbest and/or its attorneys or agents acting on behalf of dbest.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the motion.