Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Plaintiff,
DBEST PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DBEST PRODUCTS, INC.**, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>**GUANGZHOU YUCHENG TRADING CO., LTD.**, a foreign limited liability company,<br><br>    Defendant. | Case No.: 2:21-cv-04758-JVS-JDE<br><br>**DBEST PRODUCTS, INC.'S CORRECTED NOTICE OF MOTION AND MOTION UNDER RULE 60(B) AND L.R. 7-18 FOR RECONSIDERATION OF ITS MOTION FOR ATTORNEY'S FEES WITH RESPECT TO LIABILITY OF GYT'S COUNSELS**<br><br>JUDGE:  JAMES V. SELNA<br>DATE: June 26, 2023<br>TIME: 1:30 p.m.<br>COURTROOM: 10C |

**TO THE COURT, THE PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 19th, 2023, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 10C of the Ronald Reagan United States Courthouse, located at 411 West Fourth Street, Santa Ana, California, Counterclaim Plaintiff dBest products, Inc. ("dbest"), will and does move the Court, under L.R. 7-18 and Federal Rules of Civil Procedure 60(b)(1) and (6), for an order granting reconsideration of dbest's Moton for Attorney's Fees with Respect to Liability of GYT's Counsels. The grounds for this motion are a manifest showing of a failure to consider material facts presented to the Court before such decision. The Court changed its tentative order in this one respect based on the late-submitted declaration of Alley Ye. That declaration, however, only addressed the decisions not to settle after claim construction and to go to trial after the summary judgment ruling, not other litigation conduct that multiplied the proceedings.

Counsel for the parties have met and conferred as required by L.R. 7-3. While counsel engaged in a meaningful discussion, they were unable to reach a resolution eliminating the need for this motion. This motion is therefore made following the conference of counsel, which took place on May 11, 2023.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Ehab M. Samuel in Support of the pleadings and papers on file in this matter, and the arguments of counsel at the hearing.

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | DATED: May 19, 2023 |
| 3 | ORBIT IP LLC |
| 4 | By: /s/ Ehab M. Samuel |
| | Ehab M. Samuel (CA SBN 228296) |
| 5 | David A. Randall (CA SBN 156722) |
| 6 | Attorneys for Defendant and Counterclaimant |
| 7 | DBEST PRODUCTS INC. |

I.    INTRODUCTION

The Court's tentative ruling thoroughly analyzed the record and recognized that the blame for GYT's litigation strategy that unreasonably multiplied the proceedings falls, at least, in part on GYT's counsel's shoulders. The Court, in its discretion, then considered GYT's late-submitted declaration of Alley Ye in which she took the blame for pushing the case to trial, despite GYT's attorneys' informing GYT of the risks and of the Court's admonitions. Dkt. 236 at 9.

dbest respectfully seeks reconsideration under Federal Rule of Civil Procedure 60(b)(1) and Local Rule 7-18 because the Court, while crediting GYT taking accountability for its own decisions, may have failed to consider material facts dbest presented to the Court before the ruling that are unchanged by Ms. Ye's declaration. GYT took accountability for pushing the case to trial despite losing many issues at the claim construction stage. Dkt. 234-3. But nothing in Ms. Ye's declaration states that she took responsibility for counsel's: (i) failure to follow the rules and the Court's claim construction; (ii) failure to timely serve its expert report and withholding it until the *Daubert* motion was filed; (iii) attempting to argue an untimely advice-of-counsel defense at trial; and (iv) filing a motion to permit remote testimony from Guangzhou, China, which counsel knew was prohibited under Chinese law. As the Court previously noted in its tentative order, that conduct was reckless and frivolous, warranting sanctions under Section 1927.

