UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS(JDEx) | Date | June 22, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion for Reconsideration [239, 241]

Defendant dbest Products, Inc. ("dbest") moves for reconsideration of the Court's Order Regarding Motion for Treble Damages, Attorney's Fees, Permanent Injunction, and Costs. (Mot., Dkt. Nos. 239 (original), 241 (corrected); Order, Dkt. No. 236.) Plaintiff Guangzhou Yucheng Trading Co., Ltd. ("GYT") opposed the motion (Opp'n, Dkt. No. 254) and dbest responded (Reply, Dkt. No. 259).

For the following reasons, the Court **DENIES** dbest's motion.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). A motion for reconsideration "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" America Unites for Kids v. Lyon, No. 15-2124, 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015) (citation omitted). Thus, "a motion for reconsideration should not be granted absent highly unusual circumstances," such as where a district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Motions for reconsideration cannot "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakutani, 342 F.3d 934, 945 (9th Cir. 2003).

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." Tawfilis v. Allergan, Inc., No. 15-307, 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015). The grounds for reconsideration are set forth in Local Rule 7-18, which provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS(JDEx)                                Date  June 22, 2023

Title  Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.[1]  The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

      Having reviewed the parties' briefings, the Court finds dbest has not presented new facts or law that were not available when the Court made its initial decision. Indeed, dbest primarily repeats the arguments it asserted in its briefings on the motion for attorneys' fees. The only new fact is that "GYT and its counsel have failed to comply with the Court's order requiring them to turn over the inventory of infringing products." (Mot. at 6.) However, this failure does not appear to be attributable to GYT's counsel, as Ehab Samuel's declaration indicates GYT's attorneys have been communicative but were unable to get their client to act in accordance with the Court's order. (See Samuel Decl., Dkt No. 241-1 ¶¶ 3–10, 13–16.) As such, the Court finds no basis for reconsidering its original order.

      Accordingly, the Court **DENIES** dbest's motion for reconsideration. The Court

---

[1] See also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-04758-JVS(JDEx)                                 Date   June 22, 2023

Title   Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.

finds that oral argument is not necessary on this matter and **VACATES** the June 26, 2023 hearing.  Fed R. Civ. P. 78; L.R. 7-15.

    **IT IS SO ORDERED.**