UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS(JDEx) | Date | June 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. dbest Prods., Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order Regarding Motion of Contempt Against GYT and Its Counsel</u> [248]**

Defendant/Counterclaimant dbest products, Inc. ("dbest") moves to hold Plaintiff/Counter-Defendant Guangzhou Yucheng Trading Co., Ltd. ("GYT") and its counsel, Glacier Law LLP ("Glacier") in contempt for violating the Court's April 28, 2023 Order. (Motion ("Mot."), Dkt. No. 248.) The matter is fully briefed. (Opposition ("Opp'n), Dkt. No. 255; Reply, Dkt. No. 261.) The parties appeared for oral argument on June 26, 2023. This Order reflects the Court's final order on the instant motion.

For the following reasons, the Court **GRANTS in part and DENIES in part** the motion.

**I. BACKGROUND**

After having been largely resolved by summary judgment, this patent-infringement matter proceeded to trial on the issue of damages on February 28, 2022. (Dkt. No. 186.) The jury found that GYT willfully infringed dbest's U.S. Patent No. 9,233,700 ('700 Patent) and awarded dbest lost profits of $463,136. (Special Verdict, Dkt. No. 191.)

After trial, the Court entered an order on April 28, 2023, granting dbest a permanent injunction and awarding dbest treble damages, attorneys' fees in the amount of $692,461.40, plus costs and interest ("the Order"). (Order, Dkt. No. 236.) GYT was solely responsible for payment of attorneys' fees. (<u>Id.</u> at 10.) The Order required GYT, its agents, and its counsel, Glacier Law, and "all others acting in concert or participation with [it]" to disclose to dbest within seven days all information regarding the infringing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS(JDEx) | Date | June 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. dbest Prods., Inc. | | |

products, serve GYT's storage agents with a copy of the Order, and to promptly take necessary measures to turn over the infringing products to Dbest.  (Id. at 16.)

GYT stores approximately 4,200 units of infringing products in New Jersey.  (Declaration of Alley Ye ("Ye Decl.") ¶ 4, Dkt. No. 157; Declaration of Ehab Samuel ("Samuel Decl."), Ex. O).  Its corporate representative previously testified that it has roughly 3,000 to 4,000 units in China.  (Samuel Decl., Ex. A).

Shortly after Glacier Law forwarded the Order to GYT on May 4, 2023, GYT attempted to fire Glacier Law immediately.  (See Declaration of Tianyu Ju ("Ju Decl."), Dkt. No. 237.)  Glacier Law moved to withdraw.  (Dkt. No. 238.)  The Court granted the motion on June 22, 2023, contingent on GYT securing new counsel.  (See Dkt. No. 262.)

On May 9, 2023, Glacier Law provided dbest with the name and contact information of the storage warehouse in New Jersey.  (Ju Decl. ¶ 16.)  It also mailed the Order to the warehouse and instructed the vendor to preserve the inventory.  (Id., Ex. J, at 2.)  But the New Jersey vendor refused to release the units until GYT paid shipping fees and outstanding storage fees.  (Samuel Decl. ¶ 26; id., Ex. O.)  GYT, through its corporate representative Ms. Ye, informed its counsel on May 17, 2023, that GYT "is facing bankruptcy" and could not afford to pay the fees owed to the New Jersey vendor.[1]  (Ju Decl. ¶ 24.)  Glacier Law continued to urge GYT to pay the fees without avail.  (Id. ¶ 41.)  Glacier Law refused to pay the costs on behalf of GYT.  (Samuel Decl., Ex. Z.)

