UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  2:21-cv-04758-JVS-JDE                                 Date  February 23, 2024

Title  Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:  **[IN CHAMBERS] Order Regarding Motion for Order Assigning Property [271]**

Defendant, Counterclaimant, and judgment creditor DBest Products, Inc. ("DBest") moves to assign property of Plaintiff, Counter-Defendant, and judgment debtor Guangzhou Yucheng Trading Co., Ltd. ("Guangzhou"). (Mot., Dk. No. 271.) Guangzhou did not file an opposition.

For the following reasons, the Court **GRANTS** the motion.

### I. BACKGROUND

The parties are familiar with the nature and details of the case, so the Court will recite only the factual and procedural background necessary to resolve the issues of the instant motion.

After having been largely resolved by summary judgment, this patent-infringement matter proceeded to trial on the issue of damages on February 28, 2022. (Dkt. No. 186.) The jury found that Guangzhou willfully infringed DBest's U.S. Patent No. 9,233,700 ('700 Patent) and awarded DBest lost profits of $463,136. (Special Verdict, Dkt. No. 191.)

After trial, the Court entered an order on April 28, 2023, granting DBest a permanent injunction and awarding DBest treble damages, attorneys' fees in the amount of $692,461.40, plus costs and interest ("the Order"). (Order, Dkt. No. 236.) Guangzhou was solely responsible for payment of attorneys' fees. (Id. at 10.)  The Order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-04758-JVS-JDE                              Date   February 23, 2024

Title   Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

required Guangzhou, its agents, and its counsel, Glacier Law, and "all others acting in concert or participation with [it]" to disclose to DBest within seven days all information regarding the infringing products, serve Guangzhou's storage agents with a copy of the Order, and to promptly take necessary measures to turn over the infringing products to DBest. (Id. at 16.) The Court granted DBest's motion for sanctions against Guangzhou in the amount of $17,000 relating to the cost to pick up the inventory, but the Court denied the motion with regard to Glacier Law. (Dkt. No. 265.) The Court entered its final judgment on August 2, 2023, awarding DBest $1,389,408 in treble damages, $70,047.07 in reasonable costs, and $38,995 in prejudgment interest as of March 16, 2023, for a total amount of $2,295,955.17. (Order, Dkt. No. 269.) In the final judgment, the Court also permanently enjoined Guangzhou with regard to shopping carts that infringe the '700 Patent. (Id.) The Court also applied a post-judgment interest rate of 4.57 percent on all foregoing amounts, equating to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment, per 28 U.S.C. § 1961. (Id.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 69 governs execution of judgments for the payment of money and reads in pertinent part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a). The purpose of the rule is to equip the Court with the flexibility in enforcing the judgment of a court of equity. Geehan v. Traylor Arlington, Inc., 371 Mass. 815, 818 (1977). Post-judgment enforcement proceedings must comply with California law. Credit Suisse v. U.S. Dist. Court, 140 F.3d 1342, 1344 (9th Cir. 1997). California law on assignment of right to payment in enforcement of a judgment provides that

> the court may order the judgment debtor to assign to the creditor . . . all or part of a right to payment due or to become due whether or not the right is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS-JDE   Date  February 23, 2024

Title   Guangzhou Yucheng Trading Co., Ltd.  v. DBest Products, Inc.

conditioned on future developments, including but not limited to the following types of payments:

(1) Wages due from the federal government that are not subject to withholding under any earnings withholding order.

(2) Rents.

(3) Commissions.

(4) Royalties.

(5) Payments due from a patent or copyright.

(6) Insurance policy loan value.

Cal. Civ. Proc. Code § 708.510(a).  The Legislative Committee Comments to section 708.510 (1982 Edition) further provide that "[t]his section does not make any property assignable that is not already assignable."  Such orders can reach certain property out of reach of a writ of execution or possibly subject to one such as accounts receivable, judgments, and instruments.  Cal. Civ. Proc. Code § 708.510 Leg. Comm. Cmts. (1982).

A motion for assignment of rights need only be noticed to the judgment debtor and such notice must be by mail or in person.  Cal. Civ. Proc. Code § 708.510(b).  In shaping such an order "the Court may take into consideration all relevant factors," including those enumerated in section 708.510(c), but "the sole constraints placed on the Court are that the right to payment be assigned only to the extent necessary to satisfy the creditor's money judgment and that, where part of the payments are exempt, the amount of payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount."  Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc., 2006 WL 279349, at *2 (N.D. Cal. Feb. 3, 2006); see also Cal. Civ. Proc. Code § 708.510(d).

### III. DISCUSSION

DBest alleges that Guangzhou is "still selling infringing products on Amazon Canada," and seeks an assignment order of the payments from Guangzhou's sales on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS-JDE | Date | February 23, 2024 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

platform to satisfy the judgment. (Mot. at 1.) The payments fall within the scope of California Civil Procedure Code § 708.510(a) as assignable. Guangzhou is a business that is still in operation while over $2 million remains unpaid on the judgment. (Id. at 9.) Guangzhou is a "Chinese company with no U.S. presence," and DBest argues that it "has nowhere else to go to satisfy the Judgment" than to seek assignment through the instant motion. (Id. at 1.) Assignment of Amazon Canada's payments would facilitate satisfaction of the judgment because it is "the sole keeper of everything concerning collection on and satisfaction of the Judgment," including information on Guangzhou's revenue from products sold on the platform. Given the relevant factors, the Court finds that such assignment would be appropriate.

Accordingly, the Court assigns DBest the rights to payments made from Amazon Canada to Guangzhou to satisfy the remaining amount due on the judgment, $2,295,955.17.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court VACATES the February 26, 2024, hearing.