UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  2:21-cv-04758-JVS-JDE                    Date  May 31, 2024

Title  Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:  **[IN CHAMBERS] Order Regarding Motion for Order Assigning Property [275]**

Defendant, Counterclaimant, and judgment creditor DBest Products, Inc. ("DBest") moves to assign property of Plaintiff, Counter-Defendant, and judgment debtor Guangzhou Yucheng Trading Co., Ltd. ("Guangzhou"). (Mot., Dk. No. 275.) Guangzhou did not file an opposition.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

The parties are familiar with the nature and details of the case, so the Court will recite only the factual and procedural background necessary to resolve the issues of the instant motion.

After having been largely resolved by summary judgment, this patent-infringement matter proceeded to trial on the issue of damages on February 28, 2022. (Dkt. No. 186.) The jury found that Guangzhou willfully infringed DBest's U.S. Patent No. 9,233,700 ('700 Patent) and awarded DBest lost profits of $463,136. (Special Verdict, Dkt. No. 191.)

After trial, the Court entered an order on April 28, 2023, granting DBest a permanent injunction and awarding DBest treble damages, attorneys' fees in the amount of $692,461.40, plus costs and interest ("the Order"). (Order, Dkt. No. 236.) Guangzhou was solely responsible for payment of attorneys' fees. (Id. at 10.)  The Order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS-JDE                              Date  May 31, 2024

Title  Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc.

required Guangzhou, its agents, and its counsel, Glacier Law, and "all others acting in concert or participation with [it]" to disclose to DBest within seven days all information regarding the infringing products, serve Guangzhou's storage agents with a copy of the Order, and to promptly take necessary measures to turn over the infringing products to DBest.  (Id. at 16.)  The Court granted DBest's motion for sanctions against Guangzhou in the amount of $17,000 relating to the cost to pick up the inventory, but the Court denied the motion with regard to Glacier Law.  (Dkt. No. 265.)  The Court entered its final judgment on August 2, 2023, awarding DBest $1,389,408 in treble damages, $70,047.07 in reasonable costs, and $38,995 in prejudgment interest as of March 16, 2023, for a total amount of $2,295,955.17.  (Order, Dkt. No. 269.)  In the final judgment, the Court also permanently enjoined Guangzhou with regard to shopping carts that infringe the '700 Patent.  (Id.)  The Court also applied a post-judgment interest rate of 4.57 percent on all foregoing amounts, equating to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment, per 28 U.S.C. § 1961.  (Id.)

On February 23, 2024, the Court granted DBest's first motion to assign property, assigning DBest the rights to payments made from Amazon Canada to Guangzhou to satisfy the remaining amount due on the judgment, $2,295,955.17.  (Dkt. No. 271.)

## II. Legal Standard

Federal Rule of Civil Procedure 69 governs execution of judgments for the payment of money and reads in pertinent part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a).  The purpose of the rule is to equip the Court with the flexibility in enforcing the judgment of a court of equity.  Geehan v. Traylor Arlington, Inc., 371 Mass. 815, 818 (1977).  Post-judgment enforcement proceedings must comply with California law.  Credit Suisse v. U.S. Dist. Court, 140 F.3d 1342, 1344 (9th Cir. 1997).  California law on assignment of right to payment in enforcement of a judgment provides

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS-JDE | Date | May 31, 2024 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

that

> the court may order the judgment debtor to assign to the creditor . . . all or part of a right to payment due or to become due whether or not the right is conditioned on future developments, including but not limited to the following types of payments:
>
> (1) Wages due from the federal government that are not subject to withholding under any earnings withholding order.
>
> (2) Rents.
>
> (3) Commissions.
>
> (4) Royalties.
>
> (5) Payments due from a patent or copyright.
>
> (6) Insurance policy loan value.

Cal. Civ. Proc. Code § 708.510(a). The Legislative Committee Comments to section 708.510 (1982 Edition) further provide that "[t]his section does not make any property assignable that is not already assignable." Such orders can reach certain property out of reach of a writ of execution or possibly subject to one such as accounts receivable, judgments, and instruments. Cal. Civ. Proc. Code § 708.510 Leg. Comm. Cmts. (1982).

A motion for assignment of rights need only be noticed to the judgment debtor and such notice must be by mail or in person. Cal. Civ. Proc. Code § 708.510(b). In shaping such an order "the Court may take into consideration all relevant factors," including those enumerated in section 708.510(c), but "the sole constraints placed on the Court are that the right to payment be assigned only to the extent necessary to satisfy the creditor's money judgment and that, where part of the payments are exempt, the amount of payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount." Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc., 2006 WL 279349, at *2 (N.D. Cal. Feb. 3, 2006); see also Cal. Civ. Proc. Code § 708.510(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-04758-JVS-JDE                                Date   May 31, 2024

Title     Guangzhou Yucheng Trading Co., Ltd.  v. DBest Products, Inc.

