**ORBIT IP, LLP**
Ehab M. Samuel, Esq. (CA Bar # 228296)
David A. Randall, Esq. (CA Bar # 156722)
620 Newport Center Dr., Suite 1100
Newport Beach, CA 92660
Tel.: (310) 887-1333
Fax: (310) 887-1334
esamuel@orbitip.com
dave@orbitip.com

Attorneys for Defendant, Counterclaimant, and Judgment Creditor
DBEST PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANGZHOU YUCHENG TRADING CO., LTD., a foreign limited liability company,<br><br>                       Plaintiff and counterdefendant,<br><br>       vs.<br><br>DBEST PRODUCTS, INC., a California corporation,<br><br>                       Defendant and counterclaimant.<br><br>_____<br><br>AND RELATED CROSS-ACTION. | Case No.: 2:21-cv-04758-JVS-JDE<br><br>**NOTICE OF MOTION AND MOTION TO MODIFY JUDGMENT RE SECOND MOTION FOR ASSIGNMENT ORDER [DKT. 279] AND FOR RESTRAINING ORDER**<br><br>**Hearing Date and Time:**<br><br>Date: October 7, 2024<br>Time: 1:30 p.m.<br>Ctrm: 10C |

1      **TO THE COURT, THE PARTIES, AND COUNSEL OF RECORD:**

2   **PLEASE TAKE NOTICE** that on that on October 7, 2024 at 1:30 p.m. or as soon

3   thereafter as the matter may be heard, in Courtroom 10C, United States District

4   Court, located at 411 West 4th Street, Santa Ana, California 92701, the defendant,

5   counterclaimant, and judgment creditor DBEST PRODUCTS, INC. ("Creditor"),

6   will and does move the Court for: (i) an order to modify the Court's Judgment Re

7   Second Motion for Assignment Order (Dkt. 279); and (ii) restraining order to

8   restrain plaintiff, counterclaim defendant, and judgment debtor GUANGZHOU

9   YUCHENG TRADING CO., LTD. ("Debtor") from disposing or attempting to

10  dispose of the right to payment that is sought to be assigned.

11      The grounds for this motion are that the Judgment, which was previously

12  proposed to the Court by Creditor prior to serving it on Amazon, needs additional

13  information. Specifically, after service of the Judgment, Amazon indicated that in

14  order to comply, it needs clarification as to the Amazon Seller IDs subject to the

15  Judgment, particularly as Debtor continues to employ new aliases to evade

16  Judgment. Further, one of Creditor's counsels has withdrawn and the trust account

17  information reflected on the Judgment needs to identify current counsel for Creditor.

18      Because this is a post-judgment Motion seeking a restraining order, no

19  conference of counsel is required under L.R. 7-3.

20      This motion is based on this Notice, the accompanying Memorandum of

21  Points and Authorities, the Declaration of Ehab M. Samuel in Support, the pleadings

22  and papers on file in this matter, and the arguments of counsel at the hearing.

23      Dated: September 9, 2024          Respectfully submitted,

24                                        **ORBIT IP, LLP**

25                                        By:  /s/ Ehab M. Samuel

26                                        Ehab M. Samuel (CA SBN 228296)
                                          David A. Randall (CA SBN 156722)
27

28

---

NOTICE OF MOTION AND MOTION TO MODIFY ASSIGNMENT JUDGMENT

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3    On June 21, 2024, defendant, counterclaimant, and judgment creditor dbest

4    products, Inc. ("Creditor") lodged a proposed judgment (Dkt. 278) in compliance

5    with the Court's Order Regarding Motion for Order Assigning Property (Dkt. 275).

6    On June 27, 2024, the Court adopted and entered judgment, as proposed (Dkt. 279,

7    Assignment Judgment). Creditor has since served it on Amazon, which required an

8    identification of Seller IDs on the judgment. Creditor respectfully requests three

9    modifications to the Assignment Judgment: (i) inclusion of Amazon Seller IDs

10    associated with Debtor's Amazon seller accounts; (ii) updating the transfer of funds

11    to Orbit IP trust account or any other account for Creditor's benefit; and (iii)

12    inclusion of a supplementation procedure to add additional Seller IDs as Debtor

13    continues to evade judgment.