Importantly, by attempting to shift the blame to GYT, Ms. Ye's declaration allowed its counsel to escape liability, leaving dbest with little recourse and **zero recovery**. Despite the Court ordering GYT and its counsel to turn over the inventory

1  of infringing products (Dkt. 236 at 16), they have failed to do so. Declaration of
2  Ehab M. Samuel in Support of dbest' Motion for Reconsideration ("Samuel Decl.")
3  ¶¶ 3-17. Instead, after the Ye declaration had served its purpose, GYT conveniently
4  terminated its attorneys and they immediately moved to withdraw as counsel (Dkt.
5  238) in what appears to be a concerted effort to deny dbest any recovery. Under
6  these circumstances, it would be manifestly unfair and unjust if dbest cannot collect
7  any portion of its attorney's fees from GYT's counsel, and therefore, also seeks
8  reconsideration under Federal Rule of Civil Procedure 60(b)(6).

## II. ARGUMENT

The Court recognized that sanctions of counsel under § 1927 are available for various kinds of willful actions, "including recklessness when combined with an additional factor such as frivolousness." April 28 Order Regarding Motion for Treble Damages, Attorney's Fees, Permanent Injunction, and Costs ("Post-Trial Order"), Dkt. 236 at 9, citing *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Attorneys who have advanced reckless and frivolous arguments have often been sanctioned under section 1927. *E-Z Lettering Serv. v. Nationwide Pennant and Flag Mfg., Inc.*, SACV 08-00368-JVS (RNBx), 2009 WL 10675582, *2 (C.D. Cal. May 7, 2009); *Doran v. 7 Eleven Inc.*, SACV 09-00067-JVS (ANx), 2011 WL 13143622, *3 (C.D. Cal. Mar. 28, 2011). Indeed, even in the case the Court cited for the purpose of encouraging future compliance and deterring future violations, the court recommended imposing sanctions under section 1927. *Cotterill v. City and County of San Francisco*, No. C 08-2295 JSW (JL), 2010 WL 1223146, *16 (N.D. Cal. Mar. 10, 2010).

1   Here, the attorneys, not GYT, made many of the reckless and frivolous
2   decisions and took the willful actions that multiplied the proceedings. Importantly
3   here, GYT is a small foreign corporation with little experience with the U.S. legal
4   system. Because Ms. Ye only took responsibility for the decisions not to settle and
5   to press on to trial, there is no evidence that GYT was properly informed of and
6   authorized its attorneys' reckless tactics and frivolous legal arguments.

7   The attorneys, not GYT, were responsible for explaining to GYT's expert that
8   he must apply the Court's claim constructions, but they nevertheless served the
9   expert report that applied their rejected claim constructions, and then relied on that
10  report in their summary judgment briefs. This was both reckless and frivolous: the
11  Court concluded that GYT's position both lacks merit and flouts the Court's
12  construction. *Id.* at 5, citing *Spitz Tech. Corp. v. Nobel Biocare USA LLC*, No. 17-
13  660, 2018 WL 6164300, at *5-6 (C.D. Cal. June 7, 2018). GYT's attorneys still
14  seem to believe the expert's opinions were proper, even filing some kind of unsworn
15  declaration from him. Dkt. 234-2. As the Court previously emphasized, "GYT's
16  continued insistence it has done nothing improper, despite this Court's finding
17  otherwise, underscores why this case is exceptional." Dkt. 236 at 3.

18  Similarly, the attorneys, not GYT, waited to serve David Smith's finished,
19  signed rebuttal expert report until after dbest filed its summary judgment and
20  *Daubert* briefing and then argued to the Court that the service was timely. Serving
21  the report days late was reckless and the Court found "GYT's arguments attempting
22  to blame dbest frivolous." December 6, 2022 Order Regarding Summary Judgment
23  Motions and Related Motions, Dkt. 133 at 20.