GYT represents that someone from the warehouse told her that dbest picked up the units on June 7 and June 8.  (Wang Decl. ¶ 3, Dkt. No. 257-1.)  At oral argument, dbest confirmed that most of the New Jersey inventory had been picked up.  It also confirmed that the total, out-of-pocket costs of the turn-over was $17,000, including back storage,

---

[1] While not a salient issue, the Court observes, from the record, a disturbing pattern of mudslinging between counsels, which have clearly obstructed their ability meet and confer on relatively simple communication issues.  To take one example, dbest's counsel, having received an email that suggested the existence of multiple "overseas" factories, tried to clarify where these factories were located. (Samuel Decl., Ex. R.)  This led dbest to believe there were multiple factories in China, when in reality, "overseas" was used by GYT's representative to refer to the United States. (Ju Decl. ¶ 24.)  This lead to an unnecessary accusations that GYT was hiding multiple factories and incessant back-and-forth.  Counsels could have easily resolved any confusion before resorting to accusing the other of nefarious conduct.  Counsels are reminded of their duties of professionalism.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS(JDEx) | Date | June 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. dbest Prods., Inc. | | |

shipping, and travel fees.

As for the units in China, it was discovered only after dbest filed the Motion that the units have since been destroyed. While Glacier Law did not "specifically" request GYT provide information about inventory in China, it requested "***all*** the inventory in United States or elsewhere." (Ju Decl. ¶ 17, Dkt. No. 255-1 (emphasis in original).) Because of the breakdown in communications between Glacier Law and GYT, GYT refused to provide information about inventory in China to Glacier Law. (See Ju Decl. ¶ 34; Samuel Decl., Ex. X.) On May 23, 2023, Glacier Law retained a Chinese counsel to investigate the whereabouts of GYT's inventory in China. (Ju Decl. ¶ 35.)

On June 5, 2023, Chinese counsel, Ms. Lu, discovered the location of the Chinese factory but learned that the factory had disposed of the goods because GYT did not make any payments. (Declaration of Wenlong Lu ("Lu Decl.") ¶ 6, Dkt. No. 255-34.) Glacier Law relayed the information to dbest's counsel the same day. (Ju Decl. ¶ 44.)

Dbest now moves to hold both GYT and Glacier Law jointly and severally liable for the value of inventory in the U.S. and China. (See generally Mot.)

## II. Legal Standard

District courts have inherent and statutory authority to enforce compliance with orders through civil contempt. Spallone v. United States, 493 U.S. 265, 276 (1990); 18 U.S.C. § 401. Civil contempt is a "severe remedy," so "principles of basic fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt." Taggart v. Lorenzen, 139 S. Ct. 1795, 1802 (2019) (cleaned up).

To hold a party in civil contempt, the Court must find, based on clear and convincing evidence, that (1) the party violated a court order, (2) beyond substantial compliance, and (3) not based on a good faith and reasonable interpretation of the order. Taggart, 139 S. Ct. at 1802. Violation of a court order is shown by the party's "failure to take all reasonable steps within the party's power to comply." Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006). If the moving party meets its burden, the burden "then shifts to the contemnors to demonstrate why they were unable to comply," and they must show they took "every reasonable step to comply." F.T.C. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS(JDEx) | Date | June 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. dbest Prods., Inc. | | |

Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999); Stone v. City & County of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

To meet the clear and convincing standard, the moving party must "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable." Colorado v. New Mexico, 467 U.S. 310, 316 (1984) (internal quotation marks and citation omitted). Civil contempt "should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." Taggart, 139 S. Ct. at 1801–02.

Once a court finds a party in contempt, it has discretion to impose sanctions. General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986). Sanctions "may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." General Signal Corp. v. Donallco, Inc., 787 F. 2d 1376, 1379–80 (9th Cir. 1986) (citing United States v. United Mine Workers, 330 U.S. 258, 303–04 (1947)). Coercive sanctions are payable to the court, and should be designed to bring about the desired result and to reflect the character and magnitude of harm if that result is not achieved. Id. at 1380. Compensatory sanctions are payable to the wronged party, and must be based on the actual losses as a result of the contemptuous conduct. Id.

### III. Discussion

    *A.    Whether GYT Should Be Held in Contempt*

Dbest argues that GYT violated the Order by failing to disclose the location of its Chinese inventory and failing to turn over the inventory located in either New Jersey or China.