### III.  DISCUSSION

  A.    *Assignment Order*

  DBest's first motion was fairly narrow and only sought the assignment of Guangzhou's sales on Amazon's Canada platform.  DBest now requests assignment of additional rights to payment "[b]efore exercising the rights assigned under the Court's first assignment order."  (Mot. at 16.)  DBest alleges that "[t]here exist additional rights to payment which may become due to [Guangzhou]," and seeks an assignment order of the payments from Guangzhou's sales on "Amazon and Walmart platforms in the United States, Africa, Asia, and Europe" to satisfy the judgment.  (Id. at 14.)

  Like the property assigned in the Court's prior order, the payments sought here fall within the scope of California Code of Civil Procedure § 708.510(a) as assignable.  Guangzhou is a business that is still in operation while over $2 million remains unpaid on the judgment.  (Id. at 15–16.)  On April 1, 2024, Guangzhou had products listed on Amazon platforms in Czech Republic, Japan, Kuwait, Netherlands, Poland, Saudi Arabia, Singapore, Spain, Turkey, United Arab Emirates, United Kingdom, Austria, India, Italy, and Amazon Global.  (Id. at 9; Stevens Decl. ¶¶ 28–30, Exs. W–AL.)  On May 7 and 8, 2024, Guangzhou had products listed for sale on Amazon and Walmart platforms in the United States.  (Mot. at 9–10.)  Assignment of property on additional platforms "furthers the best and only method of satisfying the Judgment currently because of [Guangzhou's] lack of footprint in the U.S."  (Id. at 14.)  Such an order "will allow [DBest] to efficiently obtain the rights to payment from Amazon and Walmart on all their online platforms."  (Id.)  Given that Guangzhou continues to sell products on these platforms, the likelihood of satisfaction of judgment would be improved by casting a wider net to encompass the assignment of payments from global retail platforms.  (See id. at 16.)  Given the relevant factors, the Court finds that such assignment would be appropriate.

  Accordingly, the Court assigns DBest the rights to payments made from Amazon and Walmart in the United States and worldwide to Guangzhou to satisfy the remaining amount due on the judgment, $2,295,955.17.

  B.    *Restraining Order*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS-JDE | Date | May 31, 2024 |
| Title | Guangzhou Yucheng Trading Co., Ltd. v. DBest Products, Inc. | | |

DBest also seeks an order pursuant to California Code of Civil Procedure § 708.520 "restraining [Guangzhou] from assigning the rights to the payments to another" in response to Guangzhou's evasion of the Court's orders and failure to make payments. (Mot. at 17.) DBest requests relief from the personal service requirements of the restraining order under § 708.520. (Id.)

California Code of Civil Procedure § 708.520 authorizes a judgment creditor to seek "an order restraining the judgment debtor from assigning or otherwise disposing of or encumbering the right to payment sought to be assigned" when a motion for assignment order has been made. A court may issue the order merely upon a showing of need but may, in its discretion, require the judgment creditor to provide an undertaking. Cal. Civ. Pro. Code § 708.520(b), (c). This order, if issued, must be personally served upon the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to being held in contempt of court. Cal Civ. Pro. Code § 708.520(d).

"There is little case law as to what constitutes an adequate showing of need." Legal Additions LLC v. Kowalksi, 2011 WL 3156724 at *3 (N.D. Cal. July 26, 2011). However, it appears to be a low threshold, satisfied by even refusal to voluntarily satisfy a judgment. UMG Recordings, Inc. v. BCD Music Group, 2009 U.S. Dist. LEXIS 97017 at *8 (C.D. Cal. July 9, 2009).

As discussed above, Guangzhou has failed to comply with the Court's orders and continues to sell products through major online retailers worldwide. Guangzhou has also failed to respond to this Motion and the preceding Motion assigning property. It appears DBest's options for recovery are thus limited, evincing a need for the restraining order sought here.

DBest's request for relief from the statute's personal service requirements, however, is not relief the Court can give. Unlike § 708.510(b), which sets forth that "[s]ervice shall be made personally or by mail" for assignment orders, § 708.520(d) is unequivocal in its requirement of personal service for restraining orders: "The order shall be personally served upon the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to being held in contempt of court." DBest must fulfill the personal service requirement under § 708.520(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04758-JVS-JDE | Date | May 31, 2024 |
| Title | Guangzhou Yucheng Trading Co., Ltd.  v. DBest Products, Inc. | | |

    Accordingly, the Court grants the order restraining Guangzhou from assigning rights to payments.

### IV.  CONCLUSION

    For the foregoing reasons, the Court **GRANTS** the motion.  DBest shall submit a proposed judgment consistent with this Order.

    **IT IS SO ORDERED.**

    The Court finds that oral argument would not be helpful in this matter.  Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the Court VACATES the June 10, 2024, hearing.