14    Further, to prevent assignment of payments received, Debtor sought to

15    mislead Amazon by presenting it with the Court's Order Denying Appointment of

16    Limited Receiver (Dkt. 281) to insinuate that the Court had denied assignment. As

17    such, Creditor respectfully requests the Court to issue a restraining order that

18    restrains Debtor from disposing or attempting to dispose of the right to payment that

19    is sought to be assigned.

20

21    **II.    FACTUAL BACKGROUND**

22    On May 9, 2024, Creditor filed a [Second] Motion for Order Assigning

23    Property Due and of Judgment Debtor to Judgment Creditor (Dkt. No. 275), which

24    the Court granted on May 31, 2024 (Dkt. 276, "Assignment Order").  In the

25    Assignment Order, the Court noted that it entered its "final judgment on August 2,

26    2023, awarding DBest $1,389,408 in treble damages, $70,047.07 in reasonable

27    costs, and $38,995 in prejudgment interest as of March 16, 2023, for a total amount

28    of $2,295,955.17. (Order, Dkt. No. 269.)" This final judgment identifies several

1   seller brands/accounts associated with Debtor, namely: "WINKEEP, WINIBEST,

2   WILBEST, LENBEST, POPOLIC, BOVN, AMAOTES, and STARRYBB, ROYI,

3   FLYFUN, TEEHON, CAPER BROS. and TOMSER." Dkt. 269 at 2. As the Court

4   may recall, despite Debtor's efforts to dissociate from these seller accounts at trial,

5   the jury concluded that Debtor's denials not credible and awarded lost profits on

6   known sales of infringing products from those seller accounts. *See, e.g,* Dkt. 221 at

7   1:22-2:2, 5:22-6:10, and 16:4-8.

8       In its Motion for Assignment Order, Creditor identified new aliases or seller

9   accounts that Debtor has started to use on Amazon in apparent effort to escape this

10  Court's judgment. This includes DENMOSITY (*See* Dkt. 275 at 10:3; Dkt. 275-1,

11  ¶ 9 & Ex. D (Dkt. 275-5)). Since then, Debtor has also started using TOOFA (which

12  sells ROYI products), VSGSBDGDFW (which sells WILBEST products) and

13  AFTCURTAINS (which sells FLYFUN products). *See* Declaration of Ehab M.

14  Samuel ("Samuel Decl."), ¶¶ 18-20 & Exs. K, L & M.

15      The Court granted Creditor's Motion for assignment of payments from

16  Debtor's sales on Amazon and Walmart, pursuant to Cal. Civ. P. § 708.510. Dkt.

17  276 at 4. In doing so, the Court ordered Creditor to submit a proposed judgment

18  consistent with this Order. *Id.* at 6. Creditor complied with the Assignment Order

19  and lodged a proposed judgment (Dkt. 278), which the Court adopted and entered

20  on June 27, 2024 (Dkt. 279, "Assignment Judgment").

21      Subsequently, Creditor served the Assignment Judgment on Amazon. Samuel

22  Decl., ¶ 3. Amazon indicated that it conducted a good faith search for accounts

23  registered to Judgment Debtor Guangzhou Yucheng Trading Co., Ltd. and that in

24  order to comply with the order on U.S. seller accounts, it needs a Court order that

25  specifically identifies the Seller IDs subject to the order. *Id.,* ¶ 4. The Seller ID is a

26  unique code that Amazon incorporates in the URL domain for each seller account.