24

1    Likewise, it is not unusual for attorneys to discover new potential prior art
2 references after a party's invalidity contentions have been served. The proper way to
3 use those references is to bring them to the patentee's counsel's attention, meet and
4 confer, and then, if necessary, move for leave to file amended invalidity contentions.
5 N.D. Cal. Patent L. R. 3-6, Amendment to Contentions.  Here, the Court's claim
6 constructions may have been deemed good cause for GYT to amend its invalidity
7 contentions.  But GYT's counsel never sought leave to amend its invalidity
8 contentions but recklessly used the new references in GYT's expert invalidity report
9 and summary judgment briefs as if they had been timely disclosed.  Instead, counsel
10 frivolously argued that GYT should be permitted to raise any invalidity argument in
11 GYT's expert report.  The Court found that the invalidity report violated Fed. R.
12 Civ. P. 37(c) and the Patent Local Rules by including the new invalidity theories.
13 Dkt. 133 at 17. GYT's attorneys, not GYT, frivolously and recklessly introduced
14 these untimely invalidity theories in the case.

15    After the Court decided the summary judgment and *Daubert* motions, GYT
16 insisted on going to trial on the few remaining issues, but again, GYT's counsel
17 made reckless tactical decisions and willfully acted on them.  Article 284 of the
18 Civil Procedure Law of the People's Republic of China forbids Chinese citizens
19 from providing evidence within its borders without permission from the republic.
20 Order Regarding Renewed Motion to Allow Witness to Testify Via
21 Contemporaneous Transmission, Dkt. No. 182 at 2.  But knowing it was illegal
22 under PRC law, counsel nevertheless moved to allow Alley Ye to testify remotely
23 from China, which motion the Court denied without prejudice.  Dkt. No. 148.
24

Asking the Court to permit testimony in China that would violate Chinese law was reckless and counsel's arguments were frivolous.

Similarly, GYT argued, including in Alley Ye's deposition, pre-trial declarations, and even in her most recent post-trial declaration, that GYT relied on opinions of counsel for a good faith belief that it did not infringe the '700 patent. Dkt. 234-3 at ¶ 5 ("…we also consulted with other counsels and experts, they all opines that our product did not infringe dbest's patent."). When GYT's counsel appeared as counsel of record, around the time of the April 25, 2022 Markman hearing, there was still plenty of time for them to disclose GYT's intention to rely on opinions of counsel as a defense to willful infringement, as required by Patent L.R. 3-7. A client, especially one unfamiliar with the U.S. legal system, relies on its attorneys to read the relevant rules and follow them to avoid waiving potentially meritorious defenses. But GYT's counsel recklessly did not comply with Patent L.R. 3-7 and then frivolously argued for admissibility of the letter and related testimony anyway. *See* Dkt. 182 at 4-5 (discussing and rejecting GYT's arguments). And after the Court excluded testimony about the advice-of-counsel defense, counsel recklessly still tried to refer to this testimony in GYT's opening statement and tried to elicit testimony from Ms. Ye about GYT's reliance on opinions of counsel. Trial Tr., 4:22-5:1, Feb. 28, 2023.

Throughout the litigation, as the Court observed, "GYT was dilatory in its filings, misrepresented facts and case law, and presented frivolous arguments to the Court." Dkt. 236 at 3. The Court also recognized that "GYT's exceptional conduct permeated virtually every aspect of litigation." *Id.* at 8. Because Ms. Ye only took

1  responsibility for insisting on seeking summary judgment and going to trial, not for

2  its counsel's specific tactics and decisions, these behaviors are solely its counsel's

3  responsibility. Because they were both reckless and frivolous, the Court has

4  discretion, under Section 1927, to sanction counsel because their actions needlessly

5  multiplied the litigation.

6  Now, as noted above, GYT and its counsel have failed to comply with the

7  Court's order requiring them to turn over the inventory of infringing products.

8  Samuel Decl., ¶¶ 3-17.  They have not learned their lesson and continue to engage in

9  multiplicitous or baseless litigation strategies, and as such, should be held

10 accountable.

### III. CONCLUSION

For all the foregoing reasons, per Rule 60(b)(1) & (6) and L.R. 7-18, dbest respectfully requests that the Court reconsider holding GYT's attorneys liable for a portion of dbest's attorneys fees incurred at the summary judgment stage and afterward.

Respectfully submitted,

DATED:  May 19, 2023

**ORBIT IP, LLP**

By: /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)

*Attorneys for Defendant and Counterclaimant*
DBEST PRODUCTS, INC.