    1.    Disclosure of Chinese Inventory

Without any explanation, GYT simply disregarded the Court's Order requiring it to disclose the whereabouts of its overseas inventory. (Order 16 (requiring GYT to "within seven days of this order, provide dbest . . . with all necessary information about [the] inventory, in the United States *or elsewhere*" (emphasis added).) GYT's own corporate representative previously testified that there were infringing products somewhere in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS(JDEx) | Date | June 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. dbest Prods., Inc. | | |

China. (Samuel Decl., Ex. A (deposition transcript).) Thus, GYT knew it was required to disclose the location of these units or otherwise inform dbest that they were since destroyed. But it opted to provide only information about the inventory in the U.S. without explaining the status of its overseas inventory. (Ju Decl. ¶ 17). When its own counsel repeatedly asked for information about the Chinese inventory, GYT simply refused to communicate with its counsel and in turn, dbest. (Ju Decl. ¶ 34.) Dbest was only able to learn of the location of the Chinese inventory once Glacier Law retained a separate Chinese counsel to perform an investigation. (Id. ¶¶ 35, 44.)

GYT offers no explanation for why it continually refused to reveal or explain the disposition of its overseas inventory. Therefore, GYT is held in contempt for failing to disclose within seven days all necessary information, including addresses and contact information, about the inventory stored in China.

### 2. Failure to Turn Over Inventory

The issue of turning over the Chinese goods is moot given that these units have been destroyed. (See Lu Decl. ¶ 6.) But GYT has entirely failed to "promptly take all measures necessary" to turn over the infringing products from New Jersey. (Order 16.) This includes remitting payment to its own vendor for the release and shipment of the 4,200 units of infringing products. GYT simply did nothing to facilitate the turn over of the infringing products. Thus, the burden shifts to GYT to explain why it could not comply.

According to GYT, the sole reason why it could not comply with the Order is because it could not afford to. Ms. Ye explained that it could not pay the storage fees because GYT was "facing bankruptcy" and was "letting its employees go." (Ju Decl. ¶ 24.) This is not the first time GYT could not meet its financial obligations pursuant to a court order. (See Dkt. Nos. 171, 183.)

The "*present* inability" to pay may constitute a defense to civil contempt. United States v. Rylander, 460 U.S. 752, 757 (1983) (emphasis in original). But the alleged contemnor bears the burden of production, showing "categorically and in detail" why it is unable to pay. NLRB v. Trans Ocean Exp. Packing, Inc., 473 F.2d 612, 616 (9th Cir. 1973). GYT has failed to meet that burden here. No evidence has been presented to support its claim, beyond a vague statement by Ms. Ye that merely suggests financial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04758-JVS(JDEx) | Date | June 28, 2023 |
|---|---|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. dbest Prods., Inc. | | |

hardship. Therefore, the Court finds that GYT is in contempt for failing to take necessary steps to turn over the infringing goods in its New Jersey warehouse, which includes paying the necessary fees.

      3.    <u>Sanctions</u>

The Court now considers the appropriate sanctions to impose. Sanctions serve either to compel obedience to the court order or compensate the injured party resulting from the noncompliance. <u>General Signal Corp.</u>, 787 F. 2d at 1379–80. "The ability of a party to pay is one factor a court should consider when imposing sanctions," and the sanctioned party carries that burden of production. <u>Gaskell v. Weir</u>, 10 F.3d 626, 629 (9th Cir. 1993).

Dbest seeks to hold GYT liable for the value of the inventory in the United States. (Mot. 3.) But since the filing of the Motion, it is unclear whether the units were turned over to dbest on June 7 and June 8. (Declaration of Wei Wang ("Wang Decl.") ¶ 3, Dkt. No. 257-1 (declaring that she was told by someone at the warehouse that dbest picked up the units).) Dbest does not confirm whether this is true in its Reply. (Samuel Decl., Dkt. No. 261-1.)

The inventory in New Jersey has since been turned over, and the dbest should be compensated for the cost of pick up. At the hearing on the Motion, dbest represented that the total cost is $17,000. Accordingly, the Court GRANTS sanctions against GYT in the amount of $17,000.