27  *Id.,* ¶¶ 5-6. The Seller IDs that Creditor identified to date that should be subject to

28  the order are listed in the table below and Creditor requests a modification of the

order accordingly:

| Seller Account Name | Seller I.D. |
| --- | --- |
| DENMOSITY | A2NAIZBTG2QA1A |
| ROYI | AION4MBMNOSQ1 |
| BOVN | A6R316QP8BTIN |
| WINKEEP | AE9PH4ZE4QQ88 |
| LENBEST | A3NFM96JAPV6XO |
| STARYBB | A3ASETZ0SO899U |
| AMAOTES | A3OLKHHYEAFQP8 |
| TOOFA | ASITJ7ZWNEJND |
| VSGSBDGDFW | A1AOAMUXNKJBVN |
| AFTCURTAINS | A2MFF1ZVUVT3VL |

*Id.,* ¶ 17. These seller accounts on Amazon are collectively referred to herein as
"GYT Seller Accounts".

To effectively address Debtor's ongoing game of Whac-A-Mole, which will
invariably result in a new Seller ID each time Debtor creates a new seller account on
Amazon, Amazon requested a Court-approved procedure, that adheres to the jury's
finding and the Court's judgment, while allows for supplementing the judgment
with Debtor's new Seller IDs. *Id.,* ¶ 21. The procedure proposed below would also
conform with Amazon's internal processes and allow it to comply with the
Assignment Judgment on an ongoing basis.

## III.    ARGUMENT

### A.    Modification of Assignment Order Promotes Just and Efficient Administration of Justice

Creditor requests three modifications to the Assignment Judgment that it had
previously proposed to the Court. First, and as reflected in the concurrently-filed

NOTICE OF MOTION AND MOTION TO MODIFY ASSIGNMENT JUDGMENT

1  [proposed] Amended Assignment Judgment, Creditor requests insertion of the Seller

2  IDs identified in the table above to conform the judgment with Amazon's internal

3  processes. Second, Creditor requests updating the Assignment Judgment to transfer

4  the assignments to Orbit IP, LLP trust account or any other account for the benefit

5  of Creditor. Third, Creditor requests the inclusion of a supplementation procedure to

6  facilitate Amazon's ongoing compliance with the Assignment Judgment.

7          Notably, to the extent Debtor diverts its sales on Amazon to a new Seller

8  Account with a new Seller I.D., Creditor (and Amazon) propose the following steps:

9      1. Creditor shall file a declaration identifying the new Seller I.D. with

10        evidence supporting association of the Debtor to the new Seller I.D.

11     2. Debtor or anyone operating the new Seller Account will have one-week

12        from issuance of the notice to file objections with the Court.

13     3. Amazon agreed that, upon receiving the declaration from Creditor, it will:

14        (a) freeze the funds in the new Seller Account, and (b) notify the Seller

15        Account holder of the right to object.

16     4. If no objections are filed, Amazon will release the funds to Creditor.

17     5. If objections are filed, Creditor will have one-week to file a response to the

18        objections, and the Court would issue a ruling as to the new Seller I.D. The

19        funds will remain withheld until such time the Court issues a ruling on the

20        objections.

21  Samuel Decl., ¶ 22.

22          The policy and state of the law in California favors enforcement and

23  satisfaction of judgments. *See e.g., In re Burns*, 291 B.R. 846, 853 (B.A.P 9th Cir.

24  2003) ("Surely, the California legislature did not intend for an abusive judgment

25  debtor to have a safe haven by giving his property to a third party, or for a judgment

26  creditor to have to play 'pin the lien' on shifting property.; *In re Marriage of Sachs*,

27  95 Cal.App.4th 1144, 1159 (2002) ("Public policy does not support a judgment

28  debtor's attempt to be less than candid about his income and ability to pay the

1  judgment."); *Li v. Yan*, 247 Cal.App.4th 56, 66-70 (2016) ("In sum, there is a strong

2  public policy here, beyond only leaving no stone unturned. That policy is to prevent

3  fraud against creditors. And against lenders. And perhaps against the court").

4        Here, Debtor continues its game of Whac-A-Mole, frustrating Creditor's

5  ability to collect on the $2,295,955.17 judgment. *See* Dkt. 279, ¶ 1. While Amazon

6  has temporarily frozen the funds for the GYT Seller Accounts linked to the Seller

7  IDs listed above, and has agreed to release them to the Creditor upon issuance of an

8  appropriately amended assignment order, the frozen funds total only $40,812.61—

9  an amount far short of satisfying the judgment. *See* Samuel Decl., ¶ 23.