      B.    *Whether Glacier Law Should Be Held in Contempt*

Dbest also seeks to hold Glacier Law independently in contempt for failing to disclose GYT's inventory information or "promptly take all measures" to facilitate the turnover.

While Glacier Law was subject to the Order, (<u>see</u> Fed. R. Civ. P. 65(d)(2)(B); Order 16), it cannot be held in contempt for failing to take actions beyond its control, like forcing its client to pay or conjuring up information it did not have.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04758-JVS(JDEx) | Date | June 28, 2023 |
|---|---|---|---|
| Title | Guangzhou Yucheng Trading Co., Ltd. v. dbest Prods., Inc. | | |

In fact, the record reflects that Glacier Law did all it could to facilitate its client's compliance with the Order. It provided the contact information of the New Jersey vendor to dbest within seven days, mailed a copy of the Order to the vendor, and instructed the vendor to preserve the inventory. It urged GYT to pay the necessary fees and disclose information about the overseas inventory, despite GYT having ceased communications with it. And when its client simply refused to speak to Glacier Law any further, Glacier Law hired a Chinese counsel on May 23, 2023, to perform an investigation about the whereabouts of the inventory. (Lu Decl. ¶ 2.) Upon learning that the overseas inventory was destroyed, it immediately informed dbest. (Id. ¶ 6; Ju Decl. ¶ 44.)

At oral argument, dbest argued that Glacier Law should be held in contempt for previously representing—recklessly—to the Court and the parties in December 2022 that "[GYT] does have attachable property i.e., inventory stored with GYT's logistic company meaning that *there is no risk of defendants being unable to recover* costs and attorney's fees to which they are entitled." (Opposition, Dkt. No. 143, at 1 (emphasis added).) In making this statement, Glacier Law relied on the truth of the representations made by its corporate representative, which were made under the penalty of perjury in August 2022 at a deposition:

> Q: At the time you were — of the take down by Amazon, how many units did you have in the inventory?
> A: . . . in China they were about 3- to 4,000 units.
> . . .
> Q: What about the units in China? What happened to those?
> A: They are still being — they are still stored in the factory.
> Q: You haven't sold any of those?
> A: No.

(Ex. A, at 59:6–60:23.) Glacier Law did not independently investigate its client's claim until May 23, 2023, after attorney-client communications broke down. (Ju Decl. ¶ 35.) Glacier Law argues that it was reasonable to have relied on its client's representations.

Dbest appears to making a new argument, i.e., that Glacier Law should be sanctioned for a Rule 11 violation, not a violation of a court order. See Fed. R. Civ. P. 11; Bus. Guides, Inc. v. Chromatic Communs. Enters., 498 U.S. 533, 551 (1991) (imposing an affirmative duty on the attorney to conduct an objectively reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS(JDEx) | Date | June 28, 2023 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. dbest Prods., Inc. | | |

inquiry into the facts and the law, conclude the document is well grounded in both, and act with a proper motive before filing a document with the Court). However, dbest's Motion is based on the court's inherent power, not Rule 11. (See Mot. 7.) Accordingly, the Court declines to resolve the merits of dbest's Rule 11 challenge to Glacier Law. The question before the Court is whether Glacier Law violated a specific court order based on clear and convincing evidence. Absent such evidence, the Court cannot hold counsel in contempt.

At most, Glacier Law's conduct throughout this litigation can be described as incompetent. But that alone does not warrant a finding of contempt. Turning to the relevant conduct here, Glacier Law timely asked GYT to supply all information about "***all*** the inventory in United States or elsewhere." (Ju Decl. ¶ 17 (emphasis in original).) When GYT turned over only information about its New Jersey inventory, Glacier Law immediately provided this information to dbest. (Ju Decl. ¶ 16.) When Glacier Law could not obtain information about the Chinese inventory from its client, it conducted its own independent investigation. As noted above, the foregoing constitutes substantial compliance with the Court's Order.

The Motion is DENIED as to Glacier Law.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the motion. Sanctions are ORDERED against GYT in the amount of $17,000.

**IT IS SO ORDERED.**