10       The jury has already found that several seller brands/accounts are associated

11  with Debtor, which the Court adopted in its final judgment, namely: "WINKEEP,

12  WINIBEST, WILBEST, LENBEST, POPOLIC, BOVN, AMAOTES, and

13  STARRYBB, ROYI, FLYFUN, TEEHON, CAPER BROS. and TOMSER." Dkt.

14  269 at 2. The supplementation procedure would allow Creditor to execute on the

15  Court's Assignment Order as to these seller brands regardless of whether Debtor

16  creates a new Seller ID on Amazon to evade judgment.

17       Creditor respectfully submits that the proposed supplementation procedure

18  would effectuate just and efficient administration of the Court's Assignment

19  Judgment. While a detailed evidentiary support is not required under C.C.P.

20  § 708.510, some evidentiary support (as proposed through a declaration) suffices.

21  *See Passport Health, Inc. v. Travel Med, Inc*., 2012 WL 1292473, at *4 (E.D.Cal.

22  Apr. 13, 2012) (quoting *Legal Additions LLC v. Kowalksi*, 2011 WL 3156724, at 9

23  *2 (N.D. Cal. Jul. 26, 2011)). Further, providing Debtor or the new Seller Account

24  with an opportunity to object comports with due process. Equally important, the

25  proposed supplementation procedure would provide a mechanism that harmonizes

26  with Amazon's internal processes and seller account identification, and allow it to

27  comply with the Assignment Judgment on an ongoing basis. Samuel Decl., ¶ 21.

28

NOTICE OF MOTION AND MOTION TO MODIFY ASSIGNMENT JUDGMENT

1    **B.    Restraining Debtor from Taking Positions Inconsistent with the**
2         **Ordering Administration of the Court's Assignment Judgment**

3    California Code of Civil Procedure § 708.520 permits a judgment creditor to

4    apply to the court for an order restraining the judgment debtor from assigning or

5    otherwise disposing of the right to payment that is sought to be assigned.  Cal. Code

6    Civ. P. § 708.520(a).

7    Here, Amazon notified Creditor that when Amazon placed a hold on the funds

8    for the GYT Seller Accounts, Debtor complained and presented Amazon with the

9    Court's Order Denying Appointment of Limited Receiver (Dkt. 281). Samuel Decl.

10   ¶ 24. Debtor's submission of an entirely different order was clearly intended to

11   mislead Amazon to release the funds and/or otherwise dispose of the right to

12   payment that is sought to be assigned.

13   Thus, Creditor respectfully requests the Court enter a restraining order that

14   restrains Debtor from disposing or attempting to dispose of the right to payment that

15   is sought to be assigned.

16

17   **IV.    CONCLUSION**

18   For all the forgoing reasons, Creditor respectfully requests the Court to grant

19   the motion and enter judgment as set forth in the concurrently-filed [proposed]

20   Amended Assignment Judgment.

21

22   Dated:  September 9, 2024         Respectfully submitted,

23

24                                    **ORBIT IP, LLP**

25                                    By:  /s/ Ehab M. Samuel
26                                    Ehab M. Samuel (CA SBN 228296)
                                      David A. Randall (CA SBN 156722)
27

28

NOTICE OF MOTION AND MOTION TO MODIFY ASSIGNMENT JUDGMENT

1      **<u>CERTIFICATE OF COMPLIANCE</u>**

2          The undersigned, counsel of record for Defendant, Counterclaimant, and

3   Judgment Creditor, DBEST PRODUCTS, INC., certifies this brief contains 1479

4   words complying with the word limit of L.R. 11-6.1.

5

6                                    */s/ Ehab M. Samuel*

7                                    Ehab M. Samuel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO MODIFY ASSIGNMENT JUDGMENT